**MDL 1358**

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUN 26   2000

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                        :
In re Methyl Tertiary Butyl Ether ("MTBE")   :       **MDL Docket No. 1358**
Products Liability Litigation           :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## RESPONSE TO CERTAIN MTBE LITIGATION DEFENDANTS'<br>MOTION TO TRANSFER FOR COORDINATED OR<br>CONSOLIDATED PRETRIAL PROCEEDINGS

Pursuant to 28 U.S.C. § 1407 and Rule 7.1(b) of the Rules of Procedure of the

Judicial Panel on Multidistrict Litigation, Defendant Tosco Corporation ("Tosco") hereby

opposes transfer and consolidation for pretrial proceedings of the two actions entitled *Berisha v.*

*Amerada Hess, et al.*, No. 00-CIV-1898 (SAS), and *England v. Atlantic Richfield, et al.*, Nos. 00-

370-WDS, 00-371-DRH, which are separately pending in the United States District Courts for

the Southern District of New York and the Southern District of Illinois, respectively, and

responds to the allegations of the MTBE Litigation Defendants' Motion To Transfer For

Coordinated Or Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407 (the "Motion") as

follows:

1.      In response to the allegations contained in paragraph 1 of the Motion,

Tosco states that Movants have not defined the term "Defendants" as used in the Motion. To the

extent that the term is meant to describe all defendants to the *England* and *Berisha* actions, Tosco

993388v1

**OFFICIAL FILE COPY**

IMAGED JUN 27 '00

denies that "Defendants face two putative class actions pending in federal district courts ...;" to the contrary, plaintiffs in these actions assert claims against nineteen (19) defendants, only seven (7) of which are named as defendants in both actions. Tosco admits that the *Berisha* and *England* actions allege certain similar questions of fact, but denies that the questions set forth by Movants in paragraph 1 of the Motion are questions of fact as opposed to issues of law.

2.      In response to the allegations contained in paragraph 2 of the Motion, Tosco admits that the *Berisha* and *England* actions currently are pending in the jurisdictions asserted by the moving defendants. Tosco further states that both *Berisha* and *England* were originally filed in the state courts in New York and Illinois, respectively, that both actions allege strictly state law causes of action, and that both actions were removed by one or more defendants to federal court.

3.      In response to the allegations contained in paragraph 3 of the Motion, Tosco admits that the *Berisha* and *England* actions assert certain similar factual allegations against the defendants common to both actions, including the chemical properties of MTBE and those defendants' alleged use of MTBE as a fuel additive in the respective geographic areas covered by each respective action, but denies that the items listed by Movants in paragraph 3 of the Motion are factual allegations as opposed to issues of law. Tosco denies that the *Berisha* and *England* actions identify or otherwise define any purported "core group of national defendants." To the contrary, the plaintiffs in both cases assert all of their claims against all of the defendants to each case. Tosco further states that, collectively, these actions asserts claims against nineteen (19) defendants, only seven (7) of which are named as defendants in both *Berisha* and *England*, and that the *Berisha* action names an additional eight (8) defendants not named in *England*, while *England* names four (4) defendants that are not named in *Berisha*.

2

4.      In response to the allegations contained in paragraph 4 of the Motion, Tosco admits that the respective plaintiffs in *Berisha* and *England* allege in their complaints the facts and claims set forth in paragraph 4 of the Motion.

5.      In response to the allegations contained in paragraph 5 of the Motion, Tosco admits that the respective plaintiffs in *Berisha* and *England* allege in their complaints the facts and claims set forth in paragraph 5 of the Motion, but deny that plaintiffs in *England* list any issues of fact as "common."  Tosco further states, however, that the putative subclasses encompassed by the *Berisha* and *England* actions are geographically separate and distinct, do not overlap in any manner whatsoever in that the *Berisha* action purports to represent only subclasses of persons who have an interest in real property in New York that rely on well water for domestic purposes, while the *England* action purports to define subclasses composed of persons who own real property equipped with wells in sixteen states other than New York.

6.      In response to the allegations contained in paragraph 6 of the Motion, Tosco denies that transfer of these actions for consolidated pretrial proceedings will promote the just and efficient conduct of these actions and will avoid overlapping and conflicting discovery. Tosco states further that, to the contrary, transfer is not appropriate because the common issues of fact in *Berisha* and *England* are not sufficiently complex to warrant transfer and will not predominate over the multitude of necessarily local and individual questions in each case, that the lack of any substantial commonality between the plaintiffs, defendants, and likely witnesses in these actions would make consolidated pretrial proceedings inefficient, inconvenient to the non-common parties and witnesses, and would result in undue expense and excess consumption of judicial resources.

993388v1

7.      In response to the allegations contained in paragraph 7 of the Motion, Tosco denies that the putative class actions in *Berisha* and *England* raise substantially identical claims or that there is any core group of defendants.  As set forth above, these actions are grounded in the substantive state law of different states, there are more non-common defendants in the actions than common ones, and the plaintiffs assert all of their claims equally against all of the defendants named in each of the actions.  Accordingly, these actions should not be transferred for consolidated pretrial proceedings.

**WHEREFORE**, for the reasons set forth above and in its Brief In Response To Certain MTBE Litigation Defendants' Motion To Transfer For Coordinated Or Consolidated Pretrial Proceedings, Tosco Corporation respectfully respects that the motion for transfer be denied.  Should the Panel, however, grant the motion, Tosco respectfully requests that the coordinated or consolidated pretrial proceedings be administered in the Southern District of New York.

Dated: New York, New York
       June 23, 2000

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

By:    _Kenneth Pasquale_
       Kenneth Pasquale (KP - 6923)
       A Member of the Firm

180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

Attorneys for Defendant Tosco Corporation

4

CERTIFICATE OF SERVICE

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUN 26  2000

FILED
CLERK'S OFFICE

The foregoing Response to Certain MTBE Litigation Defendants' Motion to

Transfer for Coordinated or Consolidated Pretrial Procedings was served by Federal Express on

the 23rd day June, 2000 upon each of the persons listed on the attached Panel Attorney Service

List.


KENNETH PASQUALE

LITIGATION
MULTIDISTRICT
JUDICIAL PANEL ON

2000 JUN 26  A 11: 20

CLERK'S OFFICE
RECEIVED

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - PANEL ATTORNEY SERVICE LIST

June 19, 2000

DOCKET: 1,358 - In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation
STATUS: Pending

Page: 1

TRANSFEREE INFORMATION
  Dist:
  Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
| --- | --- |
| Ball, Dan H.<br>Thompson & Coburn, L.L.P.<br>One Firstar Plaza<br>St. Louis, MO  63101 | => Chevron USA, Inc.; Conoco, Inc.*; Exxon Corp.; Exxon Mobil Corp.*; Mobil Oil Corp. |
| Eimer, Nathan P.<br>Sidley & Austin<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, IL  60603 | => Citgo Petroleum Corp.* |
| Guttmann, John S.<br>Beveridge & Diamond, P.C.<br>1350 I Street, N.W.<br>Suite 700<br>Washington, DC  20005 | => Sunoco, Inc.* |
| Hinck, Jon<br>Lewis, Saul & Associates, P.C.<br>183 Middle Street<br>Suite 200<br>Portland, ME  04101 | => Arcuri, Melanie J.*; Berisha, Donna*; Greene, Steven C.; La Susa, Ron* |
| Langan, J. Andrew<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, IL  60601 | => Amoco Oil Co.*; Atlantic Richfield Co.*; BP Amoco Corp.* |
| Leifer, Steven L.<br>Baker, Botts, L.L.P.<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 | => Valero Marketing  & Supply Co.* |
| O'Connor, Mark G.<br>Regional Counsel<br>Coastal Oil New York, Inc.<br>611 Rt. 46 West<br>Hasbrouck Heigh, NJ  07604 | => Coastal Corp.* |
| Pasquale, Kenneth<br>Stroock, Stroock & Lavan, L.L.P.<br>180 Maiden Lane<br>New York, NY  10038 | => Tosco Corp.* |
| Shulman, Robert H.<br>Howrey Simon Arnold & White, LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 | => Amerada Hess Corp.* |
| Sommer, Lyndon P.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO  63101 | => Phillips Petroleum Co. |
| Tillery, Stephen M.<br>Carr, Korein, Tillery, Kunin, Montroy &<br>Glass10 Executive Woods Court<br>Swansea, IL  62226 | => Azbill, Donna L.; Bauer, James; Christiansen, Claudia; England, David; McMannis, Rhea Susan; Owca, Marvin |
| Tully, Mark E.<br>Goodwin, Procter & Hoar, L.L.P. | => Gulf Oil Ltd. Partnership* |

NOTE: Please refer to the title page for complete report scope and key.
  *   Signifies that an appearance was made on behalf of the party by the representing attorney.
  #   Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
  NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUN 26 2000

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                             :
**In re Methyl Tertiary Butyl Ether ("MTBE")**   :   **MDL Docket No. 1358**
**Products Liability Litigation**   :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## BRIEF IN RESPONSE TO CERTAIN MTBE LITIGATION
## DEFENDANTS' MOTION TO TRANSFER FOR
## <u>COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS</u>

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038
(212) 806-6000
Attorneys for Defendant
TOSCO CORPORATION

June 23, 2000

## TABLE OF AUTHORITIES

### CASES

In re 21st Century Products, Inc. "Thrilsphere" Contract Litigation,
    448 F. Supp. 271 (J.P.M.L. 1978) ....................................................................4,9

In re Asbestos and Asbestos Insulation Material Products Liability Litigation ("In Re Asbestos "),
    431 F. Supp. 906 (1977) .................................................................5,6,7,8,11,12

In re Asbestos Products Liability Litigation (No. VI),
    771 F. Supp. 415 (J.P.M.L. 1991) .....................................................................8

Berisha v. Amerada Hess, et al.,
    No. 00 CIV 1898 ....................................................................................1

In re Brandywine Associates Antitrust and Mortgage Foreclosure Litigation,
    407 F. Supp. 236 (J.P.M.L. 1976) ...............................................................12,13

In re Cessna Aircraft Distributorship Antitrust Litigation,
    460 F. Supp. 159 (J.P.M.L. 1978) .....................................................................4

In re Diamond Match Plant Hazardous Waste Cleanup Litigation,
    799 F. Supp. 1204 (J.P.M.L. 1992) ...................................................................5

In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litigation,
    446 F. Supp. 242 (J.P.M.L. 1978) ...................................................................10

England v. Atlantic Richfield Co., et al.,
    Nos. 00-370-WDS, 00-371-DRH .................................................................1,14

In re First National Bank, Heavener, Oklahoma (First Mortgage Revenue Bonds) Securities
    Litig.,
    451 F. Supp. 995 (J.P.M.L. 1978) ..................................................................5,14

In re Magic Marker Securities Litigation,
    470 F. Supp. 862 (J.P.M.L. 1979) .....................................................................4

Millett v. Atlantic Richfield,
    No. CV-98-555, slip op. (Maine Sup. Ct. Mar. 2, 2000) ..................................13

In re Northern District of California Dalkon Shield IUD Products Liability Litig.,
    693 F.2d 847 (9th Cir. 1982), cert. denied, 459 U.S. 1171 (1983) ....................13

i

In re Ortho Pharmaceutical "Lippes Loop" Products Liability Litig.,
    447 F. Supp. 1073 (J.P.M.L. 1978) ................................................................4

In re Public Air Travel Tariff Litigation,
    360 F. Supp. 1397 (J.P.M.L. 1973) ..............................................................14

In re Rely Tampon Products Liability Litigation,
    533 F. Supp. 1346 (J.P.M.L. 1982) ........................................................5,11,12

In re Rio Hair Naturalizer Products Liability Litig.,
    904 F. Supp. 1407 (J.P.M.L. 1995) ..............................................................14

In re Scotch Whiskey Antitrust Litigation,
    299 F. Supp. 543 (J.P.M.L. 1969) .................................................................5

Sterling v. Velsicol Chemical Corp.,
    855 F.2d 1188 (6th Cir. 1988) ....................................................................13

In re Texas Instruments, Inc. Employment Practices Litigation,
    441 F. Supp. 928 (J.P.M.L. 1977) .................................................................5

In re Upjohn Co. Antibiotic Cleocin Products Liability Litig.,
    81 F.R.D. 482 (E.D. Mich. 1979), aff'd, 664 F.2d 114 (6th Cir. 1981) ............................10

In re White Consolidated Industrial, Inc. Environmental Insurance Coverage Litig.,
    1994 WL 52568 (J.P.M.L. Feb. 16, 1994).............................................................5

## STATUTES

28 U.S.C. Section 1407 ........................................................................2,4,7,14,15

Fed. R. Civ. P. 23 ...............................................................................13,14

N.Y. Gen. Bus. Law § 349 ...........................................................................12

## TREATISE

Restatement (Second) of Torts § 402B .................................................................12

**MISCELLANEOUS**

Nineteenth Report of the ITC to the Administrator, Receipt and Request for Comments
Regarding Priority List of Chemicals, 51 Fed. Reg. 220 (1986) .......................................8

Testing Consent Order on Methyl Tert-Butyl Ether and Response to the Interagency Testing
Committee, 53 Fed. Reg. 62 (1988)...............................................................................8

JUDICIAL PANEL U.
MULTIDISTRICT
LITIGATION

JUN 26 2000

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                        :
In re Methyl Tertiary Butyl Ether ("MTBE")   :   **MDL Docket No. 1358**
Products Liability Litigation            :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### BRIEF IN RESPONSE TO CERTAIN MTBE LITIGATION DEFENDANTS' MOTION TO TRANSFER FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Tosco Corporation ("Tosco"), a defendant in one of two federal actions sought to be transferred for multidistrict pretrial proceedings by certain defendants common to both actions, opposes coordinated or consolidated pretrial proceedings in these actions pursuant to Section 1407 of Title 28 of the United States Code because transfer is not appropriate, would not serve the convenience of the parties and witnesses, would not promote the just and efficient conduct of the litigation, and would be wasteful of the resources of the presiding Court and the parties.

### BACKGROUND

The two putative class actions in which transfer is sought, *Berisha v. Amerada Hess, et al.*, No. 00 CIV 1898, pending in the Southern District of New York, and *England v.*

992786v2

*Atlantic Richfield Co., et al.*, Nos. 00-370-WDS, 00-371-DRH, pending in the Southern District of Illinois, allege similar, but entirely distinct, state law claims against a total of 19 defendants for alleged harms arising from the respective defendants' manufacture, distribution, and/or use of methyl tertiary butyl ether ("MTBE") as an additive in gasoline.   Tosco is a party to the *Berisha* action, but <u>not</u> to the *England* case.  The causes of action in *Berisha* (predominantly based in product liability law), are asserted under the substantive law of the State of New York on behalf of putative subclasses of persons having an interest in real property in New York and who rely on well water for domestic purposes.  In contrast, *England* is brought under Illinois law applicable to products liability and conspiracy claims, purportedly on behalf of subclasses of persons who own real property in any of the following sixteen states:  California, Connecticut, Delaware, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, Pennsylvania, Rhode Island, Texas, Wisconsin, and Virginia.   Geographically, there is no overlap between the states implicated by the *Berisha* and *England* actions.  Each of the actions was originally filed in the respective state courts of New York and Illinois, and each was removed by one or more defendants to federal court.[1]  Only 7 of the 19 named defendants are named in both actions.

BP Amoco Corporation, Amoco Oil Company, Atlantic Richfield Company, CITGO Petroleum Corporation, and Chevron U.S.A., Inc. ("Movants"), all of which are

---

[1] Whether federal subject matter jurisdiction exists over the *Berisha* action is questionable.  Defendant Texaco, Inc. removed the action on the ground that the claims raised by the complaint pertained to events preceding a bankruptcy discharge received by Texaco in 1988.  The claims raised and the facts alleged in plaintiffs' complaint, however, pertain almost entirely to events arising well after the discharge.  Although plaintiffs initially stated their intention to seek remand of the *Berisha* action, they ultimately decided to "consent" to the removal.  Defendants, including Tosco, likewise did not seek remand.  The district court has, to date, not formally addressed its jurisdiction over the *Berisha* action.

2

defendants in both the *England* and *Berisha* actions, claim that transfer of the actions for coordinated pretrial proceedings pursuant to 28 U.S.C. Section 1407 is necessary to avoid duplicative discovery and to promote the just and efficient conduct of these actions. Movants contend that plaintiffs in both *Berisha* and *England* assert virtually identical causes of action against the same "core group of Defendants." However, Movants' repeated reference to a "core group of Defendants" is a convenient misnomer. In reality, the *Berisha* and *England* actions involve many more non-common defendants, including Tosco, than common ones. As noted, only 7 of the 19 total defendants named in these two actions are defendants common to both the *Berisha* and *England* actions.[2] *Berisha* includes an additional 8 defendants, plus Does 1-100, that are not defendants in *England*.[3] Conversely, *England* includes 4 defendants that are not defendants in *Berisha*. Moreover, plaintiffs in neither action define a "core" group of defendants against which they press their respective claims. To the contrary, plaintiffs assert all of their claims against all of the defendants in each case.

As explained below, the uniquely local, state law nature of these claims, the fact that none of the representative class plaintiffs in *Berisha* and *England* and only 7 of the defendants are common, and the inherent unfairness, inefficiency and inconvenience that would result from the pretrial coordination or consolidation of these actions, all weigh strongly in favor of denying Movants' motion for transfer.

---

[2]  The common defendants are Atlantic Richfield Company, BP Amoco Corporation, Citgo Petroleum Corporation, Exxon Mobil Corporation, Chevron Corporation/Chevron USA, Inc., Shell Oil Company, and Texaco, Inc.

[3]  Excluding "Doe" defendants, the *Berisha*-only defendants are Amerada Hess Corporation, Gulf Oil, Ltd. Partnership, Getty Petroleum Corporation, Sunoco, Inc., Tosco Corporation, Coastal Oil New York, Inc., United Refining Company, and Valero Marketing and Supply Company.

## ARGUMENT

### TRANSFER FOR MULTIDISTRICT COORDINATED OR
### CONSOLIDATED PRETRIAL PROCEEDINGS TREATMENT IS NOT WARRANTED

To obtain a transfer pursuant to 28 U.S.C. § 1407, the moving party must show that there are common questions of fact, that transfer will serve the convenience of the parties and witnesses, and that it will promote the just and efficient conduct of the actions to be consolidated.  28 U.S.C. § 1407(a).  The mere showing of common questions of fact is not sufficient, in and of itself, to warrant transfer.  In re Cessna Aircraft Distributorship Antitrust Litig., 460 F. Supp. 159, 161-62  (J.P.M.L. 1978) (denying transfer despite commonality of questions of fact).

Indeed, when only a small number of actions is involved, movants seeking consolidation under 28 U.S.C. § 1407 are under a heavy burden to establish that the common factual questions are sufficiently complex and that the accompanying discovery will be so time consuming as to justify transfer.[4]  In re 21st Century, 448 F. Supp. at 272-73 (denying transfer of two actions involving some common questions of fact, in which there were only two common defendants and five non-common defendants); In re Ortho Pharmaceutical "Lippes Loop" Prods. Liab. Litig. 447 F. Supp. 1073, 1074 (J.P.M.L. 1978) (common factual issues in three actions

---

[4]  Particularly when there are only a small number of cases presented for transfer consideration, the Panel has recognized a preference for alternatives to consolidation under §1407 that are far less burdensome and inconvenient to the parties, yet still further the goal of maximizing efficiency in discovery.  Such possible alternatives include noticing particular depositions concurrently in both actions, thereby making the single deposition applicable in each action, stipulating that any discovery relevant to both actions may be used in each action, or seeking an order from the two district courts directing the parties to coordinate particular pretrial efforts.  See In re Magic Marker Securities Litig. 470 F. Supp. 862, 865-66 (J.P.M.L. 1979);  In re Texas Instruments Inc. Employment Practices Litig. 441 F. Supp. at 929; In re 21st Century Prods., Inc. "Thrilsphere" Contract Litig. 448 F. Supp. 271, 273 (J.P.M.L. 1978).

alleging strict liability, negligence, and breach of warranty claims arising from use of intrauterine contraceptive devices not sufficiently complex and accompanying discovery not so time-consuming as to justify transfer); In re Texas Instruments, Inc. Employment Practices Litig. 441 F. Supp. 928, 929 (J.P.M.L. 1977) (denying transfer of two actions alleging pattern and practice of employment discrimination by defendant); In re Scotch Whiskey Antitrust Litig. 299 F. Supp. 543, 544 (J.P.M.L. 1969) (denying transfer of two cases alleging common claims of conspiracy, monopolization and restraint of trade in distribution of whiskey).[5]

Moreover, because the resolution of cases alleging products liability claims is inherently dependent upon uniquely individual factors, transfer for consolidated pretrial proceedings tends to be inefficient even when a large number of cases is involved. See In re Rely Tampon Prods. Liab. Litig. 533 F. Supp. 1346, 1347 (J.P.M.L. 1982) (denying transfer of 92 actions on grounds that common questions of fact not likely to predominate over individual questions of fact in each action); In re Asbestos and Asbestos Insulation Material Prods. Liab. Litig. ("In Re Asbestos ") 431 F. Supp. 906 (1977) (vacating order to show cause why 103

---

[5]   The cases cited by Movants for the proposition that multidistrict treatment is appropriate even where a small number of cases is involved. In In re Diamond Match Plant Hazardous Waste Cleanup Litig. 799 F. Supp. 1204 (J.P.M.L. 1992), although only two actions were implicated, transfer was found to be warranted because both actions were for claims arising from alleged contamination at the same factory. That is plainly not the case in *Berisha* and *England*. Similarly, in In re White Consol. Indus., Inc. Environmental Ins. Coverage Litig. 1994 WL 52568 (J.P.M.L. Feb. 16, 1994), and In re First Nat'l Bank, Heavener, Oklahoma (First Mortgage Revenue Bonds) Secs. Litig., 451 F. Supp. 995 (J.P.M.L. 1978), section 1407 transfers were ordered even though only two cases were pending because the plaintiffs were the same in each case and each case was based on the same specific incident. In White, the plaintiff sued identical insurer defendants in separate venues alleging that defendants had a duty to defend and indemnify the plaintiff under the same insurance policies. In Heavener, the plaintiff bank sought to represent in each action the same putative class consisting of all holders of certain bonds, alleging substantially the same causes of action against all defendants. The sole defendant in the second action originally was a defendant in the first action, but was dismissed from that action on the grounds of improper venue. Therefore,

actions should not be transferred because individual questions of causation and liability predominated over common questions regarding state of medical and scientific knowledge of effects of exposure to asbestos at relevant time).

For example, in In re Asbestos, the Panel considered but rejected the transfer of 103 actions pending in nineteen districts brought by plaintiffs alleging exposure to asbestos in the course of their employment.  The Panel noted the following grounds raised by the parties opposing transfer:

1)   many actions were pending for years and were advanced in discovery;

2)   voluntary sharing of discovery materials existed in several districts;

3)   lack of commonality among the parties to the action;

4)   circumstances of exposure were predominantly individual to each action;

5)   causation was an individual issue;

6)   the liability of each defendant in each action was predominantly an individual question;

7)   the state of medical and scientific knowledge was discernable through available literature;

8)   local issues predominated in discovery, including that liability was determined pursuant to state substantive law; and

9)   there was no significant possibility of inconsistent or overlapping class action determinations.

---

plaintiff filed a separate but identical suit against that defendant in the proper venue.  Plainly, there is no such commonality in *Berisha* and *England*.

Id. at 909-10.  The Panel, relying upon these grounds, concluded that "[m]any factual questions unique to each action . . . already pending in a single district clearly predominate, and therefore transfer is unwarranted." Id. [6]

 For many of the same reasons, transfer of the *England* and *Berisha* cases is unwarranted.  As explained infra:

1. Substantial commonality between the parties is lacking;

2. The circumstances of the alleged contamination or risk of contamination from MTBE to a respective plaintiff's property are individual to each plaintiff;

3. Causation is an individual issue as to each particular plaintiff;

4. Literature is generally available with respect to the scientific issues;

5. Liability will be determined under different states' laws; and

6. There is no risk of overlapping or conflicting class determinations because the putative classes are entirely separate and distinct.

   **A. Common Issues of Fact Regarding the Chemical Properties of MTBE and the History of its Use as a Fuel Additive Are Not Sufficiently Complex to Warrant Transfer.**

 The *Berisha* and *England* actions both assert similar allegations with respect to the chemical properties of MTBE, the alleged risks to groundwater from the use of MTBE as a

---

[6] In 1991, all federal actions alleging causes of action based on asbestos exposure were transferred to the Eastern District of Pennsylvania for pretrial proceedings.  However, the Panel had considered and denied transfer motions five times previously, in 1977, 1980, 1985, 1986, and 1987.  Transfer was ultimately ordered in response to the crisis caused by the pendency of more than 31,000 asbestos-related actions in the federal district courts.  A number of federal district judges, concerned about the "serious problem" voluminous asbestos personal injury litigation was causing their dockets, requested that the Panel act on its own initiative to consider transfer under Section 1407.  Significantly, in ordering transfer, the Panel did not repudiate the bases for its prior denials of transfer, but instead premised its decision on the fact that the overwhelming number of pending cases "has reached a magnitude, not contemplated in the record before us in 1977, that threatens the administration of

7

fuel additive, and the defendants' knowledge of such risks. These common issues, however, are not sufficiently complex to warrant transfer of these otherwise discrete actions for consolidated pretrial proceedings. Indeed, like the situation in In re Asbestos, the state of scientific knowledge of the chemical properties of MTBE at the times relevant to the complaints are readily ascertainable from the scientific literature that is publicly available on this topic. The plaintiffs in these actions cite to many such studies themselves.[7]

    **B.**    **The Lack of Substantial Commonality of the Parties Would Impede Efficiency and Cause Unnecessary Inconvenience in Coordinated Pretrial Proceedings.**

As set forth above, contrary to Movants' mischaracterization that there is a group of "core Defendants" in these actions, the common defendants constitute a minority of the total number of defendants. The Movants neither identify which defendants constitute the supposed "core" group nor state the factors upon which they base their "core" designation. Furthermore, unlike the few situations in which the Panel has granted transfer of a very small number of

---

justice and that requires a new, streamlined approach." In re Asbestos Products Liab. Litig. (No. VI), 771 F. Supp. 415, 417-18 (J.P.M.L. 1991).

[7] E.g., Peter Garrett, Marcel Moreau & J.D. Lowry, "MTBE as a Ground Water Contaminate," in NWWA/API Conference on Petroleum Hydrocarbons and Organic Chemicals in Ground Water – Prevention, Detection, and Restoration, Houston, TX, November 14-14, 1986 [Proceedings]: Dublin, OH, National Water Well Ass'n, pp. 227-238 (Berisha Complt., ¶ 63, n.1); Nineteenth Report of the ITC to the Administrator, Receipt and Request for Comments Regarding Priority List of Chemicals, 51 Fed Reg. 220 (1986) (Berisha Complt., ¶ 74, n.2; England Complt., ¶¶ 94, 148); Testing Consent Order on Methyl Tert-Butyl Ether and Response to the Interagency Testing Committee, 53 Fed. Reg. 62 (1988) (Berisha Complt., ¶ 83, n.4); "Achieving Clean Air and Clean Water: The Report of the Blue Ribbon Panel on Oxygenates in Gasoline," (Environmental Protection Agency Sept. 15, 1999) (Berisha Complt., ¶ 93, n.7); "Toxicological and Performance Aspects of Oxygenated Motor Vehicle Fuels," Nat'l Research Council, Nat'l Academy of Sciences (1996) (Berisha Complt., ¶ 101, n.10); Moran, Zogorski & Squillace, "MTBE in Ground Water in the United States – Occurrence, Potential Sources, and Long Range Transport" (1999) (Berisha Complt., ¶ 29, n.11; England Complt., ¶ 105).

8

related cases,[8] there is no commonality whatsoever in the identity of the representative plaintiffs or the putative class members in these actions.

On these facts, rather than increasing efficiency and convenience, the transfer of these cases for consolidated pretrial proceedings would result in needless delay and inefficiencies in the pretrial process.[9]  Discovery and other proceedings inevitably will be required with respect to the specific conduct of each of the *England* defendants (four of which are not parties to *Berisha*) in the 16 states at issue there, as well as of the representative class plaintiffs in that action, none of which would bear upon the claims raised in the *Berisha* action against the defendants, like Tosco, which are not parties to the *England* case.  Likewise, discovery as to the conduct in New York of the fifteen *Berisha* defendants, eight of whom are not common to *England*, and all of the representative plaintiffs in *Berisha*, will have no bearing upon the *England* case.  There is simply no efficiency in coordinating discovery when most of the discovery will be local in scope and will not pertain to common issues.  See In re 21st Century, 448 F. Supp. at 272-73 (transfer of two actions containing two common and five non-common defendants not warranted even where plaintiff was the same in both actions and both actions shared questions of fact arising from identical allegations against the common defendants and related allegations against the non-common defendants).

It is not an answer to assert that transfer may be appropriate despite the significant divergence of claims and parties simply because discovery on the separate claims can be restricted to the parties to which it relates.  As a practical matter, Tosco, and all of the other defendants named in only one of the actions, will be compelled to participate in all discovery,

---

[8]   See supra, at 4, n.5.

including attending all depositions in both cases, to protect themselves from the possibility of later being subjected to prejudice or preclusion based upon information disclosed by witnesses or in documentary evidence produced in the coordinated discovery proceedings. See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig. 446 F. Supp. 242 (J.P.M.L. 1978) (recognizing parties' ability to use collateral estoppel effect of prior actions to establish alleged common issues of fact); see also In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig. 81 F.R.D. 482, 485-86 (E.D. Mich. 1979), aff'd, 664 F.2d 114 (6th Cir. 1981) (defendant in multidistrict litigation not entitled to protective order to prevent transmission of information obtained through discovery in multidistrict litigation to independent state cases brought against defendant on similar causes of action).  Accordingly, Tosco and other non-common defendants would be in a position of having to participate in certain discovery which ostensibly would be relevant solely to issues in the *England* case or face the risk that some matter pertaining to the *Berisha* case or to Tosco may arise in such discovery at a time when Tosco is not participating.  In the context of these two actions, there are simply too many individual issues to justify the coordination of pretrial discovery.

> ### C.      Common Questions of Fact Will Not Predominate Over Individual Ones.

Although questions with respect to the chemical propensities of MTBE, the state of the scientific knowledge concerning MTBE, and a certain few defendants' knowledge thereof may be common in both *Berisha* and *England*, such questions do not predominate over the multitude of individual, local questions of fact that must be decided in these actions.

---

[9] Some discovery, consisting of document requests and interrogatories, has already commenced in the *Berisha* action under a schedule set by Judge Scheindlin.

10

The factual questions of causation and liability with respect to each representative class plaintiff and each defendant in each action must necessarily be determined on an individual basis. See In re Rely Tampon Prods., 533 F. Supp. at 1347; In re Asbestos, 431 F. Supp. at 909. For example, discovery as to each representative class plaintiff's claims will be necessary. Such individual discovery must be had with respect to, among other things, the specific contamination alleged, its source, and its cause. Such factors will differ from plaintiff to plaintiff and from state to state. These uniquely local issues will predominate over any common ones because the *Berisha* and *England* cases involve entirely separate geographic areas and alleged sites of contamination.

The liability of each defendant in each case is also predominantly an individual question. The *Berisha* complaint alleges that the 15 named defendants therein are "engaged in one or more phases of the petroleum business, from the exploration for and extraction of crude oils to the refining and/or the distribution, marketing and retail sale of gasoline, including the design and manufacture of gasoline containing MTBE sold in New York State." (*Berisha* Complt., ¶ 42). The *England* complaint alleges that the 11 defendants in that case are "manufacturers and/or distributors of MTBE and gasoline containing MTBE" and that Defendants primarily chose to promote and market MTBE as an oxygenate and sold gasoline containing MTBE in California, Connecticut, Delaware, Illinois, Iowa, Kentucky, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, Pennsylvania, Rhode Island, Texas, Wisconsin and Virginia. (*England* Complt., ¶¶ 9, 36). Factors such as each individual defendant's specific role in the manufacture, production, and/or distribution of gasoline containing MTBE in each state, the sufficiency of any product warnings that accompanied its sale or distribution of MTBE products in each state and any public statements or representations

11

made by each defendant in each state, are discretely individual issues to each case and, indeed, to each state at issue. See In re Rely Tampon Prods., 533 F. Supp. at 1347; In re Asbestos, 431 F. Supp. at 909. This is especially so since the claims in both actions are grounded exclusively under distinct state substantive law.[10] Therefore, local issues will predominate in the discovery process and transfer would not promote the parties' and witnesses' convenience regarding discovery.

The *Berisha* parties' need for discovery on even the common allegations is limited to the New York market, while *England* contemplates discovery on these allegations across an entirely separate, and much larger, geographic spectrum of 16 states. The real property interests at the heart of plaintiffs' claims in *England* and *Berisha* are uniquely and traditionally local interests. In In re Brandywine Assocs. Antitrust and Mortgage Foreclosure Litig. 407 F. Supp. 236, 238 (J.P.M.L. 1976), the Panel denied transfer of three separate actions by the same plaintiff alleging related conspiracy claims under state law in connection with transactions involving financing, management and foreclosures of real property. Although the Panel recognized that common questions of fact existed with respect to the nature, existence, and operation of the conspiracy, it held that the plaintiff failed to meet the criteria for transfer of a such a small number of actions under Section 1407, stating:

> Only three actions are involved here. For the purposes of this litigation, the inconvenience to the party whose actions are proposed for transfer can be derived from the realization that the foreclosure aspect of the Florida and Illinois actions involves mostly, if not entirely, local, factual, legal and

---

[10] *Berisha* asserts causes of action under New York law for strict liability for failure to warn, strict liability for design defect, strict liability for misrepresentations (Restatement (Second) of Torts § 402B), deceptive business acts and practices in violation of N.Y. Gen. Bus. Law § 349, public nuisance, private nuisance, negligence, and fraud. *England* alleges several causes of action under Illinois law for negligence, strict liability, and conspiracy.

12

> potentially administrative issues. Thus, movant has not convinced us that these actions are so complex and the accompanying discovery so time-consuming as to overcome the inconvenience to the litigants and their witnesses, as well as the burden on the judiciary, of having the predominantly local Illinois and Florida action transferred to an out-of-state forum.

Brandywine, 407 F. Supp. at 238. Here, too, the predominantly local aspects of these cases

demonstrates that coordinated pre-trial proceedings would be inappropriate.

### D.     There Is No Risk of Overlapping or Conflicting Class Determinations Because the Putative Classes are Entirely Separate and Distinct.

A crucial -- and almost entirely local -- determination must be made as to whether

plaintiffs can satisfy the criteria of Fed. R. Civ. P. 23 for certifying the respective proposed

classes in the *England* and *Berisha* cases. See Millett v. Atlantic Richfield, No. CV-98-555, slip

op. (Maine Sup. Ct. Mar. 2, 2000) (denying class certification in putative MTBE class action).

In In re Northern Dist. of California Dalkon Shield IUD Prods. Liab. Litig. 693

F.2d 847 (9th Cir. 1982), cert. denied, 459 U.S. 1171 (1983), the Ninth Circuit highlighted the

inefficiency of common treatment of products liability claims for class purposes:

> In products liability actions, [unlike typical mass tort situations], individual issues may outnumber common issues. No single happening or accident occurs to cause similar types of physical harm or property damage. No one set of operative facts establishes liability. No single proximate cause applies equally to each potential class member and each defendant. Furthermore, the alleged tortfeasor's affirmative defenses (such as failure to follow directions, assumption of the risk, contributory negligence, and the statute of limitations) may depend on facts peculiar to each plaintiff's case.

In Sterling v. Velsicol Chemical Corp., 855 F.2d 1188, 1197 (6th Cir. 1988), the Sixth Circuit

similarly noted:

> In complex, mass, toxic tort accidents, where no one set of operative facts establishes liability, no single proximate cause equally applies to each potential class member and each defendant, and individual issues

992786

outnumber common issues, the district court should properly question the appropriateness of a class action for resolving the controversy.

The very same factors justify denying transfer of such cases pursuant to Section 1407. Transfer for coordinated pretrial proceedings would not serve to narrow the focus of the class determinations, but instead would multiply the parties' burdens and consume excess judicial resources because the alleged classes in *Berisha* and *England* are completely distinct. The purported *Berisha* class is composed solely of persons with an interest in real property in the State of New York, which is a classic local matter governed by New York substantive law. In *England*, on the other hand, plaintiffs propose a class composed of persons who own real property in sixteen (16) states other than New York, and thus potentially implicate the application of the substantive law of sixteen states for making a class determination in that action. Compared to the class determination in *Berisha*, such a task will require an inordinate amount of time and judicial resources and is not justified in a transfer setting where the class allegations do not overlap.

Even if the plaintiffs in these actions can satisfy Fed. R. Civ. P. 23, no grounds exist for transfer because there is little risk of inconsistent or conflicting pretrial rulings. Here, unlike the cases cited by Movants,[11] the purported subclasses of persons covered by the *Berisha* and *England* actions are geographically separate and distinct, do not overlap in any respect, and accordingly, little possibility of conflicting class determinations exists. Specifically, *Berisha* seeks recovery only for subclasses of persons with an interest in property located in New York

---

[11] See e.g., In re Public Air Travel Tariff Litig. 360 F. Supp. 1397, 1399 (J.P.M.L. 1973) (alleged nationwide classes included all purchasers of airline tickets); In re Rio Hair Naturalizer Prods. Liab. Litig. 904 F. Supp. 1407, 1408 (J.P.M.L. 1995) (consolidated cases contained overlapping class certification requests); In re Heavener, 451 F. Supp. at 997 (class plaintiffs consisted of all purchasers of certain bonds nationwide).

14

992786

that rely on well water for domestic purposes.  Although *England* asserts similar claims for relief,

it does so on behalf of alleged subclasses consisting of persons who own real property containing

wells in sixteen states other than New York.  On the face of the complaints, there is little

possibility of conflicting class determinations because neither case purports to include any class

member covered by the other.

## CONCLUSION

For the reasons set forth above and in its Response to the MTBE Litigation

Defendants' Motion To Transfer For Coordinated Or Consolidated Pretrial Proceedings Under 28

U.S.C. § 1407, Tosco Corporation respectfully respects that the motion for transfer be denied.

Should the Panel, however, grant the motion, Tosco respectfully requests that the coordinated or

consolidated pretrial proceedings be administered in the Southern District of New York.

Dated:  New York, New York
       June 23, 2000

STROOCK & STROOCK & LAVAN LLP

By: _Kenneth Pasquale_

    Kenneth Pasquale (KP- 6923)
    A Member of the Firm
    180 Maiden Lane
    New York, New York  10038-4982
    (212) 806-5400

    Attorneys for Defendant Tosco Corporation

Of Counsel:
Melvin A. Brosterman
Christine R. Fitzgerald

15

992786

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## CERTIFICATE OF SERVICE

JUN 26 2000

FILED
CLERK'S OFFICE

The foregoing Brief in Response to Certain MTBE Litigation Defendants' Motion

to Transfer for Coordinated or Consolidated Pretrial Procedings was served by Federal Express

on the 23rd day June, 2000 upon each of the persons listed on the attached Panel Attorney

Service List.

*Kenneth Pasquale*

KENNETH PASQUALE

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2000 JUN 26   A 11: 21

CLERK'S OFFICE
RECEIVED

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - PANEL ATTORNEY SERVICE LIST

June 19, 2000

DOCKET: 1,358 - In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

Page: 1

STATUS: Pending

TRANSFEREE INFORMATION
    Dist:
    Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
| --- | --- |
| Ball, Dan H.<br>Thompson & Coburn, L.L.P.<br>One Pirstar Plaza<br>St. Louis, MO  63101 | ==> Chevron USA, Inc.; Conoco, Inc.*; Exxon Corp.; Exxon Mobil Corp.*; Mobil Oil Corp. |
| Eimer, Nathan P.<br>Sidley & Austin<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, IL  60603 | ==> Citgo Petroleum Corp.* |
| Guttmann, John S.<br>Beveridge & Diamond, P.C.<br>1350 I Street, N.W.<br>Suite 700<br>Washington, DC  20005 | ==> Sunoco, Inc.* |
| Hinck, Jon<br>Lewis, Saul & Associates, P.C.<br>183 Middle Street<br>Suite 200<br>Portland, ME  04101 | ==> Arcuri, Melanie J.*; Berisha, Donna*; Greene, Steven C.; La Susa, Ron* |
| Langan, J. Andrew<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, IL  60601 | ==> Amoco Oil Co.*; Atlantic Richfield Co.*; BP Amoco Corp.* |
| Leifer, Steven L.<br>Baker, Botts, L.L.P.<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 | ==> Valero Marketing  & Supply Co.* |
| O'Connor, Mark G.<br>Regional Counsel<br>Coastal Oil New York, Inc.<br>611 Rt. 46 West<br>Hasbrouck Heigh, NJ  07604 | ==> Coastal Corp.* |
| Pasquale, Kenneth<br>Stroock, Stroock & Lavan, L.L.P.<br>180 Maiden Lane<br>New York, NY  10038 | ==> Tosco Corp.* |
| Shulman, Robert H.<br>Howrey Simon Arnold & White, LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 | ==> Amerada Hess Corp.* |
| Sommer, Lyndon P.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO  63101 | ==> Phillips Petroleum Co. |
| Tillery, Stephen M.<br>Carr, Korein, Tillery, Kunin, Montroy &<br>Glass10 Executive Woods Court<br>Swansea, IL  62226 | ==> Azbill, Donna L.; Bauer, James; Christiansen, Claudia; England, David; McMannis, Rhea Susan; Owca, Marvin |
| Tully, Mark E.<br>Goodwin, Procter & Hoar, L.L.P. | ==> Gulf Oil Ltd. Partnership* |

NOTE: Please refer to the title page for complete report scope and key.
    *    Signifies that an appearance was made on behalf of the party by the representing attorney.
    #    Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
    NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.