JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 6 2000

FILED
CLERK'S OFFICE

RECEIVED
CLERK'S OFFICE
2000 JUN 26 P 3: 43

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 1358

PLEADING NO. 9

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In Re Methyl Tertiary Butyl Ether ("MTBE") )
Products Liability Litigation )        MDL Docket No. 1358
)
)

### BERISHA PLAINTIFFS' RESPONSE TO CERTAIN MTBE LITIGATION DEFENDANTS' MOTION TO TRANSFER FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Pursuant to 28 U.S.C. § 1407 and Rule 7.1(b) of the Rules of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the plaintiffs in Berisha, et al. v. Amerada Hess Corp. et al., File No. 00-CIV 1898 (SAS) oppose transfer and consolidation of the case with England et al. v. Atlantic Richfield Co. et al., File Nos. 00-370-WDS, 00-371-DRH, and respond to the averments of the MTBE Litigation Defendants' Motion To Transfer For Coordinated Or Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407 as follows:

1. In response to the allegations contained in paragraph 1 of the Motion, the Berisha Plaintiffs admit that certain Defendants face two putative class actions pending in two separate federal district courts. The Berisha Plaintiffs admit that each of the two class actions share common questions of fact, but deny the extent of the common questions of fact and the extent to which the common questions of fact are material to the resolution of each of the class actions.

OFFICIAL FILE COPY
IMAGED JUN 27 '00

2. In response to the allegations contained in paragraph 2, the <u>Berisha</u> Plaintiffs admit that <u>England</u> and <u>Berisha</u> are both pending in the jurisdictions cited by the movants. However, both actions were filed in state court and removed by Defendants to federal court.

3. In response to the allegations contained in paragraph 3, the <u>Berisha</u> plaintiffs admit that <u>Berisha</u> and <u>England</u> assert some similar factual allegations against the common defendants in the two actions, but deny the extent and the materiality of the common factual allegations. For example, although in paragraph 3a, the movants state that both actions seek similar relief from all Defendants, the <u>Berisha</u> plaintiffs seek cleanup of all wells found to be contaminated and damages for lost property value; the <u>England</u> plaintiffs seek only replacement water for their class of contaminated well owners. Second, although in paragraph 3c the movants list 3 similar causes of action, the <u>Berisha</u> class action alleges 8 causes of action where <u>England</u> only asserts two.

4. In response to the allegations contained in paragraph 4 of the Motion, the <u>Berisha</u> Plaintiffs admit that paragraphs 4a through 4f identify common questions of fact pertaining to the chemical properties of MTBE and certain actions of defendants in marketing MTBE. However, the <u>Berisha</u> plaintiffs deny that those questions of fact are the critical facts for determining liability of the defendants in the two actions. Specifically, the <u>Berisha</u> action alleges market share liability, which New York has recognized, as the principle basis of the imposition of liability on the Defendants. The <u>England</u> plaintiffs have not alleged market share as a basis for liability nor have the majority of the states in the <u>England</u> action adopted market share liability.

5. In response to the allegations contained in paragraph 5, the <u>Berisha</u> plaintiffs admit that the two class actions share common class action allegations, but as above, deny that those

2

common class action allegations are material. Specifically, the class actions are materially different in that the <u>England</u> class action purports to represent subclasses of persons with real property equipped with wells in sixteen states. The <u>Berisha</u> action seeks to represent just two subclasses of individuals who have an interest in real property in New York that rely on well water for domestic purposes. Additionally, as described above, the <u>Berisha</u> action seeks liability on 8 different grounds and seeks different relief.

   6. In response to the allegations contained in paragraph 6, the <u>Berisha</u> plaintiffs deny that transfer of just two actions to one forum will promote the just and efficient conduct of these actions and avoid overlapping and conflicting discovery. First, the U.S. District Court of the Southern District of New York has allowed the <u>Berisha</u> plaintiffs access to all discovery produced by the defendants in all other MTBE litigation. Thus the Court has enabled the <u>Berisha</u> plaintiffs to streamline their discovery to avoid costly and duplicative document productions. Second, the <u>Berisha</u> class action involves only one state with one set of laws and procedures. The <u>England</u> action is inherently more complex involving 16 different states and 16 states' laws. To combine the two actions further complicates both class actions. Third, the <u>Berisha</u> action has been proceeding efficiently and effectively and discovery is well underway. It would take more judicial resources to effectively transfer the action to a judge unfamiliar with the action than to keep <u>Berisha</u> in its present court.

   7. In response to the allegations contained in paragraph 7, the <u>Berisha</u> plaintiffs deny that the putative class actions raise substantially identical claims and seek substantially identical relief. As stated above, the actions involve different state laws, seek different relief, and allege

3

different causes of action. Accordingly, these actions should not be transferred for consolidated pre-trial proceedings in a single forum.

WHEREFORE, for the reasons set forth above and more specifically stated in the accompanying Brief in Opposition To Certain MTBE Litigation Defendants' Motion to Transfer For Coordinated Or Consolidated Pretrial Proceedings, the <u>Berisha</u> plaintiffs respectfully request that the motion to transfer be denied. If the Panel should consolidate the MTBE pre-trial proceedings, however, the <u>Berisha</u> plaintiffs respectfully request that the proceedings be administered in the Southern District of New York.

Dated: June 26, 2000                                                                    Respectfully submitted,

_____
Lewis J. Saul
Jon Hinck
Jennifer Martin-Frank
LEWIS SAUL & ASSOCIATES, P.C.
183 Middle Street, Suite 200
Portland, Maine  04101
207-874-7407
207-874-4930 (fax)

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 6 2000

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The foregoing Response to Certain MTBE Litigation Defendants' Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings was served by first class mail, postage pre-paid, on this 26th day of June, 2000 upon each of the persons listed on the attached Panel Attorney Service List.

_____
Jon Hinck

RECEIVED
CLERK'S OFFICE
2000 JUN 26 P 3:43
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - PANEL ATTORNEY SERVICE LIST

June 19, 2000

DOCKET: 1,358 - In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation
STATUS: Pending

Page: 1

TRANSFEREE INFORMATION
    Dist:
    Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
|---|---|
| Ball, Dan H.<br>Thompson & Coburn, L.L.P.<br>One Firstar Plaza<br>St. Louis, MO 63101 | Chevron USA, Inc.; Conoco, Inc.*; Exxon Corp.; Exxon Mobil Corp.*; Mobil Oil Corp. |
| Eimer, Nathan P.<br>Sidley & Austin<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, IL 60603 | Citgo Petroleum Corp.* |
| Guttmann, John S.<br>Beveridge & Diamond, P.C.<br>1350 I Street, N.W.<br>Suite 700<br>Washington, DC 20005 | Sunoco, Inc.* |
| Hinck, Jon<br>Lewis, Saul & Associates, P.C.<br>183 Middle Street<br>Suite 200<br>Portland, ME 04101 | Arcuri, Melanie J.*; Berisha, Donna*; Greene, Steven C.; La Susa, Ron* |
| Langan, J. Andrew<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, IL 60601 | Amoco Oil Co.*; Atlantic Richfield Co.*; BP Amoco Corp.* |
| Leifer, Steven L.<br>Baker, Botts, L.L.P.<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | Valero Marketing & Supply Co.* |
| O'Connor, Mark G.<br>Regional Counsel<br>Coastal Oil New York, Inc.<br>611 Rt. 46 West<br>Hasbrouck Heigh, NJ 07604 | Coastal Corp.* |
| Pasquale, Kenneth<br>Stroock, Stroock & Lavan, L.L.P.<br>180 Maiden Lane<br>New York, NY 10038 | Tosco Corp.* |
| Shulman, Robert H.<br>Howrey Simon Arnold & White, LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | Amerada Hess Corp.* |
| Sommer, Lyndon P.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101 | Phillips Petroleum Co. |
| Tillery, Stephen M.<br>Carr, Korein, Tillery, Kunin, Montroy & Glass10 Executive Woods Court<br>Swansea, IL 62226 | Axbill, Donna L.; Bauer, James; Christiansen, Claudia; England, David; McMannis, Rhea Susan; Owca, Marvin |
| Tully, Mark E.<br>Goodwin, Procter & Hoar, L.L.P. | Gulf Oil Ltd. Partnership* |

NOTE: Please refer to the title page for complete report scope and key.
  *  Signifies that an appearance was made on behalf of the party by the representing attorney.
  #  Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - PANEL ATTORNEY SERVICE LIST
(1,358 Panel Attorney Service List Cont'd)

June 19, 2000

| ATTORNEY - FIRM | REPRESENTED PARTY(s) | Page: 2 |
|---|---|---|

53 State Street
Boston, MA 02109

Wagner, John
Law Department
One Valero Place
San Antonio, TX 78212

→ United Refining Co.

Wallace, Richard E. Jr.
Wallace, King, Marraro & Branson, P.L.L.C.
1050 Thomas Jefferson Street, N.W.
Washington, DC 20007

→ Equilon Enterprises, L.L.C.*; Motiva Enterprises, L.L.C.*; Shell Oil Co.*; Shell Oil Products Co.*; Texaco Refining & Marketing, Inc.*; Texaco, Inc.*

---

NOTE: Please refer to the title page for complete report scope and key.
* Signifies that an appearance was made on behalf of the party by the representing attorney.
# Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 6 2000

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MTBE LITIGATION ) | MDL No. 1358 |
| ) | |
| ) | |

RECEIVED CLERK'S OFFICE 2000 JUN 26 P 3: 43

## BERISHA PLAINTIFFS BRIEF IN RESPONSE TO CERTAIN MTBE LITIGATION DEFENDANTS' MOTION TO TRANSFER FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Plaintiffs in <u>Berisha, et al. v. Amerada Hess Corp. et al.</u>, File No. 00-CIV 1898 (SAS) oppose the pending motion because transfer and consolidation would not promote the just and efficient conduct of the two actions at issue nor, on balance, serve the convenience of parties and witnesses as contemplated under 28 U.S.C. § 1407(a). Although <u>Berisha</u> and <u>England et al. v. Atlantic Richfield Co. et al.</u>, File Nos. 00-370-WDS, 00-371-DRH, both arise out of the use of MTBE as a gasoline additive and have facial similarities, including some common defendants and claims, they are dissimilar in key areas where efficiencies through consolidation are sought. At the core of these matters is contamination of real property and groundwater, matters quintessentially subject to state law and local discovery. Not surprisingly, no claims in either case were brought under federal law. Moreover, <u>Berisha</u>, the first filed case and now pending in the

Southern District of New York, is uniquely well-positioned to move forward expeditiously and consolidation with other cases could only cause delay.

## BACKGROUND

Berisha was filed on January 14, 2000, in New York state court asserting eight state law causes of action, plus conspiracy. The Berisha plaintiffs seek to hold oil refiners liable under the theory market share liability for testing of private well water for MTBE contamination throughout New York State. Plaintiffs with verified MTBE contamination in their wells seek clean up and remediation of their groundwater and damages for such things as lost property values. On March 10, 2000, a single defendant removed Berisha to the Southern District of New York alleging federal question jurisdiction.

On April 11, 2000 England was filed in Illinois state court on behalf of well owners in sixteen states also seeking water tests. England plaintiffs with contaminated wells merely seek replacement water. England was removed to the Southern District of Illinois.

To the extent these two cases are based upon similar facts, it is the same general factual predicate underlying statewide actions pending for approximately two years in three states: Maine, North Carolina and California. The Maine case had been removed to the federal court for the District of Maine, but was subsequently remanded when the court found it lacked jurisdiction. The California and North Carolina cases were not removable.

All of these cases concern MTBE pollution of land and groundwater, but facts concerning site characteristics, local and regional gasoline markets as well as the governing law and the legal theories underlying the cases diverge markedly. For these and other reasons set forth below,

2

transfer and consolidation of the two federal court actions would impede rather than facilitate the resolution of these matters.

## I. THERE IS INSUFFICIENT COMMONALITY BETWEEN THE CASES AS TO THE CLAIMS, GOVERNING LAW, ANTICIPATED DISCOVERY, PARTIES AND PROCEDURAL POSTURE TO WARRANT TRANSFER.

Fundamental to deciding the motion to transfer is an understanding that this would not be the consolidation of two similar cases. In Berisha, the New York case, plaintiff well owners have brought seven common law claims and a claim under New York's Deceptive Business Acts and Practices statute for contamination of real property in New York. Plaintiffs are seeking, under the market share liability theory, to hold liable the refiners of gasoline sold in New York. Market share liability is recognized in New York. See Hymowitz v. Eli Lilly & Co., 73 N.Y.2d 487, 541 N.Y.S.2d 941, 539 N.E.2d 1069 (1989). They seek testing of wells statewide and clean-up of those wells found contaminated plus damages for lost property value.

England et al. v. Atlantic Richfield Co. et al., File Nos. 00-370-WDS, 00-371-DRH, pending in the Southern District of Illinois, was brought on behalf of property owners in sixteen states, not including New York. In many respects, England already has the nature of sixteen statewide cases that were consolidated de facto when filed.

Although complicated by multi-state law issues, England is streamlined in other respects. The England Plaintiffs assert just three common law claims, including civil conspiracy, and seek nothing more than water tests and, for wells found to be contaminated, replacement water. The difference between the two cases is particularly pronounced as to those plaintiffs whose wells are

3

verified to be contaminated. In comparison to plaintiffs in Berisha, the claims of each such individual England plaintiff are quite modest. The relief Berisha plaintiffs seek -- remediation or clean-up of the groundwater under their property plus damages for lost property value -- can easily total hundreds of thousands of dollars in damages in individual cases. On the other hand, England seeks nothing more than some form of replacement water. The total relief for any individual plaintiff in the England cases -- a $100 water test and the drilling of a new well or bottled water -- on its face falls well short of, for example, the $75,000 sum required for diversity jurisdiction in federal court.

In practice, the difference in the claims means that the bulk of pre-trial discovery in the two cases will be entirely dissimilar. Even if they were more directly analogous cases, the nature of real property-related claims means that local issues will predominate in the discovery process. cf In re Abestos Insulation Material Prod. Liability Litig., 431 F.Supp 906, 910 (JPML 1977) (in asbestos cases, local lotus of medical, personnel and product use records counsel against transfer).

It is already apparent that these two cases can be expected to proceed quite differently from each other. After Berisha was removed based upon the assertion that theoretical claims against one defendant raised a federal question, removal and remand issues were the subject of two conferences before United States District Judge Shira A. Scheindlin. Based upon an understanding expressed and noted by the Court that the case would move along expeditiously, Plaintiffs forewent the filing of a motion to remand. The case has quickly demonstrated significant progress. On May 5, 2000, Plaintiffs filed an amended Complaint. Then, pursuant to

the judge's order, preliminary discovery commenced covering materials previously produced in certain state MTBE cases. Plaintiffs have reviewed discovery from eight of the defendants. On June 5, 2000, Defendants served discovery on the <u>Berisha</u> plaintiffs. Plaintiffs first responses have already been served and the rest are anticipated before month's end. On June 19, 2000, certain Defendants filed a joint motion to dismiss and two others answered. Plaintiffs discovery requests are due on June 30, 2000. Their opposition to the motion to dismiss is due August 7, 2000 and Defendants' reply on August 28, 2000. It is expected that all class certification discovery will be completed and Plaintiffs' motion for class certification will be pending before the JPML issues a decision on the motion at issue here.

The <u>Berisha</u> case could not be facilitated by transfer and consolidation with a case covering sixteen other states. Nor will <u>England</u> be further enabled by joinder with a substantially different New York case. At every juncture the courts in the two matters will be dealing with different facts and law. The issue of market share liability is just one example of mismatching law that will inevitably make for substantial differences in the pretrial posture of these cases. As <u>Berisha</u> progresses, the presiding judge will be called upon to decide whether MTBE in gasoline fits within the framework of New York's version of market share liability. If the Court agrees with Plaintiffs that it does, all aspects of the case bearing on the defendants liability will be fundamentally different than for the parties in <u>England</u>. Plaintiffs in <u>England</u> make no claim for market share liability and indeed the courts in a majority of the states where putative class members reside have not adopted the theory.

This panel has frequently found that consolidation is appropriate where "civil actions

involving one or more common questions of fact are pending in different districts." 28 U.S.C. § 1407(a). Factors to be considered include: 1) the existence of one or more common questions of fact; 2) the avoidance of duplicative discovery; and 3) a need to prevent inconsistent pretrial rulings. See e.g. In re Dow Chemical Co. "Sarabond" Products Liability Litigation, 650 F.Supp. 187 (J.P.M.L. 1986). But the Panel also recognizes that transfer can create inefficiencies and slow the progress of cases. See Id. (declining to transfer one case); In re Asbestos School Prod. Liability Litig., 606 F.Supp 713 (JPML 1985) (denying motion to transfer); In re Asbestos Insulation Material Prod. Liability Litig., 431 F.Supp 906 (JPML 1977) (same). These cases offer few opportunities to improve efficiency by transfer and consolidation. Instead transfer and consolidation would merely slow progress and unduly encumber the transferee court.

## II. CONSOLIDATION, IF DEEMED APPROPRIATE, SHOULD BE IN THE SOUTHERN DISTRICT OF NEW YORK

In their moving papers, the defendants seeking transfer request consolidation in either the Southern District of New York or the Southern District Illinois. Assuming arguendo that the JPML opts to transfer and consolidate these case, Berisha plaintiffs submit that the Southern District of New York is the more logical choice of the two and the best overall choice of jurisdictions.

The most important consideration in transfer and consolidation is the promotion of the just and efficient conduct of these actions and the convenience of the parties and the witnesses. These factors weigh strongly in favor of courts on eastern part of the United States generally and the Southern District of New York in particular.

New York is, of course, one of eighteen states covered by rules requiring the sale of

6

reformulated gasoline ("rfg states").[1] Eleven of those eighteen states are located along the mid-Atlantic Northeast corridor. Those states are: Connecticut, Delaware, Kentucky, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island and Viriginia. What is more, the midwest rfg states have generally consumed far less gasoline with MTBE, both because the areas covered by the mandate are more geographically limited and because a more ready supply of ethanol from midwest farmers has made it the additive of choice over MTBE in the middle of the country. As these cases unfold it is inevitable that as a result of regulatory and market realities, plaintiffs and witnesses will come disproportionately from the East.

A related factor that will contribute to the convenience of the parties is that the government records, comprising many thousands of pages concerning the regulation of MTBE content in gasoline, are held in the files of the United States Environmental Protection Agency and each of the state governments of the rfg states. Again this aspect of research and discovery will be concentrated in the East.

Moreover, as was previously explained, progress in <u>Berisha</u> after removal has been swift. The Court is committed, with the understanding and agreement of the parties, to moving the case along swiftly to whatever resolution is justified on the merits. Indeed, at the outset of discovery, the Court ordered parties to produce discovery from prior state court actions so as to efficiently cover ground already plowed and improve the targeting of discovery specific to the <u>Berisha</u> case.

---

[1] The list of "rfg states" of the plaintiffs in <u>England</u> inexplicably leaves out New York and Maine. On information and belief, gasoline consumers in New York are still buying gasoline reformulated with MTBE whereas in 1999, Maine, for five years an rfg state, opted out of the program due to groundwater contamination issues and now has gasoline with significantly lower levels of MTBE.

7

## CONCLUSION

For the reasons set forth above and it their Response to Certain MTBE Litigation Defendants' Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings the Berisha Plaintiffs respectfully request that the motion for transfer be denied. In the event the Panel decides to grant the motion, the Berisha Plaintiffs request that the coordinated or consolidated pretrial proceedings be administered in the Southern District of New York.

Dated: June 26, 2000                                Respectfully submitted,

*[signature]*

Lewis J. Saul
Jon Hinck
Jennifer Martin-Frank
LEWIS SAUL & ASSOCIATES, P.C.
183 Middle Street, Suite 200
Portland, Maine 04101
207-874-7407
207-874-4930 (fax)

8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 6 2000

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The foregoing Brief in Response to Certain MTBE Litigation Defendants' Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings was served by first class mail, postage pre-paid, on this 26th day of June, 2000 upon each of the persons listed on the attached Panel Attorney Service List.

Jon Hinck

RECEIVED
CLERK'S OFFICE
2000 JUN 26  P 3: 44
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

9

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - PANEL ATTORNEY SERVICE LIST

June 19, 2000

DOCKET: 1,358 - In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation
STATUS: Pending

Page: 1

TRANSFEREE INFORMATION
   Dist:
   Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
|---|---|
| Ball, Dan H.<br>Thompson & Coburn, L.L.P.<br>One Firstar Plaza<br>St. Louis, MO 63101 | => Chevron USA, Inc.; Conoco, Inc.*; Exxon Corp.; Exxon Mobil Corp.*; Mobil Oil Corp. |
| Eimer, Nathan P.<br>Sidley & Austin<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, IL 60603 | => Citgo Petroleum Corp.* |
| Guttmann, John S.<br>Beveridge & Diamond, P.C.<br>1350 I Street, N.W.<br>Suite 700<br>Washington, DC 20005 | => Sunoco, Inc.* |
| Hinck, Jon<br>Lewis, Saul & Associates, P.C.<br>183 Middle Street<br>Suite 200<br>Portland, ME 04101 | => Arcuri, Melanie J.*; Berisha, Donna*; Greene, Steven C.; La Susa, Ron* |
| Langan, J. Andrew<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, IL 60601 | => Amoco Oil Co.*; Atlantic Richfield Co.*; BP Amoco Corp.* |
| Leifer, Steven L.<br>Baker, Botts, L.L.P.<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | => Valero Marketing & Supply Co.* |
| O'Connor, Mark G.<br>Regional Counsel<br>Coastal Oil New York, Inc.<br>611 Rt. 46 West<br>Hasbrouck Heigh, NJ 07604 | => Coastal Corp.* |
| Pasquale, Kenneth<br>Stroock, Stroock & Lavan, L.L.P.<br>180 Maiden Lane<br>New York, NY 10038 | => Tosco Corp.* |
| Shulman, Robert H.<br>Howrey Simon Arnold & White, LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | => Amerada Hess Corp.* |
| Sommer, Lyndon P.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101 | => Phillips Petroleum Co. |
| Tillery, Stephen M.<br>Carr, Korein, Tillery, Kunin, Montroy & Glassit Executive Woods Court<br>Swansea, IL 62226 | => Arbill, Donna L.; Bauer, James; Christiansen, Claudia; England, David; McMannis, Rhea Susan; Owca, Marvin |
| Tully, Mark E.<br>Goodwin, Procter & Hoar, L.L.P. | => Gulf Oil Ltd. Partnership* |

NOTE: Please refer to the title page for complete report scope and key.
 *   Signifies that an appearance was made on behalf of the party by the representing attorney.
 #   Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - PANEL ATTORNEY SERVICE LIST
(1,358 Panel Attorney Service List Cont'd)  June 19, 2000

| ATTORNEY - FIRM | REPRESENTED PARTY(s) | Page: 2 |
|---|---|---|

53 State Street
Boston, MA 02109

Wagner, John
Law Department
One Valero Place
San Antonio, TX 78212
⇒ United Refining Co.

Wallace, Richard E. Jr.
Wallace, King, Marrare & Branson, P.L.L.C.
1050 Thomas Jefferson Street, N.W.
Washington, DC 20007
⇒ Equilon Enterprises, L.L.C.*; Motiva Enterprises, L.L.C.*; Shell Oil Co.*; Shell Oil Products Co.*; Texaco Refining & Marketing, Inc.*; Texaco, Inc.*

---

NOTE: Please refer to the title page for complete report scope and key.
* Signifies that an appearance was made on behalf of the party by the representing attorney.
# Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.