IC

**1358**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 6 2000

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

------------------------------------
In re Methyl Tertiary Butyl Ether ("MTBE")   :   MDL Docket No. 1358
Products Liability Litigation                :
                                             :
------------------------------------

PLEADING NO. 16

## REPLY OF DEFENDANT TOSCO CORPORATION TO RESPONSE OF INTERESTED PARTY AND NOTICE OF RELATED ACTION

Tosco Corporation ("Tosco") submits this reply to the "Response" of purportedly interested nonparties, the Individual and Representative Plaintiffs in *Lynn v. Amoco Oil Co., et al*, Civil Action No. 96-T-940-N (M.D. Ala.), to the pending motion to transfer the two actions known as *Berisha, et al. v. Amerada Hess Corp., et al.*, Civil Action No. 00 CIV 1898, pending in the Southern District of New York, and *England v. Atlantic Richfield Co., et al.*, Civil Action No. 00-370, pending in the Southern District of Illinois, for consolidated pretrial treatment pursuant to Section 1407 of Title 28 of the United States Code (the "Motion").

By their Response, the *Lynn* plaintiffs seek not only to have the *Lynn* action grouped with *Berisha* and *England* pursuant to Section 1407, but also, remarkably, to have both the *Berisha* and *England* actions consolidated in a district entirely distant and detached from either of those actions, namely the Middle District of Alabama. For the reasons set forth in

**OFFICIAL FILE COPY**
IMAGED JUL 7 '00

Tosco's Brief in Response to Certain MTBE Defendants' Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings, Tosco opposes the coordination or consolidation for pre-trial purposes of the *Berisha* and *England* actions. But further, for the reasons set forth below, the *Lynn* action should not be jointly administered or consolidated with either *Berisha* or *England*. Even were the Panel to grant the Motion and transfer *Berisha* and *England* for consolidated proceedings, *Lynn* should not be included in the transfer order and the Panel should reject the Middle District of Alabama as a viable venue for any coordinated pretrial proceedings because to do otherwise would neither serve the convenience of the parties and witnesses, nor promote the just and efficient conduct of the litigation.

## **BACKGROUND**

The *Lynn* Plaintiffs, who are not parties to *Berisha* nor *England*, initiated a putative class action in the Middle District of Alabama against nine defendants,[1] alleging that these defendants knowingly allowed their under ground petroleum storage tanks ("USTs") to leak into surrounding property, groundwater, sediments, surface water, or subsurface soils. As conceded by the *Lynn* Plaintiffs, that case, which has been pending for four years, is far broader in scope than both the *Berisha and England* actions in that it concerns all contaminated property, not just water wells used for domestic purposes, caused by the leakage of any and all constituent components of petroleum, not just MTBE. Although MTBE is mentioned in passing in the *Lynn* complaint as a possible contaminant that can result from leaking USTs, the clear focus of that putative class action is not that the defendants therein are liable for alleged harms arising from their manufacture, distribution, and/or use of MTBE, as in *Berisha* and *England*, but, instead,

---

[1] The *Lynn* defendants include Amoco Oil Company, Texaco Refining and Marketing, inc., Chevron, USA, Inc., Chevron USA Products Company, Exxon Corporation d/b/a Exxon Company USA, Inc., B.P. Exploration & Oil,

that the *Lynn* defendants knew that the USTs in which they stored fuel products were corroded and were leaking petroleum products into the surrounding soil and groundwater, and that defendants intentionally concealed such facts. Significantly, of the 143 numbered paragraphs that comprise the Third Amended Complaint in *Lynn*, only 5 contain specific reference to "methyl tertiary butyl ether" or "MTBE." (*Lynn* Complt., ¶¶ 34, 36, 100, 101, 114). Furthermore, among the 28 alleged common questions of law and fact for class certification purposes, MTBE is never mentioned specifically. (*Lynn* Complt., ¶¶ 40(1) - 40 (28)).

The *Lynn* plaintiffs asserts causes of action for fraudulent concealment, trespass, nuisance, and conspiracy, individually, and on behalf of the putative class composed of the following:

> United States residents and owners of property any portion of which is located within a 250-foot radius and 3600 of the edge of a site containing, or that used to contain, and underground petroleum storage tank, at which site or former site, a release or detected release of petroleum has been reported to the responsible SEA [state environmental agency] or EPA designated agency, and the SEA or EPA designated agency has listed, or can list, a defendant, or a group of defendants, as an owner or operator or responsible party at the site, or the SEA or EPA has received from an environmental consulting firm reports showing ground water or soil contamination. Ground water, or soil contamination, in this context, shall mean the measurement of benzene in excess of five parts per billion, or MTBE in excess of 50 parts per billion, or any measurable amount of PSH (phase separated hydrocarbons or "free product").

(*Lynn* Complt., ¶ 36).

The *Lynn* case is procedurally well advanced. Both fact and expert discovery have already been completed, and the deadline for filing summary judgment motions expired on June 12, 2000. (Exhibit E to *Lynn* Response). In addition, pretrial and trial dates have been

---

Inc., Mobil Oil Corporation, Star Enterprise, and Shell Oil Products Company. Tosco is not a party to the *Lynn* Action (nor is it a party to *England*).

scheduled for March 19, 2001 and April 23, 2001, respectively. (Id.).

## ARGUMENT

### CONSOLIDATION OF THE *BERISHA* AND *ENGLAND* MTBE CASES WITH THE UNRELATED AND WELL ADVANCED *LYNN* ACTION IS NOT APPROPRIATE

#### A. Unlike *Berisha* and *England*, *Lynn* Is Procedurally Far Advanced.

Transfer for consolidated pretrial proceedings under Section 1407 is intended to create efficiencies in the pretrial process. It is not a mechanism for linking cases merely because they may contain a related fact or claim. Thus, pursuant to Section 1407, once pretrial proceedings have been completed in a consolidated forum, each case is remanded back to its original venue, and resumes its separate existence for trial and any further proceedings. For that reason, the Panel has regularly denied transfer of cases that are procedurally well advanced, even when the cases that may be transferred along with it are in the infancy of discovery. See In re Dupont Benelate® Settlement Agreements Litig., Docket No. 1340, slip op. (J.P.M.L. May 25, 2000) (transfer not justified where some constituent actions already pending for several years); In re Rely Tampon Prods. Liability Litig., 533 F. Supp. 1346, 1347 (J.P.M.L. 1982) (purposes of Section 1407 would not be served by centralization of actions where discovery in many actions was well advanced, and pretrial proceedings were completed and trial imminent in at least two of the actions); In re Magic Marker Securities Litig., 470 F. Supp. 862, 865 (J.P.M.L. 1979) (finding existence of common questions of fact to be outweighed by advanced stage of pretrial proceedings, and that consolidation would disrupt the orderly progress being made in the actions); In re Ortho Pharmaceutical "Lippes Loop" Prods. Liability Litig., 447 F. Supp. 1073, 1074 (J.P.M.L. 1978) (excluding from transfer consideration two of five actions where in one, pretrial proceedings were complete and trial imminent, and the other already had discovery cutoff

4

and trial dates set); In re Midwest Milk Monopolization Litig., 441 F. Supp. 930, 932 (J.P.M.L. 1977) (transfer not warranted where case had proceeded in district court for over three and one-half years, pretrial activities were either completed or very near completion, and trial was imminent); In re Westinghouse Electric Corp. Employment Litig., 438 F. Supp. 937, 939 (J.P.M.L. 1977) (no transfer where discovery and other pretrial proceedings in one case nearly complete, and cutoff date for discovery had already expired in another case).

By the *Lynn* plaintiffs' own admission, that case has been pending for over four years, and indeed is already scheduled for trial, while *Berisha* and *Lynn* are each but a few months old, with discovery having commenced but not significantly advanced in *Berisha*, and discovery not commenced at all in *England*. Accordingly, consolidation of *Lynn* with *Berisha* and *English*, or with either of them, clearly would not promote any of the purposes of Section 1407.

**B.     *Lynn* Is a Substantively Different Action than *Berisha* or *England*.**

As set forth above, notwithstanding the fact that the *Lynn* complaint may have occasion to reference MTBE, any common issues of fact or law with respect to MTBE in the actions are tangential at best. The clear focus and premise of the claims in *Lynn* is the defendants' alleged willful concealment of knowledge about leaking underground storage tanks. The claims in *Berisha* and *England*, by contrast, are premised upon the defendants' manufacture, distribution and sale of gasoline MTBE in separate geographic regions. In essence, *Lynn* is an environmental liability case; *Berisha* and *England* are product liability cases.

Furthermore, because the claims in *Lynn* are far broader in scope than those in either *Berisha* or *England*, with MTBE in *Lynn* having only a supporting role at best, the *Lynn* parties inherently lack similar incentives with respect to discovery concerning MTBE than do the

parties in *Berisha* and *Lynn.*. See In re Petroleum Prods. Antitrust Litig., 476 F. Supp. 455, 457-58 (J.P.M.L. 1979) (denying transfer where, despite presence of some common questions of fact, movant's case contemplated unique discovery concerning certain issues not involved in already transferred actions, as well as discovery likely to be broader in scope than that contemplated in transfer district); In re Westinghouse Electric Corp. Employment Discrim. Litig., 438 F. Supp. 937, 939 (J.P.M.L. 1977) (denying transfer despite common questions of fact where one case alleged division-wide sexual, racial, and religious discrimination by employer, while other alleged primarily specific acts at one facility that were directed at named plaintiffs). Thus, it would be profoundly unfair to require Tosco -- or any of the parties in *Berisha* or *England* -- to be bound by the MTBE-related discovery produced in *Lynn,* as the *Lynn* Plaintiffs suggest. Indeed, as discovery in *Lynn* has already been completed, there is simply no point in considering the *Lynn* case for transfer as part of this proceeding.

## CONCLUSION

For the reasons set forth above and in its Brief in Response to Certain MTBE Litigation Defendants' Motion To Transfer For Coordinated Or Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407, Tosco Corporation respectfully respects that (i) the Motion be denied in its entirety and (ii) should the Motion be granted, then the *Lynn* case should not be transferred for consolidated or coordinated proceedings, and, moreover, none of the actions

should be transferred to the Middle District of Alabama.

Dated: New York, New York
       July 5, 2000

                STROOCK & STROOCK & LAVAN LLP

            By: _____
                Kenneth Pasquale (KP-6923)
                A Member of the Firm
                180 Maiden Lane
                New York, New York 10038-4982
                (212) 806-5400

                Attorneys for Defendant Tosco Corporation

Of Counsel:
Melvin A. Brosterman
Christine R. Fitzgerald

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 6 2000

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The foregoing Reply of Defendant Tosco Corporation to Response of Interested Party and Notice of Related Action was served on the 5th day of July, 2000 upon each of the persons listed on the attached Panel Attorney Service List and Subsequent Appearances by mailing the same via regular mail in a post office of official depository of the U.S. Postal Service within the State of New York in a sealed envelope, with postage prepaid thereon.

_____
KENNETH PASQUALE

RECEIVED
CLERK'S OFFICE
2000 JUL -6  A 11: 13
PANEL ON
MULTIDISTRICT
LITIGATION

SERVICE LIST

Dan H. Ball, Esq.  
Thompson & Coburn, LLP  
One Firstar Plaza  
St. Louis, MO  63101

Nathan P. Eimer, Esq.  
Sidley & Austin  
Bank One Plaza  
10 South Dearborn Street  
Chicago, IL  60603

John S. Guttman, Esq.  
Beveridge & Diamond, P.C.  
1350 I Street, N.W.  
Suite 700  
Washington, DC  20005

Jon Hinck, Esq.  
Lewis, Saul & Associates, P.C.  
183 Middle Street  
Suite 200  
Portland, ME  04101

J. Andrew Langan, Esq.  
Kirkland & Ellis  
200 East Randolph Drive  
Chicago, IL  60601

Steven L. Leifer, Esq.  
Baker, Botts, LLP  
1299 Pennsylvania Avenue, N.W.  
Washington, DC  20004

Mark G. O'Connor, Esq.  
Coastal Oil New York, Inc.  
611 Rt. 46 West  
Hasbrouck Heights, NJ  07604

Robert H. Shulman, Esq.  
Howrey Simon Arnold & White LLP  
1299 Pennsylvania Avenue, NW  
Washington, DC  20004

Lyndon P. Sommer, Esq.
Sandberg, Phoenix & von Gontard
One City Centre
15th Floor
St. Louis, MO  63101

Stephen M. Tillery, Esq.
Carr, Korein, Tillery, Kunin, Montroy & Glass
10 Executive Woods Court
Swansea, IL  62226

Mark E. Tully, Esq.
Goodwin, Procter & Hoar LLP
Exchange Place
Boston, MA  02109-2881

Elizabeth J. Cabraser, Esq.
Moriss A. Ratner, Esq.
Scott P. Nealey, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111

Joseph R. Whatley, Jr., Esq.
Russell Jackson Drake, Esq.
Peter H. Burke, Esq.
Whatley Drake, LLC
1100 Financial Center
505 N. 20th Street
Birmingham, AL  35203

A. Hoyt Rowell, Esq.
Ness, Motley, Loadholt, Richardson & Poole
151 Meeting Street, Suite 600
Charleston, SC  29402

Larry Morris, Esq.
Morris, Haynes & Hornsby
131 Main Street
P.O. Box 1660
Alexander City, AL  35011-1660

Timothy J. Crowley, Esq.
Richard Norman, Esq.
Crowley & Douglas, LLP
1301 McKinney, Suite 3500
Houston, TX  77010

Kenneth G. Gilman, Esq.
John Martland, Esq.
Gilman and Pastor
One Boston Place, 28th Floor
Boston, MA  02108

Dennis Reich, Esq.
Reich and Binstock
4265 San Felipe, Suite 1000
Houston, TX  77027

William H. Garvin, III, Esq.
Weller, Green, McGown, Toups
2937 A-2 Kerry Forrest Parkway
Tallahassee, FL  32308

David Guin, Esq.
Pam Slate, Esq.
Donaldson, Guin & Slate, LLC
The Carriage House
1314 Cobb Lane
Birmingham, AL  35205

T. Roe Frazer, Esq.
Richard a. Freese, Esq.
Langston, Frazer, Sweet & Freese
201 North President Street
jackson, MS  39201

Fred D. Gray, Esq.
Gray, Langford, Sapp
P.O. Box 830239
Tuskegee, AL  36073-0239

John Wagner, Esq.
United Refining Co.
Law Department
One Valero Place
San Antonio, TX  78212

Richard E. Wallace, Jr., Esq.
Wallace, King, Marraro & Branson, PLLC
1050 Thomas Jefferson Street, NW
Washington, DC  20007

Kenneth Ingram, Jr., Esq.
Ingram and Associates
P.O. Box 1750
Alexander City, AL  35011

Mitchell A. Toups, Esq.
Weller, Green, McGown, Toups
551 Fanin Street
Beaumont, TX  77701