**MDL 1358**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 2 2000

FILED
CLERK'S OFFICE

PLEADING NO. 20

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ) | |
| ) | MDL No. 1358 |
| MTBE LITIGATION ) | |
| ) | **ORAL ARGUMENT REQUESTED** |

### SUPPLEMENTAL BRIEF OF PLAINTIFFS DAVID ENGLAND, DONNA AZBILL, JAMES BAUER, MARVIN OWCA, RHEA SUSAN McMANNIS AND CLAUDIA CHRISTIANSEN IN SUPPORT OF TRANSFER OF ACTIONS TO THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

After several months of negotiations between the *England* plaintiffs and the eleven defendant oil companies involved in the *England* case, the parties last month reached an agreement on key discovery issues which places the *England* discovery far ahead of the *Berisha* case. If the cases are consolidated and remain in the Southern District of Illinois, the agreement will streamline all MTBE litigation in significant respects. A copy of the Illinois district court's order adopting the parties' agreement, in the form of a Rule 26(f) Joint Report, is attached hereto as Exhibit A.

The key elements of the *England* discovery agreement and scheduling order involve four state court actions which would otherwise be beyond the reach of the federal courts, but for the parties' agreement to coordinate discovery if the federal cases are consolidated and transferred

**OFFICIAL FILE COPY**

**IMAGED** SEP 1 3 '00

the Southern District of Illinois. Under the parties' agreement, hundreds of thousands of pages of documents already produced and over 50 depositions already taken in state court litigation will be usable in the *England* case. The parties have further agreed to attempt to avoid "duplication of written discovery and depositions."

Not only is the *England* case far more advanced on the discovery front than *Berisha* as a result of that agreement, the *Berisha* plaintiffs' claim that the New York action is "significantly more advanced" than the Illinois litigation is not even true with respect to the pleadings. The briefing of the defendants' initial motions to dismiss was not to be completed in *Berisha* until August 28; the briefing of any motions to dismiss in *England* should be completed no later than September 22. The three week difference, assuming that no extensions of time have been sought or granted in *Berisha*, hardly warrants disregarding the wishes of the majority of parties who have expressed their preference for the more centrally located Illinois venue.

Finally, the *England* plaintiffs join the unanimous agreement of all other parties in this MDL proceeding who have objected to the *Lynn* plaintiffs' suggestion that their underground storage tank case is somehow "related litigation" which in some way warrants the transfer of the New York and Illinois litigation to Alabama. As already pointed out, several years ago the *Lynn* plaintiffs vigorously and successfully resisted MDL consolidation of their case with other underground storage tank cases. Given that the *Lynn* case is, as this Panel concluded and the *Lynn* plaintiffs argued long ago, not suitable for consolidation with other underground storage tank cases, it is all the more unsuitable for consolidation with the *England* and *Berisha* cases, which are **not** underground storage tank cases and which involve entirely different issues than those involved in *Lynn*.

## CONCLUSION

Accordingly, for the foregoing reasons, the *England* plaintiffs request that the *England* and *Berisha* cases be consolidated and transferred to District Judge David Herndon of the Southern District of Illinois.

Respectfully submitted,

Stephen M. Tillery
Robert L. King
CARR, KOREIN, TILLERY, KUNIN,
MONTROY, CATES, KATZ & GLASS, LLC
701 Market Street, Suite 300
St. Louis, Missouri 63101
(314) 241-4844
fax (314) 241-3525

**A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED

DAVID ENGLAND, et al.,

AUG 23 2000

Plaintiffs,

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE

vs.

ATLANTIC RICHFIELD CO., et al.,

Defendants.

No. 00-CV-0371-DRH

## MEMORANDUM AND ORDER

**Herndon, District Judge:**

On August 23, 2000, the Court conducted a status conference in this putative class action case. The Court now **ADOPTS** the parties' Joint Report, submitted in compliance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.3.

The Report contains numerous deadlines, including deadlines for Defendants to respond to Plaintiffs' amended complaint and dates by which the parties must disclose experts, complete depositions, and brief class certification issues. Additionally, the Order targets "late March 2001" as the date this Court will conduct a class certification hearing and September 2002 as the presumptive trial month. All deadlines set forth in the Joint Report are hereby adopted and shall be reflected in the Court's docketing information.

**IT IS SO ORDERED.**

Signed this 23rd day of August, 2000.

DAVID R. HERNDON
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ENGLAND, DONNA L. AZBILL, )
JAMES BAUER, MARVIN OWCA, )
RHEA SUSAN McMANNIS, and CLAUDIA )
CHRISTIANSEN, Individually and on )
Behalf of All Others Similarly Situated, )
)
        Plaintiffs, )
  v. ) Case No.: 00-370-DRH
) [consolidated with
ATLANTIC RICHFIELD COMPANY; ) No. 00-371-DRH]
BP AMOCO CORPORATION; AMOCO OIL )
COMPANY; CITGO PETROLEUM )
CORPORATION; CONOCO INC.; EXXON )
MOBIL CORPORATION, f/k/a MOBIL )
CORPORATION; EQUILON )
ENTERPRISES, LLC; CHEVRON U.S.A., )
INC.; PHILLIPS PETROLEUM COMPANY; )
SHELL OIL COMPANY; and TEXACO )
REFINING AND MARKETING INC., )
)
        Defendants. )

## FEDERAL RULE 26(f) JOINT REPORT OF PARTIES

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3, the parties, through their respective undersigned counsel, met to discuss scheduling and discovery plans and other pretrial proceedings. The following are the parties' recommendations for scheduling of discovery, disclosure of experts and pretrial proceedings:

### A. TRACK ASSIGNMENT

1. **Complexity of the Litigation.** The parties agree that this putative class action case involving methyl tertiary butyl ether (MTBE) is a complex case within the meaning of Local Rule 16.1(a) warranting an extended Track C designation. Accordingly, the parties recommend that the Court designate the case as an extended Track C case and that the Court use the *Manual for Complex Litigation, Third (MCL)* as a guide for the handling of pretrial matters in this proceeding.

2. **Coordination with Other Proceedings.**

a. **Related Federal Proceedings.** Another federal action involving allegations similar to those in this case, *Berisha, et al. v. Amerada Hess, et al.*, is pending in the United States District Court for the Southern District of New York. Some of the defendants in the present case have filed with the Judicial Panel on Multidistrict Litigation a motion to transfer the present case and the *Berisha* case for coordinated or consolidated pretrial proceedings. Plaintiffs and all the defendants in this *England* case have agreed with the MDL motion that the cases should be consolidated for coordinated pretrial proceedings. At this time, no party to this case opposes the request that both cases be consolidated in this Court. The deadlines set forth herein may need to be amended depending on when the Panel ultimately rules on the motion to transfer.

b. Plaintiffs have filed a Motion for Reference to the Bankruptcy Court. Plaintiffs hereby withdraw that Motion.

c. Some of the Defendants have filed a Motion for Stay of Proceedings of this *England* case. That Motion is hereby withdrawn.

B. **PLEADINGS.** Plaintiffs have filed an Amended Complaint. Defendants will file their responsive pleading to this Amended Complaint by September 8, 2000.

C. **DISCOVERY.**

1. **Mandatory Initial Disclosures.** The parties agree that the mandatory Rule 26 initial disclosures should not be required in this case.

2. **Bifurcated Discovery.** The parties agree that the most efficient method of proceeding in this case is to address first issues related to class certification. The parties agree that discovery will be bifurcated between class certification discovery and merits discovery. Discovery on issues relating solely to the merits will be conducted after the hearing on the Plaintiffs' Motion for Class Certification. The parties propose that the Court schedule a case management conference as soon as possible after the

class certification hearing, with another Joint Report of the Parties to be submitted a week prior to the conference. The parties agree that, insofar as is practicable, the discovery schedule will be geared toward a presumptive trial setting of September 2002. In recognition that some merits discovery may be necessary as part of the class certification discovery, but without waiving their rights to interpose good faith objections to discovery, Defendants agree that Plaintiffs may conduct limited but substantive merits discovery with respect to the following categories of issues:

1. Each defendant's knowledge of MTBE's characteristics regarding solubility, biodegradation and fate and transport in groundwater, remediation and taste and odor issues.

2. The facts and circumstances surrounding each defendant's decision to add MTBE to gasoline.

3. Statements or disclosures, if any, each defendant may have made regarding MTBE pursuant to the Toxic Substances Control Act.

4. The involvement, if any, of each defendant in the "MTBE Committee," the API "Groundwater Technical Task Force," and meetings or communications with the Environmental Protection Agency regarding the use and regulation of MTBE.

5. Each defendant's knowledge regarding sources of MTBE in groundwater and regarding MTBE's actual presence in soil or groundwater, including its presence at sites owned or controlled by a defendant or its affiliated companies. The parties agree that discovery requests which would require extensive site-by-site responses will not be served.

3. **Interrogatories, Document Requests and Depositions in Other MTBE Litigation.**

a. **Interrogatories**. The parties recommend that Local Rule 33.1 not apply in this case. Plaintiffs may collectively serve up to 75 interrogatories

1428176                                    - 3 -

(including each subpart as a separate interrogatory) to each Defendant, and defendants may collectively serve up to 75 interrogatories (including each subpart as a separate interrogatory) to each Plaintiff. Additional interrogatories may be served only by leave of Court. The parties may allocate the use of their interrogatories between class certification discovery and merits discovery as they see fit.

    b.   **Document Requests.**  Subject to entry of an appropriate confidentiality and protective order, Defendants agree to make available to Plaintiffs all documents they have produced or will produce in the following cases:

1. *Maynard, et al. v. Amerada Hess Corporation, et al.*, filed in the General Court of Justice, Superior Court Division, State of North Carolina, County of New Hanover, Case No. 99-CVS-00068;

2. *City of Dinuba v. Unocal Corp.*, filed in the Superior Court of the State of California, County of San Francisco, Case No. 305450;

3. *Communities for a Better Environment v. Unocal Corporation, et al.*, filed in the Superior Court for the State of California, County of San Francisco, Case No. 997013;

4. *South Tahoe Public Utility District v. Arco, et al.*, filed in the Superior Court of the State of California, County of San Francisco, Case No. 999128; and

5. *Berisha, et al. v. Amerada Hess Corporation, et al.*, filed in the Supreme Court of the State of New York, County of New York, Case No. 00100884.

6. *The City of Santa Monica v. Shell Oil Company, et al.*, filed in the Superior Court, County of San Francisco, State of California, Case No. 313004.

    c.   **Depositions in Other MTBE Litigation.**  The parties agree that transcripts of depositions of corporate employees or corporate designated persons most knowledgeable and accompanying exhibits taken in the cases listed in paragraph 3 shall be usable in these proceedings with respect to issues

relating to class certification only to the same extent they would be had they been taken in this case, subject to all objections, including, without limitation, relevancy, hearsay, etc., and provided that such deposition testimony may be offered into evidence by Plaintiffs only against the Defendant who also was a Defendant in the case in which the testimony was taken.

    d.    **Related Litigation.** Plaintiffs' counsel state that to some extent written discovery and corporate employee depositions in North Carolina and/or California state court actions related to MTBE, in which some of plaintiffs' counsel in the *England* case are involved, will be applicable to the issues in *England*. The discovery in this *England* case on class certification issues will be more efficient because of this prior discovery. Plaintiffs shall avoid in good faith duplication of written discovery and depositions.

4.    **Establishment of Document Depositories.** The parties were unable to reach agreement on a proposal for the handling of documents in this case.

    a.    **Defendants' Proposal:** Each Defendant shall designate not more than two locations where its responsive documents shall be maintained and available for inspection throughout the litigation. Some defendants have already designated such locations in the other MTBE litigation. Plaintiffs shall establish at a location within the Metropolitan St. Louis area a document depository for their responsive documents and those produced to them by defendants.

    b.    **Plaintiffs' Proposal:** Because of the volume of documents already produced in the state court MTBE litigation described above in paragraph C(3) and expected to be produced in this case, the Plaintiffs recommend that the Court enter an order (*see* sample order at *MCL* 41.35) directing the establishment of a joint plaintiffs-defendants document depository at a location within the Greater Metropolitan St. Louis area or such other

location as the Court deems most appropriate in this case. The document depository should be for the joint use of the parties in the related cases.

5. **Confidential Documents.** The parties shall work on a suitable protective order to govern confidential information and documents and submit such draft order by September 1, 2000.

6. **Depositions.** For purposes of class certification issues, the parties recommend that the Court adopt deposition guidelines similar to those suggested at MCL 41.38 and that the number of depositions shall be limited to 30 per side, not including expert witnesses. This paragraph does not apply to later discovery to be conducted on the merits.

7. **Discovery Deadlines for Class Certification Matters.**

   a. **To Plaintiffs.** The defendants will serve, by **September 15, 2000**, an initial master set of interrogatories and document requests to each named plaintiff for purposes of determining whether the requirements of Rule 23 relating to class certification are met. Plaintiffs shall have thirty (30) days to respond to these discovery requests.

   b. **To Defendants.** The plaintiffs will serve on each defendant, by **September 15, 2000**, a single set of interrogatories and document requests from all plaintiffs for purposes of determining whether the requirements of Rule 23 relating to class certification are met. Defendants shall have sixty (60) days to respond to these discovery requests.

   c. **Additional Written Discovery Requests.** The parties may serve additional discovery requests on class certification issues after the above initial discovery requests have been answered.

   d. **Depositions of Plaintiffs.** The depositions of plaintiffs related to class certification matters shall be completed no later than **November 2, 2000**.

e. **Depositions of Defendants.** The depositions of appropriate corporate representatives related to class certification matters shall be completed no later than **December 15, 2000**.

f. **Experts on Class Certification Matters.**

(1) **Plaintiffs' Experts.** Plaintiffs shall disclose their expert witnesses on class certification matters, along with a written report signed by the witness pursuant to Fed. R. Civ. P. 26(a)(2), no later than **November 1, 2000**. The depositions of plaintiffs' experts shall be completed no later than **December 1, 2000**.

(2) **Defendants' Experts.** Defendants shall disclose their expert witnesses on class certification matters, along with a written report signed by the witness pursuant to Fed. R. Civ. P. 26(a)(2), no later than **January 15, 2001**. The depositions of defendants' experts shall be completed no later than **February 15, 2001**.

g. **Discovery Deadline on Class Certification Matters.** All written discovery, including requests for admissions, and any discovery directed to non-parties on class certification matters, shall be completed no later than **February 2, 2001**. All such discovery among the parties shall be served by a date that allows the responding party the full thirty (30) days provided by the Federal Rules of Civil Procedure in which to answer or produce by **February 2, 2001**. All such discovery directed to non-parties shall similarly afford the responding non-party the full time allowed by the applicable law in which to respond.

D. **CLASS CERTIFICATION PROCEEDINGS.**

1. Plaintiffs shall file their motion for class certification and memorandum in support no later than **January 15, 2001**.

1428176

- 7 -

2. Defendants shall file a joint responsive memorandum no later than **February 15, 2001**.

3. Plaintiffs may file a reply memorandum no later than **February 28, 2001**.

4. The parties recommend that the Court conduct a class certification hearing in **late March 2001**.

E. **TRIAL.** The parties recommend a presumptive trial month of **September 2002**.

This case should be ready for reference to Alternative Dispute Resolution after the Judicial Panel for Multidistrict Litigation rules on the motion to transfer and this Court has ruled on the Plaintiffs' Motion for Class Certification.

Respectfully submitted,

By /s/ Stephen M. Tillery by Robt.J.K.
Stephen M. Tillery
10 Executive Woods Court
Swansea, Illinois 62226

OF COUNSEL:
CARR KOREIN TILLERY KUNIN
 MONTROY CATES KATZ & GLASS

Attorneys for Plaintiffs

By /s/ Roman P. Wuller
Dan H. Ball
Roman P. Wuller
One Firstar Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 (Fax)

OF COUNSEL:
THOMPSON COBURN LLP

Attorneys for Defendants Conoco, Inc., Chevron U.S.A., Inc., and ExxonMobil Corporation

By _Andrew Langan (by RPW)_
J. Andrew Langan
200 East Randolph Drive, #54
Chicago, Illinois 60601-6636
(312) 861-2064
(312) 861-2200 (Fax)

OF COUNSEL:
KIRKLAND & ELLIS

Attorneys for Defendants Atlantic Richfield
Company, BP Amoco Corporation, and
Amoco Oil Company


By _John Galvin (by RPW)_
John Galvin
Lyndon Sommer
One City Centre—15th Floor
St. Louis, Missouri 63101-1880

OF COUNSEL:
SANDBERG, PHOENIX & von GONTARD

Attorneys for Defendants Texaco Refining
and Marketing, Inc., Shell Oil Company,
Phillips Petroleum Company, and Equilon
Enterprises LLC


By _Nate Eimer (by RPW)_
Nate Eimer
122 South Michigan Avenue
Suite 1776
Chicago, IL 60603

OF COUNSEL:
EIMER, STAHL, KLEVORN & SOLBERG

Attorneys for Defendant Citgo Petroleum
Corp.



1428176

- 9 -

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**CERTIFICATE OF SERVICE**

SEP 1 2 2000

FILED
CLERK'S OFFICE

The undersigned certifies that a true copy of the foregoing SUPPLEMENTAL BRIEF OF PLAINTIFFS DAVID ENGLAND, DONNA AZBILL, JAMES BAUER, MARVIN OWCA, RHEA SUSAN McMANNIS AND CLAUDIA CHRISTIANSEN IN SUPPORT OF TRANSFER OF ACTIONS TO THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS was served by first-class mail, postage prepaid on this 6th day of September, 2000, to:

Michael J. Beck
One Columbus Circle, N.E.
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, D.C.  20002

CLERK OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Norbert G. Jaworski, Clerk
United States District Court
Southern District of Illinois
750 Missouri Avenue
P. O. Box 249
East St. Louis, Illinois  62202

James M. Parkison, Clark
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York  10007

CLERKS OF DISTRICT COURTS

Dan H. Ball
Thompson Coburn LLP
One Firstar Plaza, Suite 3300
St. Louis, MO  63101
*Attorneys for Defendants Chevron,
Conoco, Inc., Exxon Corp., Exxon
Mobil Corp., and Mobil Oil Corp.*

J. Andrew Langan
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601-6636
*Attorneys for Defendants Amoco
Amoco Oil Co., Atlantic Richfield Co.,
BP Amoco Corp.*

Nathan P. Eimer
Eimer, Stahl, Klevorn & von Gontard
1222 South Michigan Avenue
Suite 1776
Chicago, IL  63101
*Attorneys for Citgo Petroleum Corp.*

Steven L. Leifer
Baker, Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004

*Attorneys for Valero Marketing & Supply Co.*

RECEIVED CLERK'S OFFICE 2000 SEP 11 P 4:45 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

John Galvin
Sandberg, Phoenix & von Gontard
One City Centre, 15th Floor
515 North Sixth Street
St. Louis, MO 63101-1880
*Attorneys for Defendant Phillips Petroleum Company*

John S. Guttmann
Beverage & Diamond, P.C.
1350 "I" Street, NW
Suite 700
Washington, DC 20005
*Attorneys for Defendant Sunoco, Inc.*

Jon Hinck
Lewis Saul & Associates, P.C.
183 Middle Street
Suite 200
Portland, ME 04101
*Attorneys for Plaintiffs Melanie J. Arcuri, Donna Berisha, Steven C. Greene, and Ron La Susa*

Richard E. Wallace, Jr.
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, DC 20007
*Attorneys for Defendants Equilon Enterprises, L.L.C., Motiva Enterprises, L.L.C., Shell Oil Co., Shell Oil Produce Co., Texaco Refining & Marketing, Inc., Texaco, Inc.*

Mark G. O'Connor
Coastal Oil New York, Inc.
611 Rt. 46 West
Hasbrouck Heigh, NY 07604
*Regional Counsel for Coastal Corp.*

Kenneth Pasquale
Strook, Strook & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982
*Attorney for Defendants Tosco Corp.*

Robert H. Shulman
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20006
*Attorneys for Defendant Amerada Hess Corp.*

Edward G. Weltman
Schneck, Weltman & Hashmall, LLP
1285 Avenue of the Americas
New York, NY 10019
*Attorneys for Defendant United Refining Co.*

*[signature]*