**MDL 1358**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 2 2000

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

METHYL-TERTIARY BUTYL ETHER
("MTBE") LITIGATION

MDL Docket No. 1358

PLEADING NO. 24

**SUPPLEMENTAL SUBMISSION OF DEFENDANTS EQUILON ENTERPRISES LLC,
MOTIVA ENTERPRISES LLC, SHELL OIL COMPANY, SHELL OIL PRODUCTS
COMPANY, TEXACO INC., AND TEXACO REFINING AND MARKETING INC.
OPPOSING THE CONSOLIDATION OR TRANSFER OF LITIGATION**

Equilon Enterprises LLC, Motiva Enterprises LLC, Shell Oil Company, Shell Oil

Products Company, Texaco Inc., and Texaco Refining and Marketing Inc. (hereinafter

collectively the "Shell-Texaco Defendants") submit this supplemental filing to oppose the

consolidation or transfer of any of the federal court actions that have been raised with the Panel

in this matter, *Berisha, et al. v. Amerada Hess Corp., et al.*, No. 00 CIV 1898 [SAS] (S.D.N.Y.),

*England, et al. v. Atlantic Richfield Co., et al.*, No. 00-371-DRH (S.D. Ill.), and *Lynn, et al. v.

Amoco Oil Co., et al.*, No. 96-T-940-N (M.D. Ala.).

**OFFICIAL FILE COPY**

IMAGED SEP 27 '00

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2000 SEP 22 P 12:53

RECEIVED
CLERK'S OFFICE

The Shell-Texaco Defendants previously filed papers with the Panel supporting the initial motion to transfer and consolidate the *England* and *Berisha* cases. (*See* Response Of Defendants Equilon Enterprises LLC, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company, Texaco Inc., and Texaco Refining and Marketing Inc. To Certain Defendants' Motion To Transfer For Coordinated Or Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407, filed June 26, 2000.) The Shell-Texaco Defendants now oppose that motion, and oppose the consolidation and transfer of any of the purported class actions at issue in this matter. This new position is warranted by developments in the cases at issue, by the recent petition by plaintiffs' counsel in the *Lynn* case requesting that this Panel combine both *England* and *Berisha* with the *Lynn* case,[1] and by the more recent filing by the same counsel in *Lynn* of yet another class action that they apparently also want to have consolidated with *England, Berisha* and *Lynn* in one mega-case.[2]

## I.   CONSOLIDATION IS UNWARRANTED BECAUSE DISPARATE ISSUES IN THE CASES IN QUESTION PREDOMINATE OVER COMMON ISSUES

The essential purpose of multidistrict proceedings must be, of course, "for the convenience of parties and witnesses" and to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a); *see In re Library Editions of Children's Books*, 299 F. Supp. 1139, 1140 (J.P.M.L. 1969) (before transferring case, Judicial Panel must make affirmative determination that transfer will be for the convenience of the parties and witnesses, as well as

---

[1] *See* Response of Interested Party; Notice of Related Action, Lynn v. Amoco Oil Co., filed on June 26, 2000.

[2] On September 19, 2000, many of the same counsel who represent the plaintiffs in *Lynn*, and who petitioned this Panel to consolidate *Berisha* and *England* with *Lynn*, brought a new case in federal court in Florida that purports to be a statewide class action against ExxonMobil Corporation asserting claims based on the marketing and release of MTBE. *Young v. ExxonMobil Oil Corporation*, No. 8:00CV1912-T-24C (M.D. Fla.). The plaintiffs' counsel filed a copy of the complaint with this Panel, presumably to bolster their request that all the cases at issue be consolidated together with the *Lynn* case. *See* Letter from J.R. Whatley to M. Beck, Notice of "Tag-Along" Action, dated September 19, 2000.

promote just and efficient conduct of the action).  The consolidation of the disparate cases from New York, Illinois and Alabama before the Panel would not be convenient to all parties and the parties' witnesses, nor would it be "just and efficient."  To the contrary, it would create a morass of different allegations, in different cases, against different defendants, involving different legal theories, seeking different remedies, all under the different laws of different states.

Each one of the cases in question involves disparate factual and legal issues, divergent plaintiffs and different defendants.  These differences counsel against consolidation.  *See In re Rely Tampon Prods. Liab. Litig.,* 553 F. Supp. 1346, 1347 (J.P.M.L. 1982) (denying consolidation where individual issues of fact predominated and cases were at different stages); *In re Luminex Int'l, Inc. Prods. Liab. Litig.*, 434 F. Supp. 668, 669-70 (J.P.M.L. 1977) (denying MDL consolidation where there were significant factual questions and pretrial proceedings were at substantially different stages among cases); *In re Asbestos & Asbestos Insulation Material Prods. Liab. Litig.,* 431 F. Supp. 906, 910 (J.P.M.L. 1977) (denying consolidation where factual issues unique to each action predominated, and many of the actions were "well advanced").  Those differences would become exponentially more acute if the cases were combined.  For example, the following are merely illustrative of the many differences among the cases of *England, Berisha* and *Lynn* (the differences would be compounded further if the latest case filed in Florida by the *Lynn* lawyers, *Young v. ExxonMobil*, were added to the analysis):

- **Plaintiffs:** *England* purports to assert claims for residential plaintiffs in 16 states who have private water wells; *Berisha* purports to bring claims for owners of private residential water wells in New York only; *Lynn* seeks to assert claims for plaintiffs in 50 states that own residential or commercial properties regardless of whether they have water wells or are affected by MTBE.

- **Defendants:** *England* is brought against 11 companies, several of which are not named in *Berisha* or *Lynn*; by contrast, *Berisha* is brought against 16 defendants, nearly half of which are not named in *Lynn* or *England*; while *Lynn* involves 8 defendants, representing less than a majority of the total defendants in all three cases.

- **Claims:** The cases assert divergent state law claims. *England* asserts three claims (negligence, strict liability for a dangerous product, and conspiracy); *Berisha* asserts eight claims (strict liability for failure to warn, strict liability for design defect, strict liability for misrepresentation, a state statutory claim for alleged deceptive trade practices, public nuisance, private nuisance, negligence, and fraud); *Lynn* asserts four claims (trespass, nuisance, fraudulent concealment and conspiracy to create nuisances and to commit fraudulent concealment). As a result, factual proof would vary on diverse state law claims and issues with application of the substantive law of over 16 different states (or 50 states and the District of Columbia, considering the *Lynn* case in Alabama is a purported "nationwide class action"). *See In re Buffalo Valley Gas Auth. Litig.,* 429 F. Supp. 1029, 1031 (J.P.M.L. 1977) (denying consolidation where actions proposed for consolidation sought recovery under different theories); *In re Hamilton Bank Secs. Litig.*, 438 F. Supp. 940, 941-42 (J.P.M.L. 1977) (denying transfer where scope and nature of claims differed).

- **Relief Sought:** *England* seeks costs to test wells and costs for the supply of alternative water; *Berisha* seeks damages for diminished property values, loss of use of properties, and cleanup of well water, as well as costs for publication of warnings and a fund for education; *Lynn* seeks injunctive relief for property testing and damages for those whose properties are contaminated.

- **Applicable Laws:** In *England*, the three claims are governed by the disparate common law of 16 states; in *Berisha*, the eight claims are subject to New York common law and statutes, which differ from the laws of the 16 states involved in *England*; in *Lynn*, where plaintiffs' counsel purport to represent a nationwide class, the four claims are subject to the varying laws of all 50 states and the District of Columbia.

The foregoing list does not even begin to describe the disparate factual issues implicated by the far-reaching claims of different plaintiffs against different defendants in different states. Still, this list should suffice to show that each of the case at issue is already vastly complicated by disparate legal and factual questions. The cases would be still more complicated, and the proceedings would be more inefficient, if they were consolidated.[3]

In this respect, the Shell-Texaco Defendants agree with a position taken by the *Berisha* plaintiffs. In their latest filing with the Panel, they stated that *Berisha* and *England* are examples of cases "where common issues of fact are present but are substantially outweighed by issues of fact specific to individual cases...." (Supplemental Brief of *Berisha* Plaintiffs in Opposition to Transfer of Actions to the District Court for the Southern District of Illinois at 3.) Thus, they conclude, "consolidated pretrial discovery may undermine rather than promote the just and efficient conduct of the actions." (*Id.*)

---

[3] The mere showing of common questions of facts between actions is insufficient per se to warrant transfer by the Panel. *See In re Cessna Aircraft Distrib. Antitrust Litig.*, 460 F. Supp. 159, 161-62 (J.P.M.L. 1978).

## II. CONSOLIDATION IS UNNECESSARY BECAUSE CLASS LITIGATION OF THE PLAINTIFFS' CLAIMS IS UNNECESSARY

In each of the cases at issue, plaintiffs' counsel urge class certification of the disparate claims of individual plaintiffs. Their contention that the claims be certified for class treatment under Federal Rule 23 will likely be strongly contested. In *England* and *Berisha*, the courts have already separately set parallel schedules for motions and briefing on class certification. In both cases, the motions and briefing should be completed by February 2001. At that point, if certification is denied, then *England* will be a modest case involving just six individual plaintiffs, and *Berisha* will be limited to the claims of three individual plaintiffs. The cases will be so limited that they would not deserve multidistrict consolidation. Notably, a state court in Maine has already denied class certification in a similar case over MTBE brought by the same counsel that purports to be the lead plaintiffs' counsel in *Berisha*, Lewis Saul & Associates. *Millett v. Atlantic Richfield Co.*, 2000 WL 359979 (Super. Ct. Maine 2000). In a lengthy and considered opinion, the court in that case ruled that a statewide class of well owners in Maine could not be certified under a state rule identical to Rule 23 of the Federal Rules of Civil Procedure.

Moreover, although the claims in *England, Berisha* and *Lynn* are widely divergent, they all seek to involve the courts in areas that are already highly regulated by federal and state authorities. *England* and *Berisha* seek to hold defendants liable for adding MTBE to gasoline, notwithstanding that the federal government effectively required defendants to add MTBE to gasoline in order to reduce air pollution from cars, trucks and other gasoline-powered engines.[4]

---

[4]   In amendments to the Clean Air Act enacted in 1990, Congress required that "any gasoline sold, or dispensed, to the ultimate consumer in carbon monoxide nonattainment area … shall be blended … to contain not less than 2.7 percent oxygen by weight." 42 U.S.C. § 7545(m)(2)(B). This requirement compelled the use of MTBE. In enacting this requirement, Congress sought, through use of oxygenates such MTBE, to reduce auto emissions to improve air quality. The legislative record establishes that Congress and the EPA were fully aware of the MTBE option and expected, when enacting the Clean Air Act Amendments, that MTBE would be used to meet

*England*, *Berisha* and *Lynn* all seek to compel defendants to provide remedies for parties affected by contamination, notwithstanding that comprehensive federal and state regulatory programs already provide remedies for such parties, including environmental testing and remediation programs, and even special funds to finance cleanup of contamination from gasoline products.

Given the limited scope of the claims of the individual plaintiffs, and considering the comprehensive scope of the legislative and regulatory programs that already address the concerns underlying the plaintiffs' claims, there is no need for special litigation procedures to address those claims. Multidistrict proceedings are unnecessary.

---

the oxygenate requirement. *E.g.*, 136 Cong. Rec. 10792 (1990) (remarks of Sen. Daschle) ("EPA predicts that the amendment [the 2.7-percent oxygenate requirement] will be met almost exclusively by MTBE"). One 1990 Congressional estimate stated that "the MTBE market is expected to expand by more than 20 percent every year for the next 5 years.... MTBE is going to be a major, if not 'the' major beneficiary of the [oxygenate] standard." 136 Cong. Rec. S 2289 (remarks of Sen. Daschle). Congress not only sought to permit the use of MTBE to meet the oxygenate requirement, it affirmatively encouraged the use of MTBE. *See, e.g.,* 136 Cong. Rec. S 16954 (remarks of Sen. Chafee) (Clean Air Act Amendments "will encourage the use of oxygen-containing additives like ethanol and MTBE, a natural gas derivative"); 136 Cong. Rec. S 17514 (remarks of Sen. Heinz) ("[t]he requirements for reformulated gasoline will also encourage the use of oxygen-containing additives like ethanol and MTBE"); 136 Cong. Rec. S 16922 (1990) (remarks of Sen. Durenberger) ("reformulated gasoline is to have not less than 2 percent oxygen by weight. This requirement can be met by blending gasoline with a variety of additives like ethanol or MTBE").

## CONCLUSION

For all the foregoing reasons, the Shell-Texaco Defendants oppose consolidation and transfer of the cases at issue.

Dated:  September 22, 2000

Respectfully submitted,

*Richard E. Wallace, Jr.*
Richard E. Wallace, Jr.
WALLACE KING MARRARO & BRANSON PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C.  20007
Telephone:  202-204-1000
Facsimile:  202-204-1001

Attorneys for Defendants Equilon Enterprises LLC, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company, Texaco Inc., and Texaco Refining and Marketing Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

CERTIFICATE OF SERVICE

SEP 22 2000

FILED
CLERK'S OFFICE

I hereby certify that on this 22nd day of September 2000, I caused a true and correct copy of the foregoing Supplemental Submission of Defendants Equilon Enterprises LLC, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company, Texaco Inc., and Texaco Refining and Marketing Inc., to be served, by first class mail, upon the following counsel of record:

Dan H. Ball
Thompson Coburn, LLP
One Firstar Plaza
St. Louis, MO 63101-1693

J. Andrew Langan
Kirkland & Ellis
200 E. Randolph Drive,
Suite 6100
Chicago, IL 60601

Stephen M. Tillery
Car, Korein, Tiller, Kunin,
Montroy & Glass
10 Executive Woods Court
Swansea, IL 62226

Nathan P. Eimer
Lisa S. Meyer
Eimer, Stahl, Klevorn & Solberg
122 South Michigan Ave., Suite 1720
Chicago, IL 60603

Steven L. Leifer
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

Mark E. Tully
Goodwin, Proctor & Hoar LLP
Exchange Place
Boston, MA 02109-2881

John E. Galvin
Lyndon P. Sommer
Sandberg, Phoenix & Von Gontard
One City Centre, 15th Floor
515 North Sixth Street
St. Louis, MO 63101

Mark G. O'Connor
Coastal Oil New York, Inc.
611 Rt. 46 West
Hasbrouck Heights, NJ 07604

Edward S. Weltman
Schneck, Weltman &
Hashmall LLP
1285 Avenue of the Americas
New York, NY 10019

John S. Guttmann
Beverage & Diamond, PC
1350 I Street, NW, Suite 700
Washington, DC 20005

Kenneth Pasquale
Stroock, Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Clerk of the Panel
Judicial Panel on Multidistrict
 Litigation
Thurgood Marshall Federal
 Judicial Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

John Hinck
Lewis Saul & Associates
183 Middle Street, Suite 200
Portland, ME 04101

Robert Shulman
Mindy Davis
Howrey Simon, Arnold
 & White LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

Morris A. Ratner
Lieff Cabraser Heimann &
Bernstein
275 Battery Place
San Francisco, CA 94111

_____
Peter C. Condron