JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 0 2000

FILED
CLERK'S OFFICE

## DOCKET NO. 1358

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

*David England, et al. v. Atlantic Richfield Co., et al.*, S.D. Illinois, C.A. No. 3:00-370
*David England, et al. v. Atlantic Richfield Co., et al.*, S.D. Illinois, C.A. No. 3:00-371
*Donna Berisha, et al. v. Amerada Hess Corp., et al.*, S.D. New York, C.A. No. 1:00-1898

## BEFORE JOHN F. NANGLE, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, WM. TERRELL HODGES,* MOREY L. SEAR,* BRUCE M. SELYA* AND JULIA SMITH GIBBONS, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of three actions pending in the following federal districts: two actions in the Southern District of Illinois and one action in the Southern District of New York.[1] Before the Panel is a motion by five oil company defendants seeking centralization of these actions, pursuant to 28 U.S.C. §1407, in the Southern District of Illinois for coordinated or consolidated pretrial proceedings. Five additional defendants agree that centralization is appropriate, although two of these defendants prefer centralization in the Southern District of New York. The Illinois plaintiffs support centralization in the Illinois court. The New York plaintiffs along with eight defendants oppose centralization; if the Panel deems centralization appropriate, the New York plaintiffs and at least one opposing defendant favor centralization in the New York court.[2]

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact concerning i) whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users, the federal government or the public, and ii) whether plaintiffs sustained drinking water contamination as a result of MTBE contamination. Centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Section 1407 proceedings are desirable in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

Opponents of transfer argue that the presence of individual questions of fact militate against 1407 transfer. We are unpersuaded by this argument. Indeed, we point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who

---

\* Judges Hodges, Sear and Selya took no part in the decision of this matter.

[1] The Panel has been notified that two potentially related actions have been recently filed in the Middle and Southern Districts of Florida. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 192 F.R.D. 459, 468-470 (2000).

[2] In an interested party response, plaintiffs in a potentially related action – *Buddy Lynn, et al. v. Amoco Oil Company, et al.*, M.D. Alabama, C.A. No. 96-940 – suggest centralization of MDL-1358 in the Middle District of Alabama.

IMAGED OCT 1 2 '00

can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or an action can be remanded to their transferor district for trial in advance of completion of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or an action appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 192 F.R.D. 459, 470-472 (2000).

We are persuaded that centralization of this litigation in the Southern District of New York is appropriate. We note that the New York action is proceeding apace before Judge Shira Ann Scheindlin and we are confident in her ability to conduct pretrial proceedings in this litigation in an expeditious manner.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the above-captioned actions pending in the Southern District of Illinois be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shira Ann Scheindlin for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

John F. Nangle
Chairman