**MDL 1358**

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JAN -5 2001

FILED
CLERK'S OFFICE

*DOCKET NO. 1358*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION*

### NOTICE OF OPPOSITION OF DEFENDANTS EQUILON, MOTIVA, SHELL AND TEXACO TO THE CONDITIONAL TRANSFER ORDER (CTO-2)

Pursuant to Panel Rule 7.4(c), Equilon Enterprises LLC, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company, Texaco Inc., and Texaco Refining and Marketing Inc. (hereinafter collectively the "Shell-Texaco Defendants") submit this notice of opposition to the Conditional Transfer Order that the Clerk of the Panel entered in this matter on December 21, 2000 designated CTO-2.

In CTO-2, the Clerk gave notice of the proposed transfer of an action entitled *Holten v. Chevron U.S.A. Inc., et al.*, No. 3:00-4703 (D.N.J.), to the Southern District of New York for consolidation with MDL 1358. The Shell-Texaco Defendants oppose the proposed transfer of this case to MDL 1358.

MDL 1358 currently consists of only two pending cases: *Berisha, et al. v. Amerada Hess Corp., et al.*, No. 00 CIV 1898 [SAS] (S.D.N.Y.), and *England, et al. v. Atlantic Richfield Co., et al.*, No. 3:00-370 and 3:00-371 (S.D. Ill.). The Shell-Texaco Defendants are defendants in one or both of those cases. They are not involved in the *Holten* case.

PLEADING NO. 41

IMAGED JAN 8 '01    OFFICIAL FILE COPY

The *Berisha* and *England* cases that are currently the only actions centralized in MDL 1358 are small, modest cases. They purport to be class actions but there are no certified classes in these cases. (Notably, classes have not been certified in these or any similar cases; to the contrary, two courts that have decided class certification motions in actions alleging claims based on MTBE contamination have both denied certification.) Barring certification in these centralized cases, *Berisha* involves claims of just three named plaintiffs in New York, and *England* asserts claims of five named plaintiffs in Illinois and one in California.

The claims in *Berisha* and *England* are currently being narrowed further through amendments to the complaints. Just this week, at a hearing on January 3, 2001, the presiding judge in MDL 1358, the Honorable Shira A. Scheindlin, granted plaintiffs leave to amend their complaints in both *Berisha* and *England* to dismiss all claims for damages on behalf of the purported classes and to seek only injunctive relief. The plaintiffs are to file new amended complaints by January 8, 2001. Thus, those cases are now limited to clams for injunctive relief, consisting mainly of claims for testing to determine whether the plaintiffs' water supply wells contain MTBE.

The case that CTO-2 proposes to transfer, *Holten v. Chevron U.S.A. Inc., et al.*, No. 3:00-4703 (D.N.J.), is markedly different in all important respects from *Berisha* and *England*. The *Holten* case is not a class action at all. It is brought on behalf of named plaintiffs only. The *Holten* plaintiffs complain of alleged contamination from a single service station in New Jersey, as distinct from *Berisha* and *England* which allege possible contamination without identifying any particular sources or stations. In Holten, plaintiffs allege actual damages and seek compensatory awards, whereas *Berisha* and *England* assert only claims for injunctive relief to determine if they have real damages. The *Holten* case is brought against just three defendants,

Chevron, Gulf Oil Corporation and Cumberland Farms, Inc. Of those defendants, only Chevron is currently involved in *Berisha, England* or MDL 1358. More importantly for purposes of this opposition, the Shell-Texaco Defendants and the remaining defendants in MDL 1358 are not involved in the *Holten* case. It would be inefficient and prejudicial for the Shell-Texaco Defendants to be faced with litigation in MDL 1358 over a site and allegations that do not involve them. Conversely, there are no efficiencies to be gained by consolidating *Holten* with *Berisha* and *England*.

The Shell-Texaco Defendants reserve the right to submit a motion to vacate CTO-2 with a supporting brief in accordance with Panel Rule 7.4(d) and to assert then grounds for opposition in addition to those summarized in this notice.

Dated: January 5, 2001                     Respectfully submitted,

                                           _____
                                           Richard E. Wallace, Jr.
                                           WALLACE KING MARRARO & BRANSON PLLC
                                           1050 Thomas Jefferson Street, N.W.
                                           Washington, D.C. 20007
                                           Telephone: 202-204-1000
                                           Facsimile: 202-204-1001

                                           Attorneys for Defendants Equilon Enterprises LLC,
                                           Motiva Enterprises LLC, Shell Oil Company, Shell
                                           Oil Products Company, Texaco Inc., and Texaco
                                           Refining and Marketing Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2001, I caused to be served a true and correct copy of the Notice of Opposition of Defendants Equilon, Motiva, Shell, and Texaco to the Conditional Transfer Order (CTO-2), via facsimile and regular mail, postage prepaid, to those counsel noted on the Involved Counsel List (CTO-2), to the following addresses:

>Debra Rosen, Esquire
>Archer & Greiner, P.C.
>One Centennial Square
>P.O. Box 3000
>Haddonfield, NJ 08033
>Counsel for Cumberland Farms, Inc. in *Holten*
>
>Nathan P. Eimer, Esquire
>Eimer, Stahl, Klevorn & Solberg
>122 South Michigan Avenue
>Suite 1776
>Chicago, IL 60603
>
>Peter Sacripanti, Esquire
>McDermott, Will & Emery
>50 Rockefeller Plaza
>New York, NY 10020-1605
>Liaison Counsel for Defendants in MDL 1358
>
>Morris A. Ratner, Esquire
>Lieff, Cabraser, Heimann & Bernstein
>780 Third Avenue
>48th Floor
>New York, NY 10017
>Liaison Counsel for Plaintiffs in MDL 1358

Steven C. Dubuc