JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 24 2001

FILED
CLERK'S OFFICE

## DOCKET NO. 1358

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

*Paul Douglas Young v. Exxon Mobil Oil Corp.*, M.D. Florida, C.A. No. 8:00-1912
*Sutton Farms (USA), Inc. v. Amerada Hess Corp., et al.*, S.D. Florida, C.A. No. 1:00-3544

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR,[*] BRUCE M. SELYA,[*] JULIA SMITH GIBBONS AND D. LOWELL JENSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

Presently before the Panel is a motion by certain defendants[1] in the above-captioned actions (*Young* and *Sutton Farms*), pursuant to Rule 7.4, R.P.J.P.M.L., 192 F.R.D. 459, 468-69 (2000), to vacate the Panel's orders conditionally transferring *Young* and *Sutton Farms* to the Southern District of New York for inclusion in the Section 1407 proceedings occurring there in this docket. Three defendants[2] favor inclusion of both actions in Section 1407 proceedings in the New York court; the *Young* plaintiff also favors inclusion of her action in Section 1407 proceedings there.

On the basis of the papers filed and the hearing held, the Panel finds that *Young* and *Sutton Farms* share questions of fact with actions in this litigation previously transferred to the Southern District of New York arising out of allegations that defendants knew about and misrepresented the nature of MTBE resulting in drinking water contamination. Transfer of *Young* and *Sutton Farms* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Opposing defendants argue that the presence of individual and/or local questions of fact as well as differing legal theories in *Young* and *Sutton Farms* should militate against inclusion of these actions

---

[*] Judges Sear and Selya took no part in the decision of this matter.

[1] In *Young*: Exxon Mobil Corporation; Equilon Enterprises LLC (Equilon); Motiva Enterprises LLC (Motiva); Shell Oil Company (Shell Oil); Shell Oil Products Company (Shell Oil Products); Texaco Inc. (Texaco); and Texaco Refining and Marketing Inc. (Texaco Refining).
   In *Sutton Farms*: Equilon; Motiva, Shell Oil; Shell Oil Products; Texaco; and Texaco Refining.

[2] Amoco Oil Company; Atlantic Richfield Company; and BP Amoco Corp.

IMAGED JAN 25 '01

- 2 -

in Section 1407 proceedings. We are unpersuaded by these arguments. Indeed, we point out that inclusion of *Young* and *Sutton Farms* in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 192 F.R.D. at 470-72.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, *Paul Douglas Young v. Exxon Mobil Oil Corp.*, M.D. Florida, C.A. No. 8:00-1912; and *Sutton Farms (USA), Inc. v. Amerada Hess Corp., et al.*, S.D. Florida, C.A. No. 1:00-3544, be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shira Ann Scheindlin for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman