MDL 1358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2001

FILED
CLERK'S OFFICE

DOCKET NO. 1358

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

*Village of East Alton v. Premcor Refining Group, Inc., et al.*, S.D. Illinois, C.A. No. 3:01-596

### MOTION OF PLAINTIFF VILLAGE OF EAST ALTON TO VACATE CONDITIONAL TRANSFER ORDER CTO-3

Pursuant to Rule 7.4(d), Village of East Alton ("East Alton") moves to vacate the Conditional Transfer Order that the Clerk of the Panel entered in this matter on October 5, 2001, designated CTO-3, on the following grounds:

1. Section 1407 of Title 28 of the United Stated Code provides as follows:

    (a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers of such proceedings will promote the just and efficient conduct of such actions.

2. Currently pending in MDL 1358 are *Berisha v. Amerada Hess Corp., et al.*, No. 00 CIV 1898 [SAS] (S.D.N.Y.); *England, et al. v. Atlantic Richfield Co., et al.*, No. 3:00-370 and 3:00-371 (S.D.Ill.); *Young v. Exxon Mobile Oil Corp.*, C.A. No. 8:00-192-T-24C (M.D.Fla.); and *Berrian, et al. v. Amerada Hess Corp.*, No. 01 CIV 1076 [SAS] (S.D.N.Y.). All of these cases currently pending in MDL 1358 are putative class action cases brought on behalf of private well owners in the

OFFICIAL FILE COPY

IMAGED NOV 1 '01

States of California, Connecticut, Delaware, Florida, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island, Texas, Virginia and Wisconsin. These cases seek primarily injunctive and equitable relief.

3. On October 5, 2001, the Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order (CTO-3), conditionally transferring the case of *Village of East Alton v. Premcor Refining Group, Inc., et al.*, C.A. No. 3:01-596, currently pending in the Southern District of Illinois.

4. On October 19, 2001, East Alton timely filed a Notice of Opposition to the Transfer of *Village of East Alton v. Premcor Refining Group, Inc.*

5. As is demonstrated in Plaintiff's Brief in Support of the Motion to Vacate Conditional Transfer Order (CTO-3), CTO-3 should be vacated because any common questions of fact do not predominate over individual questions of fact, the transfer would not serve the convenience of the parties or witnesses, and the transfer would not promote the just and efficient conduct of the consolidated actions.

6. All parties to the *Village of East Alton v. Premcor Refining Group, Inc.* case are opposing the conditional transfer order, agreeing that consolidation of this case in MDL 1358 will not promote the purpose of Section 1407 of Title 28 of the United Stated Code.

Wherefore, the Plaintiff, Village of East Alton, respectfully requests that the Judicial Panel on Multidistrict Litigation vacate the Conditional Transfer Order (CTO-3).

> CARR, KOREIN, TILLERY, KUNIN,
> MONTROY, CATES, KATZ & GLASS, LLC
>
> _____
> CHRISTINE J. MOODY
> #10 Executive Woods Court
> Belleville, IL 62226
> Telephone:   618/277-1170
> Facsimile:    314/241-3525
>
> **Cooper & Scully, P.C.**
> SCOTT SUMMY (Admitted in Texas)
> CELESTE EVANGELISTI (Admitted in Texas)
> 900 Jackson Street, Suite 100
> Dallas, TX 75202
> Telephone:   214/712-9550
>
> **The Lakin Law Firm**
> THOMAS L. LAKIN, ESQ.
> BRADLEY LAKIN, ESQ.
> 301 Evans Avenue
> Wood River, IL  62095-0027
> Telephone: 618/254-1127
>
> *Attorneys for the Plaintiff*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2001

FILED
CLERK'S OFFICE

DOCKET NO. 1358

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

*Village of East Alton v. Premcor Refining Group, Inc., et al.*, S.D. Illinois, C.A. No. 3:01-596

### CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of Plaintiff's Motion to Vacate Conditional Transfer Order CTO-3 was served upon the attorneys of record for the parties in this cause by enclosing said copy in an envelope addressed to said attorney at his address as disclosed by the pleadings on file and panel service list CTO-3 in this cause and by depositing said envelope in a U.S. Post Office mailbox at 5:00 p.m. on this __31st__ day of October, 2001.

CARR, KOREIN, TILLERY, KUNIN,
MONTROY, CATES, KATZ & GLASS, LLC

_____
CHRISTINE J. MOODY
#10 Executive Woods Court
Belleville, IL 62226
Telephone:   618/277-1170
Facsimile:   314/241-3525

PANEL SERVICE LIST (CTO-3)

DOCKET NO. 1358

IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

Dan H. Ball
**THOMPSON COBURN, LLP**
One Firstar Plaza, Suite 3300
St. Louis, MO 63101
*Attorneys for Defendant Conoco, Inc.*

John C. Berghoff, Jr.
**MAYER, BROWN & PLATT**
190 South LaSalle Street
Chicago, IL 60603
*Attorneys for Premcor Refining Group f/k/a Clark Refining & Marketing*

Gordon R. Broom
**BURROUGHS, HEPLER, BROOM, ET AL.**
Two Mark Twain Plaza, Suite 300
103 West Vandalia Street
PO Box 510
Edwardsville, IL 62025-0510
*Attorneys for Defendant Piasa Motor Fuels, Inc.*

Nathan P. Eimer
**EIMER, STAHL, KLEVORN & SOLBERG**
122 South Michigan Avenue, Suite 1776
Chicago, IL 60603
*Attorneys for Defendants*

John E. Galvin
**FOX GALVIN, LLC**
One Memorial Drive, Eighth Floor
St. Louis, MO 63102
*Attorneys for Defendants Shell Oil Company and Shell Oil Products Company*

D. Jeannine Kelley
**LAW OFFICES OF D. JEANNINE KELLEY**
322 East Broadway
Alton, IL 62002
*Attorneys for Defendant Thomas Oil Company*

Frederic R. Klein
**GOLDBERG, KOHN, BELL, BLACK, ROSENBLOOM & MORITZ, LTD.**
55 East Monroe Street, Suite 37000
Chicago, IL 60603
*Attorneys for Defendant Union Oil Company of California*

J. Andrew Langan
**KIRKLAND & ELLIS**
200 East Randolph Drive, #54
Chicago, IL 60601-6636
*Attorneys for Amoco Oil Company and BP Amoco Chemical Company*

Juli Wilson Marshall
**LATHAM & WATKINS**
233 South Wacker Drive
Chicago, IL 60606
*Attorneys for Defendant Tosco Corporation*

Lisa A. Nielsen
**GREENSFELDER, HEMKER & GALE, P.C.**
2000 Equitable Building
10 South Broadway
St. Louis, MO 63102
*Attorneys for Defendant Thomeczek Oil Company*

Morris A. Ratner
**LIEFF, CABRASER, HEIMANN & BERNSTEIN**
780 Third Avenue, 48th Floor
New York, NY 10017
*Attorneys for Plaintiffs*

Dennis E. Rose
**DONOVAN, ROSE, NESTER & JOLEY, P.C.**
8 East Washington Street
Belleville, IL 62220-2190
*Attorneys for Premcor Refining Group f/k/a*
*Clark Refining & Marketing*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2001

FILED
CLERK'S OFFICE

DOCKET NO. 1358

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

Village of East Alton v. Premcor Refining Group, Inc., et al., S.D. Illinois, C.A. No. 3:01-596

### BRIEF IN SUPPORT OF PLAINTIFF VILLAGE OF EAST ALTON'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER CTO-3

Pursuant to Rule 7.4(d), Village of East Alton ("East Alton") submits this brief to vacate the Conditional Transfer Order that the Clerk of the Judicial Panel on Multidistrict Litigation (the "Panel") entered in this matter on October 5, 2001, designated CTO-3. In addition to Plaintiff's opposition to the Conditional Transfer Order, every defendant has also opposed this transfer; all parties in the East Alton case agree that the East Alton case is not appropriate for consolidation in MDL 1358. *See In re Asbestos and Asbestos Insulation Material Products Liability Litigation*, 431 F.Supp. 906, 910 (J.P.M.L. 1977) (virtual unanimity of parties in opposition to transfer a persuasive factor in denying transfer).

The cases now consolidated in MDL 1358 are *Berisha v. Amerada Hess Corp., et al.*, No. 00 CIV 1898 [SAS] (S.D.N.Y.); *England, et al. v. Atlantic Richfield Co., et al.*, No. 3:00-370 and 3:00-371 (S.D.Ill.); *Young v. Exxon Mobile Oil Corp.*, C.A. No. 8:00-192-T-24C (M.D.Fla.); and *Berrian, et al. v. Amerada Hess Corp.*, No. 01 CIV 1076 [SAS] (S.D.N.Y.). All of these cases

currently pending in MDL 1358 are putative class action cases brought on behalf of private well owners and individual property owners in the States of California, Connecticut, Delaware, Florida, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island, Texas, Virginia and Wisconsin. The *Village of East Alton v. Premcor Refining Group, Inc., et al.* case ("*East Alton*") is completely dissimilar from the cases pending in MDL 1358.

## ARGUMENT

### THE PROPOSED TRANSFER OF *EAST ALTON* WOULD NOT SATISFY THE PURPOSE OF 28 U.S.C. SECTION 1407

To obtain a transfer pursuant to 28 U.S.C. Section 1407, courts typically require that the actions involve common questions of fact, that transfer will serve the convenience of the parties and witnesses, and that it will promote the just and efficient conduct of the actions to be consolidated. U.S.C. 28 § 1407(a); *see also, In re Library Editions of Children's Books*, 299 F.Supp. 1139 (J.P.M.L. 1969) (before transferring case, the Panel must make "an affirmative determination that transfer 'will be for the convenience of the parties and witnesses and will promote just and efficient conduct' of the action" *Id.* at 1142-43.). The *East Alton* case presents disparate factual and legal issues, a completely different type of plaintiff, some different defendants, and is at a different stage than the cases already in MDL 1358. These differences would be exacerbated if this case were combined in MDL 1358 counsel against consolidation. *See In re Rely Tampon Products Liability Litigation*, 553 F.Supp. 1346, 1347 (J.P.M.L. 1982) ("*In re Rely Tampon*") (denying consolidation where individual issues of fact predominated over common questions of fact and cases were at different stages in the litigation); *In re Luminex*

*International Products Liability Litigation*, 434 F.Supp. 668, 669-70 (J.P.M.L. 1977) (same); *In re Asbestos*, 431 F.Supp. at 910 (denying consolidation where parties virtually unanimous in opposition to transfer, factual issues unique to each action predominated, and many of the actions were already "well advanced"). Consolidation of a disparate case with MDL 1358 would not be convenient to all parties and the parties' witnesses, nor would it be "just and efficient." In addition, common questions do not predominate over individual questions of fact, and all parties are unanimous in their opposition to such transfer.

### A.      *The Parties*

The Plaintiffs in the cases consolidated in MDL 1358 are private water well owners who are seeking to represent the putative class of private water well owners and property owners in the States of California, Connecticut, Delaware, Florida, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Missouri New Hampshire, New Jersey, New York, Pennsylvania, Rho\de Island Texas, Virginia and Wisconsin. Conversely, the case at bar involves the non-class action case by a municipal water supplier located in East Alton, Illinois, who is neither encompassed in the class the Plaintiffs and MDL 1358 or seeking to represent, nor seeking to represent any other entities. This case involves only the East Alton water supply, and does not even involve the private water wells of the citizens of the Village of East Alton, Illinois.

Only six of the eleven defendants in the East Alton case are also involved in MDL 1358. These six defendants represent little more than half of those defendants in the East Alton case and less than one-third of those defendants in MDL 1358.

2. ***Damages***

The master complaint in MDL 1358 demonstrates that the focus of the MDL 1358 plaintiffs is injunctive relief. The prayer for relief in the mater complaint seeks "injunctive and equitable relief, for the Plaintiffs and the Class, as the Court deems appropriate, including:

    i.    a Court-supervised testing program;

    ii.    a Court-supervised monitoring program;

    iii.    a Court-supervised data collection program;

    iv.    a Court-supervised program of notice to effected well owners;

    v.    a Court-supervised public education program, including warnings regarding the environmental impact and the need for care in handing MTBE;

    vi.    a Court-supervised program to provide class members with clean water, free of MTBE contamination;

    vii.    a Court-supervised program to provide remediation of contaminated wells.

MDL 1358 Master Complaint, Prayer for Relief (b).

The Master Complaint in MDL 1358 limits compensatory damages to only the named plaintiffs. Conversely, the East Alton case seeks compensatory damages only. Where the relief sought is different and the action seeks to protect markedly different interests, transfer will not serve the purpose of Section 1407. *See In re Harmony Loan Co., Inc., Securities Litigation*, 372 F.Supp. 1406 (J.P.M.L. 1974).

3. ***Claims***

The East Alton case seeks damages for strict liability, negligence, trespass and nuisance, all brought under Illinois law. The Master Complaint in MDL 1358 demonstrates the wide variety of claims and the different state laws applicable to those claims. MDL 1358 involves

claims for conspiracy, strict liability, fraud, negligence, deceptive business practices and public nuisance. These claims are brought under New York law, Illinois law and Florida law.

When actions "seek to protect markedly different interests, request different relief, and are at different stages of development," transfer will be denied. *See In re Harmony Loan Co., Inc., Securities Litigation*, 372 F.Supp. at 1406. In fact, the following factual issues in the cases in MDL 1358 actions have absolutely no relevance to the East Alton action:

- whether the private water supplies of plaintiffs and all residents of the eighteen states who are within the putative class have been contaminated and damaged by MTBE;

- whether the MDL 1358 defendants have violated New York's common law and statutes regulating business practices;

- whether the defendants are liable under the various New York product liability theories raised;

- whether the defendants are liable under the various Florida product liability theories raised;

- whether there are facts sufficient to prove a conspiracy under the laws of <u>each state</u>;

- whether the defendants provided sufficient product warning in the sale or distribution of MTBE products in <u>each state</u>;

- whether defendants made representations regarding MTBE in <u>each state</u>; and

- whether class certification is appropriate.

Therefore, the consolidation and coordination of the *East Alton* action with MDL 1358 would encumber the *East Alton* action with a myriad of issues, including voluminous discovery pertaining the class certification, misrepresentation, conspiracy, fraud, and deceptive business practices that have absolutely no relevance to *East Alton*. In addition, it would be encumbered with the laws of seventeen states with no relevance to the issues in *East Alton*. This argument is

particularly compelling in light of the fact that the class has not yet been certified in MDL 1358, and discovery is ongoing in the MDL proceeding and has yet to commence in *East Alton*.

### 4.  The Discovery

The Panel has repeatedly denied transfer when common questions of fact do not predominate over the individual questions of fact in each action. *See In re Rely Tampon*, 533 F.Supp. at 1347; *In re Asbestos*, 431 F.Supp. at 910. Transfer is not warranted merely because the case being considered for consolidation addresses a similar predominant theme (*e.g.*, asbestos exposure, employment discrimination, or, as here, MTBE contamination), when the factual issues predominate over the common thread among the various pending actions. *See In re Asbestos; In re Royal Typewriter Co. (Royal Bond Copier) Breach of Warranty Litigation*, 435 F.Supp. 925 (J.P.M.L. 1977) (individual issues predominated because there were separate contractual relationships involved and any common factual issues were not so complex as to warrant transfer; thus, transfer would neither serve the convenience of the parties nor promote the just and efficient conduct of the litigation).

The principle that transfer is inappropriate when individual issues predominate was clearly demonstrated in *In re Asbestos*, where the Panel declined to transfer and consolidate 103 actions involving claims by individuals who were exposed to asbestos dust.[1] *In re Asbestos*, 431 F.Supp. at 906. The Panel determined that the common thread of asbestos exposure was not

---

[1] The asbestos cases were later transferred and consolidated due to a change in circumstances. *In re Asbestos Products Liability Litigaiton* (No. VI), 771 F.Supp. 415 (J.P.M.L. 1991). Although the Panel in the 1977 decision recognized the existence of common questions, it found that the other criteria for transfer were not met. *Id. at 418*. However, by 1991, the number of asbestos cases in the federal courts had grown from the 103 considered in the 1977 decision to more than 30,000. *Id.* It was this change that led the Panel to conclude that consolidation would be more convenient for the parties and witnesses and would promote the just and efficient conduct of the actions. *Id.* "In short, we are persuaded that this litigation has reached a magnitude, not contemplated in the record before us in 1977, that threatens the administration of justice and that requires a new, streamlined approach." *Id.*

predominant over the individualized issues, such as specific causation, the actual injuries incurred by each plaintiff, and the fact that liability in the actions would be based on state substantive law, and local issues predominated in the discovery process. *Id.* at 909-10. "As a result, transfer would not promote the parties' and witnesses' convenience regarding discovery." *Id.* at 910. *See also Environmental Protection Agency Pesticide Listing Confidentiality Litigation,* 434 F.Supp. 1235 (J.P.M.L. 1977) (individual questions predominated over the common question of EPA's interpretation of the disclosure statute, and transfer "would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions. *Id.* at 1236).

5.  ***East Alton Is a Completely Local Action, Mitigating Against Transfer***

Transfer of a predominately local action will be denied if the action is not sufficiently complex or the accompanying discovery so time-consuming that it overcomes the "inconvenience to the litigants and their witnesses, as well as the burden on the judiciary, of having the predominantly local . . . action transferred to an out-of-state forum." *In re Brandywine Associates Antitrust and Mortgage Foreclosure Litigation*, 407 F.Supp. 236, 238 (J.P.M.L. 1976). The Panel has been particularly reluctant to deny transfer when there are only a small number of actions involved and the issues are primarily based on state law concerns. In *In re Brandywine Associates Antitrust and Mortgage Foreclosure Litigation*, the Panel denied transfer of three separate actions by the same plaintiff alleging related conspiracy claims under state law, which involved mostly local factual, legal and administrative issues. Likewise, in the case at bar, the predominately local aspect of *East Alton* demonstrates that coordinated pretrial proceeding would be inappropriate. Importantly, since the *East Alton* action is not a class action, and involves only a water supply located in East Alton, Illinois, uniquely local issues will

predominate and will, in fact, have no relevance to the geographic areas pertinent to the cases in MDL 1358. Therefore, because local issues will predominate the discovery process, transfer would not promote the parties' and witnesses' convenience regarding discovery. *See In re Asbestos*, 431 F.Supp. at 909-10.

> 6. **Common Issues of Fact Regarding the Chemical Properties of MTBE and the History of its Use as a Fuel Additive Are Not Sufficiently Complex to Warrant Transfer.**

The Panel has previously denied transfer when the only questions of fact common to the actions relate to readily available scientific and medial knowledge. *See In re Asbestos*, 431 F.Supp. 906 (J.P.M.L. 1977) (only common question was scientific and medical knowledge concerning the health hazards of exposure to asbestos). A compelling factor in denying transfer in *In re Asbestos* was the fact that pertinent literature on the subject was readily available. *Id.* at 910.

In addition, there are alternatives to consolidation under Section 1407 that are far less burdensome and inconvenient to the parties, yet will further the goal of maximizing efficiency in discovery. These alternative include noticing particular depositions concurrently in both actions and/or stipulating that any discovery relevant to both actions may be used in each action. *See In re Magic Marker Securities Litigation*, 470 F.Supp. 862, 865-66 (J.P.M.L. 1979); *In re Texas Instruments Inc. Employment Practices Litigation*, 441 F.Supp. 928, 929 (J.P.M.L. 1977); *In re 21st Century Productions, Inc. "Thrilsphere" Contract Litigation*, 448 F.Supp. 271, 273 (J.P.M.L. 1978).

In the present case, the scientific knowledge regarding the risks of MTBE are readily available. The scientific and medical studies conducted by governmental organization, including the EPA and relevant state and local agencies, are public knowledge and readily available. To

the extent that scientific and medical studies were conducted by entities other than defendants or the government, these documents are also readily available through the discovery process. Therefore, the common factual scientific and medical issues are not sufficiently complex to warrant transfer of the *East Alton* action for consolidated proceedings.

## CONCLUSION

For all the reasons stated above, transfer of East Alton to MDL 1358 will not serve the purposes of 28 U.S.C. Section 1407 and should be vacated.

CARR, KOREIN, TILLERY, KUNIN,
MONTROY, CATES, KATZ & GLASS, LLC

_____
CHRISTINE J. MOODY
#10 Executive Woods Court
Belleville, IL 62226
Telephone:   618/277-1170
Facsimile:    314/241-3525

**Cooper & Scully, P.C.**
SCOTT SUMMY (Admitted in Texas)
CELESTE EVANGELISTI (Admitted in Texas)
900 Jackson Street, Suite 100
Dallas, TX 75202
Telephone:   214/712-9550

**The Lakin Law Firm**
THOMAS L. LAKIN, ESQ.
BRADLEY LAKIN, ESQ.
301 Evans Avenue
Wood River, IL  62095-0027
Telephone: 618/254-1127

*Attorneys for the Plaintiff*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2001

FILED
CLERK'S OFFICE

DOCKET NO. 1358

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

*Village of East Alton v. Premcor Refining Group, Inc., et al.*, S.D. Illinois, C.A. No. 3:01-596

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of Plaintiff's Brief in Support of Plaintiff Village of East Alton's Motion to Vacate Conditional Transfer Order CTO-3 was served upon the attorneys of record for the parties in this cause by enclosing said copy in an envelope addressed to said attorney at his address as disclosed by the pleadings on file and panel service list CTO-3 in this cause and by depositing said envelope in a U.S. Post Office mailbox at 5:00 p.m. on this __31st__ day of October, 2001.

CARR, KOREIN, TILLERY, KUNIN,
MONTROY, CATES, KATZ & GLASS, LLC

_____
CHRISTINE J. MOODY
#10 Executive Woods Court
Belleville, IL 62226
Telephone:    618/277-1170
Facsimile:    314/241-3525

## PANEL SERVICE LIST (CTO-3)

### DOCKET NO. 1358

IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

Dan H. Ball
**THOMPSON COBURN, LLP**
One Firstar Plaza, Suite 3300
St. Louis, MO 63101
*Attorneys for Defendant Conoco, Inc.*

John C. Berghoff, Jr.
**MAYER, BROWN & PLATT**
190 South LaSalle Street
Chicago, IL 60603
*Attorneys for Premcor Refining Group f/k/a Clark Refining & Marketing*

Gordon R. Broom
**BURROUGHS, HEPLER, BROOM, ET AL.**
Two Mark Twain Plaza, Suite 300
103 West Vandalia Street
PO Box 510
Edwardsville, IL 62025-0510
*Attorneys for Defendant Piasa Motor Fuels, Inc.*

Nathan P. Eimer
**EIMER, STAHL, KLEVORN & SOLBERG**
122 South Michigan Avenue, Suite 1776
Chicago, IL 60603
*Attorneys for Defendants*

John E. Galvin
**FOX GALVIN, LLC**
One Memorial Drive, Eighth Floor
St. Louis, MO 63102
*Attorneys for Defendants Shell Oil Company and Shell Oil Products Company*

D. Jeannine Kelley
**LAW OFFICES OF D. JEANNINE KELLEY**
322 East Broadway
Alton, IL 62002
*Attorneys for Defendant Thomas Oil Company*

Frederic R. Klein
**GOLDBERG, KOHN, BELL, BLACK, ROSENBLOOM & MORITZ, LTD.**
55 East Monroe Street, Suite 37000
Chicago, IL 60603
*Attorneys for Defendant Union Oil Company of California*

J. Andrew Langan
**KIRKLAND & ELLIS**
200 East Randolph Drive, #54
Chicago, IL 60601-6636
*Attorneys for Amoco Oil Company and BP Amoco Chemical Company*

Juli Wilson Marshall
**LATHAM & WATKINS**
233 South Wacker Drive
Chicago, IL 60606
*Attorneys for Defendant Tosco Corporation*

Lisa A. Nielsen
**GREENSFELDER, HEMKER & GALE, P.C.**
2000 Equitable Building
10 South Broadway
St. Louis, MO 63102
*Attorneys for Defendant Thomeczek Oil Company*

Morris A. Ratner
**LIEFF, CABRASER, HEIMANN & BERNSTEIN**
780 Third Avenue, 48th Floor
New York, NY 10017
*Attorneys for Plaintiffs*

Dennis E. Rose
**DONOVAN, ROSE, NESTER & JOLEY, P.C.**
8 East Washington Street
Belleville, IL 62220-2190
*Attorneys for Premcor Refining Group f/k/a*
*Clark Refining & Marketing*