MDL 1358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 6 2001

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") ) <br> Products Liability Litigation ) <br> ) <br> This Document Relates to: ) <br> ) <br> Village of East Alton, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Premcor Refining Group, Inc., f/k/a Clark ) <br> Refining & Marketing, Inc.; Shell Oil Products ) <br> Company; Conoco, Inc.; Amoco Oil ) <br> Company; BP Amoco Chemical Company; ) <br> Union Oil Company of California; Tosco ) <br> Corporation; Thomas Oil Company, Inc.; ) <br> Piasa Motor Fuels, Inc.; Thomeczek Oil ) <br> Company; and Does 1 through 600, inclusive, ) <br> ) <br> Defendants. ) <br> ) | MDL No. 1358 (SAS) <br> Case No. 01-596-DRH |

### CERTAIN DEFENDANTS' MOTION TO VACATE
### THE OCTOBER 5, 2001 CONDITIONAL TRANSFER ORDER

Pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation (the "Panel"), Tosco Corporation, Thomas Oil Company, Inc. and

Thomeczek Oil Company ("Certain Defendants") respectfully move the Panel to vacate its

**OFFICIAL FILE COPY** IMAGED NOV 8 '01

October 5, 2001 Conditional Transfer Order (the "Conditional Transfer Order") for the reasons
set forth below:

1.      In Village of East Alton v. Premcor Refining Group, Inc., f/k/a Clark
Refining & Marketing, Inc., Case No. 01-596-DRH (the "*East Alton* Action"), the Village of
East Alton ("Plaintiff") filed claims against certain corporate petroleum refiners, suppliers and
retailers based on Plaintiff's allegation that some of its water wells contained methyl tertiary
butyl ether ("MTBE"), an oxygenate which allows fuels to burn more cleanly.  With its amended
complaint in the *East Alton* Action, Plaintiff asserted claims of product liability, negligence,
trespass, and nuisance against the defendants and sought compensatory and punitive damages
based on the alleged harm to the drinking water in its wells.

2.      In re Methyl Tertiary Butyl Ether Products Liability Litigation, MDL 1358
(SAS) (the "MDL Litigation"), the Panel has consolidated multiple putative class actions in
which plaintiffs have asserted class action claims relating to the allegation that certain petroleum
refiners and suppliers have allegedly caused contamination of certain groundwater as a result of
the use of MTBE.  Notably, the putative class representative plaintiffs in the MDL Litigation
have not named several defendants included in the *East Alton* Action including Premcor
Refining Group Inc. f/k/a Clark Refining & Marketing, Inc., Union Oil Company of California,
Thomas Oil Company, Inc., Piasa Motor Fuels, Inc. and Thomeczek Oil Company.  Moreover,
these plaintiffs have not asserted a trespass claim, but have instead asserted several causes of
action not included in the *East Alton* Action, namely a tort claim involving an alleged conspiracy
among various defendants and statutory claims involving alleged violations of a deceptive
business practice statute and the Toxic Substances Control Act.  The venue for the MDL
Litigation is the United States District Court for the Southern District of New York.

3.      On October 5, 2001, the Panel conditionally ordered the transfer of the *East Alton* Action to consolidate that case with the MDL Litigation for coordinated pretrial proceedings.  **Every party** to the *East Alton* Action has **filed a notice of opposition** to the Consolidated Transfer Order.  Such opposition is supported by several factors, all of which have been recognized by the Panel as a basis for denying a motion to transfer or vacating a conditional transfer order including, but not limited to, the following: (i) the interested parties' unanimous opposition to the transfer; (ii) to the extent the *East Alton* Action and the MDL Litigation involve common and sufficiently complex questions of fact and law, such questions do not predominate in the *East Alton* Action; (iii) the *East Alton* Action and the MDL Litigation are in substantially different procedural postures; and (iv) the parties in the *East Alton* Action could adopt suitable alternatives to transfer in the course of discovery to the extent that such alternatives are needed to expedite the pretrial proceedings in that case.  In sum, the transfer of the *East Alton* Action would not serve the interests of judicial economy and efficiency because such transfer would delay the adjudication of this matter and increase the parties' costs in litigating those claims.

WHEREFORE, for the reasons set forth in this motion, the memorandum in support thereof and the motions to vacate and memoranda in support thereof filed by Premcor Refining Group, Inc. f/k/a Clark Refining & Marketing, Inc., Shell Oil Products Company, Conoco, Inc., Amoco Oil Company, BP Amoco Chemical Company, Union Oil Company of California and Piasa Motor Fuels, Inc., Certain Defendants respectfully request that the Panel vacate the Conditional Transfer Order.

Dated:  November 6, 2001                     Respectfully submitted,


                                             TOSCO CORPORATION

                                             *Juli W. Son Marshall / by permission Mark W. al*
                                             One of the Attorneys for Tosco Corporation

                                             Juli Wilson Marshall
                                             LATHAM & WATKINS
                                             233 South Wacker Drive, Suite 5800
                                             Chicago, Illinois  60606
                                             Telephone:  312-876-7700
                                             Facsimile:  312-993-9767

4

THOMECZEK OIL COMPANY

*Lisa A. Nielsen*

One of the Attorneys for Thomeczek Oil Company

Lisa A. Nielsen
GREENSFELDER, HEMKER & GALE, P.C.
2000 Equitable Building
10 South Broadway
St. Louis, Missouri 63102
(314) 241-9090
(314) 345-5465


THOMAS OIL COMPANY, INC.

*Lisa A. Nielsen*

One of the Attorneys for Thomas Oil Company, Inc.

Lisa A. Nielsen
GREENSFELDER, HEMKER & GALE, P.C.
2000 Equitable Building
10 South Broadway
St. Louis, Missouri 63102
(314) 241-9090
(314) 345-5465

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 6 2001

FILED
CLERK'S OFFICE

### CERTIFICATE OF SERVICE

I, Juli Wilson Marshall, hereby certify that on November 6, 2001, I caused one (1)

original and eleven (11) copies of CERTAIN DEFENDANTS' MOTION TO VACATE THE

OCTOBER 5, 2001 CONDITIONAL TRANSFER ORDER to be filed with the Clerk of the

Panel by hand delivery, together with a copy of said MOTION on a computer readable disk.  I,

Juli Wilson Marshall, also certify that I caused one (1) copy of said MOTION to be served by

first class mail, postage prepaid, to those counsel of record identified on the "Panel Service List,"

a copy of which is attached hereto.

Juli Wilson Marshall

RECEIVED
CLERK'S OFFICE
2001 NOV -6 P 12: 29
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# INVOLVED COUNSEL LIST (CTO-3)
## DOCKET NO. 1358
## IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

Dan H. Ball
Thompson & Coburn, L.L.P.
One Firstar Plaza
St. Louis, MO  63101

John C. Berghoff, Jr.
Mayer, Brown & Platt
190 South LaSalle Street
Suite 3900
Chicago, IL  60603

Gordon R. Broom
Burroughs, Hepler, Broom, MacDonald & Hebrank
P.O. Box 510
Edwardsville, IL  62025

Nathan P. Eimer
Eimer, Stahl, Klevorn & Solberg
122 South Michigan Avenue
Suite 1776
Chicago, IL  60603

John E. Galvin
Fox, Galvin LLC
One Memorial Drive
Eighth Floor
St. Louis, MO  63101

D. Jeannine Kelly
Law Office of Jeannine Kelly
322 East Broadway
Alton, IL  62202

Frederic R. Klein
Goldberg, Kohn, Bell, Black, et al.
55 East Monroe Street
Suite 3700
Chicago, IL  60603

L. Thomas Lakin
Lakin Law Firm
301 Evans Avenue
P.O. Box 229
Wood River, IL  62095

J. Andrew Langan
Kirkland & Ellis
200 East Randolph Drive
Suite 6100
Chicago, IL  60601

Juli W. Marshall
Latham & Watkins
233 S. Wacker Drive
Suite 5800
Chicago, IL  60606

Lisa A. Nielsen
Greensfelder, Hemker & Gale, P.C.
Equitable Building, Suite 2000
10 South Broadway
St. Louis, MO  63102

Morris A. Ratner
Lieff, Cabraser, Heimann & Bernstein
780 Third Avenue
48th Floor
New York, NY  10017

Dennis E. Rose
Donovan, Rose, Nester & Joley, P.C.
8 E. Washington Street
Belleville, IL  62220

Scott Summy
Cooper & Scully, P.C.
900 Jackson Street
Suite 100
Dallas, TX  75202

Stephen M. Tillery
Carr, Korein, et al.
10 Executive Woods Court
Swansea, IL  62226

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 6 2001

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:  Methyl Tertiary Butyl Ether ('MTBE') ) | MDL No. 1358 (SAS) |
| Products Liability Litigation                )  | Case No. 01-596-DRH |
| )                                                | |
| This Document Relates to:                     ) | |
| )                                                | |
| Village of East Alton,                        ) | |
| )                                                | |
| Plaintiff,                ) | |
| )                                                | |
| v.                     ) | |
| )                                                | |
| Premcor Refining Group, Inc., f/k/a Clark     ) | |
| Refining & Marketing, Inc.; Shell Oil Products) | |
| Company; Conoco, Inc.; Amoco Oil              ) | |
| Company; BP Amoco Chemical Company;           ) | |
| Union Oil Company of California; Tosco        ) | |
| Corporation; Thomas Oil Company, Inc.;        ) | |
| Piasa Motor Fuels, Inc.; Thomeczek Oil        ) | |
| Company; and Does 1 through 600, inclusive,   ) | |
| )                                                | |
| Defendants.                ) | |

---

## MEMORANDUM IN SUPPORT OF
## CERTAIN DEFENDANTS' MOTION TO VACATE
## THE OCTOBER 5, 2001 CONDITIONAL TRANSFER ORDER

Tosco Corporation, Thomas Oil Company, Inc. and Thomeczek Oil Company

("Certain Defendants") submit the following memorandum of law in support of their Motion to

Vacate the October 5, 2001 Conditional Transfer Order.

## INTRODUCTION

All parties to the action titled <u>Village of East Alton v. Premcor Refining Group,</u> <u>Inc., f/k/a Clark Refining & Marketing, Inc.,</u> Case No. 01-596-DRH (the "*East Alton* Action") oppose the transfer of the *East Alton* Action to the United States District Court for the Southern District of New York as proposed by the Judicial Panel on Multidistrict Litigation (the "Panel") on October 5, 2001. This opposition is justified by several factors which the Panel recognizes when ruling on a motion to transfer or a motion to vacate a conditional transfer order. First, the Panel has recognized unanimous opposition by the parties to the potential tag-along action to be particularly relevant to whether such transfer would be more efficient for the parties. Second, common and complex questions of law or fact do not predominate in the *East Alton* Action so as to warrant the transfer of that case to a multidistrict proceeding. Finally, the different procedural postures of the cases in question and the presence of suitable alternatives to transfer weigh against the transfer of this action. In sum, the proposed transfer would ultimately delay the just and efficient adjudication of this matter, hence negating the goals of judicial economy commonly associated with such transfer. Therefore, the Panel should grant Certain Defendants' Motion to Vacate the October 5, 2001 Conditional Transfer Order.

## FACTUAL BACKGROUND

### I.    The *East Alton* Action

In the *East Alton* Action, the Village of East Alton, Illinois ("Plaintiff"), alleges that certain of its water wells contain methyl tertiary butyl ether ("MTBE"), an oxygenate permitted under federal law that allows gasoline to burn more cleanly. Based on this conclusory allegation, Plaintiff filed suit against corporate members of the petroleum industry that had allegedly "manufactured, promoted, marketed, refined, distributed, supplied, and retailed"

2

MTBE in the geographical regions in close proximity to the Plaintiff. *East Alton* Am. Compl. (the "*East Alton* Complaint") at ¶ 2. Plaintiff seeks to hold the defendants in the case liable based on theories of product liability, negligence, trespass, and nuisance. Through its suit, Plaintiff seeks compensatory damages for the investigation and remediation of its water wells and the costs of obtaining other water from alternative sources, as well as punitive damages.

The *East Alton* Action was removed from Illinois state court to the United States District Court for the Southern District of Illinois on September 7, 2001 by Defendants. Plaintiffs moved on September 26, 2001 to remand the case to state court on the basis of an alleged absence of a federal question. The motion to remand has not been ruled upon.

On October 9, 15, and 24, 2001, the defendants filed joint and separate motions to dismiss Plaintiff's Amended Complaint on various grounds, including, but not limited to, the following: (i) strict liability and negligence claims arising from MTBE are specifically preempted by federal law; (ii) primary jurisdiction requires dismissal; (iii) the Amended Complaint does not plead facts to support the trespass and nuisance claims by showing that Plaintiff suffered an intentional intrusion on its property by a particular defendant; (iv) Plaintiff failed to state negligence, nuisance and trespass claims against the refiner and supplier defendants; (v) Plaintiff failed to adequately plead claims for strict liability against certain retailers; and (vi) the retailer defendants cannot be liable for certain of Plaintiff's claims under Illinois state law.

At present, the motion to remand and the various motions to dismiss are pending in the United States District Court for the Southern District of Illinois. While the Court considers the pending motions, the parties have agreed to an aggressive discovery schedule. Indeed, they served initial discovery requests pursuant to that schedule on November 1, 2001,

and plan to exchange initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil

Procedure on December 1, 2001.

## II.     The MDL Litigation

In re Methyl Tertiary Butyl Ether Products Liability Litigation, MDL 1358 (SAS)

(the "MDL Litigation"), the Panel has consolidated several putative class actions in which

plaintiffs have asserted that certain petroleum refiners and suppliers have allegedly caused

contamination of certain groundwater as a result of the use of MTBE.  In contrast to the localized

*East Alton* Action, the MDL Litigation consists of several class action lawsuits filed by **residents**

of 18 states against ten oil companies for their roles as refiners and distributors of MTBE.

"Plaintiffs are **owners of private wells** who, as a result of the enhanced risk to their drinking

water, now require testing and monitoring of their wells and aquifers for MTBE."  MDL

Litigation Master Complaint at ¶ 1 (emphasis supplied).  Importantly, unlike the *East Alton*

*A*ction, all of the plaintiffs are private citizens and there are no municipal or government entities

named in the MDL Litigation as plaintiffs.

There are several other factual and legal differences between the MDL Litigation

and the *East Alton* Action.  Notably, the putative class representative plaintiffs in the MDL

Litigation have **not** named **any petroleum retailers** (*i.e.*, gas station owners/operators) as

defendants.  In addition, several defendants in the *East Alton* Action are not parties to the MDL

Litigation including Premcor Refining Group Inc. f/k/a Clark Refining & Marketing, Inc., Union

Oil Company of California, Thomas Oil Company, Inc., Piasa Motor Fuels, Inc. and Thomeczek

Oil Company.  The putative class representative plaintiffs also have not asserted claims of

trespass as stated by Plaintiff in the *East Alton* Action.  Even more importantly, the putative class

representative plaintiffs in the MDL Litigation have asserted several causes of action not

4

included in the *East Alton* Action, namely a tort claim involving an alleged conspiracy by the defendants named in the MDL Litigation and statutory claims involving alleged violations of a deceptive business practice statute and the Toxic Substances Control Act. *See id.* at § VI(A)-(B) & ¶¶ 202-205, 220-232. The conspiracy claim is particularly distinct from the *East Alton* Action as it includes specific allegations regarding representations made to the EPA and Congress. *See id.* The putative class action plaintiffs also pray for different forms of relief than those demanded by Plaintiff in the *East Alton* Action, namely injunctive relief, including a court-supervised program of MTBE testing, monitoring, and education; a court-supervised program to provide class members with a source of water free from MTBE and/or to remediate the class action plaintiffs' wells; and compensatory damages. *See id.* at ¶ 3.

The parties to the MDL Litigation have recently completed the initial phase of discovery in which they addressed certain class certification issues. Upon the completion of this initial class-based discovery, the MDL Court set a briefing schedule for the adjudication of the plaintiffs' motion for class certification. Pursuant to that schedule, plaintiffs are to file that motion on or before December 18, 2001; defendants are to file their response on or before February 11, 2002; and the plaintiffs will have until March 11, 2002 to reply. At this stage in the MDL Litigation, the parties expect to focus on the class certification issues and do not anticipate taking substantial additional fact discovery until the MDL Court adjudicates the class certification motion.

### III.    The Conditional Transfer Order

On October 5, 2001, the Clerk of the Panel served the parties in the *East Alton* Action with a conditional transfer order by which the Panel proposed to consolidate the *East Alton* Action with the MDL Litigation and in so doing transfer the case to the United States

5

District Court for the Southern District of New York for coordinated or consolidated pretrial

proceedings. See Conditional Transfer Order of Oct. 5, 2001 (the "Conditional Transfer Order").

All the parties to the *East Alton* Action have given notice to the Panel of their opposition to the

Conditional Transfer Order.

## **ARGUMENT**

The Panel should vacate the Conditional Transfer Order because consolidation of

the *East Alton* Action is not supported by the factors recognized by Congress and the federal

courts as relevant to such a transfer. Pursuant to 28 U.S.C. § 1407, the Panel may transfer

litigation for coordinated or consolidated pretrial proceedings if it determines that such transfer

will "be for the convenience of parties and witnesses and will promote the just and efficient

conduct of such actions." 28 U.S.C. § 1407 (1999). Where, as here, there are a minimal number

of cases involved in the litigation, there is a strong burden to show that common questions of law

or fact so predominate the actions that a consolidated trial would promote judicial economy. *See*

*In re Airline "Age of Employee" Employment Practices Litig.*, 483 F. Supp. 814, 816 (J.P.M.L.

1980). In particular, the common questions of fact must be so complex and the accompanying

common discovery so time-consuming as to overcome the inconvenience to the parties and their

witnesses. *See In re Multidistrict Civil Antitrust Actions Involving the Distrib. of Scotch*

*Whiskey*, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Should the inherent disadvantages of Section

1407 transfer[1] outweigh the benefits of transfer for coordinated or consolidated pretrial

---

[1]   "Some plaintiffs are temporarily deprived of their choices of forum and some defendants may be
forced to litigate in districts where they could not have been sued. Considerable time and trouble
are involved in the sheer mechanics of transferring and remanding. After transfer, the process of
segregating the pretrial matters which should be remanded for handling by the transferor courts
may be time-consuming as well as subject to reasonable disagreement. Since remand must be by
order of the Panel, the Panel may have to hold further hearings to resolve disagreements among

proceedings or viable alternatives to multidistrict litigation exist, the Panel should not transfer

the action.  *See In re G.D. Searle & Co. "Copper 7" IUD Prods. Liab. Litig.*, 483 F. Supp. 1343,

1345 (J.P.M.L. 1980).  In this case, every party to the *East Alton* Action has recognized that the

proposed transfer will not further the purposes of multidistrict litigation, but will instead delay

the adjudication of this matter and significantly inconvenience the parties and their witnesses.

## I.    THE PARTIES TO THE *EAST ALTON* ACTION ARE UNANIMOUSLY OPPOSED TO THE CONDITIONAL TRANSFER ORDER.

**Every party** to the *East Alton* Action **opposes** the transfer of the case to the MDL

Litigation pursuant to the Conditional Transfer Order because of the inherent inefficiencies and

lack of judicial economy associated with such a transfer.  Although that fact is not dispositive, it

is a factor the Panel has considered in vacating such Orders.  *See, e.g., In re "Lite Beer"*

*Trademark Litig.*, 437 F. Supp. 754, 755-56 (J.P.M.L. 1977) ("[T]he nearly unanimous

opposition of the parties to transfer, copuled with the absence of any party's affirmative support

for transfer is another persuasive factor in our decision to deny transfer."); *In re Asbestos &*

*Asbestos Insulation Material Prods. Liab. Litig.*, 431 F. Supp. 906, 910 (J.P.M.L. 1977) (finding

the parties' virtually unanimous opposition to be a "very persuasive factor in denying transfer);

*In re Oral Contraceptives Prods. Liab. Litig.*, 322 F. Supp. 1011, 1011 (J.P.M.L. 1976) (noting

the parties' unanimous opposition in declining to transfer the action).[2]  Indeed, in one case, the

---

the parties." *In re "East of the Rockies" Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-55 (J.P.M.L. 1969) (Weigel, S., concurring).

[2]  *See also In Re Women's Clothing Antitrust Litig.*, 455 F. Supp. 1388, 1391 (J.P.M.L. 1978) (listing the opposition of majority of parties as a factor that "help[ed] tip the scales against transfer"); *In re Asbestos School Prods. Liab. Litig.*, 606 F. Supp. 713, 714 (J.P.M.L. 1985) (noting the opposition of majority of parties to centralization in its denial of the motion to transfer); *In re Nat'l Gas Liquids Regulation Litig.*, 434 F. Supp. 665, 667 (J.P.M.L. 1977).

Panel found insufficient basis to transfer where all but one of the parties opposed transfer, even though the action involved a single accident. *In re USS Trenton Disaster Litig.*, 383 F. Supp. 1406, 1407 (J.P.M.L. 1974).

## II.   Common and Complex Factual and Legal Questions Do Not Predominate in the *East Alton* Action.

The mere fact that the *East Alton* Action and MDL Litigation happen to involve the same chemical does not mean that the two cases are factually similar enough to justify consolidation.  As discussed more fully below, the uniquely local nature of the Village of East Alton's allegations and its claim of damages combined with the absence of class, conspiracy and statutory allegations warrant the adoption of a relatively narrower pretrial discovery process than would be used in the MDL Litigation.  Indeed, the parties in the *East Alton* Action have already commenced this streamlined discovery process by agreeing to a joint discovery schedule and exchanging their initial discovery requests.  *See Joint Discovery Schedule* (attached hereto as Exhibit A).

### A.   There are No Efficiencies to be Realized by Coordination of Pretrial Discovery Because Common Factual and Legal Issues Do Not Predominate.

Common factual and legal questions in the *East Alton* Action do not predominate the pretrial discovery proceedings.  The mere presence of allegations concerning MTBE contamination in the two cases does not mandate the transfer of the *East Alton* Action. "[N]either the convenience of witnesses and parties nor the just and efficient conduct of actions are served, ipso facto, by transfer just because there are common questions of fact in the civil actions involved."  *In re "East of the Rockies" Concrete Pipe Antitrust Cases*, 302 F. Supp. at 254 (Weigel, S., concurring).  Even if there is some factual overlap between the two actions, a

8

motion to consolidate should be denied (and a conditional transfer order vacated) if the common

issues do not predominate over individual factual questions.  *See In re Royal Regency, Mt.*

*Vernon, Bishops Glen, North River, and Mount Royal Towers Sec. Litig.,* 1988 U.S. Dist. LEXIS

17035, at *2 (J.P.M.L. Aug. 15, 1988) (denying motion to consolidate securities actions because

of insufficient factual overlap) (attached hereto as Exhibit B); *cf. In re Syntex Corp. Dioxin*

*Disposal in Mo. Litig.,* 1985 U.S. Dist. LEXIS 13379, at *1-2 (J.P.M.L. Nov. 27, 1985) (denying

plaintiffs' motion to consolidate actions because, although the actions may share some questions

of fact, they differ significantly in terms of parties, issues, and the scope and focus of the

allegations) (attached hereto as Exhibit C).

   In the *East Alton* Action, much of the pretrial discovery and proceedings will

concern witnesses and documents that relate specifically to Plaintiff and its water supply and will

have no bearing on the MDL Litigation.  Indeed, the *East Alton* Action involves a single site

with a single plaintiff, involving few, if any, of the additional complicating issues presented by

the class action allegations currently before the United States District Court for the Southern

District of New York in the MDL Litigation.  For example, given that the East Alton Action

involves a single site in southwestern Illinois, there is unlikely to be a great deal of added

convenience to witnesses – especially those testifying solely about the lone Illinois location at

issue – to be gained by moving the East Alton Action to New York.

   By contrast, the cases consolidated in the MDL Litigation are "much broader in

scope" than the *East Alton* Action – a specific factor weighing against transfer.  *In re Hamilton*

*Bank,* 438 F. Supp. 940, 941 (J.P.M.L. 1977).  Indeed, the "[m]any factual questions unique to"

and inherent in a single contamination site argue against transfer of this action for coordinated

pretrial proceedings. *In re Asbestos & Asbestos Insulation Material Prods. Liab. Litig.*, 431 F. Supp. at 910.

        Likewise, even were the Panel to determine that the issue of liability for alleged MTBE pollution is a common legal question, the *East Alton* Action presents numerous unique factual issues that would negate consolidation with the MDL Litigation. *See In re Am. Home Prods. Corp. "Released Value" Claims Litig.*, 448 F. Supp. 276, 278 (J.P.M.L. 1978) (denying motion to consolidate thirteen suits against motor carriers because although they shared a common legal question of what measure of damages is applicable, factual issues were unique to each action, and transfer would not serve the convenience of the parties). The fact remains that the *East Alton* Action involves different parties, different claims, and different factual allegations regarding causation and effect. *See In re Bus Accident on the Penn. Tpk. on June 28, 1998*, 2000 U.S. Dist. LEXIS 10515, at *2 (J.P.M.L. July 20, 2000) (denying motion to consolidate two bus accident lawsuits in part because the defendant failed to persuade the Panel of any common questions of fact) (attached hereto as Exhibit D); *In re Litig. Involving Alleged Diversion of PTL Assets*, 1988 U.S. Dist. LEXIS 17045, at *2 (J.P.M.L. June 3, 1988) (denying motion to consolidate actions because there were no common factual questions sufficient to warrant centralization, and there was a difference in parties, scope, and the purpose of the underlying proceedings) (attached hereto as Exhibit E); *In re Airline "Age of Employee" Employment Practices Litig.*, 483 F. Supp. 814, 816-17 (J.P.M.L. 1980) (finding that individual rather than common factual issues predominate and the factual issues will be different for each defendant); *In re Molinaro/Cantanzaro Patent Litig.*, 464 F. Supp. 966, 969 (J.P.M.L. 1979) (denying motion to transfer because, in part, there was no adequate demonstration that the infringement issue in one case shared factual questions with the other two cases).

Moreover, the mere presence of common questions alone are not enough to warrant transfer – the questions must be sufficiently complex as well. *See In re Bus Accident on the Penn. Tpk. on June 28, 1998*, 2000 U.S. Dist. LEXIS at *2 (denying transfer in part because there were not sufficiently complex issues) (attached hereto as Exhibit D); *In re Dun & Bradstreet, Inc., "Colorado Notice" Debt Collection Practices Litig.*, 1999 U.S. Dist. LEXIS 12571, at * 2 (J.P.M.L. Aug. 12, 1999) (denying centralization of class actions in part because the cases were not sufficiently complex and the Panel was not persuaded that discovery would be time consuming) (attached hereto as Exhibit F); *In re Molinaro/Cantanzaro Patent Litig.*, 464 F. Supp. at 966; *In re Multidistrict Civil Antitrust Actions Involving the Distrib. of Scotch Whiskey*, 299 F. Supp. at 544 (ruling that the two cases proposed for consolidation are not "exceptional cases sharing unusually complex questions of fact"). In the *East Alton* Action, the questions of fact are not so complex as to justify consolidation and the localized nature of the facts, parties, and witnesses, as well as the relatively simple claims and discovery, weigh against transfer to the MDL. In this instance, keeping the *East Alton* Action in the United States District Court for the Southern District of Illinois would better serve the parties and judicial economy and would allow for a swift and fair conclusion to the litigation.

Further, because the *East Alton* Action concerns a single site, much of the discovery involved will concern the many complex, scientific, site-specific issues that affect site groundwater contamination – such as local geology, topography of the immediate area, the size of the contaminant release, well location and depth, and a host of other individualized site-specific issues. There are no class action elements to consider or rule upon in this case and the parties will not engage in extensive discovery regarding an alleged conspiracy among the defendants as will be necessary in the MDL Litigation.

11

Finally, while the *East Alton* Action progresses towards final adjudication, the parties to the MDL Litigation will be addressing complex threshold class certification issues. The treatment of these issues in the MDL Litigation could significantly delay the resolution of the more direct claims asserted in the *East Alton* Action.  Accordingly, the uniquely local and specific claims in the *East Alton* Action would be more efficiently handled by the United States District Court for the Southern District of Illinois.

**B.      There Are Important Differences in the Parties Who Are Named As Defendants in the Various Actions.**

Another important distinction between the cases is the fact that the plaintiffs in the MDL Litigation named only ten oil companies as defendants based on their roles as refiners and distributors.  The *East Alton* Action involves an additional group of defendants not named in the MDL Litigation: oil suppliers and gas station owners and operators in the East Alton Area. Due to this distinction and the omission of certain refiner defendants, Plaintiff in the *East Alton* Action has named several defendants who are not parties to the MDL Litigation:  Premcor Refining Group, Inc., f/k/a Clark Refining & Marketing, Inc., Union Oil Company of California, Thomas Oil Company, Piasa Motor Fuels, Inc. and Thomeczek Oil Company.  Consolidation of these cases would bring these additional defendants into a massive class action proceeding in which they were not even named and would require their participation in litigation that is far removed both factually and geographically from the suit they are now defending.  Certainly, these defendants and their witnesses will be significantly inconvenienced by the proposed transfer.

III.    **THE PANEL SHOULD VACATE THE CONDITIONAL TRANSFER ORDER BECAUSE OF THE DIFFERENT PROCEDURAL POSTURES OF THE *EAST ALTON* ACTION AND THE MDL LITIGATION.**

While the parties to the MDL Litigation are deeply entrenched in addressing class-based issues, the *East Alton* Action is in the preliminary motion stage.  Both Plaintiff's motion to remand the case to state court and various motions to dismiss filed by several defendants are pending in the United States District Court for the Southern District of Illinois.  Furthermore, the parties in the *East Alton* Action have agreed on an aggressive joint discovery schedule and served discovery requests pursuant to that schedule.  According to the agreed schedule, the parties will also exchange initial disclosures on December 1, 2001.  Consolidating the case with the MDL Litigation would delay the adjudication of the pending motions and alter the parties' efforts to meet their achievable discovery goals.  In particular, the pending class certification issues that are dominating the MDL Litigation would impair the efforts of the *East Alton* Action parties to conduct discovery.  Such a result is inconsistent with the goals of multidistrict proceedings (*i.e.*, to encourage judicial economy and to make litigation more convenient for the parties).

The Panel has held in numerous cases that the burdens associated with combining actions with disparate pretrial schedules outweigh any perceived benefits.  *See, e.g.*, *In re Litig. Involving Alleged Diversion of PTL Assets*, 1988 U.S. Dist. LEXIS at *2 (denying motion to transfer in part because there was a difference in the status of the proceedings) (attached hereto as Exhibit E); *In re Royal Regency, Mt. Vernon, Bishops Glen, North River, and Mount Royal Towers Sec. Litig.*, 1988 U.S. Dist. LEXIS at *2 (denying motion to transfer because several of the actions were already well-advanced at the pretrial stage) (attached hereto as Exhibit B); *In re Syntex Corp. Dioxin Disposal in Mo. Litig.*, 1985 U.S. Dist. LEXIS at *2 (denying motion to

13

transfer in part because four of the five actions had already been pending for more than 18 months) (attached hereto as Exhibit C); *In re Motion Picture Licensing Antitrust Litig.*, 479 F. Supp. 581, 590 (J.P.M.L. 1979) (denying motion to transfer in part because discovery and other pretrial proceedings were well-advanced, and the parties expressed a lack of interest in "national" or "common" discovery that the judge in the existing MDL determined would serve as a focus of consolidated pretrial proceedings); *In re McDonald's Franchise Antitrust Litig.*, 472 F. Supp. 111, 114 (J.P.M.L. 1979) (denying plaintiffs' motion to consolidate real estate litigation because discovery in varying actions was complete or near complete, and thus no efficiency would be gained by consolidation, regardless of the common fact issues); *In re Molinaro/Cantanzaro Patent Litig.*, 464 F. Supp. at 966 (denying motion to transfer because two of the three cases were already well-advanced and it would not necessarily serve the convenience of the parties and witnesses, nor promote just and efficient conduct of actions). The Panel has noted specifically that it would not promote justice or judicial economy or serve the convenience of the parties to centralize actions of varying stages even if there may be common questions of fact. *See, e.g., In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.*, 570 F. Supp. 1480, 1481-82 (J.P.M.L. 1983); *In re G.D. Searle & Co. "Copper 7" IUD Prods. Liab. Litig.*, 483 F. Supp. at 1345. The Panel precedents make clear the MDL mechanism was not designed to inconvenience parties and burden courts by consolidating two cases that are on radically different pretrial procedural schedules and which require dramatically different scopes of discovery. Accordingly, the Panel should vacate the Conditional Transfer Order and allow pretrial proceedings in the *East Alton* Action to be managed by the district court uniquely situated to handle this case.

14

**IV.    THE PARTIES CAN USE SUITABLE ALTERNATIVES TO TRANSFER TO MINIMIZE THE POSSIBILITY OF DUPLICATIVE DISCOVERY AND CONFLICTING PRETRIAL RULINGS.**

In light of the localized and relatively narrow discovery needs in the *East Alton* Action, there are several options for the conduct of discovery that would minimize the possibility of duplicative discovery and at the same time avoid the numerous inconveniences of consolidation with the MDL proceedings. *See generally In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978). For example, the parties may either request that discovery completed in any action and relevant to one or more of the other actions be made applicable to those actions, or they could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all the actions. *See In re G.D. Searle & Co. "Copper 7" IUD Prods. Liab. Litig.*, 483 F. Supp. at 1345. Therefore, to the extent that the common nature of the MTBE allegations in the *East Alton* Action and the MDL Litigation engender duplicative discovery, the parties may opt to share such discovery for purposes of accomplishing the efficiencies sought by the Consolidated Transfer Order without further delaying the adjudication of this case.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, Certain Defendants respectfully requests that the Panel vacate the Conditional Transfer Order.

Dated:  November 6, 2001                    Respectfully submitted,

TOSCO CORPORATION

One of the Attorneys for Tosco Corporation

Juli Wilson Marshall
LATHAM & WATKINS
233 South Wacker Drive, Suite 5800
Chicago, Illinois  60606
Telephone:  312-876-7700
Facsimile:  312-993-9767

16

THOMECZEK OIL COMPANY

One of the Attorneys for Thomeczek Oil Company

Lisa A. Nielsen
GREENSFELDER, HEMKER & GALE, P.C.
2000 Equitable Building
10 South Broadway
St. Louis, Missouri 63102
(314) 241-9090
(314) 345-5465


THOMAS OIL COMPANY, INC.

One of the Attorneys for Thomas Oil Company, Inc.

Lisa A. Nielsen
GREENSFELDER, HEMKER & GALE, P.C.
2000 Equitable Building
10 South Broadway
St. Louis, Missouri 63102
(314) 241-9090
(314) 345-5465

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 6 2001

FILED
CLERK'S OFFICE

A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VILLAGE OF EAST ALTON | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | Cause No. 01-596-MJR |
| -vs- | ) | |
| | ) | |
| PREMCOR REFINING GROUP INC., f/k/a | ) | |
| CLARK REFINING & MARKETING INC; | ) | |
| SHELL OIL COMPANY; SHELL OIL | ) | |
| PRODUCTS COMPANY; CONOCO, INC.; | ) | |
| AMOCO OIL COMPANY, n/k/a BP | ) | |
| PRODUCTS NORTHAMERICA, INC.; | ) | |
| BP AMOCO CHEMICAL COMPANY; | ) | |
| UNION OIL COMPANY OF CALIFORNIA; | ) | |
| TOSCO CORPORATION; THOMAS OIL | ) | |
| COMPANY, INC.; PIASA MOTOR FUELS, | ) | |
| INC.; THOMECZEK OIL COMPANY; and | ) | |
| DOES 1 through 600, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT REPORT OF PARTIES and
## PROPOSED SCHEDULING AND DISCOVERY ORDER

Pursuant to Fed.R.Civ.P.26(f) and Local Rule 16.2, an initial meeting of the parties was

held on October 2, 2001 with attorneys and/or unrepresented parties participating.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO

AS FOLLOWS:

1.     Unless they have preciously complied, the parties will submit Initial Disclosures

pursuant to Local Rule 16 and Fed.R.Civ.P. 26 by December 1, 2001.

2.     Initial interrogatories and requests to produce, pursuant to Fed.R.Civ.P.33 and 34,

shall be served on opposing parties by November 1, 2001.

3.     Third Party actions must be commenced by May 31, 2002.

Cross-claims and counterclaims shall be filed in accordance with the Federal Rules of Civil

Procedure.

4.      Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Fed.R.Civ.P.26(a)(2) as follows:

Plaintiff's expert(s):  July 1, 2002

Defendants' Expert(s):  September 15, 2002

Rebuttal and Third Party expert(s):  October 1, 2002

5.      Depositions of expert witnesses must be taken by:

Plaintiff's expert(s):  August 15, 2002

Defendants' expert(s):  November 1, 2002

Rebuttal and Third Party expert(s):  November 15, 2002

6.      **Discovery** shall be completed by <u>December 1, 2002</u> (which date shall be no later than ninety (90) days before the first day of the month of the presumptive trial month).  Any written interrogatories or request for production served after the date of the Scheduling and Discovery Order shall be served by a date that allows the served parties the full thirty (30) days as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date.

7.      **Notice of Motion** form where Local Rule 7.1(g) is applicable shall be filed by <u>December 13, 2002</u> (which date shall be no later than seventy-five (75) days before the first day of the month of the presumptive trial month).

8.      All **dispositive motions,** and completed motion packets as required by Local Rule 7.1, shall be file by <u>January 15, 2003</u> (which date shall be no later than forty-five (45) days before the first day of the month of the presumptive trial month).  Dispositive motions filed after this date <u>will not</u> be considered by the Court.

9.      The Scheduling and Discovery Conference may, at the discretion of the Magistrate Judge, be canceled if the Magistrate Judge approves of the parties' proposed Scheduling and Discovery Order as submitted.


DATED:_____


_____          _____

_____          _____

_____          _____

Attorney(s) for Plaintiff/Plaintiff          Attorneys for Defendant/Defendant

## ORDER

Depositions upon oral examination, interrogatories, request for documents, and answers and responses thereto shall not be filed unless on order of the Court.

Disclosure or discovery under Local Rule 26.1 and Rule 26(a) of the Federal Rules of Civil Procedure are to be filed with the Court only to the extent required by the final pretrial order, other order of the Court, or if a dispute arises over the disclosure or discovery.

Having reviewed the Report of the Parties and finding that the parties have complied with the requirements of **Fed.R.Civ.P.26(f)** and **Local Rule 16.2(b)**, the Court hereby approves and enters the Proposed Scheduling and Discovery Order as submitted by the parties/as modified at the Pretrial Scheduling and Discovery Conference.

A.     A settlement conference is set before _____ in accordance with **Local Rule 16.3(b)** on _____ at telephone.

B.     A final pre-trial conference is set for _____ at 10:00 a.m., before the trial judge in accordance with **Local Rule 16.2(d)**.

C.     As initially set by the Court, the presumptive trial month is <u>March 2003</u>.


DATED:     _____


_____
. UNITED STATES MAGISTRATE JUDGE

Christine J. Moody
Carr, Korein, Tillery, Kunin
10 Executive Woods Court
Belleville, IL 62226 USA

_____
Christine J. Moody

10/8/01
Date

Gordon R. Broom, 00308447
Burroughs, Hepler, Broom, MacDonald, Hebrank & True
103 West Vandalia St., Ste. 300
P. O. Box 510
Edwardsville, IL 62025


Gordon R. Broom

10 - 9 - 01
Date

_Edward A. Col_

Dan H. Ball, #06192613
Edward A. Cohen, #6194012
Robert J. Wagner, #06231377
One Firstar Plaza
Suite 3300
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 (FAX)

OF COUNSEL:
THOMPSON COBURN LLP

Attorneys for Defendant
Conoco Inc.

Dated _Oct. 8, 2001_

Juli Wilson Marshall
Latham & Watkins
233 S. Wacker Drive
Sears Tower, Suite 5800
Chicago, IL 60606-6401

Juli Wilson Marshall

October 8, 2001

John E. Galvin, Esq.
FOX GALVIN, LLC
One Memorial Drive, 8th Floor
St. Louis, MO 63102

_____
John E. Galvin

_____
Date

John C Berghoff, Jr.
Mayer, Brown & Platt
190 South LaSalle Street
Chicago, IL 60603

_____
John C. Berghoff, Jr.

_____
Date

Frederic R. Klein
Goldberg, Kohn, Bell, Black, Rosenbloom
55 East Monroe Street
Suite 3700
Chicago, IL 60603


_____
Frederic R. Klein


10/03/01
Date

Lisa A Nielsen
Greensfelder, Hemker & Gale
2000 Equitable Building
10 South Broadway
St. Louis, MO 63102

_Lisa A. Nielsen_
Lisa A Nielsen

_10/5/01_
Date

Ms. D. Jeannine Kelly
Law Offices of D. Jeannine Kelly
322 East Broadway
Alton, IL  62002


_____
D. Jeannine Kelly


    10/8/01
_____
Date

Mark S. Lillie
Thomas A. Tozer
KIRLAND & ELLIS
200 East Randolph Drive
Chicago, IL 60601

Attorneys for BP Products North America Inc.
(formerly Amoco Oil Company)
and BP Amoco Chemical Company.

_____
Thomas A. Tozer

_____
Date

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Joint Report of Parties and Proposed Scheduling and Discovery Order was sent by United States mail, postage pre-paid, this 10th day October, 2001, to the following counsel of record:

Mr. Stephen M. Tillery
Ms. Christine J. Moody
Carr, Korein, Tillery, Kunin, Montroy,
   Cates, Katz & Glass
10 Executive Woods Court
Belleville, IL  62226

Mr. Scott Summy
Ms. Celeste Evangelasti
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, TX  75202

Mr. Thomas L. Lakin
Mr. Bradley Lakin
The Lakin Law Firm
301 Evans Avenue
Woodriver, IL 62095-0027

ATTORNEYS FOR PLAINTIFF


Mr. John C. Berghoff, Jr.
Mayer, Brown & Platt
190 South LaSalle Street
Chicago, IL  60603

Mr. Dennis E. Rose
Mr. Peter J. Barkofske
Donovan, Rose, Nester & Joley, P.C.
8 East Washington Street
Belleville, IL  62220-2190

ATTORNEYS FOR PREMCOR f/k/a CLARK REFINING & MARKETING

Mr. Dan H. Ball
Mr. Edward A. Cohen
Mr. Robert J. Wagner
Thompson Coburn LLP
One Firstar Plaza, Suite 3300
St. Louis, MO  63101

ATTORNEYS FOR CONOCO


Mr. Richard C. Godfrey
Mr. J. Andrew Langan
Mr. Mark S. Lillie
Mr. Thomas A. Tozer
Kirkland & Ellis
200 East Randolph Drive, #54
Chicago, IL 60601-6636

ATTORNEYS FOR AMOCO


Mr. Frederic R. Klein
Mr. Kenneth S. Ulrich
Goldberg, Kohn, Bell, Black,
   Rosenbloom & Moritz, Ltd.
55 East Monroe Street, Suite 3700
Chicago, IL  60603

ATTORNEYS FOR UNION OIL CO. OF CALIFORNIA


Ms. Juli W. Marshall
Latham & Watkins
233 S. Wacker Drive
Sears Tower, Suite 5800
Chicago, IL 60606-6401

ATTORNEYS FOR TOSCO


Ms. D. Jeannine Kelly
Law Offices of D. Jeannine Kelly
322 East Broadway
Alton, IL  62002

ATTORNEY FOR THOMAS OIL

Ms. Lisa A. Nielsen
Greensfelder, Hemker & Gale, P.C.
2000 Equitable Building
10 South Broadway
St. Louis, MO  63102

ATTORNEYS FOR THOMAS OIL AND THOMECZEK OIL

John E. Galvin
FOX GALVIN, LLC
One Memorial Drive, Eighth Floor
St. Louis, MO 63102

ATTORNEYS FOR DEFENDANTS SHELL OIL COMPANY AND
SHELL OIL PRODUCTS COMPANY

RECEIVED

OCT 1 0 2001

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

B

LEXSEE 1988 us dist lexis 17035

**IN RE ROYAL REGENCY, MT. VERNON, BISHOPS GLEN, NORTH RIVER AND MOUNT ROYAL TOWERS SECURITIES LITIGATION**

**DOCKET NO. 770**

**Judicial Panel On Multidistrict Litigation**

**1988 U.S. Dist. LEXIS 17035**

**August 15, 1988**

**OPINION:**

[*1]

ORDER DENYING TRANSFER

This litigation presently consists of nine actions pending in five federal districts: three actions in the Northern District of Georgia, two actions each in the Northern District of Alabama and the Middle District of Florida, and one action each in the Southern District of Illinois and the Eastern District of Kentucky. Before the Panel is a motion by eight defendants to centralize the actions in this litigation, pursuant to 28 U.S.C. § 1407, in the Northern District of Georgia for coordinated or consolidated pretrial proceedings. n1 Eight other defendants concur in the Section 1407 motion. Plaintiffs in five of the nine actions and 85 defendants oppose transfer.

> n1 The Section 1407 motion included one additional action -- J. Ernest Stroud, etc. v. J.B. Developments, Ltd., et al., M.D. Florida, C.A. No. 85-1290-CIV-ORL -- that was dismissed by Judge George K. Sharp on September 14, 1987. Accordingly, the question of inclusion of this action in Section 1407 proceedings is moot.

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the [*2] just and efficient conduct of the litigation. The actions in this litigation, taken as a whole, involve alleged fraudulent conduct in the sale of five similarly structured bond issues. The action or actions in each of the five districts represented in this matter, however, pertain directly to only one of the five separate bond issues. Consequently, while we recognize that some factual overlap may peripherally link actions in different districts, we are not persuaded that any such common factual questions will predominate over extensive individual factual questions present in the action or actions in each district. We also note that i) the great majority of parties responding to the Section 1407 motion opposes transfer, and ii) pretrial proceedings in several of the constituent actions -- notably the Alabama actions, the Illinois action and two Georgia actions -- are well advanced. In light of these factors, we cannot conclude that Section 1407 transfer is warranted. Additionally, we point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company [*3] (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, § 31.13 (1985).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. § 1407 of the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

SCHEDULE A

MDL-770 -- In re Royal Regency, Mt. Vernon, Bishops Glen, North River and Mount Royal Towers Securities Litigation

Northern District of Alabama

George Miller, et al. v. Arthur Rice, Jr., et al., C.A. No. 85-PT-0444-S

Ernest Ross, et al. v. Arthur Rice, Jr., et al., C.A. No. 85-PT-1044-S

Southern District of Illinois

Case MDL No. 1358   Document 64   Filed 11/06/01   Page 46 of 58

Page 2
1988 U.S. Dist. LEXIS 17035, *

Hymen P. Goldwater, etc. v. Alston & Bird, et al., C.A. No. 85-4302

Middle District of Florida

Edward A. Anderson, et al. v. Bank of the South, N.A., et al., C.A. No. 85-1222-CIV-ORL-18

Ronald P. Hamberg, etc. v. J.B. Developments, Ltd., et al., C.A. No. 86-490-CIV-ORL-18

Eastern District of Kentucky

Adrian Freeman, et al. v. Laventhal & Horwath, et al., C.A. No. 87-217

Northern District of Georgia

Dann S. Sheftelman, et al. v. Allen O. Jones, et al., C.A. No. 84-472A

Frank  [*4]   M. Ockerman, et al. v. King & Spalding, et al., C.A. No. C85-2958A

Kenneth T. Wong, etc. v. Holland & Knight, et al., C.A. No. C85-2387A

C

LEXSEE 1985 us dist lexis 13379

**IN RE SYNTEX CORPORATION DIOXIN DISPOSAL IN MISSOURI
LITIGATION**

**DOCKET NO. 659**

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**1985 U.S. Dist. LEXIS 13379**

**November 27, 1985**

**OPINIONBY:**
[*1]

CAFFREY

**OPINION:**

ORDER DENYING TRANSFER

This litigation presently consists of five actions pending in three federal districts: three actions in the Eastern District of Missouri and one action each in the Northern District of California and the Middle District of Florida. Before the Panel is a motion pursuant to 28 U.S.C. § 1407, brought by four individuals who are the plaintiffs in the California action and in one Missouri action, to centralize the actions in this litigation in the Eastern District of Missouri for coordinated or consolidated pretrial proceedings. One defendant supports the motion. A number of parties, including plaintiffs the United States and the State of Missouri and several defendants, oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 transfer would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. While we recognize that these actions may share some questions of fact, we note that the actions differ significantly in terms of the parties and issues involved as well as in the scope and focus of the allegations contained in the [*2] complaints. We further note that four of the five actions have already been

pending for more than eighteen months. In light of these factors, we are not persuaded that Section 1407 transfer is warranted. Additionally, we point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, § 31.13 (1985).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. § 1407 be, and the same hereby is, DENIED.

SCHEDULE A

Northern District of California

Raymond F. Wehner, et al. v. Syntex Corporation, et al., C.A. No. C-85-20383-WAI

Middle District of Florida

The Charter Company, et al. v. Lee M. Thomas, et al., C.A. No. 83-974-CIV-J-12

Eastern District of Missouri

State of Missouri v. Independent Petrochemical Corporation, et al., C.A. No. 83-2670C(2)

Raymond F. Wehner, et al. v. Syntex Corporation, et al., C.A. No. 83-0642C(2)

United States of America v. Russell [*3] Martin Bliss, et al., C.A. No. 84-0200-C(1)

D

LEXSEE 2000 us dist lexis 10515

IN RE BUS ACCIDENT ON THE PENNSYLVANIA TURNPIKE ON JUNE 28,
1998 (NO. II); Kent Dawkins, et al. v. Greyhound Lines, Inc., D. Massachusetts, C.A.
No. 1:00-10838; Uduak E. Akan-Etuk, et al. v. Greyhound Lines, Inc., M.D.
Pennsylvania, C.A. No. 1:99-1892

DOCKET NO. 1356

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

2000 U.S. Dist. LEXIS 10515

July 20, 2000, Filed

DISPOSITION:
 [*1] Greyhound Lines, Inc.'s motion for centralization of actions pursuant to 28 U.S.C. § 1407 DENIED.

JUDGES:
BEFORE JOHN F. NANGLE, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, WM. TERRELL HODGES, MOREY L. SEAR, * BRUCE M. SELYA AND JULIA SMITH GIBBONS, JUDGES OF THE PANEL.

    * Judge Sear took no part in the decision of this matter.

OPINIONBY:
John F. Nangle

OPINION:

### *ORDER DENYING TRANSFER*

This litigation presently consists of the two above-captioned actions, one each pending in the District of Massachusetts and the Middle District of Pennsylvania. Both actions arise out of a bus accident on a highway in Pennsylvania on June 28, 1998. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by Greyhound Lines, Inc., the sole defendant in the two actions before the Panel, for coordinated or consolidated pretrial proceedings in the Middle District of Pennsylvania. n1 Plaintiffs in the District of Massachusetts action oppose transfer. Plaintiffs in the Middle District of Pennsylvania action have not responded to the motion.

n1 On March 21, 2000, Greyhound initially moved for Section 1407 transfer of an action pending in the District of New Jersey to the Middle District of Pennsylvania. After the dismissal of the District of New Jersey action destroyed the multidistrict character of the litigation at that time, the Panel denied the original motion for Section 1407 transfer as moot. See In re Bus Accident on the Pennsylvania Turnpike on June 28, 1998, MDL-1345 (J.P.M.L. May 2, 2000) (unpublished order).

[*2]

On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. In this docket containing just two actions pending in two districts, movant has failed to persuade us that any common questions of fact are sufficiently complex, or that the accompanying discovery will be so time-consuming, to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery, inconsistent pretrial rulings, or both. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978); see also Manual for Complex Litigation, Third, § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion for centralization of the above-captioned actions pursuant to 28 U.S.C. § 1407 be, and the same hereby is, DENIED.

Page 2

2000 U.S. Dist. LEXIS 10515, *

FOR THE PANEL:                                    Chairman

John F. Nangle

E

LEXSEE 1988 us dist lexis 17045

## IN RE LITIGATION INVOLVING ALLEGED DIVERSION OF PTL ASSETS

### DOCKET NO. 762

### Judicial Panel On Multidistrict Litigation

### 1988 U.S. Dist. LEXIS 17045

### June 3, 1988

OPINION:

[*1]

ORDER DENYING TRANSFER

Before the Panel is a motion by two defendants in the Western District of North Carolina action listed on the attached Schedule A seeking transfer of the action under 28 U.S.C. § 1407 to the District of South Carolina for centralization with proceedings that are pending in that district's bankruptcy and district courts, that are listed on Schedule A, and that arise out of the bankruptcy of Heritage Village Church and Missionary Fellowship, Inc., and affiliated entities (collectively referred to herein as "PTL"). Two church construction firms and their principal named among the defendants in the North Carolina action support the motion, as does James O. Bakker, the PTL founder. n1 Plaintiffs in the North Carolina action, PTL's trustee in the South Carolina bankruptcy proceedings, and the unsecured creditors' committee and the PTL lifetime partners' committee in the PTL bankruptcy proceedings oppose transfer.

> n1 In his response to the Section 1407 motion, Bakker identified two related actions pending in the Southern District of Ohio and the Western District of North Carolina, respectively. In addition, one of the Section 1407 movants has identified as related an additional adversary proceeding in the bankruptcy court for the District of South Carolina. These matters were not included in the Panel's consideration at the hearing held in this docket on May 19, 1988, in Chicago, Illinois, because they were not properly before the Panel at that time. [*2]

On the basis of the papers filed and the hearing held, the Panel finds that transfer under 28 U.S.C. § 1407

would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Given the difference in parties, the difference in scope, the difference in purpose of the underlying proceedings, and the difference in status of the proceedings, we are not persuaded that any common factual questions which may exist are sufficient to warrant centralization in this docket.

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. § 1407 of the actions listed on the attached Schedule A be, and same hereby is, DENIED.

SCHEDULE A

MDL-762 -- In re Litigation Involving Alleged Diversion of PTL Assets

District of South Carolina

PTL Lifetime Partners v. PTL Lifetime Partners' Committee, et al., C.A. No. 88-231-16

United States of America v. PTL Lifetime Partners' Committee, et al., C.A. No. 88-232-16

Fundamentalists Anonymous Legal Task Force Committee for the Protection of PTL Partners v. PTL Lifetime Partners' Committee, et al., C.A. No. 88-233-16

Jim Bakker, et al. v. PTL Lifetime [*3] Partners' Committee, et al., C.A. No. 88-234-16

Vickie Meadows, et al. v. PTL Lifetime Partners' Committee, et al., C.A. No. 88-235-16

David W. Clark v. United States of America, et al., C.A. No. 88-236-16

In re Heritage Village Church & Missionary Fellowship, Inc., Bky. No. 87-01956

1988 U.S. Dist. LEXIS 17045, *

Western District of North Carolina                    Joseph W. Teague, et al. v. Jim Bakker, et al., C.A.
                                                      No. CC-87-514-M

F

LEXSEE 1999 us dist lexis 12571

**IN RE DUN & BRADSTREET, INC., "COLORADO NOTICE" DEBT COLLECTION PRACTICES LITIGATION; Dwight Hardrick v. Dun & Bradstreet, Inc., N.D. Illinois, C.A. No. 1:98-4973; Carolyn R. Harris v. Dun & Bradstreet, Inc., N.D. Illinois, C.A. No. 1:99-330; Melinda Morse v. Dun & Bradstreet, Inc., D. Minnesota, C.A. No. 0:99-269**

**DOCKET NO. 1288, C.A. No. 1:98-4973, C.A. No. 1:99-330, C.A. No. 0:99-269**

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**1999 U.S. Dist. LEXIS 12571**

**August 12, 1999, Filed**

**DISPOSITION:**
[*1] Motion for centralization of the actions pursuant to 28 U.S.C. § 1407 DENIED.

**JUDGES:**
BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL.

**OPINIONBY:**
John F. Nangle

**OPINION:**

### ORDER DENYING TRANSFER

Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by defendant Dun & Bradstreet, Inc., (Dun & Bradstreet) seeking centralization in the District of Minnesota. Plaintiffs in the two Illinois actions oppose centralization, but if the Panel nevertheless concludes that it is appropriate, then these plaintiffs would favor the Northern District of Illinois as the transferee district. The Minnesota plaintiff did not respond to the motion.

Two of the three above-captioned actions which comprise this litigation were brought as statewide class actions to secure redress for violations of the Fair Debt Collection Practices Act. The third action, *Morse*, is a similar action brought in the District of Minnesota on behalf of a nationwide class. Subsequent to the filing of the present motion before the Panel, the Minnesota plaintiff moved [*2] to amend her complaint to narrow the scope of her class allegation to only Minnesota consumers. That motion was denied without prejudice, as Dun & Bradstreet informed the Panel at oral argument, because of the pendency of the instant proceedings before the Panel.

On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. In this docket containing just three actions in two districts, movants have failed to persuade us that any common questions of fact (as opposed to law) are sufficiently complex, or that the accompanying discovery will be so time-consuming, to justify Section 1407 transfer. *See In re Scotch Whiskey Antitrust Litigation*, 299 F. Supp. 543, 544 (J.P.M.L. 1969). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex* [*3] *Litigation, Third*, § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion for centralization of the above-captioned actions pursuant to 28 U.S.C. § 1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

John F. Nangle

Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 6 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Juli Wilson Marshall, hereby certify that on November 6, 2001, I caused one (1)

original and eleven (11) copies of CERTAIN DEFENDANTS' MEMORANDUM IN SUPPORT

OF THEIR MOTION TO VACATE THE OCTOBER 5, 2001 CONDITIONAL TRANSFER

ORDER to be filed with the Clerk of the Panel by hand delivery, together with a copy of said

MEMORANDUM on a computer readable disk.  I, Juli Wilson Marshall, also certify that I

caused one (1) copy of said MEMORANDUM to be served by first class mail, postage prepaid,

to those counsel of record identified on the "Panel Service List," a copy of which is attached

hereto.

Juli Wilson Marshall

**INVOLVED COUNSEL LIST (CTO-3)**
**DOCKET NO. 1358**
**IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY**
**LITIGATION**

Dan H. Ball
Thompson & Coburn, L.L.P.
One Firstar Plaza
St. Louis, MO  63101

John C. Berghoff, Jr.
Mayer, Brown & Platt
190 South LaSalle Street
Suite 3900
Chicago, IL  60603

Gordon R. Broom
Burroughs, Hepler, Broom, MacDonald & Hebrank
P.O. Box 510
Edwardsville, IL  62025

Nathan P. Eimer
Eimer, Stahl, Klevorn & Solberg
122 South Michigan Avenue
Suite 1776
Chicago, IL  60603

John E. Galvin
Fox, Galvin LLC
One Memorial Drive
Eighth Floor
St. Louis, MO  63101

D. Jeannine Kelly
Law Office of Jeannine Kelly
322 East Broadway
Alton, IL  62202

Frederic R. Klein
Goldberg, Kohn, Bell, Black, et al.
55 East Monroe Street
Suite 3700
Chicago, IL  60603

L. Thomas Lakin
Lakin Law Firm
301 Evans Avenue
P.O. Box 229
Wood River, IL  62095

J. Andrew Langan
Kirkland & Ellis
200 East Randolph Drive
Suite 6100
Chicago, IL  60601

Juli W. Marshall
Latham & Watkins
233 S. Wacker Drive
Suite 5800
Chicago, IL  60606

Lisa A. Nielsen
Greensfelder, Hemker & Gale, P.C.
Equitable Building, Suite 2000
10 South Broadway
St. Louis, MO  63102

Morris A. Ratner
Lieff, Cabraser, Heimann & Bernstein
780 Third Avenue
48th Floor
New York, NY  10017

Dennis E. Rose
Donovan, Rose, Nester & Joley, P.C.
8 E. Washington Street
Belleville, IL  62220

Scott Summy
Cooper & Scully, P.C.
900 Jackson Street
Suite 100
Dallas, TX  75202

Stephen M. Tillery
Carr, Korein, et al.
10 Executive Woods Court
Swansea, IL  62226