JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 26 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br><br>METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1358<br><br>This Document Relates to *Quincy Community Services District v. Atlantic Richfield Company et al.*, Case No. 2:03-2582 LKK (E.D. Cal).<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS FUEL STAR, INC. AND BLUE STAR PETROLEUM, INC. TO VACATE CONDITIONAL TRANSFER ORDER NO. 5 (CTO-5); MEMORANDUM IN SUPPORT THEREOF** |

**NOTICE OF MOTION AND MOTION OF
DEFENDANTS FUEL STAR, INC. AND BLUE STAR PETROLEUM, INC.
TO VACATE CONDITIONAL TRANSFER ORDER NO. 5**

Fuel Star, Inc. ("Fuel Star") and Blue Star Petroleum, Inc. ("Blue Star) are defendants in the action captioned *Quincy Community Services District v. Atlantic Richfield Company et al.*, Case No. 2:03-2582 (E.D. Cal.) (the "*Quincy* action"), which is identified in the schedule of

IMAGED MAR 30 '04 OFFICIAL FILE COPY

district court civil actions subject to Conditional Transfer Order No. 5 ("CTO-5"), issued by the Judicial Panel on Multidistrict Litigation (the "Panel") on February 25, 2004 in Docket No. 1358 (*In Re Methyl Tertiary Butyl Ether ("MTBE") Liability Litigation*).

Fuel Star and Blue Star move to vacate CTO-5 as it applies to the *Quincy* action on the grounds that transfer and consolidation of this matter does not meet the criteria set forth in 28 U.S.C. section 1407. Specifically, litigation involving the contamination of public drinking water wells with MTBE is sufficiently mature both in California and throughout the federal district courts such that the likelihood of redundant discovery is remote. Discovery regarding industry-wide aspects of MTBE has already been conducted in a number of cases venued in California. Similar discovery has also occurred in MDL Docket No. 1358 where a document depository has been created. These materials can easily be made available to the parties in the *Quincy* action and access to such materials will allow the parties to avoid engaging in redundant discovery.

The likelihood of inconsistent pretrial rulings is equally remote. A number of cases involving MTBE are currently being litigated in California and elsewhere. Moreover, courts in which MTBE matters are pending have already made a number of pretrial rulings which are remarkably consistent with respect to common questions of law. Accordingly, transfer of the *Quincy* action from the Eastern District of California to the Southern District of New York will not promote just and efficient litigation as is required by 28 U.S.C. section 1407.

Fuel Star and Blue Star further move to vacate CTO-5 on the grounds that transfer of the *Quincy* action will not serve the convenience of the parties and witnesses, most of whom are located in Northern California. Plaintiff in the *Quincy* action is alleged to be a community services district in Quincy, California whose drinking water supplies are purportedly

contaminated with MTBE from, *inter alia*, gasoline service stations and suppliers surrounding plaintiff's wells. To require gasoline service-station defendants such as Fuel Star and Blue Star, and the myriad of other small and mid-sized parties who are also named as defendants, to litigate discovery issues a continent away from where they reside and where the site in question is located is neither just nor convenient. Consolidation and transfer of the *Quincy* action will therefore not enhance the convenience of either the parties or potential witnesses. Accordingly, Fuel Star and Blue Star move to vacate CTO-5 as it applies to the *Quincy* action.

This Notice of Motion and Motion is based on the Memorandum In Support of Motion To Vacate Conditional Transfer Order No. 5, which is attached hereto; the Declaration of Edward Romero In Support of Motion To Vacate Conditional Transfer Order No. 5; the files, pleadings and documents on file with the Panel and in the *Quincy* action; and such further documentary and oral evidence as may be presented in the hearing on this motion.

Dated: March 24, 2004

Respectfully submitted,

By: /s/ Edward Romero

Kevin D. Lally (SBN 095374)
Edward Romero (SBN 148495)
Greenan Peffer, Sallander & Lally LLP
Two Annabel Lane,
Suite 200
San Ramon, California 94518
(925) 866-1000 (telephone)
(925) 830-8787 (facsimile)

Attorneys for Defendants
Fuel Star, Inc. and Blue Star Petroleum, Inc.

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE CTO-5

### INTRODUCTION

Pursuant to Rule 7.4(d) of the Rules of Procedure of The Judicial Panel On Multidistrict Litigation, defendants Fuel Star, Inc. ("Fuel Star") and Blue Star Petroleum, Inc. ("Blue Star") respectfully request that the Panel vacate Conditional Transfer Order No.5 ("CTO-5") filed in Docket No. 1358 (*In Re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*) as it relates to *Quincy Community Services District v. Atlantic Richfield Company,* No. 2:03-2582 LKK DAD (E.D. Cal.)(the "*Quincy* action").

Fuel Star and Blue Star move to vacate CTO-5 because transfer of the *Quincy* action to the United States District Court for the Southern District of New York will not promote just and efficient litigation. Civil actions involving the contamination of drinking water with MTBE first arose in California in or about the late 1990's. Since then, several MTBE-related cases have been litigated through discovery and pretrial motions and at least one case has proceeded to verdict. As a consequence, extensive discovery of issues common to MTBE-related cases have occurred and can be made available to the parties in the *Quincy* action. Moreover, the extensive discovery that has occurred to date in MDL Docket No. 1358, coupled with the document depository established in that proceeding, eliminates any concern for redundant discovery of issues common to MTBE actions generally. Such discovery can also easily be made available to the parties in the *Quincy* action. Those discovery issues that remain in the *Quincy* action are therefore likely to be unique to the case. As a consequence, a court sitting in the Southern District of New York is unlikely to be able to supervise discovery in the *Quincy* action as efficiently as a court in California. Transfer of the *Quincy* action will therefore only hinder discovery and the just and efficient resolution of pretrial issues.

Transfer and consolidation of the *Quincy* action is further unwarranted because it will not serve the convenience of the parties and witnesses, most of whom are located in Northern California. Plaintiff in the *Quincy* action is alleged to be a community services water district which owns and operates a public water system. Among other things, plaintiff contends that its wells are contaminated with MTBE and its byproduct, *tertiary butyl alcohol* ("TBA") and that such contamination arises from gasoline storage and delivery facilities surrounding plaintiff's groundwater supplies which are located in Quincy, California. Fuel Star and Blue Star are two of several gasoline service stations which are alleged to be the source of MTBE contamination. To require these gasoline service-station defendants, and the myriad of other small and mid-sized gasoline suppliers who are also named as defendants, to litigate discovery issues a continent away from where witnesses and the site in question are located is neither just nor convenient. Accordingly, transfer and consolidation of the *Quincy* action is unwarranted.

The attempt to transfer the *Quincy* action to the Southern District of New York is simply an ill-conceived ploy by well-funded manufacturers of MTBE who have removed the *Quincy* action to federal court on questionable grounds and which now seek to use the MDL process to find a new forum in which to avoid liability for producing a product which has allegedly contaminated the drinking water supplies of numerous California communities. Such tactics do not constitute a proper basis for consolidating and transferring the *Quincy* action to the Southern District of New York. Accordingly, Fuel Star and Blue Star respectfully request that CTO-5 be vacated as it applies to the *Quincy* action.

## STATEMENT OF FACTS

1.  **The *Quincy* Action.**

The *Quincy* action was filed in the California Superior Court for the County of Sacramento in November 2003 and was removed to the United States District Court for the Eastern District of California in December 2003. Among other things, plaintiff alleges that it is a community services district which owns and operates a public drinking water system that supplies water to residential and business users within its service area. *See* Complaint, ¶4. Plaintiff further alleges that "expanding plumes of . . . MTBE and . . . TBA are contaminating and threatening [its] groundwater supplies." Complaint, ¶1. A copy of the complaint in the *Quincy* action is attached as Exhibit A to the Declaration of Edward Romero In Support of Motion To Vacate CTO-5 (the "Romero Decl.") filed herewith.

Plaintiff further asserts that Fuel Star and Blue Star are two of a group of "owner and operator defendants" which "owned, operated, controlled and/or were otherwise responsible for gasoline storage and delivery facilities . . . located in areas affecting [plaintiff's] groundwater supplies." Complaint, ¶¶ 30-37. As a result, plaintiff asserts eight causes of action against at least twenty-four named defendants. Each cause of action is based on the laws of the State of California. Plaintiff seeks compensatory and treble damages, cost of clean up and attorney's fees based on defendants' alleged violation of such laws. *See* Exhibit A to the Romero Decl.

2.  **The Removal of the *Quincy* Action.**

The *Quincy* action was removed to the United States District Court for the Eastern District of California on or about December 17, 2003 pursuant to a Notice of Removal filed by a group of refiners and/or suppliers of MTBE. A copy of the Notice of Removal is attached as Exhibit B to the Romero Decl.

In the Notice of Removal, certain refiner/supplier defendants assert that state law claims premised on gasoline being a defective product are preempted by the Clean Air Act, as amended by 42 U.S.C. section 7545. *See* Exhibit B to the Romero Decl. at ¶¶ 11–14 and 43. The defendants who removed the *Quincy* action further contend that they were acting under the direction of federal officers or agencies when they elected to add MTBE to gasoline and that such conduct further warrants removal. *Id.* at ¶ 48. Finally, the removing defendants assert federal subject matter jurisdiction based on a 1988 federal bankruptcy order in the Chapter 11 bankruptcy of defendant Texaco, Inc., a predecessor-in-interest to defendant Chevron Texaco Corporation. *See* Romero Decl., Exhibit B at ¶¶ 48-56.

3. **Other MTBE-Related Cases In California.**

The *Quincy* action and the other MTBE-related cases which have recently been removed to federal court throughout the country are preceded by a significant number of cases filed in California which have resulted in extensive discovery of common questions of fact and consistent rulings on common questions of law.

Specifically, in *South Tahoe Public Utility District v. Atlantic Richfield Company et al.,* which was venued in the California Superior Court for the County of San Francisco, a public utility district brought suit against manufacturers of MTBE, oil refiners that added MTBE to their gasoline, and other defendants involved in the sale of gasoline in and around the southern end of Lake Tahoe, a mountain community which straddles the California-Nevada border.

It is believed that discovery in *South Tahoe Public Utility District* was extensive and focused on both industry-wide issues, such as the history of MTBE, its use as an oxygenate in gasoline and the purported knowledge by certain manufacturers and refiners of the harm caused to groundwater by MTBE; and on local issues such as the nature, extent and sources of

contamination of plaintiff's water supplies. The case went to trial and resulted in a verdict for plaintiff.

Similarly, in the late 1990's, the City of Santa Monica, California filed an MTBE-related action captioned *City of Santa Monica v. Shell Oil Company, et al.* The matter was venued in the California Superior Court for the County of Orange and was brought against an array of defendants, including the manufacturers and refiners of gasoline containing MTBE. It is believed that following extensive discovery, a settlement was reached in late 2003.

Likewise, in 2000 the Cambria Community Services District, which serves a community along California's Central Coast, filed suit in the California Superior Court for the County of San Luis Obispo asserting nuisance, trespass and product liability claims against Chevron Corporation and other defendants in an action captioned *Cambria Community Services District v. Chevron U.S.A., Inc., et al.* Plaintiff in that action sought damages for the alleged contamination of the community's groundwater supply with MTBE. It is believed that the case proceeded in state court until a settlement was reach in late 2003.

Additionally, in 2001 the Fruitridge Vista Water Company filed a lawsuit in the California Superior Court for the County of Sacramento captioned *D.J. Nelson Trust, doing business as Fruitridge Vista Water Company v. Atlantic Richfield Company et al.* Plaintiff in that action contends that its groundwater supply is contaminated with MTBE. The defendants include the manufacturers of MTBE, the oil refiners that supply gasoline to the Sacramento area, various middlemen and numerous owners and operators of the underground tanks that are alleged to have released gasoline containing MTBE. Discovery in that action is proceeding. Numerous document production requests and document subpoenas have been served, and a considerable volume of documentation has been produced. Depositions of percipient witnesses

including local station operators, local environmental consultants, and local regulators are proceeding.

4.  **The Litigation In MDL Docket No. 1358.**

Between October 2000 and March 2001, the Panel consolidated six actions which alleged the contamination of groundwater supplies located in the Northeast with MTBE. These cases were transferred to the Southern District of New York and were handled by the Honorable Shira Ann Scheindlin under MDL Docket No. 1358. It is believed that a depository was established in that proceeding.

In or about August 2001, Judge Scheindlin issued an opinion addressing several pretrial issues, including issues of preemption, standing, and jurisdiction. *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 175 F. Supp. 2d 593 (S.D.N.Y. 2001). Judge Scheindlin also denied the plaintiffs' motion for class certification. *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 209 F.R.D. 323 (S.D.N.Y. 2002).

## POINTS AND AUTHORITIES

1.  **Consolidation And Transfer Will Not Promote Just Or Efficient Litigation.**

The conditional transfer of the *Quincy* action should be vacated because transfer would not further the just and efficient conduct of the litigation. Consolidation of multiple actions before a single court is appropriate where the Panel determines that such transfer "will promote the just and efficient conduct of such actions." 28 U.S.C. section 1407(a). Where common issues have already been litigated and resolved, the Panel has held that consolidation is not appropriate for newly filed "tag along" actions, because the courts and parties involved in the later actions can obtain the benefits of consolidation by sharing discovery and implementing

previous pretrial rulings without resorting to transfer. *See, e.g., In re: A.H. Robins Co. Inc. "Dalkon Shield" IUD Products Liability Litigation*, 505 F.Supp. 221, 223 (D. Kansas 1981).

In evaluating a proposed transfer, the Panel has typically focused on the potential to avoid duplicative discovery, to prevent inconsistent pretrial rulings, and to conserve time and efforts of the parties and witnesses. *See In re Petroleum Products Antitrust Litigation*, 476 F.Supp. 455, 457 (N.D. Cal. 1979).

Litigation involving the contamination of drinking water supplies with MTBE is now well developed. As a consequence, the parties to previous MTBE-related matters in California have completed much, if not all, of the discovery common to MTBE cases and this material can easily be made available to the parties in the *Quincy* action. Moreover, it is believed that a depository was established in MDL Docket No. 1358 and the discovery from that proceeding can also be made available to the parties in *Quincy*. As a result, consolidation and transfer would not offer any degree of efficiency because the discovery that remains in the *Quincy* action is likely to be unique to the case. As such, a court located in California would likely be the most efficient means of litigating discovery in the *Quincy* action rather than a court located a continent and three time zones away. Accordingly, transfer and consolidation of the *Quincy* action is not warranted.

2.  **Alternatives To Transfer Can Prevent Inconsistent Pretrial Rulings.**

As with the potential for redundant discovery, the Panel has created alternatives to transfer and consolidation that alleviate the threat of inconsistent pretrial rulings. The Panel has vacated conditional transfer orders on the principle that a court can coordinate pretrial orders and rulings to "secure the benefits of section 1407 transfer while avoiding the frustration of the local consolidation [in the transferee court] which transfer . . . would generate." *In re: A.H. Robins*

*Co., Inc. "Dalkon Shield" IUD Products Liability Litigation*, *supra*, 505 F. Supp. at 223. The Panel has also vacated conditional transfer orders on the principle that "consultation and cooperation among the . . . district courts, if viewed appropriate[ly] by those courts, coupled with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings." *In re: Petroleum Products Antitrust Litigation*, *supra*, 476 F. Supp. at 458.

The issue recently briefed in various courts concerning the extent to which state common law causes of action may be preempted by federal law, particularly the Clean Air Act and its regulations, does not warrant consolidated treatment of the various MTBE cases. Numerous published federal and state court decisions have already determined the absence of such preemption. *See*, e.g., *Oxygenated Fuels Ass'n v. Pataki*, 158 F. Supp. 2d 248 (N.D.N.Y 2001); *Oxygenated Fuels Ass'n v. Davis*, 331 F.3d 665 (9th Cir. 2003); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 175 F. Supp. 593 (S.D.N.Y. 2001); *Gutierrez v. Mobil Oil Corp.*, 798 F. Supp. 1280, 1284 (W.D. Tex. 1992); *South Tahoe Public Utility District v. Atlantic Richfield Co.*, No 999128 (Cal. Super. Ct., San Francisco County, Jan. 15, 2002).

Threshold legal questions have already been addressed in previous MTBE-related action. As a consequence, significant judicial resources will not likely be needed to resolve issues peculiar to the *Quincy* action and transfer is therefore unwarranted. Accordingly, Fuel Star and Blue Star respectfully request that CTO-5, as it applies to the *Quincy* action, be vacated.

3. **Transfer Will Not Result In Convenience For The Parties And Witnesses.**

As noted above, discovery concerning industry-wide matters or applicability have largely been resolved in previous MTBE litigation. Consequently, the discovery likely to occur in the *Quincy* action will most likely be unique to that proceeding. Litigation of such issues in the Southern District of New York would therefore not be just or convenient for the small and mid-

sized defendants that comprise the bulk of the parties and witnesses in the *Quincy* action. To require these parties and witnesses to litigate discovery issues in the Southern District of New York would be a waste of their time and resources. Accordingly, transfer of the *Quincy* action is further unwarranted. Fuel Star and Blue Star therefore request that CTO-5 be vacated.

## CONCLUSION

MTBE litigation is not a gathering storm likely to produce a blizzard of motions and conflicting opinions, warranting consolidation. Rather, it is a mature field that now revolves around factual issues unique to each case. As such, the Southern District of New York is not the most efficient forum in which to handle such issues as they relate to the contamination of groundwater in Quincy, California. Accordingly, Fuel Star and Blue Star respectfully request that the Panel vacate the Conditional Transfer Order No. 5 as it relates to the Quincy action.

Dated: March 24, 2004

Respectfully submitted,

By: *[signature]*
Kevin D. Lally (SBN 095374)
Edward Romero (SBN 148495)
Greenan Peffer, Sallander & Lally LLP
Two Annabel Lane,
Suite 200
San Ramon, California 94518
(925) 866-1000 (telephone)
(925) 830-8787 (facsimile)

Attorneys for Defendants
Fuel Star, Inc. and Blue Star Petroleum, Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 26 2004

FILED
CLERK'S OFFICE

**PROOF OF SERVICE**

1. I, SIMONE THOMAS, hereby declare:

   I am employed in the County of Contra Costa, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of 18 and not a party to the within action. My business address is: Greenan, Peffer, Sallander & Lally, LLP, Two Annabel Lane, Suite 200, P.O. Box 10, San Ramon, California 94583.

   I am personally and readily familiar with the business practice of Greenan, Peffer, Sallander & Lally, LLP, for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, postage prepaid, with the United States Postal Service.

   On this date, I served

   1. **NOTICE OF MOTION AND MOTION OF DEFENDANTS FUEL STAR, INC. AND BLUE STAR PETROLEUM, INC. TO VACATE CONDITIONAL TRANSFER ORDER NO. 5 (CTO-5); MEMORANDUM IN SUPPORT THEREOF**

   on the following:

   **SEE ATTACHED PANEL SERVICE LIST**

   [X] **(BY MAIL)** By placing a true copy thereof enclosed in a sealed envelope for collection and processing in accordance with the above-described business practice.

   [ ] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   [ ] **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

   [ ] **[BY FEDERAL EXPRESS]** I caused such envelope(s) to be handed to a federal express representative on _____, at the offices of Greenan, Peffer, Sallander & Lally, LLP, 2 Annabel Lane, Ste. 200, San Ramon, CA 94583.

   [ ] **(BY PERSONAL SERVICE)** I caused each document to be delivered by hand this date to the addressee(s) listed above.

   [ ] **(FACSIMILE)** By facsimile transmission pursuant to Rule 2009 of the California Rules of Court.

   Addressee:
   Facsimile No.:          Date:          Time:

   Executed on March 25, 2004 at San Ramon, California.

                                              _____
                                              SIMONE THOMAS

## PANEL SERVICE LIST (Excerpted from CTO-5)
## DOCKET NO. 1358
## IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

*Quincy Community Services District v. Atlantic Richfield Co., et al.,*
E.D. California, C.A. No. 2:03-2582

Colleen P. Doyle
Bingham McCutchen, LLP
355 South Grand Avenue
Suite 4400
Los Angeles, CA 90071

Nathan P. Eimer
Eimer, Stahl, Klevorn & Solberg
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604

Taylor M. Florence
Bullivant, Houser, Bailey, et al.
11335 Gold Express Drive
Ste. 105
Goldriver, CA 95670-4491

Matthew T. Heartney
Arnold & Porter, LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017

Alan J. Hoffman
Blank Rome, L.L.P.
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6998

John J. Lyons
Latham & Watkins
650 Town Center Drive
Suite 2000
Costa Mesa, CA 92626-1925

Jeffrey John Parker
Sheppard, Mullin, Richter & Hampton, LLP
333 South Hope Street
Suite 4800
Los Angeles, CA 90071-1448

Morris A. Ratner
Lieff, Cabraser, Heimann & Bernstein, L.L.P.
780 Third Avenue
48th Floor
New York, NY 10017

Tracie J. Renfroe
Bracewell & Patterson
South Tower Pennzoil Place
Suite 2900
711 Louisiana
Houston, TX 77002

Edward Romero
Greenan, Peffer, Sallander & Lally, LLP
Two Annabel Lane
Suite 200
P.O. Box 10
San Ramon, CA 94583

David L. Schrader
Morgan, Lewis & Bockius
300 South Grand Avenue
22nd Floor
Los Angeles, CA 90071-3132

Victor M. Sher
Sher & Leff
450 Mission St.
Suite 500
San Francisco, CA 94105

William D. Temko
Munger, Tolles & Olson
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 26 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br><br>**METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION** | **MDL Docket No. 1358**<br><br>This Document Relates to *Quincy Community Services District v. Atlantic Richfield Company et al.*, Case No. 2:03-2582 LKK (E.D. Cal).<br><br>**DECLARATION OF EDWARD ROMERO IN SUPPORT OF MOTION OF DEFENDANTS FUEL STAR, INC. AND BLUE STAR PETROLEUM, INC. TO VACATE CONDITIONAL TRANSFER ORDER NO 5 (CTO-5)** |

**DECLARATION OF EDWARD ROMERO IN SUPPORT OF MOTION OF
DEFENDANTS FUEL STAR, INC. AND BLUE STAR PETROLEUM, INC.
TO VACATE CONDITIONAL TRANSFER ORDER NO. 5 (CTO-5)**

I, Edward Romero, declare:

1. I am a member of the Bar of the State of California and am admitted to practice before the United States Court of Appeals for the Ninth Circuit and each of the United State district

courts in the State of California. I am associated with the law firm of Greenan, Peffer, Sallander & Lally, LLP which is counsel of record to Fuel Star, Inc. ("Fuel Star") and Blue Star Petroleum, Inc. ("Blue Star"), defendants in the action captioned *Quincy Community Services District v. Atlantic Richfield Company et al.*, Case No. 2:03-2582(E. D. Cal) (the "*Quincy* action"). I have personal knowledge of the matters stated herein and if called as a witness, I could and would testify truthfully to such matters. I make this declaration in support of the Motion of Fuel Star and Blue Star to Vacate Conditional Transfer Order No 5 ("CTO-5"), issued by the Judicial Panel on Multidistrict Litigation (the "Panel") on February 25, 2004 in Docket No. 1358 *(In Re Methyl Tertiary Butyl Ether ("MTBE") Liability Litigation)*.

2.     Attached as Exhibit A hereto is a true and correct copy of the complaint served upon Fuel Star and Blue Star in the *Quincy* action.

3.     Attached as Exhibit B hereto is a true and correct copy of the Notice of Removal filed by certain defendants in the United States District Court for the Eastern District of California in the *Quincy* action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25th day of March 2004 in San Ramon, California.

_____
Edward Romero

# PROOF OF SERVICE
I, SIMONE THOMAS, hereby declare:

I am employed in the County of Contra Costa, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of 18 and not a party to the within action. My business address is: Greenan, Peffer, Sallander & Lally, LLP, Two Annabel Lane, Suite 200, P.O. Box 10, San Ramon, California 94583.

I am personally and readily familiar with the business practice of Greenan, Peffer, Sallander & Lally, LLP, for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, postage prepaid, with the United States Postal Service.

On this date, I served

1. **DECLARATION OF EDWARD ROMERO IN SUPPORT OF MOTION OF DEFENDANTS FUEL STAR, INC. AND BLUE STAR PETROLEUM, INC. TO VACATE CONDITIONAL TRANSFER ORDER NO 5 (CTO-5)**

on the following:

**SEE ATTACHED PANEL SERVICE LIST**

[X] **(BY MAIL)** By placing a true copy thereof enclosed in a sealed envelope for collection and processing in accordance with the above-described business practice.

[] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[] **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

[] **[BY FEDERAL EXPRESS]** I caused such envelope(s) to be handed to a federal express representative on _____, at the offices of Greenan, Peffer, Sallander & Lally, LLP, 2 Annabel Lane, Ste. 200, San Ramon, CA 94583.

[] **(BY PERSONAL SERVICE)** I caused each document to be delivered by hand this date to the addressee(s) listed above.

[] **(FACSIMILE)** By facsimile transmission pursuant to Rule 2009 of the California Rules of Court.

Addressee:
Facsimile No.:           Date:           Time:

Executed on March 25, 2004 at San Ramon, California.

_____
SIMONE THOMAS

## PANEL SERVICE LIST (Excerpted from CTO-5)
## DOCKET NO. 1358
## IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

*Quincy Community Services District v. Atlantic Richfield Co., et al.,*
E.D. California, C.A. No. 2:03-2582

Colleen P. Doyle
Bingham McCutchen, LLP
355 South Grand Avenue
Suite 4400
Los Angeles, CA 90071

Nathan P. Eimer
Eimer, Stahl, Klevorn & Solberg
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604

Taylor M. Florence
Bullivant, Houser, Bailey, et al.
11335 Gold Express Drive
Ste. 105
Goldriver, CA 95670-4491

Matthew T. Heartney
Arnold & Porter, LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017

Alan J. Hoffman
Blank Rome, L.L.P.
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6998

John J. Lyons
Latham & Watkins
650 Town Center Drive
Suite 2000
Costa Mesa, CA 92626-1925

Jeffrey John Parker
Sheppard, Mullin, Richter & Hampton, LLP
333 South Hope Street
Suite 4800
Los Angeles, CA 90071-1448

Morris A. Ratner
Lieff, Cabraser, Heimann & Bernstein, L.L.P.
780 Third Avenue
48th Floor
New York, NY 10017

Tracie J. Renfroe
Bracewell & Patterson
South Tower Pennzoil Place
Suite 2900
711 Louisiana
Houston, TX 77002

Edward Romero
Greenan, Peffer, Sallander & Lally, LLP
Two Annabel Lane
Suite 200
P.O. Box 10
San Ramon, CA 94583

David L. Schrader
Morgan, Lewis & Bockius
300 South Grand Avenue
22nd Floor
Los Angeles, CA 90071-3132

Victor M. Sher
Sher & Leff
450 Mission St.
Suite 500
San Francisco, CA 94105

William D. Temko
Munger, Tolles & Olson
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560



# NOTICE

PLEASE SEE OFFICIAL FILES
FOR

**MDL-1358
PLEADING 117
EXHIBITS A & 1-2A**

March 30, 2004

*Michael J. Beck*
CLERK OF THE PANEL