JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 15 2004

FILED
CLERK'S OFFICE

# MDL 1358

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

**METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION**

**MDL Docket No. 1358**

### DUKE ENERGY'S RESPONSE TO CERTAIN DEFENDANTS' CONSOLIDATED OPPOSITION TO DEFENDANTS DUKE ENERGY'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-4)

This Reply pertains to the action captioned *City of Fresno v. Chevron, U.S.A., Inc.*, Case No. C-03-5378-JSW (N.D. Cal.), which is an alleged tag-along case in the schedule of actions subject to Conditional Transfer Order CTO-4, issued by the Panel on February 6, 2004. Duke Energy responds to the averments of the defendants that opposed the Motions to Vacate Conditional Transfer Order (CTO-4) (hereinafter "Transferring Defendants") as follows:

1.      Duke Energy opposes the Transferring Defendant's motion to transfer and states that the Transferring Defendants have not met their burden of demonstrating that the *City of Fresno* case satisfies the criteria for transfer set forth in 28 U.S.C. § 1407.

2.      Duke Energy states that the transfer of the *City of Fresno* action is not a tag-along case and is not appropriate for transfer to MDL 1358 because: (i) local issues of fact in *City of Fresno* predominate over any common issues of fact that *City of Fresno* shares with other cases pending before the MDL currently or in the past; (ii) transferring *City of Fresno* will not serve the convenience of parties and witnesses because local issues predominate. Further,

**IMAGED** APR 16 '04

duplicative discovery can be avoided because discovery pertaining to the few common issues of fact has largely been completed in prior state and federal cases and can be made available to all parties; and (iii) transferring *City of Fresno* will not promote the just and efficient conduct of the litigation.  Inconsistent pre-trial rulings can be avoided by implementing mechanisms for sharing and applying prior rulings, and justice will not be served by forcing local California parties to defend themselves in the Southern District of New York.

WHEREFORE, Duke Energy respectfully requests that the Panel:

A.      Grant Duke Energy's Motion to Vacate CTO-4 as to the *City of Fresno*.

B.      Deny Transferring Defendants request for transfer of the *City of Fresno* to the United States District Court for the Southern District of New York for consolidated proceedings before MDL 1358 pursuant to 28 U.S.C. § 1407.

Dated: April 12, 2004                               Respectfully submitted,

By:_____
Robert P. Doty, Bar No. 148069
Karleen M. O'Connor, Bar No. 229531
**COX, CASTLE & NICHOLSON LLP**
555 Montgomery Street, 15th Floor
San Francisco, CA  94111-2585
(415) 392-4200
(415) 392-4250 (Facsimile)

Attorneys for Defendants
Duke Energy Merchants, LLC; Duke Energy
Trading and Marketing, LLC; Duke Energy
Merchants California, Inc.; and Northridge
Petroleum Marketing U.S., Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** APR 19 2004

FILED
CLERK'S OFFICE

|  |  |
|---|---|
| **IN RE:**<br><br>**METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION** | **MDL Docket No. 1358** |

## DUKE ENERGY'S RESPONSE TO CERTAIN DEFENDANTS' CONSOLIDATED RESPONSE OPPOSING ITS MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-4)

### INTRODUCTION

The pending effort by a handful of defendants in *City of Fresno v. Chevron U.S.A., Inc., et al.*, CV 03-5378-JSW (N.D. Cal.) to force an MDL process on all the other parties now in or subsequently added to the case should be rejected. The defendants opposing Duke Energy's Motion to Vacate Conditional Transfer Order (CTO-4), and similar motions filed in connection with other cases embraced by CTO-4, represent only one tier of the three-tier distribution chain targeted by the plaintiff. These refiner defendants do not represent the views of the numerous small and medium-sized retailers and distributors that become involved in these cases. Moreover, the arguments proffered by the refiners lack candor in key places and fail to satisfy the requirements for MDL consolidation.

The starting point for the refiners' Consolidated Opposition is a shrill and disingenuous attempt to scare the Panel with a bogeyman, the specter of imminent "disrupt[ion

of] the nations' gasoline supply" brought on by a "patchwork" of state regulation. *Certain Defendants' Consolidated Response Opposing All Motions to Vacate* at 4. This contention is complete nonsense. California has witnessed as much MTBE litigation as any state in the nation, and it has moved to ban MTBE. It is the "patchwork" poster child. Nonetheless, gasoline is still sold 24 hours a day, seven days a week, 365 days a year in California, and that has been true every day since the first MTBE cases were filed in the 1990's.

The bogeyman lurking on page 4 of the Consolidated Opposition thus bears no relation to reality, but it is a harbinger of the unavailing arguments found elsewhere in the Consolidated Opposition. For example, at page 8 the Consolidated Opposition suggests that those opposed to MDL consolidation must justify "splintering" the Fresno case from MDL 1358. The law is well established to the contrary. It is the proponents of MDL consolidation who have the burden of affirmatively justifying consolidation.

More importantly, it is a burden the refiners clearly have not met. With regard to judicial economy the refiners are duplicitous, not persuasive. Their preferred venue supposedly will be most efficient because it is "well versed in the facts" of MTBE litigation, but five pages later they admit that the discovery Judge Scheindlin supervised several years ago was, in fact, focused on "class certification and did not include exhaustive merits discovery." Consolidated Opposition at 11 and 16. With regard to "convenience of the parties," the refiners conveniently fail to mention that refiners are outnumbered approximately two-to-one by station operators and distributors in MTBE litigation pending in Sacramento, California. And they offer no explanation, cogent or otherwise, as to how the convenience of service station operators and distributors will be served by forcing those parties into discovery and motion processes structured to accommodate some 60 actions in which the station operators and distributors are

not participating. Similar flaws permeate the refiners' discussion of the "convenience of witnesses" criteria.

In sum, the Panel should vacate Conditional Transfer Order (CTO-4) as it applies to the Fresno action. The refiners have clearly failed to demonstrate that transfer from California to the Southern District of New York will satisfy the applicable criteria as they relate to this case.

## ARGUMENT

### A.   The Consolidated Opposition Rests On A Dubious Legal And Factual Foundation

The refiners open their argument claiming that the question before the Panel is whether the *City of Fresno* will "splinter" off from the "large number of MTBE actions being centralized before Judge Scheindlin . . . ." Consolidated Opposition at 8. That statement wrongly suggests that the burden is on Duke Energy to demonstrate why it is entitled to "splinter" the *City of Fresno* case from MDL 1358. In fact, it is the transferring defendants who must demonstrate how the purposes of Section 1407 will be served by ordering unwilling California plaintiffs and California defendants to litigate in the Southern District of New York. *See In re G.D. Serle & Co. "Copper 7" IUD Products Liability Litigation*, 483 F. Supp. 1343, 1345 (JPML 1980) (movants have burden of demonstrating that transfer will further the purposes of Section 1407); *In re 21st Century Productions, Inc. "Thrilsphere" Contract Litigation*, 448 F. Supp. 271, 272-73 (JPML 1978) ("movants are under a heavy burden to show that those common questions of fact are sufficiently complex and that the accompanying discovery will be so time-consuming as to justify transfer under Section 1407."); *accord In re: Chiropractic Antitrust Litigation*, 483 F. Supp. 811, 813 (JPML 1980).

The refiners' erroneous assertions about the burdens applicable to the pending motions are compounded by equally erroneous factual assertions about threats to the nation's

gasoline supply and a torrent of inconsistent legal rulings that will be unleashed absent MDL

consolidation. Neither of these propositions withstands scrutiny.

The fallacy of the refiners' arguments about MDL consolidation being essential to

forestall a "patchwork" of state standards is self-evident. The patchwork they seek to prevent, in

fact, already exists. A considerable number of states already have moved to ban MTBE from

gasoline. Others are considering such bans. A California jury has declared MTBE and gasoline

containing MTBE to be defective products (in the *South Lake Tahoe* action). That jury also

determined that at least some defendants had acted with malice in connection with their handling

of MTBE. Another California case (the *Fruitridge Vista* action) cannot be removed to federal

court, so a jury in that case may reach contrary conclusions and add further to the "patchwork."

Apparently, there are still other cases pending in state courts in North Carolina and New York

that will not be consolidated into MDL 1358. Consolidated Opposition at 17, n.8. In other

words, MDL consolidation will do absolutely nothing to prevent the creation of a "patchwork" of

state regulation.[1]

A somewhat different fallacy permeates the refiners' arguments concerning the

potential for inconsistent rulings. The fact of the matter is that the refiners do not fear

inconsistent rulings, they crave them. The refiners have lost every published ruling concerning

federal preemption of state regulation of MTBE. *E.g., Oxygenated Fuels Ass'n v. Pataki*, 158 F.

---

[1] It also should be noted that the refiners have no one but themselves to blame for the "wave" of MTBE cases that may add to the existing patchwork. Consolidated Opposition at 4. The wave was set off by legislative efforts undertaken by the oil industry to secure from Congress that which the industry had failed to obtain from the courts, federal preemption of MTBE suits. A provision that would have shielded the industry refiners from MTBE liability was added to the energy bill pending in Congress last fall. Claimants, fearing that Congress was about to deprive them access to the courts, naturally reacted by getting their cases on file, hence the "wave" of filings in September and October of 2003. The ban on MTBE suits ultimately became one reason the energy bill died. Zachary Cole, *GOP Brass Can't Pass Pork-Filled Energy Bill*, San Francisco Chronicle, Nov. 22, 2003, at A-1.

Supp. 2d 248 (N.D.N.Y 2001); *Oxygenated Fuels Ass'n v. Davis*, 331 F.3d 665 (9th Cir. 2003);

*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 175 F. Supp. 593

(S.D.N.Y. 2001); *Gutierrez v. Mobil Oil Corp.*, 798 F. Supp. 1280, 1284 (W.D. Tex. 1992). If

the MDL process does not produce some (favorable) inconsistency on this topic soon, the

refiners are dead in the water. In the *South Tahoe* case, the refiners fought epic battles

concerning the discovery and use of documents concerning the history of MTBE's introduction

and use as a gasoline additive. That battle ultimately was lost, the jury heard the evidence and

various oil companies subsequently paid in excess of $100 million to settle their way out of the

*South Lake Tahoe* and *Santa Monica* cases. If the MDL process does not produce inconsistency

with those rulings, the refiners are sunk. The Panel should accordingly take the refiners'

arguments about consistency with a sizable grain of salt. *Cf. In re "East of the Rockies"*

*Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 256 (JPML 1969) (J. Weigel, concurring)

("Will transfer serve any ulterior motive of any party or parties, such as forum shopping?"); *In*

*re: Highway Accident Near Rockville Connecticut, On December 30, 1972*, 388 F. Supp. 574,

575-76 (JPML 1975) ("plaintiff's request for transfer not motivated by a desire to achieve the

purpose for which Section 1407 was designed, but rather, a desire to circumvent obstacles of

personal jurisdiction . . . .").

**B.     The Refiners Have Failed To Demonstrate That Facts Common To All Cases Justify Consolidation**

The problems with the refiners' position is not limited to the factual and legal

foundation of their brief. Rather, there are problems at each level in the three-part standard

found in 28 U.S.C. § 1407. Refiners have not demonstrated 1) that the potential tag-along action

raises questions of fact common to the actions previously transferred; 2) that the transfer will

best serve the convenience of the parties and witnesses; and 3) that transfer will promote the just

and efficient conduct of the litigation. *In re: Stirling Homex Corp. Securities Litigation*, 442 F. Supp. 547, 549 (JPML 1977). The party seeking transfer must establish that all three of these criteria have been met. *See In re Highway Accident Near Rockville, Connecticut, on December 30, 1972*, 388 F. Supp. 574, 575 (JPML 1975). The refiners did not provide evidence supporting any of these criteria except as to themselves.

It is not enough for refiners to state that there are some common facts and allegations between *City of Fresno* and the other MTBE cases. Consolidated Opposition at 8-9. Common issues alone are not sufficient to justify transfer and consolidation. *See In re: Sears, Roebuck & Co. Employment Practices Litigation,* 487 F. Supp. 1362, 1364 (JPML 1980) ("[w]hatever common questions of fact that may be involved in determining these motions are simply insufficient, in our view, to overcome the overall predominance of individual factual questions regarding all the issues presented in each of these five actions."); *In re Richardson-Merrell, Inc.*, 582 F. Supp. 890, 890 (JPML 1984) ("Although we recognize that these actions share questions of fact with actions previously transferred in this litigation, we are not persuaded that transfer under Section 1407 remains appropriate for newly filed actions in this docket.").

Because the bulk of common, national-level discovery regarding the history of MTBE and its use by the refining industry occurred in the *South Lake Tahoe* and *Santa Monica* cases, the open issues relevant to the *City of Fresno* case will mostly be local. Discovery will thus focus on (1) the identity and location of the contaminated and threatened wells; (2) the levels of MTBE in those wells; (3) the presence or absence of other contaminants in those wells; (4) the hydrogeology of the groundwater; (5) the cleanup methods employed and/or proposed for the wells; (6) the identification of service stations from which gasoline was released; (7) the action taken or not taken by operators and regulators in response to those releases; (8) the

identity of the distributors who supplied to the leaking stations; and (9) the refining companies that supplied the distributors. These issues are unique to Fresno, California and do not overlap with the facts to be discovered in other locations. Indeed, Judge Scheindlin acknowledged the uniqueness of these issues in denying class certification in the original MDL 1358 proceeding. There, she observed that the contamination of any specific well presents "a factually unique set of circumstances" due to the varying levels of contamination in each and "the nature of relief that each will require." *In re MTBE Products Liability Litigation,* 209 F.R.D. 323, 337 (S.D.N.Y. 2002).

In cases such as this, where local issues predominate, the Panel has routinely held that transfer and consolidation are inappropriate. For example, *In re: Gasoline Lessee Dealers Antitrust Litigation*, 479 F. Supp. 578, 580 (JPML 1979), an antitrust case focused on the marketing practices between Mobil Oil Company and individual service station operators, the Panel denied Mobil's request for transfer. The Panel held that despite some common questions of fact concerning Mobil's marketing relationship with operators of individual service stations, issues specific to the practices of individual service stations in differing states dwarfed any common issues. *Id.* at 580; *accord, In re: Air Crash Disaster At Pago Pago, American Samoa, On January 30, 1974*, 394 F. Supp. 799, 799 (JPML 1975) (holding that transfer is inappropriate because issues of damages are unique).

Because the bulk of issues to be discovered is not location-specific and not common, the refiners' Chicken Little cries of duplicative discovery are unfounded. What refiners fail to mention is that much of the discovery has been completed as to the factual issues common to many of the MTBE cases. These common factual issues relate to the actions of the national gasoline manufacturers and refiners. These national defendants are defendants in the

majority of the MTBE cases nation-wide, but comprise a minority of the defendants in each individual case.

Refiners acknowledge that prior discovery from MTBE cases can be shared among the current parties, but wrongly assert that this must be coordinated by the MDL Court. Consolidated Opposition at 17. In fact, the Panel has repeatedly pointed out that "procedures exist whereby relevant discovery already completed in the transfree district may be made available to the parties in the newly filed actions" and on that basis denied consolidation. *In re: Richardson-Merrell, Inc.*, 582 F. Supp. 890, 890 (JPML 1984) (denying transfer and consolidation despite the fact that the actions shared questions of fact with previously transferred actions because discovery can be shared); *In re: Indian Motorcycle Bankruptcy and Receivership Litigation*, 206 F. Supp.2d 1365, 1366 (JPML 2002) (denying transfer and consolidation because alternatives to transfer exist); *In re: Dow Chemical Co. "Polystyrene Foam" Products Liability Litigation*, 429 F. Supp. 1035, 1036 (JPML 1977) (need for transfer obviated by fact that "discovery on the common question of fact . . . has been completed" and the parties stipulated to sharing this discovery in all cases); *In re: Air Crash Disaster Near Upperville, Virginia on December 1, 1974*, 430 F. Supp. 1295, 1297 (JPML 1997) (CTO vacated because all parties currently before panel had access to all discovery obtained in prior actions).

**C.   The Refiners Have Failed To Demonstrate That Transfer Will Serve The Convenience Of The Parties And Witnesses**

The refiners conclude, after a single paragraph of discussion, that transferring *City of Fresno* to MDL 1358 will serve the convenience of the parties and witnesses involved in this action. Consolidated Opposition at 10. They fail to explain how transfer will be convenient to anyone but themselves.

If past cases are any indication, many of the parties that ultimately will participate

in *City of Fresno* have not yet been added. How transfer serves these yet-to-be-named parties'
convenience is not even addressed in the Consolidated Opposition. Furthermore, the refiners
cite no cases where the Panel has found the convenience of the parties criteria satisfied at a point
when the majority of the parties have yet to be brought into the case. Rather than confront this
reality, the refiners assert that *City of Fresno* involves "many of the defendants as the cases
already transferred to MDL 1358." Consolidated Opposition at 10. That statement is true today,
but it will quickly become false once plaintiffs begin replacing the 400 "doe defendants" in the
distributor and service station classes with real parties.

This dilemma, ignored by the refiners, is well illustrated by the MTBE products
liability case currently progressing through California state court, *D.J. Nelson Trust, dba
Fruitridge Vista Water Company v. ARCO, et al.,* Case No. 02AS00535 (Sacramento Co. Sup.
Ct.) ("*Fruitridge*"). In the *Fruitridge* case, the gasoline manufacturers and refiners, many of
whom are defendants in *City of Fresno*, comprised the bulk of the initial *Fruitridge* defendants.
Eventually, however, the refiner/manufacturer defendants became the minority, with local
service station owners and regional distributors comprising the majority, outnumbering
refiner/manufacturers two-to-one.

The refiners have offered no evidence and no persuasive analysis as to why it is
convenient for these local defendants, involved in one of sixty MTBE cases before the MDL
1358, to track the developments of fifty-nine other cases in fifteen states rather than just
defending themselves in their own case. Should one of these parties dare to speak in person with
the federal judge controlling their fate, it certainly will not be convenient to fly across the
continent. Rather than addressing these issues, the refiners contemptuously dismiss the concerns
of these parties as "parochial." Consolidated Opposition at 22, fn. 17. In sum, convenience and

cost-savings from an MDL process will benefit the refiners class of defendants but not the other, larger groups of defendants.

The refiners have similarly failed to show how transferring *City of Fresno* to the Southern District of New York will convenience any witnesses but their own. Based on the *Fruitridge* case and other cases that have proceeded to resolution through California State courts, in addition to the parties, the witnesses in *City of Fresno* will likely include local regulatory agency staffers. The refiners do not explain how requiring these individuals, who are likely to be deposed, to accommodate the deposition schedules of witnesses in 59 other cases promotes their convenience. The only convenience served by transfer is that of the refiners.

**D.    The Refiners Have Failed To Demonstrate That Consolidation Will Result In Just And Efficient Conduct Of The Litigation**

The refiners' arguments that transfer and consolidation in MDL § 1358 before Judge Scheindlin would result in judicial economy are internally inconsistent and ultimately not persuasive. The refiners claim that judicial efficiency will be served because "Judge Scheindlin is well versed in the facts and law of the cases." Consolidated Opposition at 11. They then proceed to contradict this point by (correctly) stating that "[t]he discovery in MDL 1358 focused primarily on class certification and did not include exhaustive merits discovery." *Id.* at p. 16.

Judge Scheindlin, through no fault of her own, almost certainly knows little, if anything, concerning releases of MTBE in Fresno, California, other groundwater contamination in Fresno, California, the policies and procedures of service stations in Fresno, California, oversight by California regulatory agencies, plaintiffs' response to MTBE releases, or which refiners and distributors are involved in California's Central Valley markets. Judge Scheindlin's published opinions do cite to some California case law, enough to resolve motions to dismiss. Beyond that, it is not clear that she has any familiarity with the considerable body of California

law applicable to products liability, nuisance (which is a combination of statutory and decisional law), trespass or negligence.  In other words, there is no substantial evidence that judicial economy will be meaningfully advanced by transferring *City of Fresno* to MDL 1358.

The refiners' assertion that economies will be realized when they filed summary judgment motions is doubtful.  Consolidated Opposition at 19.  They fail to demonstrate, however, how judicial economy is gained by seeking a dispositive ruling on California law in the Southern District of New York.  The legal issues before the original MDL 1358 involved motions to dismiss, standing, and jurisdictional issues, no summary adjudication of claims, *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 175 F. Supp. 2d 593 (S.D.N.Y. 2001), as well as class certification.  *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 209 F.R.D. 323 (S.D.N.Y. 2002) (denying class certification).  A summary judgment motion on California tort law would require a court in the Southern District of New York to become versed on California law.  Judicial resources may be better economized by allowing a California judge, who has knowledge through supplemental jurisdiction of California tort law, to hear dispositive motions on California law.[2]  Moreover, summary judgment motions will promote judicial economy if the MDL 1358 court grants them.  If the motions are denied, the cases will proceed to trial outside the Southern District of New York.  New judges, unfamiliar with the facts of the case or the law involved, will then expend judicial time and resources hearing the trials.  The refiners failed to explain how this results in judicial efficiency.

---

[2] Judge White, before whom *City of Fresno* is currently pending and who is no stranger to California law, has ruled on cases based on California products liability law.  *See e.g.*, *Hardshbarger v. Phillip Morris, Inc.*, 2003 WL 23342396 (April 1, 2003, N.D. Cal.).

## CONCLUSION

In sum, the refiners' represent only one class of defendants in the three-tier distribution chain that is being targeted by plaintiffs. Their alarmist predictions about a patchwork of state regulations and potential disruption of the nation's gasoline supply are unfounded. Due to the maturity and history of MTBE litigation in California, this patchwork of state regulations already exists, and there has been no gasoline apocalypse. The refiners use this bogeyman as a stratagem to deflect attention from the fact that they have not met their burden under 28 U.S.C. § 1407. Refiners have not shown how transfer will be convenient to local defendants who will outnumber refiners two to one. Nor have they established that any judicial economy will gained by transfer. Rather, the convenience, justice and efficiency they proffer is their own. For these reasons, the Panel should vacate CTO-4.

Dated: April 12, 2004                         Respectfully submitted,

By: _____
     Robert P. Doty, Bar No. 148069
     Karleen M. O'Connor, Bar No. 229531
     **COX, CASTLE & NICHOLSON LLP**
     555 Montgomery Street, 15th Floor
     San Francisco, CA 94111-2585
     (415) 392-4200
     (415) 392-4250 (Facsimile)

Attorneys for Defendants
Duke Energy Merchants, LLC; Duke Energy
Trading and Marketing, LLC; Duke Energy
Merchants California, Inc.; and Northridge
Petroleum Marketing U.S., Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

APR 15 2004

FILED
CLERK'S OFFICE

| | |
|---|---|
| **IN RE:**<br><br>**METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION** | **MDL Docket No. 1358** |

## DUKE ENERGY'S STATEMENT OF REASONS WHY ORAL ARGUMENT SHOULD BE HEARD REGARDING ITS MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-4)

Pursuant to Rule 16.1(b) of the Rules of Procedure of the Panel on Multidistrict Litigation, defendants Duke Energy Merchants, LLC, Duke Energy Trading and Marketing, LLC, Duke Energy Merchants California, Inc. and Northridge Petroleum Marketing, U.S. Inc. (collectively, "Duke Energy") file this Statement of Reasons Oral Argument Should be Heard Regarding Its Motion to Vacate Conditional Transfer Order (CTO-4).  Duke Energy respectfully submits that oral argument should be heard on its Motion to Vacate Conditional Transfer Order (CTO-4) opposing transfer of the *City of Fresno v. Chevron, U.S.A., Inc.*, C-03-5378-JSW (N.D. Cal.) for the following reasons:

1.      There are multiple challenges to CTO-4, but Duke Energy's Motion to Vacate CTO-4 is the only challenge by a defendant.  Duke Energy's perspective is unique.  Duke Energy's counsel is familiar with the impact that MTBE cases have on distributor and retailer classes of defendants, and Duke Energy brings a perspective not provided by plaintiffs or the refiner defendants.  Oral argument should be heard to allow all parties to be fully heard.

2.     Oral argument will enable the Panel to hear and consider the full range of arguments and then rule on these motions because all parties will be available to the Panel's questions.

Dated: April 12, 2004

Respectfully submitted,

By: _____

Robert P. Doty, Bar No. 148069
Karleen M. O'Connor, Bar No. 229531
**COX, CASTLE & NICHOLSON LLP**
555 Montgomery Street, 15th Floor
San Francisco, CA  94111-2585
(415) 392-4200
(415) 392-4250 (Facsimile)

Attorneys for Defendants
Duke Energy Merchants, LLC; Duke Energy
Trading and Marketing, LLC; Duke Energy
Merchants California, Inc.; and Northridge
Petroleum Marketing U.S., Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 15 2004

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

CLERK'S OFFICE

| | |
|---|---|
| IN RE:<br><br>**METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION** | **MDL Docket No. 1358** |

## RULE 5.2 CERTIFICATION

I hereby certify that I have on this 12th day of April, 2004, served by First Class Mail, postage prepaid, a copy of the accompanying (1) Duke Energy's Response To Certain Defendants' Consolidated Response Opposing Its Motion To Vacate Conditional Transfer Order (CTO-4), (2) Duke Energy's Statement Of Reasons Why Oral Argument Should Be Heard Regarding Its Motion To Vacate Conditional Transfer Order (CTO-4), and (3) Duke Energy's Brief In Support Of Its Response To Certain Defendants' Consolidated Opposition To Motion To Vacate Conditional Transfer Order (CTO-4) to all parties identified in the attached service list.

Dated: April 12, 2004

Respectfully submitted,

By: _____

Robert P. Doty, Bar No. 148069
Karleen M. O'Connor, Bar No. 229531
**COX, CASTLE & NICHOLSON LLP**
555 Montgomery Street, 15th Floor
San Francisco, CA 94111-2585
(415) 392-4200
(415) 392-4250 (Facsimile)
Attorneys for Defendants
Duke Energy Merchants, LLC; Duke Energy
Trading and Marketing, LLC; Duke Energy
Merchants California, Inc.

## MDL SERVICE LIST

Samuel J. Abate, Jr.
McCarter & English LLP
300 Park Avenue, 18th Floor
New York, NY  10022-7402
(212) 609-6805
(212) 935-1893 (fax)
**Attorneys for CITGO Petroleum Corp. and
CITGO Refining and Chemical Inc.**

Jesse Adcock
Registered Agent
Adcock Petroleum, Inc.
2967 Marshfield Court
Orlando, FL  32822
(407) 275-7253

Carolyn G. Anderson
Zimmerman Reed PLLP
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402-4123
(612) 341-0400
(612) 341-0844 (fax)
**Attorneys for Plaintiff City of Rockport**

John J. Lyons
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA  90071-2007
(213) 485-1234
(213) 891-8763 (fax)
**Attorneys for ConocoPhillips Company**

Paul S. Aronowitz
    Lawrence E. Skidmore
Aronowitz & Skidmore
200 Auburn Folsom Road, Suite 305
Auburn, CA  95603
(530) 823-9736
(530) 823-5241 (fax)
**Attorneys for Nella Oil Company LLC**

Mark S. Baldwin
Brown Rudnick Berlack & Israels LLP
City Place I
185 Asylum Street
Hartford, CT  06103-3402
(860) 509-6514
(860) 509-6501 (fax)
**Attorneys for Koch Industries Inc.**

Dan H. Ball
Bryan Cave LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO  63102
(314) 259-2200
(314) 259-2020 (fax)
**Attorneys for Premcor Refining Group**

Deborah E. Barnard
    Robin L. Main
    Tara Myslinski
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700
(617) 523-6850 (fax)
**Attorneys for Exxon Mobil Chemical Company
Inc., Exxon Mobil Corporation, Exxon Mobil Oil
Corporation, Exxon Mobil Pipe Line Company,
Exxon Mobil Refining and Supply Company,
Mobil Corporation and Mobil Oil Corporation**

M. Scott Barrett
Barrett & Associates
520 North Walnut Street
P.O. Box 5233
Bloomington, IN   47407-5233
(812) 336-4664
(812) 337-8850 (fax)
**Attorneys for Plaintiff City of Rockport**

William W. Barrett
Williams Hewitt & Robbins LLP
600 N. Emerson Avenue
Greenwood, IN   46143
(317) 888-1121
(318) 887-4669 (fax)
**Attorneys for Plaintiff City of Rockport**

Charles F. Becker
Belin Larnson McCormick Zurnbach & Flynn
Financial Center
666 Walnut Street, Suite 2000
Des Moines, IA   50309-3989
(515) 283-4609
(515) 558-0609 (fax)
**Attorneys for Koch Industries, Inc.**

Peter G. Beeson
Devine Millimet & Branch
111 Amherst Street
P.O. Box 719
Manchester, NH   03105
(603) 669-1000
(603) 669-8547 (fax)
**Attorneys for Sunoco, Inc. (R&M)**

Rebecca J. Bernstein
ATOFINA Chemicals, Inc.
2000 Market Street
Philadelphia PA   19103
(215) 419-5415
(215) 419-7933 (fax)
**Attorneys for Total Holdings USA, Inc.  formerly known as Total Fina Elf**

Elizabeth L. Bevington
Holland & Knight LLP
P.O. Box 810
Tallahassee, FL   32302-0810
(850) 224-7000
(850) 224-8832 (fax)
**Attorneys for Exxon Mobil Chemical Company, Inc., individually and formerly known as Mobil Chemical Company, Inc., Exxon Mobil Corporation, individually and as successor-in-interest to Mobil Corporation (and d/b/a Exxon Mobil Refining and Supply Company) and Exxon Mobil Oil Corporation, individually and formerly known as Mobil Oil Corporation**

Anthony A. Bongiorno
McDermott Will & Emery
28 State Street
Boston, MA   02109
(617) 535-4044
(617) 535-3800 (fax)
**Attorneys for Exxon Mobil Chemical Company Inc., Exxon Mobil Corporation, Exxon Mobil Oil Corporation, Exxon Mobil Pipe Line Company, Exxon Mobil Refining and Supply Company, Mobil Corporation and Mobil Oil Corporation**

F. Wesley Bowers
Bowers Harrison LLP
25 N.W. Riverside Drive, 2nd Floor
P.O. Box 1287
Evansville, IN   47706-1287
(812) 426-1231
(812) 464-3676 (fax)
**Attorneys for CITGO Petroleum Corp.  and CITGO Refining and Chemical Inc.**

Peter A. Bellacosa
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
(212) 446-4800
(212) 446-4900 (fax)
**Attorneys for Atlantic Richfield Company,
ARCO Products Company, BP America Inc.,
BP Amoco Chemical Company, BP Company
North America Inc., BP Corporation North
America Inc. (f/k/a BP Amoco Corporation and
Amoco Corporation), BP Products North
America Inc. (f/k/a Amoco Oil Company and
misnamed as BP Product North Americas, Inc.)
and BP West Coast Products LLC**

Timothy F. Burr
Galloway Johnson Tompkins Burr & Smith
1101 Gulf Breeze Parkway, Suite 2
Gulf Breeze, FL 32561
(850) 934-3800
(850) 934-3848 (fax)
**Attorneys for Central Florida Pipeline Corp.**

Chelsea Sandwich LLC
800 South Street
Waltham, MA 02254-9161

Roxanne Conlin
Conlin & Associates PC
319 7th Street, Suite 600
Des Moines, IA 50309
(515) 283-1111
(515) 282-0477 (fax)
**Attorneys for Plaintiffs City of Galva, City of
Sioux City and City of Ida Grove**

Thomas Constabile
McMillan Constabile LLP
2180 Boston Post Road
Larchmont, NY 10538
(914) 834-3500
(914) 834-0620 (fax)
**Attorneys for Star Supply Petroleum Inc.**

James M. Corrigan
James Martin Corrigan, PA
1015 North 12th Avenue
Pensacola, FL 32501
(850) 434-9999
(850) 438-8979 (fax)
**Attorneys for Plaintiff Escambia County Utilities
Authority**

David J. Crotta, Jr.
    Francis J. Drumm, III
    Robert G. Oliver
Mulvey Oliver Gould & Crotta
83 Trumbull Street
New Haven, CT 06511
(203) 624-5111
(203) 789-8371 (fax)
**Attorneys for CITGO Petroleum Corp. and
CITGO Refining and Chemical Inc.**

CT Corporation System
Registered Agent
Nine Capitol Street
Concord, NH 03301
**For El Paso Merchant Energy Petroleum**

Angelo A. Cuonzo
Slowinski Atkins & Czyz LLP
One Newark Center, 14th Floor
Newark, NJ 07102
(973) 824-0900
(973) 824-8009 (fax)
**Attorneys for CITGO Petroleum Corp. and CITGO Refining and Chemical Inc.**

Mindy G. Davis
Howrey Simon Arnold & White LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
(202) 783-0800
(202) 383-6610 (fax)
**Attorneys for Amerada Hess Corporation, Hess Energy Incorporated, El Paso Corporation, El Paso CGP Company, El Paso Merchant Energy-Petroleum Company, Coastal Oil New England, Coastal Eagle Point Oil Company and Coastal Mobile Refining Company**

George A. Dagon, Jr.
Murtha Cullina LLP
City Place I
185 Asylum Street
Hartford, CT 06103
(860) 240-6000
(860) 240-6150 (fax)
**Attorneys for Atlantic Richfield Company, ARCO Products Company, BP America Inc., BP Amoco Chemical Company, BP Company North America Inc., BP Corporation North America Inc. (f/k/a BP Amoco Corporation and Amoco Corporation), BP Products North America Inc. (f/k/a Amoco Oil Company and misnamed as BP Product North Americas, Inc.) and BP West Coast Products LLC**

Jennifer M. DelMonico
Murtha Cullina LLP
Whitney Grove Square
2 Whitney Avenue
P.O. Box 704-A
New Haven, CT 06503-0704
(203) 772-7700
(203) 772-7723 (fax)
**Attorneys for Atlantic Richfield Company, ARCO Products Company, BP America Inc., BP Amoco Chemical Company, BP Company North America Inc., BP Corporation North America Inc. (f/k/a BP Amoco Corporation and Amoco Corporation), BP Products North America Inc. (f/k/a Amoco Oil Company and misnamed as BP Product North Americas, Inc.) and BP West Coast Products LLC**

Barry R. Davidson
Hunton & Williams LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131-3136
(305) 810-2500
(305) 810-2460 (fax)
**Attorneys for Koch Industries, Inc.**

Michael DeMarco
        Daniel E. Rosenfeld
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100
(617) 261-3175 (fax)
**Attorneys for ConocoPhillips Company**

Harry P. Davis
Chevron Products Co.
2300 Windy Ridge Parkway, Suite 800
Atlanta, GA 30339-5673
**Attorneys for Chevron**

Wayne F. Dennison
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
(617) 856-8247
(617) 856-8201 (fax)
**Attorneys for Koch Industries, Inc.**

Brigitte M. Dewez, Corporate Secretary
2141 Rosecrans Avenue, Ste. 4000
El Segundo, CA 90245
**Corporate Secretary for Unocal Corp.**

Brendan M. Dixon
Unocal Corporation
376 S. Valencia Avenue
Brea, CA 90245
(714) 577-2933
(714) 577-2980 (fax)
**Attorneys for Unocal Corporation and Union Oil Company of California**

Robert P. Doty
     Alicia Vaz
Cox, Castle & Nicholson LLP
555 Montgomery Street, 15th Floor
San Francisco, CA 94111-2585
(415) 392-4200
(415) 392-4250 (fax)
**Attorneys for Duke Energy Merchants LLC, Duke Energy Trading and Marketing LLC, Duke Energy Merchants California, Inc. and Northridge Petroleum Marketing U.S., Inc.**

Colleen P. Doyle
     Diana Pfeffer Martin
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
(213) 680-6400
(213) 680-6499 (fax)
**Attorneys for ExxonMobil Corporation, Tesoro Refining and Marketing, Inc. and Westport Petroleum, Inc.**

John V. Dwyer
Winer & Bennett LLP
110 Concord Street
P.O. Box 488
Nashua, NH 03061-0488
(603) 882-5157
(603) 882-2694 (fax)
**Attorneys for Exxon Mobil Corp. and Exxon Mobil Oil Corp.**

Joseph G. Eaton
Barnes & Thornburg
11 South Meridian Street
Indianapolis, IN 46204-3535
(317) 231-7705
(317) 231-7433 (fax)
**Attorneys for Koch Industries, Inc.**

Lawrence M. Edelman
Pierce Atwood
Pease International Tradeport
One New Hampshire Avenue, Suite 350
Portsmouth, NH 03801
(603) 373-2004
(603) 433-6372 (fax)
**Attorneys for Lyondell Chemical Company**

Nathan P. Eimer
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Avenue, Suite 1100
Chicago, IL 60604
(312) 660-7600
(312) 692-1718 (fax)
**Attorneys for CITGO Petroleum Corp. and CITGO Refining and Chemicals Company**

Edward Faneuil
Global Petroleum Corp.
800 South Street
Waltham, MA 02453

John J. Fanning
Cullen & Dykman LLP
177 Montague Street
Brooklyn, NY  11201
(718) 780-0085
(718) 935-1509 (fax)
**Attorneys for Getty Petroleum Marketing Inc.
and Getty Terminals Corporation**

Bruce W. Felmly
McLane Graf Raulerson & Middleton
900 Elm Street
P.O. Box 326
Manchester, NH  03105-0326
(603) 625-6464
(603) 625-5650 (fax)
**Attorneys for Irving Oil Limited and Irving Oil
Corporation**

Jeffrey L. Fillerup
Luce Forward Hamilton & Scripps LLP
Two Rincon Center
121 Spear Street, Suite 200
San Francisco, CA  94105-1582
(415) 356-4600
(415) 356-3881 (fax)
**Attorneys for PS Trading, Inc.**

Heather M. Fusco
Beveridge & Diamond PC
477 Madison Avenue
New York, NY  10022
(212) 702-5400
(212) 702-5450 (fax)
**Attorneys for Sunoco, Inc.**

John C. Gillespie
        Joseph J. McGovern
Parker McCay & Criscuolo P.C.
The Greentree Center, Suite 401
Route 73 & Greentree Road
Marlton, NJ  08053
(856) 596-8900
(856) 596-9631 (fax)
**Attorneys for Plaintiffs in New Jersey American
Water Company, Inc.,  et al.**

Robert J. Gordon
Weitz & Luxenberg
180 Maiden Lane, 17th Floor
New York, NY  10038
(212) 558-5500
(212) 344-5461 (fax)
**Attorneys for Canton Board of Education,
Columbia Board of Education, Childhood
Memories, Our Lady of the Rosary Chapel,
American Distilling & Manufacturing Co., Inc.,
Town of East Hampton, and United Water CT,
Inc. (Connecticut); City of Portsmouth and City of
Dover (New Hampshire); Long Island Water
Corp. and Water Authority of Great Neck North
(New York); and Town of Hartland (Vermont)**

Steven M. Gordon
Shaheen & Gordon PA
Two Capital Plaza
P.O. Box 2703
Concord, NH  03302-2703
(603) 225-7262
(603) 225-5112
**Attorneys for Ultramar Energy, Inc., Ultramar
Limited, Valero Energy Corp. and Valero
Marketing & Supply Company**

Steven M. Greenspan
Day Berry & Howard LLP
City Place I
185 Asylum Street
Hartford, CT  06103-3499
(860) 275-0100
(860) 275-0343 (fax)
**Attorneys for Inland Fuel Terminals Inc.**

Frank M. Grenard
Whitfield & Eddy PLC
317 6th Avenue, Suite 1200
Des Moines, IA   50309-4195
(515) 288-6041
(515) 246-1474 (fax)
**Attorneys for Alon USA Energy, Inc., Alon USA, LP, Fina Oil and Chemical Company, Total Holdings USA, Inc. (erroneously named as Total Fina Elf), Diamond Shamrock Refining and Marketing, Valero Energy Corporation, Valero Marketing and Supply Company, Valero Refining and Marketing Company, Valero Colorado Refining Company, Valero Refining Company Louisiana, Valero Refining Company Texas, Valero Refining Company New Jersey, Conoco, Inc., ConocoPhillips, Phillips 66 Company, Phillips 66 Company n/k/a ConocoPhillips Company, Phillips Petroleum Company n/k/a ConocoPhillips Company and Tosco Refining Company, n/k/a ConocoPhillips**

John S. Guttmann
Beveridge & Diamond, PC
1350 I Street, N.W., Suite 700
Washington, DC  20005
(202) 789-6020
(202) 789-6190 (fax)
**Attorneys for Sunoco Inc. and Sunoco Inc. (R&M)**

Tracie J. Renfroe
Bracewell & Patterson LLP
711 Louisiana Street, Suite 2900
Houston, TX  77002
(713) 221-1404
(713) 221-2123 (fax)
**Attorneys for Alon USA Energy, Inc., Alon USA LP,  ATOFINA Petrochemicals, Inc., Diamond Shamrock Refining and  Marketing, Total Holdings USA, Inc.,  Ultramar, Inc., Ultramar Energy, Inc., Ultramar Ltd., Valero Energy Corporation,  Valero Marketing and Supply Company, Valero Refining and Marketing Company, Valero- Colorado Refining Company, Valero Refining Company-California,  Valero Refining Company-New Jersey, Valero  Refining Company-Louisiana and Valero Refining Company- Texas**

Mark L. Tripp
Bradshaw Fowler Proctor & Fairgrave
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
(515) 246-5871
(515) 246-5808 (fax)
**Attorneys for Fauser Oil Co., Inc.**

David S. Hardy
        Dorit S. Heimer
Levett Rockwood PC
33 Riverside Avenue
P.O. Box 5116
Westport, CT  06881
(203) 222-0885
(203) 226-8025 (fax)
**Attorneys for Amerada Hess Corporation,
Coastal Eagle Point Oil Company, Coastal
Mobile Refining Company, Coastal States
Trading Inc., Coastal Refining and  Marketing,
El Paso CGP Company,  El Paso Corporation,
Marathon Ashland Petroleum LLC, Marathon
Oil Corporation and Sunoco Inc.**

Matthew T. Heartney
        Lawrence Allen Cox
Arnold & Porter
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
(213) 243-4000
(213) 243-4199 (fax)
**Attorneys for Atlantic Richfield Company and
BP Products North America, Inc.**

Peter W. Heed, Attorney General
        Maureen D. Smith, Sr. Asst. AG
Environmental Protection Bureau
Office of the Attorney General
33 Capitol Street
Concord, NH  03301-6397
**Attorneys for Plaintiff State of New Hampshire**

Donna Nelson Heller
Finn Dixon & Herling LP
One Landmark Square, Suite 1400
Stamford, CT  06901
(203) 325-5000
(203) 348-5777 (fax)
**Attorneys for Lyondell Chemical Company**

Jeffrey R. Hellman
Zeisler & Zeisler PC
558 Clinton Avenue
P.O. Box 3186
Bridgeport, CT  06605-0186
(203) 368-4234
(203) 367-9678 (fax)
**Attorneys for New Haven Terminal Inc.**

Alan J. Hoffman
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103-6998
(215) 569-5505
(215) 832-5505 (fax)
**Attorneys for Lyondell Chemical Company, f/k/a/
Lyondell Petrochemical Company and f/k/a/
ARCO Chemical Company**

Hojoon Hwang
        William D. Temko
Munger Tolles & Olson LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA  90071
(213) 683-9100
(213) 687-3702 (fax)
**Attorneys for Shell Oil Company, Shell  Oil
Products U.S., Texaco Refining & Marketing, Inc.
and Equilon Enterprises LLC**

William J. Kayatta, Jr.
Pierce Atwood
One Monument Square
Portland, ME  04101
(207) 791-1100
(207) 791-1350 (fax)
**Attorneys for Lyondell Chemical Company**

Joseph C. Kearfott
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219
(804) 788-8200
(804) 788-8218 (fax)
**Attorneys for Koch Industries Inc.**

Frederic R. Klein
Goldberg Kohn Ltd.
55 East Monroe Street, Suite 3700
Chicago, IL  60603-5802
(312) 201-4000
(312) 332-2196 (fax)
**Attorneys for Unocal Corp. and Union Oil Company of California**

Trenten D. Klingerman
Stuart & Branigin LLP
The Life Building, Suite 800
600 Main Street
P.O. Box 1010
Lafayette, IN  47902
(765) 423-1561
(765) 742-8175 (fax)

Peter R. Knight
LeBoeuf Lamb Greene & MacRae LLP
225 Asylum Street
Hartford, CT  06103
(860) 293-3550
(860) 293-3555 (fax)
**Attorneys for Getty Petroleum  Marketing Inc.**

Ben M. Krowicki
Bingham McCutchen LLP
One State Street
Hartford, CT  06103-3178
(860) 240-2926
(860) 240-2818 (fax)
**Attorneys for Crown Central Petroleum  Corp.**

J. Andrew Langan
   Mark S. Lillie
   R. Chris Heck
Kirkland & Ellis LLP
200 East Randolph Drive, Suite 6100
Chicago, IL  60601-6636
(312) 861-2000
(312) 861-2200 (fax)
**Attorneys for Atlantic Richfield Company,  ARCO Products Company, BP America Inc.,  BP Amoco Chemical Company, BP Company  North America Inc., BP Corporation North  America Inc. (f/k/a BP Amoco Corporation  and Amoco Corporation), BP Products North  America Inc. (f/k/a Amoco Oil Company and  misnamed as BP Product North Americas,  Inc.) and BP West Coast Products LLC**

Brian M. Ledger
Gordon & Rees LLP
101 West Broadway, Suite 1600
San Diego, CA 92101-3541
(619) 696-6700
(619) 696-7124 (fax)
**Attorneys for Kern Oil & Refining Co.**

Steven L. Leifer
Baker Botts LLP
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
(202) 639-7723
(202) 585-1040 (fax)
**Attorneys for Marathon Ashland Petroleum
LLC, Marathon Oil Company and Marathon
Oil Corporation**

Scott L. Long
Brown Winick Graves Gross Baskerville
        and Schoenebaum PLC
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
(515) 242-2400
(515) 283-0231 (fax)

Tracie L. Longman
        Andrew G. Wailgum
        Seth M. Wilson
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 457-4000
(617) 482-3868 (fax)
**Attorneys for Atlantic Richfield Company, BP
America, Inc., BP Amoco Chemical Company,
BP Company North America Inc., BP
Corporation North America Inc., BP Global
Special Products (America) Inc. and BP
Products North America Inc. (formerly known
as Amoco Oil Company and misnamed as BP
Products North Americas, Inc.)**

Spencer T. Malysiak
Spencer T. Malysiak Law Corporation
1180 Iron Point Road, Suite 145-B
Folsom, CA 95630
(916) 985-4400
(916) 985-0100 (fax)
**Attorneys for New West Petroleum and New West
Petroleum LLC**

Joseph W. Martini
        Karen Mignone
        Paul J. Hogan
        Amy McCallan
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890-1436
(203) 319-4000
(203) 259-0251 (fax)
**Attorneys for Premcor Refining Group**

John McGahren
Latham & Watkins LLP
One Newark Center, 16th Floor
Newark, NJ 07101-3174
(973) 639-1234
(973) 639-7298 (fax)
**Attorneys for Getty Properties Corporation**

Matthew F. Medeiros
Little Bulman Medeiros & Whitney PC
72 Pine Street
Providence, RI 02903
(401) 272-8080
(401) 272-8195 or (401) 490-6918 (fax)
**Attorneys for CITGO Petroleum Corp.**

Michael D. Axline
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA  95825-4272
(916) 488-6688
(916) 488-4288 (fax)
**Attorneys for Plaintiff City of Fresno**

Jeffrey W. Moryan
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ  07068
(973) 535-0500
(973) 535-9217 (fax)
**Attorneys for Motiva Enterprises LLC**

J. Stephen Bennett
        Michael L. James
Baker & Daniels
111 East Wayne Street, Suite 800
Fort Wayne, IN  46802
(260) 424-8000
(260) 460-1700 (fax)
**Attorneys for Lassus Bros. Oil, Inc.**

Neal L. Moskow
        Valerie J. Payne
Ury & Moskow LLC
888 Black Rock Turnpike
Fairfield, CT  06825
(203) 610-6393
(203) 610-6399 (fax)
**Attorneys for Plaintiffs Canton Board of Education, Childhood Memories, Columbia Board of Education, Town of East Hampton, American Distilling and Mfg. Co. Inc., Our Lady of the Rosary Chapel and United Water Connecticut, Inc.**

Peter W. Mosseau
        Jeffrey A. Meyers
Nelson Kinder Mosseau & Saturley PC
99 Middle Street
Manchester, NH  03101
(603) 647-1800
(603) 647-1900 (fax)
**Attorneys for CITGO Petroleum Corp.**

Samuel P. Moulthrop
Riker Danzig Scherer Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ  07962-1981
(973) 538-0800
(973) 538-1984 (fax)
**Attorneys for Koch Industries, Inc.**

Charles T. O'Brien
225 High Ridge Road
Stamford, CT  06905
(203) 978-6988
(203) 978-6952 (fax)
**Attorneys for StatOil Marketing and Trading (US) Inc.**

W. Scott O'Connell
Nixon Peabody LLP
889 Elm Street
Manchester, NH  03101-2019
(603) 628-4000
(603) 628-4087 (fax)
**Attorneys for StatOil Marketing and Trading (US) Inc.**

Thomas F. Panebianco
Thomas Fredric Panebianco, PA
1801 N. Meridian Rd., Ste. A
P.O. Box 3546
Tallahassee, FL  32315-3546
**Attorneys for McKenzie Service Co., Inc.**

Peter J. Sacripanti
McDermott Will & Emery
50 Rockefeller Plaza
New York, NY 10020-1605
(212) 547-5400
(212) 547-5444 (fax)
**Attorneys for Exxon Corporation, Exxon Mobil Corporation, ExxonMobil Oil Corporation, ExxonMobil Chemical Company, ExxonMobil Pipe Line Company, ExxonMobil Refining and Supply Company, and Mobil Corporation**

Matthew F. Pawa
Law Offices of Matthew F. Pawa, PC
1280 Centre Street, Suite 230
Newton Center, MA 02459
(617) 641-9550
(617) 641-9551 (fax)
**Attorneys for Plaintiff State of New Hampshire**

William L. Parker
Fitzhugh Parker & Alvaro LLP
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330
(617) 695-2335 (fax)
**Attorneys for Chevron USA, Inc., individually and formerly know as Gulf Oil Corp. (d/b/a Chevron Products Company and d/b/a Chevron Chemical Company), Equilon Enterprises, LLC, individually and also known as Shell Oil Products US, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company, Shell Oil Products Company LLC, Shell Petroleum, Inc., Shell Trading (US) Company, individually and formerly known as Equiva Trading Company, and also known as Stusco**

Barry Richard
Greenberg Traurig PA
101 East College Avenue
P.O. Drawer 1838
Tallahassee, FL 32302
(850) 222-6891
(850) 681-0207 (fax)
**Attorneys for ConocoPhillips Company, individually and as successor-in-interest to Conoco, Inc. and Phillips Petroleum Company and d/b/a Phillips 66 Company, Tosco Corporation, individually and a/k/a Tosco Refining Company and a/k/a Tosco Marketing Company**

Patrick Michael Patterson
Emmanuel Sheppard & Condon
30 S. Spring Street
P.O. Box 1271
Pensacola, FL 32502-1271
(850) 433-6581
(850) 434-5856 (fax)
**Attorneys for CITGO Petroleum Corp. and CITGO Refining and Chemicals Co. LP**

Lawrence P. Riff
Steptoe & Johnson LLP
633 West Fifth Street, Suite 700
Los Angeles, CA 90071
(213) 439-9400
(213) 439-9599 (fax)
**Attorneys for Lyondell Chemical Company**

Marc A. Rollo
    Frank D. Allen
    Carlos M. Bollar
Archer & Greiner PC
One Centennial Square
P.O. Box 3000
Haddonfield, NJ  08033-0968
(856) 795-2121
(856) 795-0574 (fax)
**Attorneys for Exxon Mobil Chemical  Company, Inc. (individually and f/k/a Mobil Chemical Company, Inc.), Exxon Mobil Corporation [individually and as successor-in-interest to Exxon Corporation and as successor-in-interest to Mobil Corporation (and d/b/a Exxon Mobil Refining and Supply Company), Exxon Mobil Oil Corporation (individually and f/k/a Mobil Oil Corporation) and Exxon Mobil Pipeline Company**

Lauren E. Rosenblatt
Hunton & Williams LLP
200 Park Avenue
New York City, NY  10166-0136
(212) 309-1000
(212) 309-1100 (fax)
**Attorneys for Koch Industries, Inc.**

C. Joseph Russell
Bose McKinney & Evans LLP
2700 First Indiana Plaza
135 N. Pennsylvania Street
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 (fax)
**Attorneys for Exxon Mobil Corporation, ExxonMobil Oil Corporation, ExxonMobil Chemical Co. Inc.  and Mobil Corporation**

Richard M. Sandman
Rodman Rodman & Sandman PC
442 Main Street, Suite 300
Malden, MA  02148-5122
(781) 322-3720
(781) 324-6906 (fax)
**Attorneys for Plaintiffs in Town of Duxbury, et al.**

Daniel P. Scapellati
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
(860) 522-6103
(860) 548-0006 (fax)
**Attorneys for Alon USA Energy, Inc., Alon USA LP, Diamond Shamrock Refining and  Marketing, Fina Oil and Chemical Company,  Ultramar, Inc., Valero Energy Corporation,  Valero Marketing and Supply Company, Valero Refining and Marketing Company, Valero-Colorado Refining Company, Valero Refining Company, Valero Refining Company-California, Valero Refining Company New Jersey, Valero Refining Company Louisiana and Valero Refining Company Texas**

Fred E. Schulz
Wildman Harrold Allen & Dixon LLP
225 W. Wacker Drive
Chicago, IL  60606-1229
(312) 201-2658
(312) 201-2555 (fax)
**Attorneys for Lyondell Chemical Company**

Marc M. Seltzer
    David C. Marcus
Susman Godfrey LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA   90067
310-789-3100
310-789-3150 (fax)
**Attorneys for ARCO Chemical Company and
Lyondell Chemical Company**

Andrew W. Serell
Rath Young & Pignatelli
One Capital Plaza
P.O. Box 1500
Concord, NH  03302-1500
(603) 226-2600
(603) 226-2700 or (603) 228-2294 (fax)
**Attorneys for Chevron Texaco Corp., Chevron
U.S.A. Inc., Motiva Enterprises, LLC, Shell Oil
Co. and Texaco Refining & Marketing, Inc.**

Victor M. Sher
Sher Leff LLP
450 Mission Street, Suite 500
San Francisco, CA  94105
(415) 348-8300
(415) 348-8333 (fax)
**Attorneys for Plaintiffs California-American
Water Company and State of New Hampshire**

Charles Siddons
McMillan Constabile LLP
777 Summer Street
Stamford, CT  06901
**Attorneys for Star Supply Petroleum, Inc.**

Andrew M. Smith
Getty Properties Corp.
125 Jericho Turnpike, Suite 103
Jericho, NY  11753
(516) 478-5451
(516) 478-5490 (fax)
**Attorneys for Getty Properties Corp.**

Rod G. Smith
ConocoPhillips
600 North Dairy Ashford
Houston, TX  77079
(281) 293-1740
(281) 293-3826 (fax)
**Attorneys for ConocoPhillips Company, Conoco
Inc., Phillips Petroleum Company, Phillips 66
Company and Tosco Corporation**

Thomas J. Smith
Galloway Johnson Tompkins Burrr & Smith
One Shell Square
701 Poydras Street, Suite 4040
New Orleans, LA  70139-4004
(504) 525-6802
(504) 525-2456 (fax)
**Attorneys for Central Florida Pipeline Corp.**

Donald M. Snemis
Ice Miller
One American Square
P.O. Box 82001
Indianapolis, IN  46282
(317) 236-2100
(317) 236-2219 or  (317) 592-4765 (fax)

Robert K. Stanley
    Melissa M. Hinds
Baker & Daniels
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
(317) 237-0300
(317) 237-1000 (fax)
**Attorneys for Countrymark Cooperative,  LLC,
successor by merger to  Countrymark
Cooperative, Inc.**

Jeffrey G. Stark
Meyer Suozzi English & Klein PC
1505 Kellum Place
Mineola, NY 11501
(516) 741-6565
(516) 741-6706 (fax)
**Attorneys for Equilon Enterprises LLC, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company, Shell Oil Products Company LLC, Shell Petroleum Inc., Shell Trading (US) Company and Texaco Refining & Marketing (East) Inc.**

P. Scott Summy
Baron & Budd PC
3102 Oak Lawn Avenue
The Centrum Building, Suite 1100
Dallas, TX 75219
(214) 521-3605
(214) 520-1181 (fax)
**Attorneys for Escambia County Utilities Authority (Florida); Village of Island Lake (Illinois); City of Rockport, City of Mishawaka, City of South Bend, North Newton School Corporation (Indiana); City of Sioux City, City of Galva, City of Ida Grove (Iowa); City of Bel Aire, Chisolm Creek Utility Authority, City of Dodge City, City of Park City (Kansas); Exxon Mobil Corp., Brimfield Housing Authority (Massachusetts); and Patrick County School Board, Buchanan County School Board, Greensville County Water and Sewer Authority (Virginia)**

Anthony J. Stoik
Klass Stoik Mugan, et al.
627 Fourth Street, Suite 300
P.O. Box 327
Sioux City, IA 51102
(712) 252-1866
(712) 252-5822 (fax)
**Attorneys for CITGO Petroleum Corp. and CITGO Refining and Chemical, Inc.**

Stephen L. Tober
Tober Law Offices
381 Middle Street
P.O. Box 1377
Portsmouth, NH 03802
(603) 431-1003
(603) 431-9426 (fax)
**Attorneys for ConocoPhillips Company**

Shaun S. Sullivan
Wiggin & Dana LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 (fax)

Owen J. Todd
     Kathleen M. Genova
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(617) 720-2626 (fax)
**Attorneys for CITGO Petroleum Corporation and CITGO Refining and Chemical Inc.**

John Val Wachtel
Klenda Mitchell Austerman & Zuercher
301 N. Main Street, 1600 Epic Center
Wichita, KS 67202-4888
(316) 267-0331
(316) 267-0333 (fax)
**Attorneys for National Cooperative Refinery Association**

Mark E. Tully
Goodwin Procter LLP
Exchange Place, Second Floor
Boston, MA 02109-2881
(617) 570-1000
(617) 523-1231 (fax)
**Attorneys for Gulf Oil Corporation and Gulf Oil Limited Partnership**

Martha Van Oot
Orr & Reno PA
One Eagle Square
P.O. Box 3550
Concord, NH 03302-3550
(603) 224-2381
(603) 224-2318 (fax)
**Attorneys for Plaintiff State of New Hampshire**

Robert V. Waterman, Jr.
Lane & Waterman LLP
220 North Main Street, Suite 600
Davenport, IA 52801
(563) 324-3246
(563) 324-1616 (fax)
**Attorneys for ExxonMobil Corporation, ExxonMobil Oil Corporation, ExxonMobil Chemical Co. Inc., ExxonMobil Pipeline Company, ExxonMobil Refining & Supply Company, Mobil Corporation and Mobil Oil Corp.**

Richard E. Wallace, Jr.
Wallace King Marraro & Branson PLLC
1050 Thomas Jefferson Street, N.W.
Washington, DC 20007
(202) 204-1000
(202) 204-1001 (fax)
**Attorneys for Chevron Chemical Company, Chevron Corporation, Chevron Texaco Corporation, Chevron USA Inc., Gulf Oil Corporation, Texaco Inc., Texaco Refining and Marketing Inc., Texaco Refining & Marketing (East) Inc., TRMI Holdings, Equilon Enterprises LLC, Equiva Trading Company, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company, Shell Oil Products Company LLC, Shell Oil Products U.S., Shell Petroleum Inc. and Star Enterprise**

Joseph P. Williams
        Paul D. Sanson
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
(860) 251-5127
(860) 251-5600 (fax)
**Attorneys for Chevron Chemical Company, Chevron Corporation, Chevron Texaco Corporation, Chevron USA Inc., Gulf Oil Corporation, Texaco Inc., Texaco Refining and Marketing Inc., Texaco Refining & Marketing (East) Inc., TRMI Holdings, Equilon Enterprises LLC, Equiva Trading Company, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company, Shell Oil Products Company LLC, Shell Oil Products U.S. and Shell Petroleum Inc.**

John J. Wasilczyk
        Allison N. Shue
        David L. Schrader
        Michael T. Zarro
Morgan, Lewis & Bockius LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
(213) 612-2500
(213) 612-2501 (fax)
**Attorneys for Chevron U.S.A. Inc., Texaco Inc., Chevron Texaco Corporation and Chevron Environmental Services Company**

Lynn Wright
Edwards & Angell LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
(212) 308-4844 (fax)
**Attorneys for Unocal Corporation**

Craig H. Zimmerman
McDermott Will & Emery
227 West Monroe Street
Chicago, IL  60606
(312) 372-2000
(312) 984-7700 (fax)
**Attorneys for ExxonMobil Corporation, ExxonMobil Oil Corporation, ExxonMobil Chemical Co. Inc., ExxonMobil Pipeline Company, ExxonMobil Refining & Supply Company, Mobil Corporation and Mobil Oil Corp.**

Russ Detrick, Deputy District Attorney
Sacramento County District Attorney
Environmental Protection Division
906 G Street, Suite 700
Sacramento, CA  95814
(916) 874-6174
(916) 874-7660 (fax)
**Attorneys for People of State of California**

Thomas J. Pappas
Wiggin & Nourie
P.O. Box 808
Manchester, NH   03105-0808
(603) 669-2211
(603) 623-8442 (fax)
**Attorneys for Sprague Energy Corp.**

M. Taylor Florence
Bullivant Houser Bailey
11335 Gold Express Drive, Suite 105
Gold River, CA  95670
(916) 852-9100
(916) 852-5777 (fax)
**Attorneys for Sierra Energy and Toms Sierra Company**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 15 2004

FILED
CLERK'S OFFICE

|  |  |
| --- | --- |
| **IN RE:**<br><br>**METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION** | **MDL Docket No. 1358** |

## RULE 5.2 CERTIFICATION

I hereby certify that I have on this 12th day of April, 2004, served by First Class Mail, postage prepaid, a copy of the accompanying (1) Duke Energy's Response To Certain Defendants' Consolidated Response Opposing Its Motion To Vacate Conditional Transfer Order (CTO-4), (2) Duke Energy's Statement of Reasons Why Oral Argument Should Be Heard Regarding Its Motion To Vacate Conditional Transfer Order (CTO-4), and (3) Duke Energy's Brief In Support Of Its Response To Certain Defendants' Consolidated Opposition To Motion To Vacate Conditional Transfer Order (CTO-4) to all parties identified in the attached service list.

Dated: April 12, 2004

Respectfully submitted,

By: _____

Robert P. Doty, Bar No. 148069
Karleen M. O'Connor, Bar No. 229531
**COX, CASTLE & NICHOLSON LLP**
555 Montgomery Street, 15th Floor
San Francisco, CA 94111-2585
(415) 392-4200
(415) 392-4250 (Facsimile)

Attorneys for Defendants
Duke Energy Merchants, LLC; Duke Energy
Trading and Marketing, LLC; Duke Energy
Merchants California, Inc.

44510\39171v1

## PANEL SERVICE LIST (Excerpted from CTO-4)
## DOCKET NO. 1358
## IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY
## LITIGATION

*City of Fresno v. Chevron U.S.A., Inc., et al.*, N.D. California, C.A. No. 3:03-5378

Jon D. Anderson
Latham & Watkins
650 Town Center Drive
Suite 2000
Costa Mesa, CA 92626

Paul S. Aronowitz
Aronowitz & Skidmore
200 Auburn Folsom Road
Suite 305
Auburn, CA 95603

Brendan M. Dixon
Unocal Corp.
376 S. Valencia Avenue
Brea, CA 92626

Robert P. Doty
Cox, Castle & Nicholson, LLP
555 Montgomery Street
15th Floor
San Francisco, CA 94111-2585

Colleen P. Doyle
Bingham McCutchen, LLP
355 South Grand Avenue
Suite 4400
Los Angeles, CA 90071

Nathan P. Eimer
Eimer, Stahl, Klevorn & Solberg
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604

Jeffrey L. Fillerup
Luce, Forward, Hamilton & Scripp
Rincon Center II
121 Spear Street
Suite 200
San Francisco, CA 94105

Alan J. Hoffman, Jr.
Blank Rome L.L.P.
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6998

Hojoon Hwang
Munger, Tolles & Olson, LLP
33 New Montgomery Street
19th Floor
San Francisco, CA 94105

J. Andrew Langan
Kirkland & Ellis
200 East Randolph Drive
Suite 5400
Chicago, IL 60601

Brian M. Ledger
Gordon & Rees, LLP
101 West Broadway
Suite 1600
San Diego, CA 92101-3541

Spencer T. Malysiak
11335 Gold Express Drive
Suite 105
Gold River, CA 95670

Duane C. Miller
Miller & Sawyer
1651 Response Road
Second Floor
Sacramento, CA 95825-5253

Morris A. Ratner
Lieff, Cabraser, Heimann & Bernstein
780 Third Avenue
48th Floor
New York, NY 10017

Tracie J. Renfroe
Bracewell & Patterson
South Tower Pennzoil Place
Suite 2900
711 Louisiana
Houston, TX 77002

Lawrence P. Riff
Steptoe & Johnson, LLP
633 West Fifth Street
Suite 700
Los Angeles, CA 90071

John J. Wasilczyk
Morgan, Lewis & Bockius
300 South Grand Avenue
22nd Floor
Los Angeles, CA 90071-3132



Cox, Castle & Nicholson LLP
555 Montgomery Street, 15th Floor
San Francisco, California 94111-2585
P 415.392.4200 F 415.392.4250

## Facsimile Transmission

| | | | |
|---|---|---|---|
| Date: | April 15, 2004 | | |
| Sender: | Karleen M. O'Connor<br>Direct 415.262.5160<br>koconnor@coxcastle.com | Secretary: | Michelle Ho<br>415.262.5188 ext. 5525 |
| Pages: | 4 (incl. cover) | | |
| File: | 44510 | | |

Recipient:

Teresa Bishop
Docket Clerk
Judicial Panel on Multidistrict Litigation
(202) 502-2888 F
(202) 502-2800 P

Message:

**Confidentiality Notice:** This communication is intended only for the exclusive use of the addressee and may contain information that is privileged or confidential. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy or distribute it. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please call us promptly and securely dispose of it. Thank you.