MDL 1358

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR 15 2004

FILED CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1358 |
| --- | --- |

**RESPONSE TO AND JOINDER IN MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Pursuant to Rule 7.4(d) of the Rules Of Procedure Of The Judicial Panel On Multidistrict Litigation, 7-Eleven, Inc. ("7-Eleven") file this Response to and Joinder In Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-5) filed February 25, 2004, in Docket No. 1358 *In Re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*. This Motion pertains to the actions captioned *The People of the State of California et al. v. Atlantic Richfield Company, et al.*, Case No. CIV.S-03-2653 GEB/DAD, currently pending in the Eastern District of California and *Orange County Water District v. Unocal Corporation, et al.*, Case No. SACV03-1742 JVS (Anx), currently pending in the Central District of California.

PLEADING NO. 148

IMAGED APR 16 '04

In accordance with Rule 7.4(d), the parties will await the Chairman of the Panel's decision setting the motion for the next appropriate hearing session of the Panel.

Pursuant to Rule 5.2(c) 7-Eleven also provides this notice and confirmation that the undersigned are authorized to receive service of pleadings in this matter on behalf of the7-Eleven.

Dated: April 14, 2004

Respectfully submitted,

By: ______________________

Robert P. Doty, Bar No. 148069
Karleen M. O'Connor, Bar No. 229531
**COX, CASTLE & NICHOLSON LLP**
555 Montgomery Street, 15th Floor
San Francisco, CA 94111-2585
(415) 392-4200
(415) 392-4250 (Facsimile)

By: ______________________

David G. Moore, Bar No. 36078
**REID & HELLYER**
P.O. Box 1300
Riverside, CA 92502
(909) 682-1771
(909) 686-2415 (Facsimile)

Attorneys for Defendant
7-Eleven, Inc.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR 15 2004

FILED CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| IN RE:<br><br>METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1358 |
| --- | --- |

**DEFENDANT 7-ELEVEN'S RESPONSE TO AND JOINDER IN PLAINTIFFS' JOINT MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-5)**

Pursuant to rule 7.2 Rules Of Procedure Of The Judicial Panel On Multidistrict Litigation Under 28 U.S.C. § 1407 ("JPML"), defendant 7-Eleven, Inc. ("7-Eleven") responds to and joins in Plaintiffs' Motions to Vacate Conditional Transfer Order (CTO-5). 7-Eleven is a defendant in the actions of *The State of California, et al. v. Atlantic Richfield Co., et al.*, Case No. 03-2653 (E.D. Cal.) and *Orange County Water District vs. Unocal Corporation, et al.* Case No. SAC003-1742 JVS (ANX) (hereto collectively "*State of California*"). The plaintiffs who moved to vacate CTO-5 as it applies to *State of California* include the State of California, City of

Elk Grove, Sacramento County Water Agency, Sacramento Groundwater Authority, Citrus Heights Water District, Del Paso Manor Water District, Fair Oaks Water District, Florin Resource Conservation District, Rio Linda Elverta Community Water District, Sacramento Suburban Water District, San Juan District, California-American Water Company, and the City of Sacramento ("Plaintiffs"). For the reasons stated in their memoranda, as well as the reasons stated herein, the Court should vacate CTO-5 as it applies to *State of California*.

## ARGUMENT

**The Parties**

Defendant 7-Eleven is a gasoline retailer – the endpoint in the gasoline supply chain in certain markets in California. Like other gasoline retailers and various middlemen distributors, 7-Eleven finds itself caught up in a battle royal between, on the one hand, the major oil refining companies and the manufactures of the gasoline additive MTBE, and on the other hand, plaintiffs allegedly injured by MTBE contamination in groundwater.

In light of the history of the other California MTBE cases, it would appear that MDL consolidation is being pursued primarily for potential tactical advantage to a small but well-heeled group of defendants. MTBE litigation in California began in the late 1990s. Since then, several MTBE cases have been litigated through discovery and pretrial motions. One case proceeded to jury verdict. The results in these cases have not been particularly kind to the major oil companies and the vendors of MTBE who now seek MDL consolidation. Their settlement commitments in just three cases exceed $150 million. So the desire of these defendants to shake up the playing field, and to use MDL consolidation to find greener pastures in which to litigate California MTBE cases, is surely understandable. Placating that desire will not, however, serve the purposes stated in 28 U.S.C. § 1407.

The defendants that filed the Notice of Related, Tag-Along Actions on December 12, 2003 are gasoline manufacturer/refiners and represent only one tier of the three-tier distribution chain targeted by the plaintiff. These refiner defendants do not represent the views of the numerous small and medium-sized retailers and distributors that will eventually become involved in these cases. The pending effort by a handful of defendants in the *State of California* to force an MDL process on all the other parties now in or subsequently added to the case should be rejected.

**The Refiners' Cannot Meet Their Burden**

The refiners in favor of transfer have failed to demonstrate how the purposes of Section 1407 will be served by ordering unwilling California plaintiffs and California defendants to litigate in the Southern District of New York. *See In re G.D. Serle & Co. "Copper 7" IUD Products Liability Litigation*, 483 F. Supp. 1343, 1345 (JPML 1980) (movants have burden of demonstrating that transfer will further the purposes of Section 1407); *In re 21st Century Productions, Inc. "Thrilsphere" Contract Litigation*, 448 F. Supp. 271, 272-73 (JPML 1978) ("movants are under a heavy burden to show that those common questions of fact are sufficiently complex and that the accompanying discovery will be so time-consuming as to justify transfer under Section 1407."); *accord In re: Chiropractic Antitrust Litigation*, 483 F. Supp. 811, 813 (JPML 1980).

The refiners' Notice of Related, Tag-Along Actions did not adequately demonstrate 1) that the potential tag-along action raises questions of fact common to the actions previously transferred; 2) that the transfer will best serve the convenience of the parties and witnesses; and 3) that transfer will promote the just and efficient conduct of the litigation. *In re: Stirling Homex Corp. Securities Litigation*, 442 F. Supp. 547, 549 (JPML 1977). The party

seeking transfer must establish that all three of these criteria have been met. *See In re Highway Accident Near Rockville, Connecticut, on December 30, 1972*, 388 F. Supp. 574, 575 (JPML 1975). The refiners failed to do so.

Defendant 7-Eleven opposes transfer of the *State of California* case because MDL consolidation will not further the purposes of 28 U.S.C. § 1407. MDL consolidation will not serve the convenience of the parties, many of whom are likely to be small-scale gas station operators like 7-Eleven (literally moms and pops) and modest-sized distributors. Nor will it serve the convenience of the witnesses, who are likely to be regional agency staffers, local geologists and hydrogeologists, and local service station owners and operators. Requiring these individuals, who are likely to be deposed, to accommodate the deposition schedules of witnesses in 59 other cases cannot promote their convenience.

Finally, efficiency and judicial economy will not be gained by consolidating cases from Sacramento and Orange County, California with 59 other cases across the country and transferring them to the Southern District of New York. The issues involved are unique to Sacramento and Orange County, California and do not overlap with the facts to be discovered in other locations. Indeed, Judge Scheindlin acknowledged the uniqueness of these issues in denying class certification in the original MDL 1358 proceeding. There, she observed that the contamination of any specific well presents "a factually unique set of circumstances" due to the varying levels of contamination in each and "the nature of relief that each will require." *In re MTBE Products Liability Litigation,* 209 F.R.D. 323, 337 (S.D.N.Y. 2002).

Nor is MDL consolidation in any sense necessary to achieve efficient use in the *State of California* cases of discovery and pretrial rulings from prior MTBE cases. Mechanisms utilized by the Panel in other circumstances in which conditional transfer orders have been

vacated are sufficient to ensure that discovery and pretrial motion practice proceed efficiently and with the benefit of work devoted to those topics in prior cases.

In the final analysis, the primary result of MDL consolidation will be to force parties of modest means and limited exposure to accommodate a court three time zones and thousands of miles away. 7-Eleven accordingly submits that the *State of California* case should remain in California.

Dated: April 14, 2004

Respectfully submitted,

By: ______________________

Robert P. Doty, Bar No. 148069
Karleen M. O'Connor, Bar No. 229531
**COX, CASTLE & NICHOLSON LLP**
555 Montgomery Street, 15th Floor
San Francisco, CA 94111-2585
(415) 392-4200
(415) 392-4250 (Facsimile)

By: ______________________

David G. Moore, Bar No. 36078
**REID & HELLYER**
P.O. Box 1300
Riverside, CA 92502
(909) 682-1771
(909) 686-2415 (Facsimile)

Attorneys for Defendant
7-Eleven, Inc.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR 15 2004

FILED CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1358 |
|---|---|

**SCHEDULE OF INVOLVED ACTIONS**

Pursuant to Rule 7.2(a)(ii) of the Rules Of Procedure Of The Judicial Panel On Multidistrict Litigation Under 28 U.S.C. § 1407 ("JPML"), defendant 7-Eleven Inc., ("7-Eleven") submits this schedule of involved actions in support of 7-Eleven's Response To And Joinder In Plaintiffs' Joint Motion To Vacate Conditional Transfer Order (CTO-5)

The actions involved are:

*The People of the State of California; City of Elk Grove; Sacramento County Water Agency; Sacramento Groundwater Authority; Carmichael Water District; Citrus Heights Water District; Del Paso Manor Water District; Fair Oaks Water District; Florin Resource Conservation District; Rio Linda Elverta Community Water District; Sacramento Suburban*

*Water District; San Juan Water District; California-American Water Company; City of Sacramento v. Atlantic Richfield Company; BP Products North America, Incorporated; Chevron Texaco Corporation; Chevron U.S.A., Incorporated; Citgo Petroleum Corporation; ConocoPhillips Company; Equilon Enterprises, LLC; Exxon Mobil Corporation; Shell Oil Company; Shell Oil Products U.S.; Tesoro Refining and Marketing Company; Texaco Refining and Marketing, Incorporated; Ultramar, Incorporated; Unocal Corporation, Individually and Formerly Known as Union Oil Company of California; Valero Energy Corporation; Lyondell Chemical Company; Individually and Formerly Known As ARCO Chemical Company; Circle K Stores, Incorporated; 7-Eleven, Incorporated; and Does 1-1000, inclusive.* This action is currently pending in the Eastern District of California before the Honorable Garland E. Burrell.

*Orange County Water District v. Unocal Corporation, Individually and Formerly Known as Union Oil Company of California; Union Oil Company of California, Individually and DBA Unocal [Doe 1]; Tosco Corporation; ConocoPhillips Company; Chevron U.S.A., Incorporated.; ChevronTexaco Corporation; Texaco Refining & Marketing, Incorporated; Equilon Enterprises, LLC; Shell Oil Company; Exxon Mobile Corporation; Mobile Corporation; Ultramar, Incorporated; Valero Refining Company – California; Atlantic Richfield Company; BP Products North America, Incorporated; ARCO Chemical Company [Doe 201]; Lyondell Chemical Company, Individually and Formerly Known As ARCO Chemical Company; G&M Oil Company, Incorporated; 7-Eleven, Incorporated; U.S.A. Gasoline Corporation; and Does 2-200, and 202 through 1000.* This action is currently pending in the Central District of California.

Other actions were included on the Conditional Transfer Order (CTO-4) filed February 25, 2004, in Docket No. 1358 *In Re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*. This Joinder and Motion, however, is filed on behalf of 7-Eleven only.

Dated: April 14, 2004

Respectfully submitted,

By: ______________________

Robert P. Doty, Bar No. 148069
Karleen M. O'Connor, Bar No. 229531
**COX, CASTLE & NICHOLSON LLP**
555 Montgomery Street, 15th Floor
San Francisco, CA 94111-2585
(415) 392-4200
(415) 392-4250 (Facsimile)

By: ______________________

David G. Moore, Bar No. 36078
**REID & HELLYER**
P.O. Box 1300
Riverside, CA 92502
(909) 682-1771
(909) 686-2415 (Facsimile)

Attorneys for Defendants
7-Eleven, Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 15 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE:**<br><br>**METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION** | **MDL Docket No. 1358** |

**RULE 5.2 CERTIFICATION**

I hereby certify that I have on this 14th day of April, 2004, served by First Class Mail, postage prepaid, a copy of the accompanying (1) Defendant 7-Eleven's Response To And Joinder In Plaintiffs' Joint Motion To Vacate Conditional Transfer Order (CTO-5), (2) Schedule Of Involved Actions, and (3) Response To And Joinder In Motion To Vacate Conditional Transfer Order to all parties identified in the attached service list.

Dated: April 14, 2004

Respectfully submitted,

By: ______________________

Robert P. Doty, Bar No. 148069
Karleen M. O'Connor, Bar No. 229531
**COX, CASTLE & NICHOLSON LLP**
555 Montgomery Street, 15th Floor
San Francisco, CA 94111-2585
(415) 392-4200
(415) 392-4250 (Facsimile)

Attorneys for Defendants
7-Eleven, Inc.

RECEIVED
CLERK'S OFFICE

**SCHEDULE OF ACTIONS AND PANEL SERVICE LIST (Excerpted from CTO-5)**
**DOCKET NO. 1358**
**IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION**

Central District of California
*City of Riverside v. Atlantic Richfield Co., et al.*, C.A. No. 8:04-53
*Orange County Water District v. Unocal Corp., et al.*, C.A. No. 8:03-1742

Eastern District of California
*Quincy Community Services District v. Atlantic Richfield Co., et al.*, C.A. No. 2:03-2582
*City of Roseville v. Atlantic Richfield Co., et al.*, C.A. No. 2:03-2601
*People of the State of California, et al. v. Atlantic Richfield Co., et al.*, C.A. No. 2:03-2653

Southern District of California
Martin Silver, et al. v. Alon USA Energy, Inc., et al., C.A. No. 3:03-2408

Jon D. Anderson
Latham & Watkins
650 Town Center Drive
Suite 2000
Costa Mesa, CA 92626

Ronit C. Barrett
Eimer, Stahl, Klevorn & Solberg, LLP
224 S. Michigan Avenue
Suite 1100
Chicago, IL 60604

Patrick E. Cafferty, Jr.
Munger, Tolles & Olson
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560

Lawrence Allen Cox
Arnold & Porter, LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-2513

Mindy G. Davis
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

Russ Detrick
Sacramento County District Attorney
Environmental Protection Division
901 G Street, Suite 700
Sacramento, CA 95814

Brendan M. Dixon
Unocal Corp.
376 S. Valencia Avenue
Brea, CA 92626

Robert P. Doty
Cox, Castle & Nicholson, LLP
555 Montgomery Street
15th Floor
San Francisco, CA 94111-2585

Colleen P. Doyle
Bingham McCutchen, LLP
355 South Grand Avenue
Suite 4400
Los Angeles, CA 90071

Nathan P. Eimer
Eimer, Stahl, Klevorn & Solberg
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604

Taylor M. Florence
Bullivant, Houser, Bailey, et al.
11335 Gold Express Drive
Ste 105
Goldriver, CA 95670-4491

Pamela R. Hanebutt
Eimer, Stahl, Klevorn & Solberg, LLP
224 S. Michigan Avenue
Suite 1100
Chicago, IL 60604

Matthew T. Heartney
Arnold & Porter, LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017

Alan J. Hoffman
Blank Rome, L.L.P.
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6998

Hojoon Hwang
Munger, Tolles & Olson, LLP
33 New Montgomery Street
19th Floor
San Francisco, CA 94105

Michele D. Johnson
Latham & Watkins
650 Town Center Drive
Suite 2000
Costa Mesa, CA 92626

Joseph Conrad Kearfott
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Ben M. Krowicki
Bingham McCutchen, LLP
One State Street
Hartford, CT 06103-3178

John J. Lyons
Latham & Watkins
650 Town Center Drive
Suite 2000
Costa Mesa, CA 92626-1925

Christopher J. McNevin
Pillsbury Winthrop, LLP
725 South Figueroa Street
Suite 2800
Los Angeles, CA 90017-2513

Catherine Noel Mitchell
Morgan Lewis & Bockius, LLP
300 S. Grand Ave
22nd Fl
Los Angeles, CA 90071-3132

Jeffrey John Parker
Sheppard, Mullin, Richter & Hampton
333 South Hope Street
Suite 4800
Los Angeles, CA 90071-1448

Morris A. Ratner
Lieff, Cabraser, Heimann & Bernstein.
780 Third Avenue
48th Floor
New York, NY 10017

Lila Pankey Ray
Baker & Botts
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400

Tracie J. Renfroe
Bracewell & Patterson
South Tower Pennzoil Place
Suite 2900
711 Louisiana
Houston, TX 77002

Edward Romero
Greenan, Peffer, Sallander & Lally, LLP
Two Annabel Lane
Suite 200
P.O. Box 10
San Ramon, CA 94583

David L. Schrader
Morgan, Lewis & Bockius
300 South Grand Avenue
22nd Floor
Los Angeles, CA 90071-3132

Victor M. Sher
Sher & Leff
450 Mission St.
Suite 500
San Francisco, CA 94105

Alison N. Shue
Morgan, Lewis & Bockius
300 South Grand Avenue
22nd Floor
Los Angeles, CA 90071-3132

Catherine M. Stites
Bingham McCutchen, LLP
355 South Grand Avenue
Suite 4400
Los Angeles, CA 90071-3106

William D. Temko
Munger, Tolles & Olson
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560

Peter John Wilson
Latham & Watkins
650 Town Center Drive
Suite 2000
Costa Mesa, CA 92626

Christopher F. Wong
Bryan Cave, L.L.P
120 Broadway
Suite 300
Santa Monica, CA 90401

Michael T. Zarro
Morgan, Lewis & Bockius
300 South Grand Avenue
22nd Floor
Los Angeles, CA 90071-3132

Craig J. de Recat
Manatt Phelps & Phillips
11355 W. Olympic Boulevard
Los Angeles, CA 90064-1614