

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 25 2005

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

MDL- No. 1358

PLAINTIFFS' MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

On February 22, 2005, the Joint Panel on Multi Disttrict Litigation conditionally transferred *James Quinn, et v. Shell Oil., et al*, to MDL 1358, *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*.

Plaintiffs object to this transfer on the ground that the transfer will prejudice them, because to litigate the case in the state New York would be burdensome for the plaintiffs. It is not equitable, nor in the interests of justice to require Plaintiffs to litigate their claims in New York.

This motion is based on the Notice of Opposition and the attached Memorandum of Points and Authorities.

**OFFICIAL FILE COPY**

IMAGED MAR 2 5 2005

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs submit this Memorandum in Support of Vacating the Conditional Transfer Order by the Judicial Panel on Multi District Litigation ("JPML")

## FACTUAL BACKGROUND AND STATEMENT OF ISSUE

Plaintiffs in the present case were tenants and guests of the property commonly known as Redwood Mobile Home Park, located at 7530 Redwood Boulevard in Novato, California, who were exposed to chemicals that had infiltrated the property's water well, resulting in a series of physical ailments to the plaintiffs.

About fifty former tenants and guests of the property had filed a first lawsuit in Marin County Superior Court (*Defrancesco et al. v. Taylor Investments et al.*, Marin Superior Court No. 023466) The *Defrancesco* matter settled recently.

The plaintiffs in the present case filed their lawsuit in Marin County Superior Court on September 8, 2004 (Marin Superior Court No. CV 043471). Defendants oil companies removed the case to the Northern California District Court, ( USDC-NDCA Case No. C04-05180 JSW). On January 13, 2005, Defendants Taylor Investments, LLC and Irvin S. Taylor filed a motion to remand the case to state court to be heard on April 29, 2005.

Plaintiffs joined Defendants Taylor Investments, LLC and Irvin S. Taylor for the limited purpose of moving to remand this cause to the Marin County Superior Court of the State of California. Plaintiffs joined the motion to remand on the ground that the cause was improperly removed and is not within the jurisdiction of this Court as the case does not pose a federal question.

On February 22, 2005, the matter was conditionally transferred to this Panel pursuant to 28 U.S.C § 1407. Plaintiffs request the Panel to vacate the conditional order because this case involves only marginal questions of act which are common to the actions previously transferred to this Panel.

28 U.S.C.S. § 1407 states that when "civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." Such matters will be transferred for the "convenience of parties and witnesses" and to "promote the just and efficient conduct of such actions."

A.   **THERE ARE LITTLE COMMON QUESTIONS OF FACTS**

Most lawsuits referred to this panel involve water quality issues in which water departments around the country SUED oil companies over the addition of MTBE in motor fuel. The issue of water quality is absent in this lawsuit. The remaining common issues of fact are only of superficial relevance, if any, to this lawsuit. This lawsuit is a personal injury lawsuit involving leaking underground storage tanks. This lawsuit is not about the additives contained in the gasoline which leaked from these underground tanks but the fact that plaintiffs were exposed to toxins leaking from the tanks.

But even admitting arguendo that there are some common questions of facts, a mere showing that common questions of fact exists among actions for which 28 USCS § 1407 treatment is proposed is not sufficient, in and of itself, to warrant transfer by Judicial Panel on Multidistrict Litigation; other criteria of statute must also be satisfied, namely that overall convenience of parties and witnesses and just and efficient conduct of litigation would be enhanced by the transfer. *In re Truck Acci. Near Alamagordo* (1975, Jud Pan Mult Lit) 387 F Supp 732

B.   **THE CONVENIENCE OF PLAINTIFFS**

This action involves personal injuries that occurred in the state of California, Marin County. The property on which the injuries took place is in Marin County. The plaintiffs, witnesses and defendants are all in California. The leaking tanks are in Marin County. It would be overly burdensome to all parties except the oil companies to litigate this action in the state of New York. It is not in the interest of justice to require plaintiffs to litigate their claims in New York. Congress did not intend state courts to be deprived of the ability to oversee litigation involving torts committed in their jurisdictions.

In considering whether to include action under 28 USCS § 1407, Judicial Panel on Multidistrict Litigation is necessarily influenced by pleadings. *In re Petroleum Products Antitrust Litigation* (1976, Jud Pan Mult Lit) 407 F Supp 249, 1976-1 CCH Trade Cases P 60683.

The complaint in this case does not assert that the inclusion of MTBE in gasoline to comply with the Clean Air Act and United States Environmental protection Agency constitutes an inherent

3

design defect. This is a personal injury case involving people exposed to toxins in their water supply.

## C. THE TRANSFER MUST BE DENIED

Courts examine a series of factors to determine if the transfer is to be granted or denied.

### 1. Pretrial Activities are Nearly Completed

One of the goal of 28 U.S.C.S. § 1407 is to streamline discovery. This argument is not applicable to this case because discovery in this case is well advanced and only involves minimal additional discovery. A similar case arising from the same facts and property in Marin County Superior Court, was recently settled with more than fifty former tenants or guests of tenants. *DeFrancesco et al. v. Taylor Investments et al.*, Marin County Superior Court No. CV 023466. The *DeFrancesco* matter involved the same Redwood Mobile Home Park property, the same underground leaking storage tanks, the same defendants, and the same claims. The discovery that was completed in the *DeFrancesco* matter is completely relevant to the instant lawsuit. The only remaining discovery involves the damages suffered by each individual in this lawsuit. In the *DeFrancesco* matter, Defendants had devised a health questionnaire for the plaintiffs. This questionnaire should suffice to provide adequate answers to the defendants.

This action can be disposed of with minimum expenditure of judicial energy because this action is based on the same facts involved in the *DeFrancesco* matter with various new plaintiffs. Extended discovery would only benefits the oil companies which could then further stall a just and prompt resolution of this matter.

### 2. The Factual Issues are Insufficiently Complex or Common

To justify transfer under 28 USCS § 1407, movant is under a heavy burden to show that those common questions of fact are sufficiently complex and that accompanying discovery will be so time consuming as to further purposes of § 1407. *In re Garrison Diversion Unit Litigation* (1978, Jud Pan Mult Lit) 458 F Supp 223, 12 Envt Rep Cas 1414.

As seen above, the common questions of facts are far from complex. On the contrary, the facts are simple: Plaintiffs lived on a property where the water supply had been contaminated by chemicals leaking from gas tanks. Plaintiffs were injured by the leaking chemicals. Plaintiffs seek

4

compensation for their losses.

3. **Number of actions**

Defendants oil companies argue that more than sixty lawsuits were filed since September 30, 2003, in various state courts around the country, uniformly asserting that the inclusion of MTBE in gasoline to comply with the Clean Air Act ("CAA") and United States Environmental Protection Agency ("EPA") fuel content regulation constitutes an inherent design defect. This lawsuit is not about compliance with the CAA, nor with EPA regulations. The plaintiffs were injured when they were exposed to toxins leaking from the gas tanks. Plaintiffs should not be dragged into a complex and possibly lengthy litigation, when they only request a just compensation for their injuries.

Moreover, the oil companies have failed to identify with specificity how many cases among the sixty lawsuits are factually similar to the case at hand. The February 22, 2005 Conditional Transfer Oder states that since October 10, 2000, 65 additional actions have been transferred to the Southern District of New York. Nothing however, indicates what common issues of facts were involved in these 65 other actions and the present case.

4. **Opposition of parties**

Having to litigate the case in New York would result in great prejudice to the plaintiffs. The property where the plaintiffs were injured is located in Marin County, California. The leaking gas tanks are located in Marin County, California. The witnesses are located in Marin County, California. Public policy favors that torts committed in a state should be adjudicated under the jurisdiction of the state in question. Congress certainly could not have intended that gas companies be relieved of liability by removing to federal courts every personal injury lawsuit associated with gasoline.

Defendant Taylor also opposes the transfer and has requested a remand to the Marin County Superior Court of the State of California. Alternatively, Defendants Taylor Investment and Irvin Taylor have requested the District Court to be severed from the present lawsuit. The possible severance would impede any prompt and final resolution of this case.

5. **Remand is Appropriate**

Defendant Taylor Investments and Irvine Taylor have moved to have the federal action

remanded to state court for lack of subject matter jurisdiction, failure to join all defendants and in the interest of justice. Plaintiffs have joined these defendants solely for the purpose of this motion to remand to be heard on April 29, 2005. This lawsuit rightfully belongs in Marin County and the Marin County Superior Court should not be stripped of its control over its jurisdiction and torts committed in its jurisdiction.

### D.   ALTERNATIVE TO TRANSFER

28 U.S.C.S. § 1407 states some civil actions may be transferred. The transfer is not mandatory and in this case, there are suitable alternative to the transfer. For example, parties may request from appropriate District Courts that discovery completed in any action and relevant to one or more of other actions be made applicable to those actions. The parties may seek to agree upon stipulation that any discovery relevant to more than one action may be used in all such actions. Consultation and co-operation among concerned District Courts, coupled with co-operation of parties, will minimize possibility of conflicting pretrial rulings. *In re Chiropractic Antitrust Litigation* (1980, Jud Pan Mult Lit) 483 F Supp 811, 1980-1 CCH Trade Cases P 63151.

### CONCLUSION

Plaintiffs and at least two Defendants oppose the transfer to the panel. Defendants oil companies must not be allowed to use 28 U.S.C.S. § 1407 to eschew their liability in this case.

DATED: March 23, 2005

LAW OFFICES OF CHARLES A. BONNER

_____
A. CATHERINE LAGARDE

6

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 25 2005

FILED
CLERK'S OFFICE

# PROOF OF SERVICE

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. My business address is 180 Harbor Drive, Suite 227, Sausalito, California 94965

**DOCUMENT(S):**  MOTION AND BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER

I caused to be served a true copy of the above-named document(s) per the addressee(s) listed below or per the attached list.

(X) **BY MAIL**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Served and executed this __23rd__ day of __MARCH__, 2005.

_____
CALVIN A. BONNER

RECEIVED CLERK'S OFFICE
2005 MAR 24 A 11: 19
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# PANEL SERVICE LIST (Excerpted from CTO-11)
## DOCKET NO. 1358
## IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

*James Quinn, et al. v. Shell Oil, Inc., et al.,* N.D. California, C.A. No. 3:04-5180

Stanley N. Alpert
Weitz & Luxenberg
180 Maiden Lane
17th Floor
New York, NY 10038

John W. Elliott
Elliott & Elliott
225 W. Santa Clara Street
Suite 950
San Jose, CA 95113

A. Catherine Lagarde
Law Offices Of Charles A. Bonner
180 Harbor Drive
Suite 227
Sausalito, CA 94965

Peter J. Sacripanti
McDermott, Will & Emery
50 Rockerfeller Plaza
New York, NY 10020

Carl B. Shapiro
Shapiro & Shapiro
404 Anselmo Avenue
San Anselmo, CA 94960

Erika K. Woods
Arnold & Porter, LLP
777 South Figueroa Street
44th Floor
Los Angelos, CA 90017-2513

Michael T. Zarro
Morgan, Lewis & Bockius
300 South Grand Avenue
22nd Floor
Los Angeles, CA 90071-3132