MDL 1358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT – 4 2005

FILED
CLERK'S OFFICE

MDL Docket No. 1358

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

| | | |
|---|---|---|
| *Carl G. Morgan, et al v. ExxonMobil Corp.* | * | United States District Court |
| | | District of Maryland |
| | * | C.A. No. 1:05-108 |
| | | (Judge Marvin Garbis) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER(CTO) 16
AND REQUEST FOR ORAL ARGUMENT**

1.      Carl G. Morgan, Patricia A. Morgan, Kristen M. Raynor, Keith Spencer, Leroy

A. Chenworth, Jr., Jean T. Chenworth, Fallston Properties, LLC, Don-Bar, Inc., David H.

March, Catherine C. March, Jeffrey Kundratic, Cathleen Kundratic, James G. Wagner, Sr. and

Darlene Wagner (the "Morgan" Plaintiffs) are plaintiffs in the action *Carl G. Morgan, et al v.*

*Exxon Mobil Corp.*, Case No. 05-108 (D. Md.), which is identified as a tag-along action subject

to CTO-16 issued by the Panel on September 2, 2005.  The Morgan Plaintiffs move the Panel

to vacate the above referenced conditional transfer order because it does not meet the criteria

for transfer and consolidation set out in 28 U.S.C. §1407.

PLEADING NO. 204

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

IMAGED OCT – 4 2005     OFFICIAL FILE COPY

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2005 OCT –4  A 8: 10

RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 4 2005

FILED
CLERK'S OFFICE

2.    This motion is based on the attached Memorandum of Law and upon such other evidence and argument that may be presented at the hearing on this matter.

WHEREFORE, Plaintiffs respectfully request that the Panel:

A.    Vacate CTO-16;

B.    Schedule oral argument on Plaintiffs' motion; and

C.    Grant such other relief as deemed necessary.

Dated: October 3, 2005

Robert L. Hanley, Jr. 00150
Nolan, Plumhoff & Williams, Chartered
502 Washington Avenue, Suite 700
Towson, MD 21204
(410) 823-7800
fax - (410) 296-2765
rhanley@nolanplumhoff.com

Attorneys for Plaintiffs, Carl G. Morgan,
Patricia A. Morgan, Kristen M. Raynor,
Keith Spencer, Leroy A. Chenworth, Jr.,
Jean T. Chenworth, Fallston Properties,
LLC, Don-Bar, Inc., David H. March,
Catherine C. March, Jeffrey Kundratic,
Cathleen Kundratic, James G. Wagner, Sr.
and Darlene R. Wagner

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached MOTION TO VACATE CONDITIONAL TRANSFER ORDER ("CTO") 16 AND REQUEST FOR ORAL ARGUMENT was served on the following counsel of record via United States Mail, postage prepaid, on this 3rd day of October, 2005.

Daniel J. Hanley                    Attorney for the Plaintiffs
Hanley & Hanley
206 Washington Avenue
Towson, MD 21204

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

2

Peter John Sacripanti                    Attorneys for Defendant,
James A. Pardo                           ExxonMobil Corporation
Stephen J. Riccardulli
McDermott, Will & Emery
50 Rockefeller Plaza
New York, NY 10020-1605

and

Andrew Gendron                           Attorneys for Defendant,
Brien M. Penn                            ExxonMobil Corporation
VENABLE LLP
Two Hopkins Plaza, Suite 1800
Baltimore, MD 21201-2978

Robin L. Greenwald                       Plaintiffs' Liaison Counsel
Weitz & Luxenberg, PC                    for MDL 1358
180 Maiden Lane, 17th Floor
New York, NY 10038

Peter J. Sacripanti                      Defendant's Liaison Counsel
McDermott, Will & Emery                  for MDL 1358
50 Rockefeller Plaza
New York, NY 10020

Dated:  October 3, 2005

_____
Robert L. Hanley, Jr.

# ₽ANEL SERVICE LIST (CTO-16)
## DOCKET NO. 1358
## IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

*Carl G. Morgan, et al. v. ExxonMobil Corp.,* D. Maryland, C.A. No. 1:05-108  (Judge Marvin J. Garbis)

Andrew Gendron
Venable, LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, MD 21201

Robin Greenwald
Weitz & Luxenberg
180 Maiden Lane, 17th Floor
New York, NY 10038

Daniel J. Hanley
Hanley & Hanley
206 Washington Avenue
Towson, MD 21204

Robert L. Hanley, Jr.
Nolan, Plumhoff & Williams, Chtd.
Nottingham Center
502 Washington Avenue, Suite 700
Towson, MD 21204

Peter J. Sacripanti
McDermott, Will & Emery
50 Rockefeller Plaza
New York, NY 10020

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 4 2005

FILED
CLERK'S OFFICE

MDL Docket No. 1358
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

| | | |
|---|---|---|
| *Carl G. Morgan, et al v. Exxon Mobil Corp.* | * | United States District Court |
| | | District of Maryland |
| | * | C.A. No. 1:05-108 |
| | | (Judge Marvin Garbis) |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### BRIEF IN SUPPORT OF
### <u>PLAINTIFFS' MOTION TO VACATE CTO-16</u>

Plaintiffs, Carl G. Morgan, *et al*, by their undersigned counsel, file this brief in support of

the Motion to Vacate CTO-16 and state as follows:

### I. FACTUAL BACKGROUND

Plaintiffs are property owners and citizens of Harford County, Maryland, in the

community known generally as Fallston. The various plaintiffs own 16 residential, commercial

and agricultural properties in Fallston. All of the properties rely on wells for their water supply.

The Plaintiffs' wells have been contaminated and/or threatened by contamination with gasoline

constituents, particularly methyl tertiary butyl ether ("MTBE").

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2005 OCT -4  A 8: 10

RECEIVED
CLERK'S OFFICE

Defendant, Exxon Mobil Corporation, f/k/a Exxon Corporation and f/k/a Mobil Corporation (collectively referred to as "Exxon Mobil") is a New Jersey corporation with its principal place of business in Irving, Texas.  Exxon Mobil is the owner of the Upper Crossroads Exxon (hereinafter "Upper Crossroads Exxon"), located at 2800 Fallston Road, Fallston, MD 21047.

The Upper Crossroads Exxon began operating in 1987 and until June 2005 operated four active underground storage tanks ("USTs").  There were three gasoline USTs (one 12,000 gallon and two 10,000 gallon) and one 10,000 gallon diesel UST.  Two additional tanks – one 1,000 gallon heating oil UST and one 1,000 gallon used oil UST – were removed in April and June of 1997, respectively.   The station was torn down and the underground storage tanks removed in July and August 2005, respectively.

In October 1991, the Harford County Health Department tested the domestic wells for restaurants in close proximity to the Upper Crossroads Exxon and found high levels of MTBE. In response the Maryland Department of the Environment ("MDE") required Exxon Mobil to conduct an investigation of the Upper Crossroads Exxon. The investigation included the installation of three shallow monitoring wells and the collection of surface water and groundwater samples. The analytical results from the investigation revealed the presence of MTBE in the Upper Crossroads Exxon's drinking water well at 9.5 parts per billion ("ppb"). The MDE closed the case at that time.

In December of 1998, routine Harford County Health Department sampling of drinking water at commercial establishments in close proximity to the Upper Crossroads Exxon revealed elevated concentrations of MTBE in the groundwater. The highest concentration was

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

126 ppb, which was found at a local eating establishment. The MDE directed Exxon Mobil to install a carbon filtration system at that eating establishment and to sample additional domestic wells in the immediate vicinity of the Upper Crossroads Exxon.

In June 2002, annual groundwater sampling identified a second commercial property at the intersection of Routes 152 and 165 in Fallston, Maryland testing positive for MTBE at 42.9 ppb. This commercial property was also in close proximity to the Upper Crossroads Exxon.

In August 2003, the MDE approved Exxon Mobil's work plans to install four monitoring wells at the Upper Crossroads Exxon. Sampling of those monitoring wells confirmed the presence of MTBE in the groundwater at levels as high as 26,000 ppb.

In October 2003, Exxon Mobil submitted an environmental subsurface investigation report. Based on the results of that investigation, the MDE required Exxon Mobil to expand its groundwater monitoring program for offsite wells to include several additional commercial and residential properties within the immediate vicinity of the Upper Crossroads Exxon.  The drinking water sampling in May of 2004 confirmed additional MTBE contamination in off-site wells with some more than a half mile from the Upper Crossroads Exxon.

In April of 2004, Plaintiffs first learned of the contamination of their wells and/or wells on neighboring properties, with MTBE. As a result of Exxon Mobil's failing to inform the Plaintiffs of the MTBE-contamination, Plaintiffs have been drinking, cleaning, bathing, cooking and living with MTBE-contaminated water for years — a fact that was unknown to the plaintiffs and should have been known by Exxon Mobil.

Since June of 2004 and under the direction of the MDE, Exxon Mobil has been conducting an environmental investigation of the contamination; providing bottled

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

3

water to all residents within a half-mile radius of the Upper Crossroads Exxon; and installing granular activated carbon ("GAC") systems in homes.

As of October 2004, over 70 private wells in the Fallston area had some level of MTBE. There have been even more detections of MTBE in private wells since that time, and it is unlikely that this contamination will resolve in the near future without substantial remediation of the aquifer.

## II. PROCEDURAL HISTORY

On December 8, 2004, Plaintiffs filed a sixty-three count Complaint in the Circuit Court for Baltimore County alleging state causes of action in strict liability, nuisance, trespass and negligence.

The Complaint was served on Exxon Mobil on December 14, 2004.

Exxon Mobil removed the case to the United States District Court for the District of Maryland, Northern Division, on January 13, 2005.

On August 16, 2005, Exxon Mobil filed a Notice of Related, Tag-Along Action advising the JPML that this matter is a potential "tag-along action" subject to transfer for consolidation with cases currently pending under *In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, Master File No. 1:00-1898, MDL-1358 (hereinafter "MDL-1358").

On September 2, 2005, this Honorable Panel filed CTO-16. Plaintiffs filed a Notice of Opposition to CTO-16 on September 16, 2005, via facsimile transmission. Plaintiffs respectfully request that the Panel vacate CTO-16 for the reasons set forth herein.

# III.  ARGUMENT

## A.      This Case Does Not Satisfy The Standard For Transfer Required By 28 U.S.C. §1407(a).

Plaintiffs submit that simply because the substance "MTBE" is identified in their Complaint as the cause of the contamination in their wells does not necessarily require the transfer of the case under 28 U.S.C. §1407.  In fact, careful analysis of Plaintiffs' claims reveals that the fact that MTBE was the substance identified in their wells is incidental to their claims.  Plaintiffs' claims would be no different had the substance been benzene, toluene, xylene or any of the various other constituents of formulated gasoline.  The critical issue is that a constituent of gasoline escaped from the Upper Crossroads Exxon station and contaminated the Plaintiffs' well water.

This case is brought by a discrete, identifiable group of individuals arising out of an incident or incidents at a single service station.  No issues concerning the propriety vel non of the use of MTBE in gasoline products are raised by Plaintiffs' claims.

### 1.      This case does not share substantial common factual issues with the cases already transferred.

The first requirement that must be met for transfer is the existence of  common questions of fact between the cases under consideration for transfer and the cases already before the transferee court. Title 28, section 1407(a) of the United States Code states, "when civil actions involving one or more common questions of fact are pending in different districts, such actions *may* be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a) (emphasis added). This Panel has repeatedly recognized this principal. *See In re Janus Mutual Funds Inv. Litig.*, 310 F.Supp.2d 1359, 1361 (J.P.M.L. 2004) (concluding that

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

all cases involve common question of fact concerning allegations of market timing); *In re Worldcom, Inc. Sec. & ERISA Litig.*, 226 F.Supp.2d *1352*, 1354 (J.P.M.L. 2002) (transferring schedule A actions because they share factual questions arising out of alleged omissions or misrepresentations concerning WorldCom's financial condition and accounting practices, but vacating the CTO for schedule B actions because the factual and legal issues were largely distinct from those currently before the MDL court); *In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F.Supp. 969, 974 (J.P.M.L. 1979) (finding substantial common factual issues regarding the overall design of multi-piece rims, the state of knowledge within the industry, and the alleged failure of defendants to warn); *but see In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978) (denying transfer where common questions of fact are not sufficiently complex and the associated discovery is not greatly time consuming).

This action does not share substantial common issues of fact with the cases in MDL-1358. Most of the plaintiffs in the case before the transferee court are states, municipalities, public and private water companies, and water districts.[1] The plaintiffs in the MDL who are private well owners raised products liability claims against numerous manufacturers and sought to represent entire classes in their respective states of private well owners with or without detections of MTBE in their wells. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 175 F.Supp.2d 593, 603-05 (S.D.N.Y. 2001) (describing private well owner actions before MDL-1358) (referred hereinafter as *In re: MTBE*). The core issue of fact common to the MDL-1358 cases is whether the industry decision to add MTBE to gasoline is a design defect. As

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

[1] Examples include *The State of New Hampshire v. Amerada Hess Corp., et al.*, No. 04-4976; *City of Riverdale v. Atlantic Richfield Co., et al.*, No. 04-4969; *City of Fresno v. Chevron USA Inc., et al.*, No. 04-4973; *California-American Water Co. v. Atlantic Richfield Co., et al.*, No. 04-4974; *Orange County Water District v. Unocal Corp., et al.*, No. 04-4968.

stated in the Panel's initial Transfer Order:

> "... the Panel finds that the actions in this litigation involve common questions of fact concerning i) whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users, the federal government or the public; and ii) whether plaintiffs sustained drinking water contamination as a result of MTBE contamination.[2]

In contrast, the Plaintiffs in this case have not raised a strict liability claim predicated on the use of MTBE in gasoline and have focused solely upon the Defendant's failure to contain the gasoline at this single location, not upon any role the Defendant Exxon Mobil may have played in the decision to include MTBE in the gasoline. Thus, the core issue of fact in this case is whether the Defendant is responsible for the contamination of the aquifer in the Fallston, Maryland area. The MDL-1358 court has not addressed nor is it likely to address this issue in any of the cases before it.

This honorable Panel has already recognized the distinction between cases like the instant case and those in MDL-1358. In the case of *Theodore Holten, et al. v. Chevron U.S.A., et al.*, No. 3:00-4703 (D.N.J.), this Panel vacated its CTO-2 as it applied to *Holten* after determining that transfer of this case to MDL-1358 was not warranted, Order Vacating Conditional Transfer Order, MDL-1358, *Holten, et al. v. Chevron U.S.A., et al.*, No. 3:00-4703 (D,N.J.) (Apr. 18, 2001), *Holten* involved over 50 residents and former residents of Bayville, New Jersey, whose wells were contaminated by one local gas station's USTs and dispensing systems. This honorable Panel found that the "MDL-1358 actions, on the other hand, are purported class actions which focus on claims by persons or entities whose well water has not

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

---

[2]   See Transfer Order attached as Exhibit 1.

yet tested positive for the presence of MTBE." The facts in *Holten* are analogous to those in this case.

2. *Transfer will not serve the convenience of the parties or promote the just and efficient conduct of the litigation.*

Even if this case shares a common question of fact with the MDL-1358 cases, transfer is not warranted here. Common questions of fact alone are not a sufficient reason for transfer. *See In re "East of the Rockies" Concrete Pipe Antitrust Cases,* 302 F.Supp. 244, 254 (J.P.M.L. 1969) (Weigel, J. concurring) (stating, "neither the convenience of witnesses and parties nor the just and efficient conduct of actions are served, *ipso facto,* by transfer just because there are common questions of fact"). The Panel must also conclude that transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a); *see also In re Highway Acc. Near Rockville, Conn., on Dec. 30, 1972,* 388 F.Supp. 574, 575 (J.P.M.L. 1975) (explaining that the proposed transfer must meet the statutory standard, otherwise it is not warranted). Thus, the Panel must decline to transfer the case if "significant economy and efficiency in judicial administration [could not] be obtained." *In re: Ivy,* 901 F.2d 7, 9 (2d Cir. 1990) (quoting H.R, Rep. No. 1130, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.C.C.A.N. 1898, 1900).

The determination of whether transfer would promote convenience and efficiency involves consideration of several factors. *See In re Asbestos and Asbestos Insulation Material Prod. Liab. Litig.,* 431 F.Supp. 906, 909-10 (J.P.M.L. 1977) (discussing arguments against transfer). One important factor is whether individualized and unique questions of fact and law predominate over common questions of fact. *See Id.* at 910 (denying transfer because the many

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

8

factual questions unique to each action clearly predominated over the common factual questions); *In re Asbestos School Prod. Liab. Litig.*, 606 F.Supp. 713, 714 (J.P.M.L. *1985*) (holding that transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation where common questions of fact did not predominate over individual questions of fact present in each action). Moreover, this Panel has found transfer for consolidated pre-trial proceedings to be of no benefit where discovery "will focus on localized factual issues." *In re Grand Funk R.R. Trademark Litig.*, 371 F.Supp. 1084, 1085 (J.P.M.L. 1974).

The MDL-1358 court has already recognized the numerous individualized issues in the cases of private wells: "[t]here are ... differences in the level of contamination that the named plaintiffs allege, the source of the contamination, how the contamination affects each plaintiff, and the nature of relief that each will require." *In re MTBE Prod. Liab. Litig.*, 209 F.R.D. 323, 344 (S.D.N.Y, 2002). Thus, even if the common thread in the MDL- 1358 actions and this case may be contamination of groundwater with MTBE, the circumstances of the contamination in this case are unique. *In re Asbestos and Asbestos Insulation Material Prod. Liab. Litig.*, 431 F.Supp. at 909. These differences from other MDL-1538 actions include the geology of the contaminated aquifer; the geographic extent of the contamination; the levels of contamination; the source of contamination; the presence of other potential sources of MTBE in the area and their relative responsibility for the contamination; the type of release, *e.g.,* liquid spills versus vapor leaks; the storage device for the product containing MTBE, *e.g.,* UST versus pipeline; the local real estate values; and the local economy. In short, the core issue of fact in this case — the

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

9

contamination of a discrete aquifer located completely in Maryland — predominates over any questions of the Defendant's knowledge of MTBE's properties and dangers.

To address this core issue, discovery in this case will necessitate depositions of, among others, officials from the local health department and the MDE; former and current employees of the Upper Crossroads Exxon; local environmental scientists and engineers who have performed environmental investigations on behalf of the Defendant, other businesses in the area or residents; local real estate appraisers and agents; and residents of the Fallston area who have been affected by the contamination. The depositions of the necessary witnesses in the this case have not occurred nor are they expected to occur in the MDL-1358 cases. Currently, discovery in MDL-1358 is only being served on the defendants in four focus cases: *Orange County Water District v. Unocat Corp. et at.,* No. 04-4968; *County of Suffolk v. Amerada Hess Corp., et at.,* 04- 5424; *United Water New York, Inc. v. Amerada Hess Corp., et al.,* 04-2389; and the *City of New York v. Ainerada Hess Corp., et al.,* No. 04-3417. *See 4 MTBE Suits Designated 'Focus Cases' in MDL,* 18 MEALEY'S POLLUTION LIABILITY REPORT, November 2004, at 28.  None of this discovery would be pertinent to the actual factual issues that will be decided in this case.

Another consideration is whether the discovery common to the actions can be accomplished outside of MDL consolidation. *See, e.g., In re Telecomm. Providers ' Fiber Optic Cable Installation Litig.,* 199 F.Supp.2d 1377, 1378 (J.P.M.L. 2002) (denying transfer where alternative existed that would minimize duplicative discovery). To the extent that Defendant Exxon Mobil's knowledge of the nature of MTBE is relevant to this case, there are already documents in the public record that demonstrate the Defendant Exxon Mobil's awareness of

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

10

the danger and its duty to store and handle the product with a higher degree of care. *See, e.g., In re. MTBE Prod. Liab. Litig.,* 175 F.Supp.2d at 601-02 (discussing various reports on MTBE by environmental agencies and the industry in the 1980's and early 1990's). Indeed, most of this type discovery has already been conducted in other MTBE cases. For example, *South Lake Tahoe Public Util. District v. Atlantic Richfield Co., et al.,* No. 999128 (Cal. Super. Ct., filed Nov. 10, 1998), proceeded to trial in 2002 on the issue of whether MTBE-containing gasoline is a defective product and resulted in a verdict finding oil companies liable. Furthermore, the MDL-1358 court maintains a document depository that can be accessed by attorneys in any MTBE action. *See In re: MTBE Prod. Liab. Litig.,* Confidentiality Agreement & Order (S.D.N.Y. June 1, 2001). Given these resources, discovery of these materials for this case, <u>if</u> <u>necessary</u>, will not be so burdensome as to require consolidation with cases now in MDL-1358.

A final consideration is whether there is a significant possibility of inconsistent pretrial rulings if the actions under consideration are not transferred. *In re TMJ Implants Prod. Liab. Litig.,* 844 F.Supp. 1553, 1554 (J.P.M.L. 1994). Here, there is no such danger as this case is brought by a discrete group of plaintiffs who do not seek certification as a class action. Further, since the instant multidistrict litigation has been pending for five (5) years, the panel's decisions on common legal issues can provide guidance to other courts hearing MTBE cases. *See In re AH Robins Co. Inc. "Dalkon Shield" IUD prod. Liab. Litig.,* 505 F.Supp. 221, 223 (J.P.M.L. 1981) (a transferee court's prior decisions "can serve as an aid in avoiding duplication of discovery and preventing inconsistent pretrial rulings"); *In re Western Elec. Co., Inc. Semiconductor Patent Litig.,* 436 F.Supp. 404, 406 (J.P.M.L. 1977) (denying transfer where the transferee court's conclusions on key legal issues are well documented).

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

11

Transferring this action to the Southern District of New York will not conserve the resources of the parties; reduce duplicative efforts; or prevent conflicting rulings. Due to the geographic distance and the fact that witnesses will be deposed in Maryland regardless of which court oversees discovery, the Southern District of New York simply offers no increased convenience for the majority of witnesses and parties or efficiency in this case.

## IV.  CONCLUSION

For the reasons set forth herein, Plaintiffs' motion to vacate CTO-16 should be granted.

Respectfully submitted,

Dated: October 3, 2005

Robert L. Hanley, Jr. 00150
Nolan, Plumhoff & Williams, Chartered
502 Washington Avenue, Suite 700
Towson, MD 21204
(410) 823-7800
fax - (410) 296-2765
rhanley@nolanplumhoff.com

Attorneys for Plaintiffs, Carl G. Morgan,
Patricia A. Morgan, Kristen M. Raynor,
Keith Spencer, Leroy A. Chenworth, Jr.,
Jean T. Chenworth, Fallston Properties,
LLC, Don-Bar, Inc., David H. March,
Catherine C. March, Jeffrey Kundratic,
Cathleen Kundratic, James G. Wagner, Sr.
and Darlene R. Wagner

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

12

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 4 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CTO-16 was served on the following counsel of record via United States Mail, postage prepaid, on this 3rd day of October, 2005.

Daniel J. Hanley                        Attorney for the Plaintiffs
Hanley & Hanley
206 Washington Avenue
Towson, MD 21204

Peter John Sacripanti                   Attorneys for Defendant,
James A. Pardo                          ExxonMobil Corporation
Stephen J. Riccardulli
McDermott, Will & Emery
50 Rockefeller Plaza
New York, NY 10020-1605

and

Andrew Gendron                          Attorneys for Defendant,
Brien M. Penn                           ExxonMobil Corporation
VENABLE LLP
Two Hopkins Plaza, Suite 1800
Baltimore, MD 21201-2978

Robin L. Greenwald                      Plaintiffs' Liaison Counsel
Weitz & Luxenberg, PC                   for MDL 1358
180 Maiden Lane, 17th Floor
New York, NY 10038

Peter J. Sacripanti                     Defendant's Liaison Counsel
McDermott, Will & Emery                 for MDL 1358
50 Rockefeller Plaza
New York, NY 10020

Dated: October 3, 2005

Robert L. Hanley, Jr.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 4 2005

FILED
CLERK'S OFFICE

MDL Docket No. 1358
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

*Carl G. Morgan, et al v. ExxonMobil Corp.*   *   United States District Court
                                                   District of Maryland
                                              *   C.A. No. 1:05-108
                                                   (Judge Marvin Garbis)
                                              *

*   *   *   *   *   *   *   *   *   *   *   *   *

RULE 7.2(a)(ii) SCHEDULE

A.   Carl  G. Morgan, Patricia A. Morgan, Kristen M. Raynor, Keith Spencer, Leroy

A. Chenworth, Jr., Jean T. Chenworth, Fallston Properties, LLC, Don-Bar, Inc., David H.

March, Catherine C. March, Jeffrey Kundratic, Cathleen Kundratic, James G. Wagner, Sr. and

Darlene Wagner v. Exxon Mobil Corp.

B.   District of Maryland, Northern Division

C.   1:05-108

D.   Judge Marvin J. Garbis



LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 4 2005

FILED
CLERK'S OFFICE

Dated:  October 3, 2005

Robert L. Hanley, Jr. 00150
Nolan, Plumhoff & Williams, Chartered
502 Washington Avenue, Suite 700
Towson, MD 21204
(410) 823-7800
fax - (410) 296-2765
rhanley@nolanplumhoff.com

Attorneys for Plaintiffs, Carl G. Morgan,
Patricia A. Morgan, Kristen M. Raynor,
Keith Spencer, Leroy A. Chenworth, Jr.,
Jean T. Chenworth, Fallston Properties,
LLC, Don-Bar, Inc., David H. March,
Catherine C. March, Jeffrey Kundratic,
Cathleen Kundratic, James G. Wagner, Sr.
and Darlene R. Wagner

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached RULE 7.2(a)(ii) SCHEDULE was
served on the following counsel of record via United States Mail, postage prepaid, on this 3rd
day of October, 2005.

| | |
|---|---|
| Daniel J. Hanley<br>Hanley & Hanley<br>206 Washington Avenue<br>Towson, MD 21204 | Attorney for the Plaintiffs |
| Peter John Sacripanti<br>James A. Pardo<br>Stephen J. Riccardulli<br>McDermott, Will & Emery<br>50 Rockefeller Plaza<br>New York, NY 10020-1605 | Attorneys for Defendant,<br>ExxonMobil Corporation |
| and | |
| Andrew Gendron<br>Brien M. Penn<br>VENABLE LLP<br>Two Hopkins Plaza, Suite 1800<br>Baltimore, MD 21201-2978 | Attorneys for Defendant,<br>ExxonMobil Corporation |

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

2

Robin L. Greenwald                     Plaintiffs' Liaison Counsel
Weitz & Luxenberg, PC                  for MDL 1358
180 Maiden Lane, 17th Floor
New York, NY 10038

Peter J. Sacripanti                    Defendant's Liaison Counsel
McDermott, Will & Emery                for MDL 1358
50 Rockefeller Plaza
New York, NY 10020

Dated:  October 3, 2005

                                       Robert L. Hanley, Jr.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 4 2005

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 0 2000

FILED
CLERK'S OFFICE

## DOCKET NO. 1358

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

David England, et al. v. Atlantic Richfield Co., et al., S.D. Illinois, C.A. No. 3:00-370
David England, et al. v. Atlantic Richfield Co., et al., S.D. Illinois, C.A. No. 3:00-371
Donna Berisha, et al. v. Amerada Hess Corp., et al., S.D. New York, C.A. No. 1:00-1898

## BEFORE JOHN F. NANGLE, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, WM. TERRELL HODGES,* MOREY L. SEAR,* BRUCE M. SELYA* AND JULIA SMITH GIBBONS, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of three actions pending in the following federal districts: two actions in the Southern District of Illinois and one action in the Southern District of New York. Before the Panel is a motion by five oil company defendants seeking centralization of these actions, pursuant to 28 U.S.C. §1407, in the Southern District of Illinois for coordinated or consolidated pretrial proceedings. Five additional defendants agree that centralization is appropriate, although two of these defendants prefer centralization in the Southern District of New York. The Illinois plaintiffs support centralization in the Illinois court. The New York plaintiffs along with eight defendants oppose centralization; if the Panel deems centralization appropriate, the New York plaintiffs and at least one opposing defendant favor centralization in the New York court.[2]

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact concerning i) whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users, the federal government or the public; and ii) whether plaintiffs sustained drinking water contamination as a result of MTBE contamination. Centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Section 1407 proceedings are desirable in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

Opponents of transfer argue that the presence of individual questions of fact militate against 1407 transfer. We are unpersuaded by this argument. Indeed, we point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who

---

\* Judges Hodges, Sear and Selya took no part in the decision of this matter.

[1] The Panel has been notified that two potentially related actions have been recently filed in the Middle and Southern Districts of Florida. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 192 F.R.D. 459, 468-470 (2000).

[2] In an interested party response, plaintiffs in a potentially related action – *Buddy Lynn, et al. v. Amoco Oil Company, et al.*, M.D. Alabama, C.A. No. 96-940 – suggest centralization of MDL-1358 in the Middle District of Alabama.



**EXHIBIT**

1

- 2 -

can formulate a pretrial program that:  1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.  It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or an action can be remanded to their transferor district for trial in advance of completion of the other actions in the transferee district.  But we are unwilling, on the basis of the record before us, to make such a determination at this time.  Should the transferee judge deem remand of any claims or an action appropriate, procedures are available whereby this may be accomplished with a minimum of delay.  *See* Rule 7.6, R.P.J.P.M.L., 192 F.R.D. 459, 470-472 (2000).

    We are persuaded that centralization of this litigation in the Southern District of New York is appropriate.  We note that the New York action is proceeding apace before Judge Shira Ann Scheindlin and we are confident in her ability to conduct pretrial proceedings in this litigation in an expeditious manner.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the above-captioned actions pending in the Southern District of Illinois be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shira Ann Scheindlin for coordinated or consolidated pretrial proceedings with the action pending there.

                                        FOR THE PANEL:


                                        John F. Nangle
                                           Chairman