MDL 1358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 6 2005

FILED
CLERK'S OFFICE

DOCKET NO. 1358

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION OF PLAINTIFFS ANTHONY SANGUINO AND MARIA SANGUINO TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-15)

Plaintiffs Anthony and Maria Sanguino (hereinafter referred to as "Plaintiffs") submit this reply brief in further support of their Motion to Vacate the Conditional Transfer Order entered in this matter on August 10, 2005, designated CTO-15.

Defendant Exxon Mobil Corporation (hereinafter referred to as "Defendant") argues that since more than seventy (70) cases have been previously transferred into MDL 1358, this case should also be transferred simply because it involves allegations of MTBE contamination. However, it is clear that the instant matter does not belong in MDL 1358. Defendant fails to cite a single case that has been previously transferred that involves one homeowner suing one gasoline manufacturer due to contamination from a solitary site. The cases previously transferred involve multiple plaintiffs, towns, municipalities, and states versus multiple gasoline manufacturers.

Defendant states in its brief that "cases involving common issues should be transferred even if some localized issues are involved." Defendant's Brief at 12. However, Defendant brushes by the fact that *only* local issues are involved in the instant matter. As repeatedly stated, this case involves *one* property in the state of New Jersey. The previous transfer orders involved multiple property owners, entire cities,

PLEADING NO. 205

IMAGED OCT - 6 2005   OFFICIAL FILE COPY

2005 OCT 6 A 10: 35
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

municipalities or states that were suing multiple gasoline manufacturers for MTBE contamination of the groundwater and drinking water.

Additionally, Defendant states that there will be overall cost savings to all parties by including this matter in the MDL. However, this is completely false as the only one who stands to experience any cost savings is Defendant, a billion dollar company, who is admittedly the only party currently named in any of the cases previously consolidated in MDL 1358. Plaintiffs, on the other hand, simply cannot afford to be involved in a litigation involving hundreds of plaintiffs versus dozens of gasoline manufacturers. Defendant is attempting use the MDL as a vehicle to price out small Plaintiffs in order to avoid responsibility for the contamination it has caused on Plaintiffs' property.

In addition, Defendant attacks Plaintiffs' claim that Plaintiffs require urgent judicial action due to MTBE which is in the ambient air of Plaintiffs' home. Defendant's response is that the Judge can structure discovery to maximize efficiency. It is little comfort to Plaintiffs that at some point in the unknown future the MDL Court can decide on a discovery schedule while Plaintiffs continue to be harmed by the MTBE vapors. Plaintiffs need court intervention now, and they simply will not receive the attention that is necessary if it is transferred to MDL 1358 where there are hundreds of parties awaiting judicial guidance.

Finally, it is worthy of note that this MDL was created in 2000 with the new round of transfer orders commencing in February 2004. In more than five (5) years, there have been several conferences, case management orders, and the Court has considered several motions to dismiss. In addition, four (4) cases have been selected as focus cases. This all adds up to a significant delay in the resolution of this matter, as the Plaintiffs will

continue to suffer from daily, constant exposure to MTBE. Defendant shall suffer no deleterious effect on its health if this matter is not transferred to the MDL. Therefore, a balancing of the interests weighs heavily in favor of granting Plaintiffs' Motion to Vacate the Conditional Transfer Order (CTO-15).

## CONCLUSION

For the reasons stated above, the Plaintiffs respectfully request that the Panel Vacate the Conditional Transfer Order (CTO-15).

Dated: October 5, 2005

Respectfully submitted,

*/s/ Stuart J. Lieberman /me/*
Stuart J. Lieberman, Esq. (SL0205)
Mara Epstein, Esq. (ME2783)
Lieberman & Blecher, P.C.
10 Jefferson Plaza, Suite 100
Princeton, New Jersey 08540
Attorneys for Plaintiffs Anthony and Maria Sanguino

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached **MOTION and BRIEF IN SUPPORT OF THE MOTION OF PLAINTIFFS ANTHONY SANGUINO AND MARIA SANGUINO TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-15)** was served on the following counsel on the attached Panel Service List via overnight mail, on this 5th day of October 2005:

| | |
|---|---|
| Marc A. Rollo, Esq.<br>Archer & Greiner, P.C.<br>One Centennial Square<br>P.O. Box 3000<br>Haddonfield, NJ 08033-0968 | Attorneys for Defendant<br>Exxon Mobil Corporation |
| David J. Montag, Esq.<br>Peter Seiden, Esq.<br>Milber Makris Plousadis & Seiden, LLP<br>411 Hackensack Avenue<br>Suite 303<br>Hackensack, NJ 07601 | Attorneys for Defendant<br>Bain's Automotive, Inc. |
| Robin Greenwald, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane<br>17th Floor<br>New York, NY 10038 | Plaintiffs' Liaison Counsel<br>for MDL 1358 |
| Peter J. Sacripanti, Esq.<br>McDermott, Will & Emery<br>50 Rockefeller Plaza<br>New York, NY 10020 | Defendants' Liaison Counsel<br>for MDL 1358 |

Dated: October 5, 2005

_____
MARA EPSTEIN, ESQ.