MDL 1358

1

2

3

4

5

6

7

8   BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

9

10

11   **In Re:**

12   **Methyl Tertiary Butyl Ether ("MTBE")
     Products Liability Litigation**

13

14

15

16

17

18

19

20

21

**Docket No.:  1358**

This document relates to:

*Isaiah Machin, et al., v. Taylor Investments,
LLC, et al.*, N.D. California, C.A. No. 4:06-
3243

**CERTAIN DEFENDANTS'
OPPOSITION TO PLAINTIFFS'
MOTION TO VACATE CONDITIONAL
TRANSFER ORDER (CTO-23)**

22

23

24

25

26

27

28

1204844.1

OFFICIAL FILE COPY

*In re MTBE Prods. Liab. Litig.*, MDL 1358;
C.A. No. 4:06-3243

IMAGED AUG 2 3 2006

PLEADING NO. 235

1    Defendants Shell Oil Company, Shell Oil Company Foundation, Shell Oil Products

2    Company, Union Oil Company of California, Union Oil Development Corporation, Unocal

3    Corporation, Unocal Supply Company, Unocal Foundation, Unocal International Supply &

4    Trading Co., Unocal Land & Development Company, Unocal Limited, Unocal Pipeline

5    Company, BP Corporation North America Inc.; BP America Inc.; BP America Production

6    Company; BP Amoco Chemical Company (collectively, "Defendants") submit the following

7    opposition to Plaintiffs' Motion to Vacate the Conditional Transfer Order.

8    **I.    INTRODUCTION**

9    Plaintiffs' Motion to Vacate this Panel's Conditional Transfer Order ("CTO") barely even

10   addresses the relevant issue, namely, whether the present lawsuit shares common factual

11   questions with other actions that have been consolidated in MDL 1358 so as to warrant transfer

12   to that docket.  Instead, Plaintiffs devote most of their memorandum to arguing whether the case

13   has been properly removed from state court.  Plaintiffs' jurisdictional argument is clearly without

14   merit in light of express statutory authority in the Energy Policy Act of 2005, 199 Stat. 594,

15   (Section 1503), providing that any claim "related to allegations involving actual or threatened

16   contamination of merthyl tertiary butyl ether ("MTBE")" may be removed to federal court.  Even

17   if Plaintiffs' argument were colorable, moreover, questions regarding propriety of removal do not

18   furnish a proper basis upon which to oppose the CTO.  The very purpose of MDL proceedings is

19   to refer such common legal issues to a single judge for resolution in the first instance and to

20   avoid inconsistent rulings.  The Panel should do so here.

21   Plaintiffs' perfunctory arguments concerning the allegedly "distinctive facts" of this case

22   are similarly without merit.  Plaintiffs ignore the fact that two cases arising from the same

23   contamination incident at Redwood Mobile Home Park ("RMHP") in Novato, California, which

24   also gives rise to the current complaint, are already pending in MDL 1358, namely, *James Quinn,*

25   *et al. v. Shell Oil, Inc., et al.*, C.A. No. 3:04 CV 5780 ("*Quinn*") and *Douglas Shannon v. Taylor*

26

27

28

1    *Investments, et al.*, C.A. No. 3:04 CV 5189 ("*Shannon*").[1]  A comparison of the complaints in

2    these cases shows that the present *Machin* complaint alleges substantively identical claims based

3    on the same operative facts, namely, that Defendants failed to warn of the alleged risks of MTBE

4    contained in gasoline and caused MTBE to contaminate a drinking water well in RMHP, leading

5    to Plaintiffs' alleged injuries.  Because the factual and legal issues in this case are effectively the

6    same as those in *Quinn* and *Shannon*, the Panel should uphold the CTO and transfer the case to

7    MDL 1358.

8    **II.      ARGUMENT**

9
             **A.      The *Machin* Complaint Presents Factual And Legal Issues Common To**
10                    **Cases Pending In MDL 1358**

11           Plaintiffs acknowledge, as they must, that civil actions pending in different districts and

12   involving "one or more common questions of fact" may be transferred for coordinated or

13   consolidated pretrial proceedings.  Motion at 19.  As the Panel has noted, "transfer under [28

14   U.S.C.] Section 1407 does not require a complete identity or even majority of common factual

15   issues as a prerequisite to transfer." *In re Bridgestone/Firestone, Inc., ATX, ATX II and*

16   *Wilderness Tires Products Liability Litig.*, 2000 WL 33416573, at *2 (J.P.M.L. Oct. 24,2000).

17           In asserting that "this action is *very* different from the other cases pending in MDL 1358,"

18   (Motion at 19), Plaintiffs do not even acknowledge *Quinn* and *Shannon*, two cases that arise

19   from the very same contamination incident at the same mobile home park and that are already

20   pending in the MDL.  The *Machin*, *Shannon* and *Quinn* complaints all arise out of the discovery

21   of MTBE in the drinking water well serving RMHP in October 2000.  The *Shannon* complaint

22   was filed by the same counsel representing Plaintiffs in *Machin*, and was transferred to MDL

23   1358 without opposition.  *Shannon*, *Quinn* and *Machin* each alleges that plaintiffs were residents

24   or visitors to RMHP; that defendants engaged in a practice of allowing contaminants to enter the

25   water supply at RMHP and of failing to warn residents of the risks; and that the plaintiffs were

26

27   _____

28           [1] Copies of the complaints in *Shannon* and *Quinn* are attached to the Declaration of
     Hojoon Hwang, filed herewith, as Exhibit A and Exhibit B, respectively.

1    injured by exposure to the contaminated water. *See Shannon* Complaint paras. 11-14;

2    *Machin* Complaint paras. 33-35; *Quinn* Complaint paras. 99-102. Each complaint alleges that

3    defendants acted negligently in allowing contaminants to enter RMHP's water supply and in

4    failing to warn of the contamination (*Machin* Complaint paras. 42-43; *Shannon* Complaint paras.

5    17-18; *Quinn* Complaint paras. 105-106) and that defendants acted fraudulently in failing to warn

6    of the risks associated with the use of MTBE in gasoline. *See Machin* Complaint paras. 69-71 &

7    96-97; *Shannon* Complaint paras. 22-23; *Quinn* Complaint paras. 114, 125-126. Thus, all three

8    cases will involve factual questions concerning, among others, the extent of contamination risks

9    at RMHP, Defendants' knowledge regarding the risks of contamination at RMHP, and

10   Defendants' alleged misrepresentations and omissions to the residents and guests at RMHP. One

11   could hardly conceive of cases that are more closely related or have greater commonality of

12   factual questions. Plaintiffs' contention that this case presents "disparate facts" or "factual

13   dissimilarity" that would disserve judicial economy (Motion at 19-20) is simply wrong.

14          Plaintiffs' argument that this case is different because it "does not allege design defects in

15   MTBE fuels" (Motion at 19) is incorrect and irrelevant. The complaint in fact alleges that

16   MTBE gasoline was unreasonably dangerous as designed:

17                 At all times herein mentioned defendants knew that the MTBE and
                   MTBE FUEL designed, fabricated, manufactured, supplied,
18                 distributed and/or sold by them were *defective* in the manner herein
                   alleged . . . and yet, notwithstanding this knowledge, defendant
19                 [*sic*] maliciously, oppressively, fraudulently, despicably and in
                   willful and conscious disregard of the safety of such persons and of
20                 the plaintiff [*sic*] herein, without giving any notice of the *defect* to
                   the purchasers, placed and persisted in placing its herein described
21                 *defective* MTBE and MTBE FUEL into the stream of commerce
                   without adequate warnings and instructions . . .
22

23                 *Machin* Complaint para. 75 (emphases added).

24   Thus, the question of whether MTBE gasoline is unreasonably dangerous when used in a

25   foreseeable manner is in fact an issue in this case, and Plaintiffs' attempt to distinguish the so-

26   called "large water district" cases on that basis is unavailing. Moreover, even if Plaintiffs were

27   correct that their complaint does not sufficiently raise the legal question of design defect,

28   consolidation in MDL 1358 would be proper on the basis of the commonality of facts between

1   this case, *Quinn* and *Shannon* alone. *See In Re Firestone/Bridgestone*, 2000 WL 33416573, at *2

2   ("[n]or is the presence of additional or differing legal theories significant when the underlying

3   actions still arise from a common factual core.")

4        Finally, while Plaintiffs point out that many of the cases in MDL 1358 are brought by

5   water districts, Plaintiffs do not explain what significance, if any, that fact would have on the

6   issue of whether the case should be referred to MDL 1358.  Plaintiffs' intimation that "justice

7   [will be] denied" by consolidation of this case in the MDL is not only rhetorical hyperbole but,

8   frankly, offensive to the transferee court which has been handling over 80 cases involving MTBE

9   contamination with diligence and care.  In short, because the instant action is undoubtedly related

10  to and shares numerous common factual questions with cases pending in MDL 1358, including

11  those arising from the same contamination incident at the same location, the Panel should uphold

12  the CTO and transfer the matter to MDL 1358.

 

**B.**  **Plaintiffs' Jurisdictional Arguments Are Without Merit And, In Any Event, Should Be Addressed By The Transferee Court**

15       Plaintiffs argue that the conditional transfer order should be vacated because the federal

16  courts allegedly lack jurisdiction over the Complaint.  This argument is wrong in addition to

17  being irrelevant.

18       While Plaintiffs focus on federal court jurisdiction under the "federal officer" removal

19  doctrine, Plaintiffs present nothing of substance to avoid the express statutory authority for

20  removal provided by the Energy Policy Act of 2005.  On August 8, 2005, months before

21  Plaintiffs filed this action, Congress passed the Energy Policy Act of 2005.  Section 1503 of that

22  statute states:

23          Claims and legal actions filed after the date of enactment of this
        Act related to allegations involving actual or threatened

24          contamination of [MTBE] may be removed to the appropriate
        United States district court

26  199 Stat. 594, 1076 (codified as a note to 42 U.S.C. s. 7545).  There is no question that Plaintiffs'

27  allegations here involve "actual or threatened contamination" of MTBE.  Defendants allegedly

28  "failed to take steps to prevent the contamination of the water, soil and air" by "automobile fuel

1  containing Methyl Tertiary-Butyl Ether (MTBE) . . ." *Machin* Complaint para. 34.

2  Faced with this statute, Plaintiffs offer only that the federal courts should abstain from

3  asserting jurisdiction. Motion at 16-18. The abstention doctrine, however, is wholly inapposite.

4  The abstention cases cited by Plaintiffs principally concern whether a federal court should

5  exercise jurisdiction in cases where state courts have already exercised concurrent jurisdiction.

6  For example, *Tafflin v. Levitt*, 493 U.S. 455 (1990), on which Plaintiffs principally rely,

7  presented the issue of whether a federal district court should defer to a pending state court case in

8  which civil RICO claims were also asserted. It has nothing to do with whether a federal court

9  can exercise jurisdiction pursuant to a removal procedure that Congress expressly set forth. In

10  the removal context, there is no pending state court proceeding to which the federal court can

11  defer under the analysis of *Tafflin*.

12  Moreover, Plaintiffs' attempt to apply the so-called "*Buford* doctrine" of abstention fails

13  for reasons very similar to those relied upon by the court in *United States v. Morros*, 268 F.3d

14  695 (9th Cir. 2001). While Plaintiffs rely on an application of the principles discussed in

15  *Morros*, the Ninth Circuit in fact overruled the district court's decision to abstain, noting that the

16  federal courts' obligation to assume jurisdiction granted by Congress is "virtually unflagging."

17  *Id.* at 703. The Court went on to decide that the limited exception set forth in *Buford v. Sun Oil*

18  *Co.*, 319 U.S. 315 (1943) was not applicable because the case did not involve a complex state

19  statutory scheme such as the Texas oil drilling rights involved in *Buford*. *Morros*, 268 F.3d at

20  704-05. The issue before the court in *Morros* centered on whether state law conflicts with

21  federal law, which is not an area where state courts have "special competence." *Id.* The facts in

22  this case present the exact same reasons for rejecting abstention because the jurisdictional issues

23  raised by Defendants and in MDL 1358 involve whether those tort claims conflict with the

24  complex federal regulatory scheme concerning fuel content.

25  In any event, any question of remand should be addressed to and decided by the transferee

26  court. An important purpose of MDL transfers "is to further judicial economy and to eliminate

27  the potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. Of Am.*, 5 F. Supp. 2d

28  804, 809 (N.D.Cal. 1998). "Consistency as well as economy is . . . served" by resolution of

1  common issues by one transferee court. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).   Judge

2  Schiendlin has heard and resolved numerous motions concerning federal court jurisdiction and

3  has also ordered that "it is appropriate for the issues presented by [the remand] motions in these

4  and all similarly removed actions, wherever filed, to be heard and decided by this [MDL 1358]

5  Court." Hwang Decl. Exhibit C.

6         This panel has also noted that pendency of remand motions and questions regarding

7  jurisdiction do not provide a basis for opposing a transfer order, because such questions can be

8  addressed by the transferee court.  In *In re Bridgestone/Firestone*, 2000 WL 33416573, at * 2, the

9  Panel rejected objections to a transfer "rooted in the[] contention that the Panel's decision should

10  carve out any action that is subject to a motion to remand to state court" because "jurisdictional

11  and remand motions can be presented to and decided by the transferee judge."  The Panel should

12  do likewise in this instance.

13  **III.     CONCLUSION**

14         For the foregoing reasons, Defendants respectfully request that the Panel uphold its

15  conditional transfer order and transfer the case to MDL 1358.

16

17

18  Dated: August *18*, 2006                           MUNGER TOLLES & OLSON LLP

19

20                                            By: _____
                                                   Hojoon Hwang
21                                                 Attorneys for Defendants Shell Oil
                                                   Company, Shell Oil Company Foundation,
22                                                 Shell Oil Products Company

23                                            Hojoon Hwang
                                              Patrick J. Cafferty, Jr.
24                                            Blanca F. Young
                                              560 Mission Street, 27th Floor
25                                            San Francisco, California 94105
                                              Tel: 415 512 4009
26                                            Fax: 415 512 4077

27

28

1
2   Dated: August 18 2006

MORGAN LEWIS & BOCKIUS LLP

3
4   By: _Michael Zarro / by HH_
        Michael T. Zarro
        Attorneys for Defendants Union Oil
5       Company Of California, Union Oil
        Development Corporation; Unocal
6       Corporation; Unocal Supply Company;
        Unocal Foundation; Unocal Intl. Supply &
7       Trading Co.; Unocal Land & Development
        Co.; Unocal Limited; and Unocal Pipeline
8       Company

9   David L. Schrader
    Michael T. Zarro
10  Catherine N. Mitchell
    300 South Grand Avenue, 22nd Floor
11  Los Angeles, California 90071
    Tel: 213 612 2500
12  Fax: 213 612 2501

13
14  Dated: August 18, 2006

ARNOLD & PORTER LLP

15
16  By: _Matt Heartney / by HH_
        Matthew T. Heartney
        Attorneys for Defendants BP Corporation
17      North America, Inc.; BP America Inc.; BP
        America Production Company; and BP
18      Amoco Chemical Company

19  Matthew T. Heartney
    Stephanie B. Weirick
20  777 South Figueroa Street, 44th Floor
    Los Angeles, California 90017
21  Tel: 213 243 4000
    Fax: 213 243 4199

22
23
24
25
26
27
28

1204844.1

In Re MTBE Prods. Liab. Litig., MDL 1358;
C.A. No. 4:06-3243

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 1 2006

FILED
CLERK'S OFFICE

1

2

3

4

5

6

7

8          BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

9

10

11    *In Re Methyl Tertiary Butyl Ether*        **Docket No.:  1358**
      *("MTBE") Products Liability Litigation*
12                                               This document relates to:

13                                               *Isaiah Machin, et al., v. Taylor Investments,*
                                                 *LLC., et al.* N.D. California, C.A. No. 4:06-
14                                               3243

15                                               **DECLARATION OF HOJOON HWANG**
                                                 **IN SUPPORT OF DEFENDANTS'**
16                                               **OPPOSITION TO PLAINTIFFS'**
                                                 **MOTION TO VACATE CONDITIONAL**
17                                               **TRANSFER ORDER (CTO-23)**

18

19

20

21

22

23

24

25

26

27

28

1205227.1                                        In Re MTBE Prods. Liab. Litig., MDL 1358;
                                                 C.A. No. 4:06-3243

1         I, Hojoon Hwang, declare as follows:

2         1.      I am a partner in the law firm of Munger, Tolles & Olson LLP, counsel of record

3 for defendants Shell Oil Company, Shell Oil Company Foundation, and Shell Oil Products

4 Company. I make this declaration based on my personal knowledge and would and could testify

5 competently to the facts stated herein if called upon to do so.

6         2.      Attached as Exhibit A is a true and correct copy of the Complaint in the matter

7 entitled *Dougles Shannon v. Taylor Investments, et al.*, C.A. No. 3:04 CV 5189, pending in the *In*

8 *Re MTBE Products Liability Litigation*, MDL 1358.

9         3.      Attached as Exhibit B is a true and correct copy of the Amended Complaint in the

10 matter entitled *James Quinn, et al. v. Shell Oil, Inc., et al.*, C.A. No. 3:04 CV 5780, pending in

11 the *In Re MTBE Products Liability Litigation*, MDL 1358.

12         4.      Attached as Exhibit C is a true and correct copy of an order dated December 23,

13 2003 of the Honorable Shira A. Scheindlin, Judge of the United States District Court for the

14 Southern District of New York.

15         I declare under penalty of perjury that the foregoing is true and correct.

16

17 Date:    August 18, 2006

18                                         Hojoon Hwang

19                                     PATRICK J. CAFFERTY, JR.
                                    HOJOON HWANG

20                                     BLANCA F. YOUNG
                                    MUNGER, TOLLES & OLSON LLP

21                                     560 Mission Street, 27th Floor
                                    San Francisco, CA 94105-2907

22                                     Telephone:     (415) 512-4000
                                    Facsimile:      (415) 512-4077

23

24                                     Attorneys for Defendants
                                    SHELL OIL COMPANY; SHELL OIL COMPANY

25                                     FOUNDATION; SHELL OIL PRODUCTS
                                    COMPANY

26

27

28

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**AUG 2 1 2006**

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| *In Re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation* | **Docket No.: 1358** |
| | This document relates to: |
| | *Isaiah Machin, et al., v. Taylor Investments, LLC, et al.*, N.D. California, C.A. No. 4:06-3243 |
| | **PROOF OF SERVICE BY MAIL** |

1205563.1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 1 2006

FILED
CLERK'S OFFICE

PROOF OF SERVICE BY MAIL

I, Marsha Poulin, declare:

1. I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of San Francisco, State of California. My business address is 560 Mission Street, Suite 2700, San Francisco, California 94105-2907.

2. On August 18, 2006, I served a true and correct copies of the following documents by placing them in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list and placing said envelope(s) in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Suite 2700, San Francisco, California, on that same date, following ordinary business practices:

DISCLOSURE STATEMENT PURSUANT TO RULE OF PROCEDURE OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION 5.3 OF SHELL OIL COMPANY, SHELL OIL COMPANY FOUNDATION AND SHELL OIL PRODUCTS COMPANY;

DECLARATION OF HOJOON HWANG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-23);

CERTAIN DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-23); and

PROOF OF SERVICE BY MAIL.

3. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

/ / /

/ / /

1205563.1

PROOF OF SERVICE BY MAIL;
Docket No. 1358

1         I declare that I am employed in the office of a member of the bar of this court at

2  whose direction the service was made.

3         I declare under penalty of perjury that the foregoing is true and correct.  Executed

4  on August 18, 2006, at San Francisco, California.

5

6                  *Marsha Poulin*

7                    Marsha Poulin

HOJOON HWANG
PATRICK J. CAFFERTY, JR.
BLANCA YOUNG
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendants
SHELL OIL COMPANY, SHELL OIL
COMPANY FOUNDATION, SHELL OIL
PRODUCTS COMPANY

1205563.1                     - 3 -          PROOF OF SERVICE BY MAIL;

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 21 2006

FILED
CLERK'S OFFICE

1 SERVICE LIST

| | |
|---|---|
| 2  Michael T. Zarro, Esq. | Attorneys for: |
| 3  Morgan, Lewis & Bockius, LLP<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071 | Union Oil Company of California, Union Oil<br>Development Corporation, Unocal Corporation,<br>Unocal Supply Company, Unocal Foundation,<br>Unocal Intl. Supply & Trading Co., Unocal<br>Land & Development Company, Unocal<br>Limited and Unocal Pipeline Company |
| 6  John W. Elliott, Esq. | Attorneys for: |
| 7  Elliott & Elliott<br>225 W. Santa Clara St., Suite 950<br>San Jose, CA 95113 | Taylor Investments, LLC and Irvin S. Taylor |
| 8  Clayton W. Ken, Esq.<br>A. Russell Martin, Esq.<br>Brayton Purcell LLP<br>Attorneys at Law<br>222 Rush Landing Road<br>Novato, CA 94945 | Attorneys for:<br>Plaintiffs Isaiah Machin, a minor, by and<br>through his Guardian Ad Litem, John Machin,<br>et al. |
| 11  Carl B. Shapiro, Esq.<br>Shapiro & Shapiro<br>404 San Anselmo Avenue<br>San Anselmo, CA 94960 | Attorneys for:<br>Ahamad Avash, Ali Salkhi and A&A Gas |
| 13  Lawrence A. Cox, Esq.<br>Stephanie B. Weirick, Esq.<br>Matthew T. Heartney, Esq.<br>Arnold & Porter, LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017 | Attorneys for:<br>BP Corporation North America, Inc., BP<br>America Inc., BP America Production<br>Company, and BP Amoco Chemical Company |

1205563.1

PROOF OF SERVICE BY MAIL;
Docket No. 1358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**AUG 2 3 2006**

FILED
CLERK'S OFFICE

1

2

3

4

5

6

7

8                    BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

9

10

11      *In Re Methyl Tertiary Butyl Ether*          **Docket No.: 1358**
        *("MTBE") Products Liability Litigation*

12                                                   This document relates to:

13                                                   *Isaiah Machin, et al., v. Taylor Investments,*
                                                     *LLC, et al.*, N.D. California,
14                                                   C.A. No. 4:06-3243

15                                                   **AMENDED PROOF OF SERVICE BY**
                                                     **MAIL**

16

17

18

19

20

21

22

23

24

25

26

27

28
        1206578.1                                    AMENDED PROOF OF SERVICE BY MAIL;
                                                     Docket No. 1358

                          ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**AUG 2 3 2006**

FILED
CLERK'S OFFICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### AMENDED PROOF OF SERVICE BY MAIL

I, Marsha Poulin, declare:

1. I am over the age of 18 and not a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San Francisco, State of California.  My business address is 560 Mission Street, Suite 2700, San Francisco, California  94105-2907.

2. On August 18, 2006, I served true and correct copies of the following documents by placing them in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list and placing said envelope(s) in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Suite 2700, San Francisco, California, on that same date, following ordinary business practices:

DISCLOSURE STATEMENT PURSUANT TO RULE OF PROCEDURE OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION 5.3 OF SHELL OIL COMPANY, SHELL OIL COMPANY FOUNDATION AND SHELL OIL PRODUCTS COMPANY;

DECLARATION OF HOJOON HWANG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-23);

CERTAIN DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-23); and

PROOF OF SERVICE BY MAIL.

On August 22, 2006, I served true and correct copies of the above-listed documents and the AMENDED PROOF OF SERVICE BY MAIL by placing them in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth below and placing said envelope(s) in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Suite 2700, San Francisco, California, on that same date, following ordinary business practices:

1206578.1                                 - 2 -                        AMENDED PROOF OF SERVICE BY MAIL;
                                                                        Docket No. 1358

| | |
|---|---|
| Robin Greenwald | Peter J. Sacripanti |
| Weitz & Luxenberg, P.C | McDermott, Will & Emery |
| 180 Maiden Lane, 40th Floor | 50 Rockefeller Plaza |
| New York, NY 10038 | New York, NY 10020 |

3. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2006, at San Francisco, California.

_Marsha Poulin_

Marsha Poulin
HOJOON HWANG
PATRICK J. CAFFERTY, JR.
BLANCA YOUNG
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendants
SHELL OIL COMPANY, SHELL OIL
COMPANY FOUNDATION, SHELL OIL
PRODUCTS COMPANY

1206578.1                        - 3 -                     AMENDED PROOF OF SERVICE BY MAIL;
                                                           Docket No. 1358

AUG 2 3 2006

FILED
CLERK'S OFFICE

1

<u>SERVICE LIST</u>

| | |
|---|---|
| Michael T. Zarro, Esq.<br>Morgan, Lewis & Bockius, LLP<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071 | Attorneys for:<br>Union Oil Company of California, Union Oil Development Corporation, Unocal Corporation, Unocal Supply Company, Unocal Foundation, Unocal Intl. Supply & Trading Co., Unocal Land & Development Company, Unocal Limited and Unocal Pipeline Company |
| John W. Elliott, Esq.<br>Elliott & Elliott<br>225 W. Santa Clara St., Suite 950<br>San Jose, CA 95113 | Attorneys for:<br>Taylor Investments, LLC and Irvin S. Taylor |
| Clayton W. Kent, Esq.<br>A. Russell Martin, Esq.<br>Brayton Purcell LLP<br>Attorneys at Law<br>222 Rush Landing Road<br>Novato, CA 94945 | Attorneys for:<br>Plaintiffs Isaiah Machin, a minor, by and through his Guardian Ad Litem, John Machin, et al. |
| Carl B. Shapiro, Esq.<br>Shapiro & Shapiro<br>404 San Anselmo Avenue<br>San Anselmo, CA 94960 | Attorneys for:<br>Ahamad Avash, Ali Salkhi and A&A Gas |
| Lawrence A. Cox, Esq.<br>Stephanie B. Weirick, Esq.<br>Matthew T. Heartney, Esq.<br>Arnold & Porter, LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017 | Attorneys for:<br>BP Corporation North America, Inc., BP America Inc., BP America Production Company, and BP Amoco Chemical Company |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1206578.1

AMENDED PROOF OF SERVICE BY MAIL;
Docket No. 1358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 1 2006

FILED
CLERK'S OFFICE

**EXHIBIT A**

1  CLAYTON W. KENT, ESQ., S.B. #123164
   DAVID PAI, ESQ., S.B. #227058
2  BRAYTON❖PURCELL
   ATTORNEYS AT LAW
3  222 Rush Landing Road
   Novato, California 94945
4  (415) 898-1555

5  Attorneys for Plaintiffs

FILED

NOV 10 2004

JOHN P. MONTGOMERY,
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
BY: N. JOHNSON, DEPUTY

6

7

8              **SUPERIOR COURT OF CALIFORNIA**

9                  **COUNTY OF MARIN**

10

11 DOUGLAS SHANNON,                    )    No.  CV044959
                                       )
12            Plaintiff,               )    **COMPLAINT FOR DAMAGES**
                                       )    **1) NEGLIGENCE;**
13 vs.                                 )    **2) FRAUD;**
                                       )    **3) INTENTIONAL INFLICTION OF**
14 TAYLOR INVESTMENTS, LLC; SHELL      )    **EMOTIONAL DISTRESS;**
   OIL, INC; UNOCAL, INC; BRITISH      )    **4) PRODUCT LIABILITY**
15 PERTROLEUM; A&A GAS; AHMAD          )
   AVASH; ALI SALKHI; and DOES 1       )
16 through 100,                        )
                                       )
17            Defendants.              )
                                       )
18 _____     )

19       COMES NOW plaintiff above-named, and for himself alone, and complains and alleges

20 as against defendants, and each of them, as follows:

21                          **INTRODUCTION**

22       This action arises out of conduct occurring over a period of years effecting the ground

23 water supply to the Redwood Mobile Home Park, in the County of Marin.  During the years in

24 issue, the plaintiff was a resident of said mobile home park, and was exposed to numerous

25 contaminants contained within the well water, the ground soil and/or airborne contaminants.

26 All of said contaminants to which plaintiff was exposed for a period of time were the direct

27 result of a course of conduct of defendants, and each of them.

28 ///

K:\Medmal\9356\Comp.pkl.wpd
**COMPLAINT**                                    1

1

## PLAINTIFF

2   1.      Plaintiff DOUGLAS SHANNON, is, and at all times relevant herein was an

3   individual who was a resident, tenant of the Redwood Mobile Home Park, located in the City of

4   Novato, County of Marin, State of California.

5

## DEFENDANTS

6   2.      Plaintiff is informed and believes, and upon such information and belief alleges,

7   that at all times relevant herein, defendant TAYLOR INVESTMENTS, LLC was a limited

8   liability corporation, duly organized and existing under and by virtue of the laws of the State of

9   California, with its principal place of business located within the City and County of San

10   Francisco, State of California.  At all times relevant herein, said defendant was the record owner

11   of that certain real property and business conducted thereon commonly described as the

12   Redwood Mobile Home Park.

13   3.      Plaintiff is informed and believes, and upon such information and belief alleges,

14   that at all times relevant herein, defendant SHELL OIL, INC. was a corporation duly organized

15   and existing under and by virtue of the laws of the State of California, with a principal place of

16   business and/or which conducted business located within the City and County of San Francisco,

17   State of California.

18   4.      Plaintiff is informed and believes, and upon such information and belief alleges,

19   that at all times relevant herein, defendant UNOCAL, INC. was a corporation duly organized

20   and existing under and by virtue of the laws of the State of California, with a principal place of

21   business and/or which conducted business located within the City and County of San Francisco,

22   State of California.

23   5.      Plaintiff is informed and believes, and upon such information and belief alleges,

24   that at all times relevant herein, defendant BRITISH PETROLEUM was a corporation duly

25   organized and existing under and by virtue of the laws of the State of California, with a

26   principal place of business and/or which conducted business located within the City and County

27   of San Francisco, State of California.

28   6.      Plaintiff is informed and believes, and upon such information and belief alleges,

K:\Medmal\9356\Comp.pld.wpd
**COMPLAINT**                                    2

Exhibit 1
Page 5

1   that at all times relevant herein, defendant A & A GAS was a business entity, form unknown,

2   duly organized and existing under and by virtue of the laws of the State of California, with a

3   principal place of business located within the County of Marin, State of California.

4       7.    Plaintiff is informed and believes, and upon such information and belief alleges,

5   that at all times relevant herein, defendant AHMAD AVASH was an individual, with his

6   principal place of residence located within the County of Marin, State of California.  Plaintiffs

7   are further informed and believe, and upon such information and belief allege that said

8   individual defendant was an owner, either in whole or in part, of defendant A & A GAS.

9       8.    Plaintiff is informed and believes, and upon such information and belief alleges,

10   that at all times relevant herein, defendant ALI SALKHI was an individual, with his principal

11   place of residence located within the County of Marin, State of California.  Plaintiffs are further

12   informed and believe, and upon such information and belief allege that said individual

13   defendant was an owner, either in whole or in part, of defendant A & A GAS.

14       9.    Plaintiff is unaware of the names and/or capacities of the defendants sued

15   fictitiously herein as DOES 1 through 100, and, therefore, sues said defendants by such

16   fictitious names.  Plaintiff is informed and believes, and upon such information and belief

17   alleges that each of the fictitiously named defendants is negligently responsible, vicariously

18   responsible, is strictly liable and otherwise legally responsible in some manner for the events

19   and happenings herein referred to and thereby proximately causing injury and damage to

20   plaintiff as herein alleged.  Plaintiff will seek leave of court to amend this complaint to assert

21   the proper names and/or capacities of said fictitious defendants when the same have been

22   ascertained.

23       10.    Plaintiff is informed and believes, and upon such information and belief alleges

24   that at all times relevant herein defendants, and each of them, were the agents, servants,

25   employees, joint venturers, and/or co-conspirators of their co-defendants and were, as such,

26   acting within the scope, course and authority of said agency, employment, joint venture and/or

27   conspiracy, and that each and every defendant, as aforesaid, when acting as a principal, was

28   negligent in the selection and hiring of each and every other defendant as an agent, servant,

1  employee and/or joint venturer and ratified their acts as alleged herein.

2  ## FACTUAL ALLEGATIONS

3      11.    The Redwood Mobile Home Park, of which plaintiff was a resident, and prior to

4  October 23, 2000, obtained its water supply from an underground well located on said property.

5  Such water supplied the entire source of water for the residents, tenants, guests and/or visitors,

6  including plaintiff, for purposes of drinking, cooking, bathing, irrigating, and cooling.

7      12.    Over a period of years, the precise duration of which is currently unknown to

8  plaintiff, and continuously up to October 23, 2000, defendants, and each of them, engaged in

9  the practice of allowing chemical contaminants, including but not limited to

10  Tetrachloroethylene (PCE), Methyl Tertiary-Butyl Ether (MTBE), Trichloroethylene (TCE),

11  Benzene, toluene and other Volatile Organic Chemicals to seep into the well water.  In addition,

12  defendants engaged in the practice of allowing other chemical contaminants to seep into the soil

13  and permeate the air of said mobile home park.  Despite defendants' knowledge, none of the

14  defendants took any steps to prevent the contamination of the soil and air and/or to prevent

15  injury and damage to plaintiff herein.

16      13.    Plaintiff did not know, nor through the use of reasonable diligence, could he

17  have known, of the aforementioned practices and conduct of defendants until on or about when

18  he was made aware through his physician that he suffered injuries attributed to exposure to such

19  contaminants.

20      14.    As a result of the defendants' acts and misconduct, plaintiff was continually

21  exposed to various chemical contaminants, in the water, in the soil and in the air.  Such

22  exposure has caused plaintiff to suffer great physical injury, including, but not limited to,

23  breathing disorders, headaches, nausea, coughs, irritation of the eyes, nose and throat, dizziness

24  and/or disorientation.  In addition, plaintiff has been placed in fear of, suffering greater illness

25  and disease, including kidney problems and cancer.  The aforementioned conduct of defendants

26  has caused plaintiff to suffer worry, anxiety and other emotional upset, and will continue to do

27  so in the future.

28  ///

## FIRST CAUSE OF ACTION

### ( For Negligence as against all defendants)

15.     Plaintiff repleads and realleges the allegations contained within paragraphs 1 through 14 above, and incorporates the same herein by reference as if set forth in full and verbatim.

16.     At all times relevant herein, defendants, and each of them, owed plaintiff a general duty to refrain from engaging in any conduct that would cause injury or damage to plaintiff.

17.     At all times mentioned herein defendants, and each of them, breached said duty and did negligently and carelessly cause and/or allow the aforementioned chemical contaminants, among others, to permeate the well water, soil and air in and around the Redwood Mobile Home Park, of which plaintiff was a resident.  Plaintiff used said well water for cooking, bathing, irrigating and cooling, and walked in and around said premises, all to his detriment.

18.     All of said defendants knew, or reasonably should have known of the aforementioned chemical contamination, and/or the high probability of the same, and did nothing to warn plaintiff and/or to prevent further contamination and/or injury and damage to plaintiff herein.

19.     By reason of the premises, and as a result of defendants' conduct, plaintiff has suffered pain, discomfort, anxiety, worry, physical injury and emotional distress, and has incurred general and special damages, and will continue to suffer such damages in the future. Plaintiff is presently unaware of the extent and amount of such damages, and prays leave to insert such amount when the same has been ascertained.

WHEREFORE, plaintiff prays for judgment as set forth below.

///
///
///
///

Exhibit 1
Page 8

## SECOND CAUSE OF ACTION

### (For Fraud against all defendants)

20.     As and for a third cause of action, plaintiff repleads and realleges the allegations set forth in paragraphs 1 through 19 above, and incorporate the same herein by reference as if set forth in full and verbatim.

21.     At all times mentioned herein, plaintiff placed his reliance on defendants, and each of them, to provide him truthful information and full disclosure concerning the quality of the water, soil and air that plaintiff was exposed to as a resident of the Redwood Mobile Home Park.

22.     At all times mentioned herein, said defendants intentionally and fraudulently misrepresented and concealed material facts concerning the well water, soil and air which plaintiff was exposed, including, but not limited to, the fact that the surrounding gas storage tanks were known to be leaking chemical contaminants, including, but not limited to MTBE, into the well water, the fact that MTBE was known to cause illness and disease to humans, that leaking tanks containing MTBE was problematic and dangerous to humans, that other contaminants were seeping and/or leaching onto the premises of the Redwood Mobile Home Park from surrounding defendant businesses, and that airborne contaminants were being released into the air breathed by plaintiff.

23.     Said misrepresentations and concealments include, but are not limited to, as follows:

a.     Defendant IRVIN S. TAYLOR, both individually and through his property managers and employees Rob Fitzgerald, and Anthony Burns, among others, represented to the plaintiff that the water was safe for use and consumption, despite knowledge to the contrary;

b.     Defendants A & A GAS, AHMAD AVASH, AND ALI SALKHI knew of the contamination of the surrounding ground water, and knew that the underground storage tanks were leaking, yet failed to disclose to plaintiff the dangers that were readily apparent from the resulting leakage;

Exhibit 1
Page 9

c.    Defendants SHELL OIL INC., UNOCAL INC., and BRITISH PETROLEUM, by and through their officers, agents and directors, represented to plaintiff, and the public at large, that the use of M.T.B.E. as an additive in gasoline was safe, when in fact, defendants knew that M.T.B.E. was, in fact, likely to be unsafe and would pose a serious health risk to plaintiff.

24.    Said intentional misrepresentation and fraudulent concealment was intended by said defendants to induce reliance by plaintiff in order for him to continue to reside on said premises and not to contact various governmental agencies to prevent such conduct, all to the detriment to plaintiff and the financial advantage of defendants.

25.    Said conduct was malicious, oppressive and fraudulent, and done for the sole purpose of monetary gain over and above the health and safety of plaintiff, such that plaintiff is entitled to an award of punitive damages as against said defendants, and each of them.

WHEREFORE, plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION

### (For Intentional Infliction of Emotional Distress as against all defendants)

26.    As and for a fourth cause of action, plaintiff repleads and realleges the allegations set forth in paragraphs 1 through 25 above, and incorporates the same herein by reference as if set forth in full and verbatim.

27.    At all times relevant herein, defendants, and each of them, purposefully and intentionally engaged in a course of conduct which they knew was likely to cause harm and injury to the plaintiff herein.  Said defendants in an effort to create a financial benefit for themselves or for some other improper motive, developed a plan or scheme to secret the dangers and existence of chemical contaminants entering onto the property upon which plaintiff resided including the contamination of the well water, soil and air.

28.    Defendants knew that plaintiff would consume, cook in, ingest, absorb or otherwise be exposed to said chemical contaminants, and, further, that such contaminants could likely result in physical injury to plaintiff.  Had defendants informed plaintiff of this contamination, plaintiff would likely have informed others, including the appropriate

1  government agencies, of the existence of such contaminants, and defendants would have been
2  forced to expend monies to eliminate and/or clean up such contamination.  Additionally, as to
3  defendants TAYLOR INVESTMENTS, LLC, said defendant would not have received rental
4  income from plaintiff, as such property would have been rendered untenantable under
5  California law.

6      29.    The result of such plan or scheme was that defendants continued to receive
7  profits from plaintiff and others, while plaintiff was exposed to serious physical and mental
8  injury, and extreme emotional distress.  Knowing of said circumstances, said defendants
9  intentionally engaged in the conduct described herein causing injury and damages to said
10  plaintiff.

11      30.    At the times referenced to herein, plaintiff was a foreseeable victim of such
12  intentional conduct.  Said conduct was engaged in by defendants with the knowledge that it was
13  highly likely to result in the plaintiff being susceptible to severe disease while being falsely
14  lulled into a belief that his living environment was safe.  Defendants knew that at such time as
15  plaintiff became aware of this outrageous conduct by defendants, he would suffer severe worry,
16  anxiety, shock and other emotional distress and plaintiff did suffer such injuries when the nature
17  of defendants' conduct was discovered.  The conduct of defendants was outrageous, atrocious
18  and goes beyond the bounds of decent conduct.

19      31.    Plaintiff did in fact suffer severe emotional distress in that plaintiff actually
20  suffered physical illness or is in fear of suffering said physical illness, including but not limited
21  to, breathing disorders, headaches, nausea, coughs, irritation of the eyes, nose and throat,
22  dizziness, and/or disorientation.  Such physical injuries have caused plaintiff to continuously
23  suffer emotional distress, including, but not limited to, the ongoing and enduring worry,
24  anxiety, shock, and other emotional distress that plaintiff would continue to suffer the
25  aforementioned physical injuries, and, further, that plaintiff will likely suffer additional and
26  more serious physical injuries in the future, including cancer and death, all as a result of
27  defendants' conduct.  Absent the conduct of defendants as alleged herein, plaintiff would not
28  have suffered said emotional distress.

Exhibit 1
Page 11

1    32.    Said conduct was malicious, oppressive and fraudulent, and done for the sole

2    purpose of monetary gain over and above the health and safety of plaintiff, such that plaintiff is

3    entitled to an award of punitive damages as against said defendants, and each of them.

4        WHEREFORE, plaintiff prays for judgement as set forth below.

5                        **FOURTH CAUSE OF ACTION**

6    **(For Products Liability as against defendants SHELL OIL INC., UNOCAL INC., BRITISH PETROLEUM, A & A GAS, AHMAD AVASH, ALI**

7    **SALKHI, and DOES 1 to 100)**

8    33.    As and for a fifth cause of action, plaintiff repleads and realleges the allegations

9    set forth in paragraphs 1 through 32 above, and incorporates the same herein by reference as if

10   set forth in full and verbatim.

11   34.    At all times herein mentioned, defendants SHELL OIL INC., UNOCAL INC.,

12   BRITISH PETROLEUM, A & A GAS, AHMAD AVASH, ALI SALKHI, and DOES 1 to 100,

13   inclusive, compounded, manufactured, sold, packaged, marketed, distributed and otherwise

14   provided certain gasoline products which contained, among other chemical contaminants,

15   MTBE.

16   35.    At the time said gasoline products were compounded, manufactured, sold,

17   packaged, marketed, distributed and otherwise provided, said defendants knew that such

18   products were defective, as such products contained chemical contaminants that were known to

19   said defendants to pose a serious threat to drinking water sources, including the well water used

20   by plaintiff herein, and further, that such contaminants would pose serious threats to the

21   physical safety of persons, such as plaintiff.

22   36.    Defendants were aware of the dangerous nature of such chemical contaminants

23   as far back as 1986, however, did nothing to either inform the public, including plaintiff, of this

24   dangerous character of their product, nor to inform the appropriate Government Regulatory

25   Agencies. Defendants further were aware of the state of disrepair and danger of exposure

26   and/or leakage from underground gasoline storage tanks, which would increase the danger from

27   the chemical contaminants and their ability to seep into ground water supplies, including wells.

28   ///

K:\Medmal\9356\Comp.pkl.wpd
**COMPLAINT**                                              9

Exhibit 1
Page 12

37.     As a direct result of the acts and conduct of defendants, plaintiff ingested, absorbed and was otherwise exposed to dangerous chemical contaminants, and did suffer, and continues to suffer physical and mental injuries, including emotional distress, as alleged herein.

WHEREFORE, plaintiff prays for damages against defendants, and each of them, as follows:

1.     On the First Cause of Action:

   a.  For general damages according to proof;

   b.  For special damages according to proof;

   c.  For costs of suit incurred herein; and

   d.  For such further and other relief as this Court deems just and proper.

2.     On the Second Cause of Action:

   a.  For general damages according to proof;

   b.  For special damages according to proof;

   c.  For punitive damages as allowed by law and according to proof;

   d.  For costs of suit incurred herein; and

   e.  For such further and other relief as this Court deems just and proper.

3.     On the Third Cause of Action:

   a.  For general damages according to proof;

   b.  For special damages according to proof;

   c.  For punitive damages as allowed by law and according to proof;

   d.  For costs of suit incurred herein; and

   e.  For such further and other relief as this Court deems just and proper.

///
///
///
///
///
///

Exhibit 1
Page 13

1   4.   On the Fourth Cause of Action:

2      a.  For general damages according to proof;

3      b.  For special damages according to proof;

4      c.  For costs of suit incurred herein; and

5      d.  For such further and other relief as this Court deems just and proper.

6

7   Dated: _November 9 2004_

8                                    BRAYTON❖PURCELL

9                            By: _____

10                                   Clayton W. Kent
                                     Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

1   CHARLES A. BONNER, ESQ.  SB# 85413
    A. CATHERINE LAGARDE, ESQ. SB# 209255
2   **LAW OFFICES OF CHARLES A. BONNER**
    180 HARBOR DRIVE, SUITE 227
3   SAUSALITO, CA 94965
    TEL: (415) 331-3070
4   FAX: (415) 331-2738

5   ATTORNEYS FOR PLAINTIFFS



FILED

OCT 14 2004

JOHN P. MONTGOMERY,
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
BY: L. ENGSTROM, DEPUTY

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF MARIN

10                     UNLIMITED JURISDICTION

11

12   1.JAMES QUINN; 2.LINDA BAKER;         Case No. **CV 043471**
     3.ROBERT BELTON;4.HELEN LOUISE
13   BROWN; 5.MICHAEL COLOMBO; 6.DELIA     **AMENDED**
     QUINN; 7.ALYS VAN GREIG; 8.HEATHER    **COMPLAINT FOR DAMAGES**
14   HOWARD;9.DAWN HOLDER; 10.DWAYNE
     JENNINGS;  11. SHERRY KELLER;12.      1. **NEGLIGENCE;**
15   JAMES ROBERT LORENZ;13. LORETTA       2. **UNFAIR BUSINESS PRACTICES IN**
     OLBRENTZ;  14. EUGENE McATTEE;           **VIOLATION OF BPC 17200;**
16   15.MICHAEL LITTLE; 16. JOSHUA LITTLE, 3. **FRAUD;**
     MINOR;  17.LISA OLSON;18.  JOHN       4. **INTENTIONAL INFLICTION;**
17   PACKARD; 19.MICHAEL PARKS;20. PAUL       **OF EMOTIONAL DISTRESS;**
     PORTER; 21.JODY SALINAS;22. LLOYD     4. **PRODUCT LIABILITY;**
18   SCOTT; 23.ERIK STROUL;24.ROBERT       6. **VIOLATION OF PUBLIC POLICY;**
     TOURNAHU; 25.LORI VANNESSELT;         7. **NEGLIGENCE INFLICTION;**
19   26.ANNIE LINDBECK; 27.DAN                **OF EMOTIONAL DISTRESS;**
     LINDBECK;28.MICHAEL SCOTT             8. **VIOLATION OF PROPOSITION 65;**
20   OVERSTREET;29.ANTHONY PACKARD;        9. **BREACH OF WARRANTY OF**
     30. CHARLOTTE PACKARD;31. JUDY           **HABITABILITY;**
21   TILLOTSON;32.ANGEL TORRES;  33.       10. **BREACH OF CONTRACT**; and
     CHRISTOPHER RICHEY;34.MYLES          11. **PUNITIVE DAMAGES**
22   MCDOUNGH;35.HEATHER MCDOUNGH;
     36.HOLLY MCDOUNGH,; 37. JENNIFER
23   ROBBINS;3  8.JOSHUA POWERS
     39.WILLIAM DODSON; 40.SEAN
24   DODSON, ; 41. JOHNATHAN HARMON;
     42.TAMELA HARMON;43.AYESHAN
25   HARMON;44.DAMIAN JENNINGS;
     45.SUSAN KOBOFSKY;  46.GARY
26   JOCIUS; 47. ANITA JOCIUS; 48. JAMES
     BRIGOLLI; 49. KEVIN FINK; 50. ROBERT
27   MOORE; 51. ANDREA MOORE; 52. PAT
     BROWN; 53. JERRY SMITH; 54. KELLY
28   TRAVIS; 55. JAMES WOODWARD;
     56. MERCEDES SCHRAMM;

                              1

1   57. MEGAN MCDOUNGH, MINOR,
2   58.JAMES LAVASSER; 59. PATRICIA
    BROWN; 60. RONALD DELEON; 61.
3   AYESHAH HARMON; 62. JEFFREY
    HARRIS; 63. GENOA BALDWIN; 64.
4   PAUL PORTER; 65. PHILIP KNIPPEL;
    66. CARLOS VALIM; 67. MICHELE
5   LYNCH; 68. JACOB POORMAN; 69.
    PATRICK POORMAN; 70. RANDALL
6   POORMAN;   71.   SEBASTIAN
    POORMAN; 72. ERIC SCHRAMM; 73.
7   SHANNON TAYLOR;   74.  ROBERT
    TAYLOR; 75. JAMES SILVA; 76. JOHN
8   TAYLOR;  77. CASSIE TAYLOR;  78.
    NICK TAYLOR; 79. MARY SILVA;
9   80. GORDON SHAFFER; 81. MARK
    SANGERVASI; 82. DANNETTE
10  NEWHOUSE; 83. ELIZABETH
    GREINER,

11

12   Plaintiffs,

13   v.

14   SHELL OIL INC.; BRITISH AMERICAN
     PETROLEUM CORPORATION; UNION
15   OIL   COMPANY   OF   CALIFORNIA;
     A&A  GAS;  AHMAD  AVASH;  ALI
16   SALKHI;  TAYLOR  INVESTMENTS,
     LLC;  IRVIN  S.  TAYLOR
17   INDIVIDUALLY and DOES 1 through
     100, inclusive,

18

19   Defendants.

20   _____/

21

22

23

24

25

26

27

28

2
AMENDED COMPLAINT FOR DAMAGES

1    Plaintiffs allege as follows.

2    ### INTRODUCTION

3    This action arises out of conduct occurring over a period of years effecting the ground water supply
4    to The Redwood Mobile Home Park, in the County of Marin. During the relevant years at issue, the
5    plaintiffs were residents, tenants, guests and/or visitors to said mobile home park, and were exposed to
6    numerous contaminants contained within the well water, the ground soil and/or airborne contaminants. All
7    of said contaminants to which plaintiffs were exposed for a substantial period of time were the direct result
8    of a course of conduct of defendants, and each of them.

9    1.    Plaintiff, JAMES QUINN, is, and at all times relevant herein was, an individual who was, a
10    resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,
11    County of Marin, State of California.

12    2.    Plaintiff, LINDA BAKER, is, and at all times relevant herein was,, an individual who was a
13    resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,
14    County of Marin, State of California.

15    3.    Plaintiff, ROBERT BELTON is, and at all times relevant herein was, an individual who was a
16    resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,
17    County of Marin, State of California.

18    4.    Plaintiff, HELEN LOUISE BROWN is, and at all times relevant herein was, an individual who was
19    a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,
20    County of Marin, State of California.

21    5.    Plaintiff, MICHAEL COLOMBO is, and at all times relevant herein was, an individual who was
22    a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,
23    County of Marin, State of California.

24    6.    Plaintiff, DELIA QUINN, is, and at all times relevant herein was, an individual who was a resident,
25    tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of
26    Marin, State of California.

27    7.    Plaintiff, ALYS VAN GREIG, is, and at all times relevant herein was, an individual who was a
28    resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

AMENDED COMPLAINT FOR DAMAGES

1 │ County of Marin, State of California.

2 │ 8.      Plaintiff, HEATHER HOWARD, is, and at all times relevant herein was, an individual who was a

3 │ resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

4 │ County of Marin, State of California.

5 │ 9.      Plaintiff, DAWN HOLDER, is, and at all times relevant herein was, an individual who was a

6 │ resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

7 │ County of Marin, State of California.

8 │ 10.      Plaintiff, DWAYNE JENNINGS, is, and at all times relevant herein was, an individual who was

9 │ a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

10 │ County of Marin, State of California.

11 │ 11.      Plaintiff, SHERRY KELLER, is, and at all times relevant herein was, an individual who was a

12 │ resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

13 │ County of Marin, State of California.

14 │ 12.      Plaintiff, JAMES ROBERT LORENZ, is, and at all times relevant herein was, an individual who

15 │ was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of

16 │ Novato, County of Marin, State of California.

17 │ 13.      Plaintiff, LORETTA OLBRANTZ, is, and at all times relevant herein was, an individual who was

18 │ a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

19 │ County of Marin, State of California.

20 │ 14.      Plaintiff, EUGENE McATTEE, is, and at all times relevant herein was, an individual who was a

21 │ resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

22 │ County of Marin, State of California.

23 │ 15.      Plaintiff, MICHAEL LITTLE, is, and at all times relevant herein was, an individual who was a

24 │ resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

25 │ County of Marin, State of California.

26 │ 16.      Plaintiff, JOSHUA LITTLE, MINOR, is, all times relevant herein was, an individual who was a

27 │ resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

28 │ County of Marin, State of California.

AMENDED COMPLAINT FOR DAMAGES

17.     Plaintiff, LISA OLSON, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

18.     Plaintiff, JOHN PACKARD, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

19.     Plaintiff, MICHAEL PARKS, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

20.     Plaintiff, PAUL PORTER, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

21.     Plaintiff, JODY SALINAS, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

22.     Plaintiff, LLOYD SCOTT, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

23.     Plaintiff, ERIK STROUL, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

24.     Plaintiff, ROBERT TOURNAHU, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

25.     Plaintiff, LORI VANNESSELT, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

26.     Plaintiff, ANNIE LINDBECK, is, and at all times relevant herein was, an individual who was a

resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

27.    Plaintiff, DAN LINDBECK, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

28.    Plaintiff, MICHAEL SCOTT OVERSTREET, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

29.    Plaintiff, ANTHONY PACKARD, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

30.    Plaintiff, CHARLOTTE PACKARD, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

31.    Plaintiff, JUDY TILLOTSON, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

32.    Plaintiff, ANGEL TORRES, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

33.    Plaintiff, CHRISTOPHER RICHEY, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

34.    Plaintiff, MYLES MCDOUNGH, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

35.    Plaintiff, HEATHER MCDOUNGH, MINOR, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City

AMENDED COMPLAINT FOR DAMAGES

1 | of Novato, County of Marin, State of California.

2 | 36.    Plaintiff, HOLLY MCDOUNGH, MINOR, is, and at all times relevant herein was, an individual

3 | who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City

4 | of Novato, County of Marin, State of California.

5 | 37.    Plaintiff, JENNIFER ROBBINS, is, and at all times relevant herein was, an individual who was a

6 | resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

7 | County of Marin, State of California.

8 | 38.    Plaintiff, JOSHUA POWERS, MINOR, is, and at all times relevant herein was,, an individual who

9 | was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of

10 | Novato, County of Marin, State of California.

11 | 39.    Plaintiff, WILLIAM DODSON, is, and at all times relevant herein was, an individual who was a

12 | resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

13 | County of Marin, State of California.

14 | 40.    Plaintiff, SEAN DODSON, MINOR, is, and at all times relevant herein was,, an individual who

15 | was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of

16 | Novato, County of Marin, State of California.

17 | 41.    Plaintiff, JOHNATHAN HARMON, is, and at all times relevant herein was, an individual who was

18 | a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

19 | County of Marin, State of California.

20 | 42.    Plaintiff, TAMELA HARMON, is, and at all times relevant herein was, an individual who was a

21 | resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

22 | County of Marin, State of California.

23 | 43.    Plaintiff, AYESHAH HARMON, is, and at all times relevant herein was, an individual who was

24 | a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

25 | County of Marin, State of California.

26 | 44.    Plaintiff, DAMIEN JENNINGS, is, and at all times relevant herein was, an individual who was a

27 | resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

28 | County of Marin, State of California.

45. Plaintiff, SUSAN KOBOFSKY, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

46. Plaintiff, GARY JOCIUS, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

47. Plaintiff, ANITA JOCIUS, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

48. Plaintiff, JAMES BRIGOLLI, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

49. Plaintiff, KEVIN FINK, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

50. Plaintiff, ROBERT MOORE, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

51. Plaintiff, ANDREA MOORE, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

52. Plaintiff, PATRICIA BROWN, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

53. Plaintiff, JERRY SMITH, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

54. Plaintiff, KELLY TRAVIS, is, and at all times relevant herein was, an individual who was a

1  resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

2  County of Marin, State of California.

3  55.    Plaintiff, JAMES WOODWARD, is, and at all times relevant herein was, an individual who was

4  a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

5  County of Marin, State of California.

6  56.    Plaintiff, MERCEDES SCHRAMM, is, and at all times relevant herein was, an individual who was

7  a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

8  County of Marin, State of California.

9  57.    Plaintiff, MEGAN MCDOUGH, MINOR, is, and at all times relevant herein was, an individual

10  who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City

11  of Novato, County of Marin, State of California..

12  58.    Plaintiff, JAMES LAVASSER, is, and at all times relevant herein was, an individual who was a

13  resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

14  County of Marin, State of California.

15  59.    Plaintiff, PATRICIA BROWN, is, and at all times relevant herein was, an individual who was a

16  resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

17  County of Marin, State of California.

18  60.    Plaintiff, RONALD DELEON, is, and at all times relevant herein was, an individual who was a

19  resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

20  County of Marin, State of California.

21  61.    Plaintiff, AYESHAH HARMON, is, and at all times relevant herein was, an individual who was

22  a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

23  County of Marin, State of California.

24  62.    Plaintiff, JEFFREY HARRIS, is, and at all times relevant herein was, an individual who was a

25  resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

26  County of Marin, State of California.

27  63.    Plaintiff, GENOA BALDWIN, is, and at all times relevant herein was, an individual who was a

28  resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

AMENDED COMPLAINT FOR DAMAGES

1   County of Marin, State of California.

2   64.   Plaintiff, PAUL PORTER, is, and at all times relevant herein was, an individual who was a resident,

3   tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of

4   Marin, State of California.

5   65.   Plaintiff, PHILIP KNIPPEL,  is, and at all times relevant herein was, an individual who

6   was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of

7   Novato, County of Marin, State of California.

8   66.   Plaintiff, CARLOS VALIM, is, and at all times relevant herein was, an individual who

9   was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of

10   Novato, County of Marin, State of California.

11   67.   Plaintiff, MICHELE LYNCH, is, and at all times relevant herein was, an individual who

12   was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of

13   Novato, County of Marin, State of California.

14   68.   Plaintiff, JACOB POORMAN, is, and at all times relevant herein was, an individual who

15   was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of

16   Novato, County of Marin, State of California.

17   69.   Plaintiff, PATRICK POORMAN, is, and at all times relevant herein was, an individual who

18   was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of

19   Novato, County of Marin, State of California.

20   70.   Plaintiff, RANDALL POORMAN, is, and at all times relevant herein was, an individual who

21   was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of

22   Novato, County of Marin, State of California.

23   71.   Plaintiff, SEBASTIAN POORMAN, is, and at all times relevant herein was, an individual who was

24   a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

25   County of Marin, State of California.

26   72.   Plaintiff, ERIC SCHARMM, is, and at all times relevant herein was, an individual who was a

27   resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

28   County of Marin, State of California.

AMENDED COMPLAINT FOR DAMAGES

73   Plaintiff, SHANNON TAYLOR, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

74.   Plaintiff, ROBERT TAYLOR, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

75.   Plaintiff, JAMES SILVA, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

76.   Plaintiff, JOHN TAYLOR, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

77.   Plaintiff, CASSIE TAYLOR, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

78.   Plaintiff, NICK TAYLOR, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

79.   Plaintiff, MARY SILVA, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

80.   Plaintiff, GORDON SHAFFER, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

81.   Plaintiff, BILL BRUST, is, and at all times relevant herein was, an individual who was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato, County of Marin, State of California.

82.   Plaintiff, ROBERT FRANK, is, and at all times relevant herein was, an individual who was a

1  resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

2  County of Marin, State of California.

3  83.    Plaintiff, LISA MCFARLAND, is, and at all times relevant herein was, an individual who was a

4  resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

5  County of Marin, State of California.

6  84.    Plaintiff, MARK SANGERVASI, is, and at all times relevant herein was, an individual who was

7  a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

8  County of Marin, State of California.

9  85.    Plaintiff, DANNETTE NEWHOUSE, is, and at all times relevant herein was, an individual who

10 was a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of

11 Novato, County of Marin, State of California.

12 86.    Plaintiff, ELIZABETH GREINER, is, and at all times relevant herein was, an individual who was

13 a resident, tenant, guest and/or visitor to the Redwood Mobile Home Park, located in the City of Novato,

14 County of Marin, State of California.

15 87.    Subject to Court approval or upon agreement of the parties, plaintiffs reserve the right to name

16 additional plaintiffs to this complaint as circumstances may warrant.

17                                          **DEFENDANTS**

18 88.    Plaintiffs are informed and believe, and upon such information and belief allege that at all times

19 relevant herein, defendant TAYLOR INVESTMENTS, LLC was a limited liability corporation, duly

20 organized and existing under and by virtue of the laws of the State of California, with its principal place of

21 business located within the City and County of San Francisco, State of California. At all times relevant

22 herein, said defendant was the record owner of that certain real property and business conducted thereon

23 commonly described as The Redwood Mobile Home Park, previously located at 7034 Redwood

24 Boulevard, Novato, California.

25 89     Plaintiffs are informed and believe, and upon such information and belief allege that at all times

26 relevant herein, defendant IRVIN S. TAYLOR was the sole principal of defendant TAYLOR

27 INVESTMENTS, LLC, and is an individual with his principal place of residence located within the City

28 and County of San Francisco, State of California.

90.     Plaintiffs are informed and believe, and upon such information and belief allege, that at all times relevant herein, defendant SHELL OIL, INC. was a corporation duly organized and existing under and by virtue of the laws of the State of California, with a principal place of business and/or which conducted business located within the City and County of San Francisco State of California.

91.     Plaintiffs are informed and believe, and upon such information and belief allege, that at all times relevant herein, defendant UNOCAL, INC. was a corporation duly organized and existing under and by virtue of the laws of the State of California, with a principal place of business located within the City and County of San Francisco, State of California.

92.     Plaintiffs are informed and believe, and upon such information and belief allege, that at all times relevant herein, defendant BRITISH PETROLEUM was a corporation duly organized and existing under and by virtue of the laws of the State of California, with a principal place of business and/or which conducted business located within the City and County of San Francisco, State of California.

93.     Plaintiffs are informed and believe, and upon, such information and belief allege, that at all times relevant herein, defendant DAIRYMENS MILL was a business entity, form unknown, duly organized and existing under and by virtue of the laws of the State of California with its principal place of business and/or which conducted business located within the City and, County of Marin, State of California.

94.     Plaintiffs are informed and believe, and upon such information and belief allege, that at all times relevant herein, defendant A & A GAS was a business entity, form unknown, duly organized and existing under and by virtue of the laws of the State of California, with a principal place of business located within the County of Marin, State of California.

95.     Plaintiffs are informed and believe, and upon such information and belief allege, that at all times relevant herein, defendant AHMAD AVASH was an individual, with his principal place of residence located within the County of Marin, State of California. Plaintiffs are further informed and believe, and upon such information and belief allege that said individual defendant was an owner, either in whole or in part, of defendant A & A GAS.

96.     Plaintiffs are informed and believe, and upon such information and belief allege that at all times relevant herein, defendant ALI SALKHI was an individual, with his principal place of residence located within the County of Marin, State of California. Plaintiffs are further informed and believe, and upon such

AMENDED COMPLAINT FOR DAMAGES

1   information and belief allege that said individual defendant was an owner, either in whole or in part, of

2   defendant A & A GAS.

3   97.   Plaintiffs are unaware of the names and/or capacities of the defendants sued fictitiously herein as

4   DOES 1 through 100, and, therefore, sues said defendants by such fictitious names. Plaintiffs are informed

5   and believe, and upon such information and belief allege that each of the fictitiously named defendants is

6   negligently responsible, vicariously responsible, is strictly liable and otherwise legally responsible in some

7   manner for the events and happenings herein referred to and thereby proximately causing injury and

8   damage to plaintiffs as herein alleged. Plaintiffs will seek leave of court to amend this complaint to assert

9   the proper names and/or capacities of said fictitious defendants when the same have been ascertained.

10  98   Plaintiffs are informed and believe, and upon such information and belief allege, that at all times

11  relevant herein defendants, and each of them, were the agents, servants, employees, joint venturers, and/or

12  co-conspirators of their co-defendants and were, as such, acting within the scope, course and authority of

13  said agency, employment, joint venture and/or conspiracy, and that each and every defendant, as

14  aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other

15  defendant as an agent, servant, employee and/or joint venturer and ratified their acts as alleged herein.

16                          **FACTUAL ALLEGATIONS**

17  99   The Redwood Mobile Home Park, in which plaintiffs were either residents, tenants, guests and/or

18  visitors, and on or before October, 2000, obtained its water supply from an underground well located on

19  said property. Such water supplied the entire source of water for the residents, tenants, guests and/or

20  visitors, including plaintiffs, for purposes of drinking, cooking, bathing, irrigating, cooling, washing, and

21  general daily household uses.

22  100.   Over a period of years, the precise duration of which is currently unknown to plaintiffs, and

23  continuously up to October 23,2000, defendants, and each of them, engaged in the practice of knowingly

24  allowing chemical contaminants, including, but not limited to Tetrachloroethylene (PCE), Methyl

25  Tertiary-Butyl Ether (MTBE), Trichloroethylene (TCE), Benzene, Toluene, and other Volatile Organic

26  Chemicals to seep into the well water. In addition, defendants engaged in the practice of allowing other

27  chemical contaminants to seep into the soil and permeate the air of said mobile home park.

28  101.   Plaintiffs did not know, nor through the use of reasonable diligence, could they have known, of the

AMENDED COMPLAINT FOR DAMAGES

aforementioned illegal practices and conduct of defendants of releasing carcinogenic chemicals into their water supply, until they discovered said practices on or about May 1, 2004, when they were made aware through a disseminated information and knowledge from other past tenants, residents, guests and/or visitors that the well water was contaminated.  Plaintiffs did not know legal action had been brought by some of the residents, tenants, guests and/or visitors against the defendants herein seeking compensation for personal injuries since no one notified plaintiffs of said action, nor of the nature and extent of any harm posed by the contaminated water consumed by plaintiffs during the course of their stay on the premises of the Redwood Mobil Home Park.

102.    As a result of the defendants' acts and legal conduct, all of the residents, tenants, guests and/or visitors of the Redwood Mobile Home Park were continually exposed to various chemical contaminants in the water, in the soil and in the air. Such exposure has caused plaintiffs to suffer great physical and psychic injury, including, but not limited to, breathing disorders, headaches, nausea, coughs, irritation of the eyes, nose and throat, dizziness and/or disorientation. In addition, plaintiffs have been placed in fear of suffering greater illnesses and diseases, including, but not limited to, kidney and liver tumors and cancer. The aforementioned conduct of defendants has caused plaintiffs to suffer permanent lifelong injuries, including, but not limited to, worry, anxiety, mental and emotional distress and other emotional upset, and will continue to do so in the future.

## FIRST CAUSE OF ACTION

### (For Negligence Against all Defendants)

103.    Plaintiffs re-plead and re-allege the allegations contained within paragraphs 1 through 102 above, and incorporate the same herein by reference as if set forth in full and verbatim.

104.    At all times relevant herein, defendants, and each of them, owed plaintiffs a general duty to refrain from engaging in any conduct that would cause injury, damage or harm to plaintiffs.

105.    At all times mentioned herein defendants, and each of them, breached said duty and did negligently and carelessly cause and/or allow the aforementioned chemical contaminants, among others, to permeate the well water, soil and air in and around the Redwood Mobile Home Park, of which plaintiffs were residents, tenants, guests and/or visitors, Plaintiffs used said well water for drinking, cooking, bathing, washing, irrigating and cooling, and other general daily household uses around said premises, all to their

15

AMENDED COMPLAINT FOR DAMAGES

1   detriment.

2   106   All of said defendants knew, or reasonably should have known of the aforementioned chemical

3   contamination, and/or the high probability of the same, and did nothing to warn plaintiffs and/or to prevent

4   further contamination and/or injury and damage to plaintiffs herein.

5   107.   As a result of defendants' conduct, plaintiffs have suffered pain, discomfort, anxiety, worry, physical

6   and psychic injuries and mental and emotional distress, and have incurred general and special damages, and

7   will continue to suffer such damages in the future. Plaintiffs are presently unaware of the extent and amount

8   of such damages, and pray leave to  insert such amount when the same has been ascertained.

9        WHEREFORE, plaintiffs pray for judgment as set forth below.

10        ## SECOND CAUSE OF ACTION

11        **(For Unfair Business Practices Under Business and Professions Code, Section 17200**
12   **as against all defendants except TAYLOR INVESTMENTS, LLC and IRVIN S. TAYLOR)**

13   108.   As and for a second cause of action, plaintiffs re-plead the allegations set forth in paragraphs 1

14   through 107 above, and incorporate the same herein by reference as if set forth in full and verbatim.

15   109.   Defendants' conduct, as alleged above, constitutes unfair competition in violation of Section 17200,

16   et seq. of the Business and Professions Code in that defendants made misleading representations about the

17   existence of hazardous chemical contaminants in or about the premises of the Redwood Mobile Home

18   Park.

19   110.   Plaintiff's have no adequate remedy at law and will suffer irreparable injury in that the chemical

20   contaminants will continue to exist in or about the premises of the Redwood Mobile Home Park, plaintiffs

21   have continually been exposed to hazardous chemicals, have suffered physical and emotional injuries, and

22   defendants will continue to engage in unlawful, fraudulent or unfair business practices otherwise in violation

23   of Section 17200, et seq. of the Business and Professional Code unless and until restrained by this court.

24   111.   As a direct and proximate result of defendants' unfair business practices as alleged herein, plaintiffs

25   have been forced to retain attorneys to prosecute this lawsuit and have incurred and will continue to incur

26   attorney's fees and other litigation costs by reason thereof. Plaintiffs are thereby entitled to reasonable

27   attorney's fees and litigation costs incurred in bringing the within action pursuant to statute. Plaintiffs pray

28   leave to amend this complaint to plead the amount of those fees and costs when they are ascertained.

        WHEREFORE, plaintiffs pray for judgment as set forth below.

## THIRD CAUSE OF ACTION

### (For Fraud against all defendants)

112.   As and for a third cause of action, plaintiffs re-plead and re-allege the allegations set forth in paragraphs 1 through 111 above, and incorporate the same herein by reference as if set forth in full and verbatim.

113   At all times mentioned herein, plaintiffs placed their reliance on defendants, and each of them, to provide them with truthful information and full disclosure concerning the quality of the water, soil and air that plaintiffs were exposed to as residents, tenants, guests and/or visitors of The Redwood Mobile Home Park.

114.   At all times mentioned herein, said defendants intentionally and fraudulently misrepresented and concealed material facts concerning the well water, soil and air to which plaintiffs were exposed, including, but not limited to, the fact that the surrounding gas underground storage tanks were known to be leaking chemical contaminants, including, but not limited to MTBE, into the well water, the fact that MTBE was known to cause illnesses and diseases to humans, that leaking tanks containing MTBE was problematic and dangerous to humans, that other contaminants were seeping and/or leaching onto the premises of the Redwood Mobile Home Park from surrounding defendant businesses, and that airborne contaminants were being released into the air breathed by plaintiffs.

115.   Said intentional misrepresentation and fraudulent concealment was intended by said defendants to induce reliance by plaintiffs in order for them to continue to reside on said premises and not to contact various governmental agencies to prevent such conduct, all to the detriment to plaintiffs and the financial advantage of defendants.

116.   Said conduct was malicious, oppressive and fraudulent, and done for the sole purpose of monetary gain over and above the health and safety of plaintiffs, such that plaintiffs are entitled to an award of punitive damages as against said defendants, and each of them.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## FOURTH CAUSE OF ACTION

### (For Intentional Infliction of Emotional Distress against all defendants)

117.   As and for a fourth cause of action, plaintiffs re-plead and re-allege the allegations set forth in

17

AMENDED COMPLAINT FOR DAMAGES

1  paragraphs 1 through 116 above, and incorporate the same herein by reference as if set forth in full and

2  verbatim.

3  118.    At all times relevant herein, defendants, and each of them, purposefully and intentionally engaged

4  in a course of conduct which they knew was likely to cause harm and injury to the plaintiffs herein. Said

5  defendants in an effort to create a financial benefit for themselves or for some other improper motive,

6  developed a plan or scheme to secret the dangers and existence of chemical contaminants entering onto

7  the property upon which plaintiffs resided and/or visited, including the contamination of the well water, soil

8  and air.

9  119.    Defendants knew that plaintiffs would use the contaminated well water for consumption, cooking,

10  ingesting, bathing, showering , watering plants, washing, and other ordinary uses or otherwise be exposed

11  to said chemical contaminants, and, further, that such contaminants could likely result in physical and

12  permanent injury to plaintiffs. Had defendants informed plaintiffs of this contamination, plaintiffs would likely

13  have informed others, including the appropriate government agencies of the existence of such contaminants,

14  and defendants would have been forced to expend monies to eliminate and/or clean up such contamination.

15  Additionally, as to defendants TAYLOR INVESTMENTS, LLC and IRVIN S. TAYLOR, said

16  defendants would not have received rental income from plaintiffs, as such property would have been

17  rendered untenantable under California law.

18  120.    The result of such plan or scheme was that defendants continued to receive profits from plaintiffs

19  and others, while plaintiffs were exposed to serious physical and mental injury, and extreme emotional

20  distress. Knowing of said circumstances, said defendants intentionally engaged in the conduct described

21  herein causing injury, damage and harm to said plaintiffs.

22  121    At the times referenced to herein, plaintiffs were foreseeable victims of such intentional conduct.

23  Said conduct was engaged in by defendants with the knowledge that it was highly likely to result in the

24  plaintiffs being susceptible to severe disease while being falsely lulled into a belief that their living

25  environment was safe. Defendants knew that at such time as plaintiffs became aware of this outrageous

26  conduct by defendants, they would suffer severe worry, anxiety, shock and other emotional distress and

27  plaintiffs did suffer such injuries when the nature of defendants' conduct was discovered. The conduct of

28  defendants was outrageous, atrocious and goes beyond the bounds of decent conduct which should be

tolerated in a civilized society.

122.   Said conduct was malicious, oppressive and fraudulent, and done for the sole purpose of elevating monetary gain over and above the health and safety of plaintiffs, such that plaintiffs are entitled to an award of punitive damages as against said defendants, and each of them.

WHEREFORE, plaintiffs pray for judgement as set forth below.

## FIFTH CAUSE OF ACTION

**(For Products Liability as against defendants SHELL OIL INC., UNOCAL INC., BRITISH PETROLEUM, A & A GAS, AHMAD A V ASH, AlI SALKHI, and DOES 1 to78)**

123.   As and for a fifth cause of action, plaintiffs re-plead and re-allege the allegations set forth in paragraphs 1 through 122 above, and incorporate the same herein by reference as if set forth in full and verbatim.

124   At all times herein mentioned, defendants SHELL OIL INC., UNOCAL INC., BRITISH PETROLEUM, A & A GAS, AHMAD A V ASH, ALI SALKHI, and DOES 1 to 100, inclusive, compounded, manufactured, sold, packaged, marketed, distributed and otherwise provided certain gasoline products which contained, among other chemical contaminants, MTBE.

125.   At the time said gasoline products were compounded, manufactured, sold, packaged, marketed, distributed and otherwise provided, said defendants knew that such products were defective, as such products contained chemical contaminants that were known to said defendants to pose a serious threat to drinking water sources, including the well water used by plaintiffs herein, and further, that such contaminants would pose serious threats to the physical safety of persons, such as plaintiffs.

126.   Defendants were aware of the dangerous nature of such chemical contaminants as far back as and before 1986, however, defendants did nothing to either inform the public, including plaintiffs, of this dangerous character of their product, nor to inform the appropriate Government Regulatory Agencies. Defendants further were aware of the state of disrepair and danger of exposure and/or leakage from underground gasoline storage tanks, which would increase the danger from the chemical contaminants and their ability to seep into ground water supplies, including wells.

127.   As a direct result of the acts and conduct of defendants, plaintiffs ingested, absorbed and were otherwise exposed to dangerous chemical contaminants, and did suffer, and continue to suffer physical and

1   mental injuries, including emotional distress, as alleged herein.

2   ## SIXTH CAUSE OF ACTION

3   **(For Products Liability as against defendants SHELL OIL INC., UNOCAL INC.,**
4   **BRITISH PETROLEUM, A & A GAS, AHMAD AVASH and ALI SALKHI**

5   128.     As and for a sixth cause of action, plaintiffs re-plead and re-allege the allegations set forth in

6   paragraphs 1 through 127 above, and incorporate the same herein by reference as if set forth in full and

7   verbatim.

8   ## SEVENTH CAUSE OF ACTION

9   **(For Products Liability as against defendants SHELL OIL INC., UNOCAL INC.,**
    **BRITISH PETROLEUM, A & A GAS, AHMAD AVASH and ALI SALKHI**

10  129.     As and for a seventh cause of action, plaintiffs re-plead and re-allege the allegations set forth in

11  paragraphs 1 through 128 above, and incorporate the same herein by reference as if set forth in full and

12  verbatim.

13  ## EIGHTH CAUSE OF ACTION

14  **Breach of Implied Warranty of Habitability**
15  **(Against Landlord Defendants TAYLOR INVESTMENTS, LLC and IRVIN S. TAYLOR)**

16  130..    Plaintiffs incorporate by reference herein paragraphs 1 through 129 as though set forth in full and

17  verbatim.

18  131.     As owner of the premises known as The Redwood Homes Mobile Park, previously located

19  at 7430 Redwood Boulevard, Novato, California,  defendants, and each of them, had a duty to their

20  tenants to maintain the premises in habitable condition.

21  132.     On and before October 2000, and at all times thereafter, defendants maintained a defective and

22  dangerous condition, including, but not limited to, well water contaminated with MTBE and other

23  carcinogenic gasoline chemical compounds.  Defendants knew plaintiffs used the contaminated well water

24  for daily ordinary use, including but not limited to, cooking, bathing, showering, washing, drinking, watering

25  plants and vegetable gardens.

26  133      Defendants had actual and constructive knowledge of the above defective conditions. After a

27  passage of a reasonable time within which to correct the conditions, defendants failed to do so.

28  134.     None of the defective conditions on and about the premises were caused by the wrongful or

20

1 abnormal use of the premises by plaintiffs or anyone acting under Plaintiffs' authority.

2 135    Despite Plaintiffs continual complaints about the conditions of the well water, defendants made no

3 reasonable timely efforts to remediate the defective conditions. As a result, the units were rendered

4 uninhabitable as the drinking water was unpotable, diminishing and reducing the rental value of the premises

5 far below the fair market value rent which was paid to Defendant TAYLOR INVESTMENTS, LLC and

6 IRVIN S. TAYLOR.

7 136.    Because of defendants' failure to timely correct the defective conditions, defendants breached their

8 warranty of habitability to the plaintiffs, specifically defendants violated Civil Code Section 1941 and

9 Section 1941.1.

10 137.    As a proximate and legal result of defendants' failure to timely correct the defective conditions,

11 plaintiffs suffered damages as set forth herein below, in an amount according to proof at trial.

12 138.    The aforementioned acts of defendants were in conscious disregard of Plaintiffs' health and safety

13 and were willful, oppressive, and malicious. Plaintiff is therefore entitled to punitive damages pursuant to

14 California Civil Code §3294.

15    WHEREFORE, Plaintiffs pray for relief as set forth herein.

16 ## NINTH CAUSE OF ACTION

17 ### Breach of Contract

18 **(Against Landlord Defendants TAYLOR INVESTMENTS, LLC and IRVIN S. TAYLOR)**

19 139.    Plaintiffs incorporate by reference herein paragraphs 1 through 138 inclusive as though set forth

20 in full, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, fraudulent

21 and oppressive conduct by DEFENDANTS, and any and all allegations requesting punitive damages.

22 140.    At all relevant times, Plaintiffs have performed all of their duties under the rental agreement,

23 including but not limited to, payment of all rent and security deposits.

24 141..    On and before October 2000, and at all times thereafter, Landlord Defendants breached said rental

25 agreement by failing to provide a safe and habitable home and by failing to promptly remediate the

26 contaminated water.

27 142.    As a proximate and legal result of said breaches by LANDLORD DEFENDANTS, plaintiffs

28 sustained damages as set forth hereinafter, in a sum to be proven at trial.

   WHEREFORE, Plaintiffs pray for relief as set forth herein.

**TENTH OF PUBLIC POLICY;**
**VIOLATION OF PROPOSITION 65**
**(As Against All Defendants)**

143.    Plaintiffs incorporate by reference herein paragraphs 1 through 142 inclusive as though set forth in full and verbatim.

144.    Proposition 65 establishes the Public Policy for the State of California as a mandate from the California voters, which prohibits releasing dangerous chemicals into the environment, mandating a public warning when any release of dangerous chemicals into the environment will occur. Defendants violated this Public Policy by permitting dangerous carcinogenic gasoline chemical compounds, including MTBE, to be released into the air, soil, and well water causing harm to Plaintiffs herein.

145.    As a proximate and legal result of defendants' violation of Public Policy plaintiffs suffered damages as set forth herein below in an amount according to proof at trial.

146.    The aforementioned acts of defendants were in conscious disregard of Plaintiffs' health and safety and were willful, oppressive, and malicious. Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code §3294.

WHEREFORE, plaintiffs pray for damages against defendants, and each of them, as follows: 1.

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages as allowed by law and according to proof;

4.    For reasonable attorneys fees;

5.    For medical monitoring costs;

6.    For costs of suit incurred herein; and

7.    For such further and other relief as this Court deems just and proper.

//

//

//

1   DATED: October 13,, 2004

2

3                                    LAW OFFICES OF CHARLES A. BONNER

4

5

6                                    CHARLES A. BONNER
7                                    ATTORNEY FOR PLAINTIFFS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**ORDER**
Master File C.A. No.
1:00-1898(SAS)
MDL 1358

---

This document refers to:

---

County of Nassau v. Amerada Hess Corp., et al., No. 03-cv-9543
Water Authority of Western Nassau County v. Amerada Hess Corp, et al., No. 03-cv-9544
Incorporated Village of Mineola, et al. v. AGIP Inc., et al., No. 03-cv-10051
West Hempstead Water District v. AGIP Inc., et al., No. 03-cv-10052
Carle Place Water District v. AGIP Inc., et al., No. 03-cv-10053
Town of Southampton v. AGIP Inc., et al., No. 03-cv-10054
Village of Hempstead v. AGIP Inc., et al., No. 03-cv-10055
Town of East Hampton v. AGIP Inc., et al., No. 03-cv-10056
Westbury Water District v. AGIP Inc., et al., No. 03-cv-10057

---

The Court, upon hearing counsel for plaintiffs and certain defendants at a conference in the above-referenced cases in response to defendants' motions to stay proceedings in these cases and plaintiffs' motions for their remand, and upon stipulations there agreed to on the record by the parties present, finds, in the above-captioned proceeding, that it is appropriate for the issues presented by these motions in these and all similar removed actions, wherever filed, to be heard and decided by this Court.

Accordingly, all proceedings in the cases set forth in the attached Schedule should be stayed pending transfer to this Court sitting in its capacity as the MDL No. 1358 court. This Court respectfully requests that all courts to which the scheduled cases have been removed GRANT ALL MOTIONS TO STAY those cases pending transfer to MDL No. 1358.

The parties have agreed to the following consolidated briefing schedule, which is hereby So Ordered: defendants' opposition to plaintiffs' motion to remand shall be served and filed by January 16, 2004, and plaintiffs' reply in further support of the motion to remand shall be served and filed by January 27, 2004. Defendants' motion to stay in the above-referenced cases is DENIED because this Court will consider and decide the consolidated motion to remand forthwith.

Dated: December 23, 2003

Honorable Shira A. Scheindlin
United States District Judge

Exhibit 6
Page 1 of 5

Exhibit 1 – Page 12

## SCHEDULE

| State | Short Case Name | Date Removed | Court/Under No. | Assigned Judge |
|---|---|---|---|---|
| CA | California-American Water Co. v. Unocal Corp., et al. | 11/26/03 | N.D. Cal. C 03-5379 JSW | Jeffrey S. White |
| CA | City of Fresno v. Chevron U.S.A. Inc., et al. | 11/26/03 | N.D. Cal. C 03-5378 JSW | Jeffrey S. White |
| CA | City of Riverside v. Atlantic Richfield Co., et al. | 12/12/03 | C.D. Cal. EDCV03-1460 RT SGLx | Robert J. Timlin |
| CA | City of Roseville v. Atlantic Richfield Company, et al. | Not yet removed | | |
| CA | Orange County Water District v. Unocal Corp., et al. (Amended) | 12/05/03 | C.D. Cal. SACV03-1742 JVS (ANx) | James V. Selna |
| CA | People v. Unocal Corp., et al. | 12/10/03 | E.D. Cal. CIV S-03-2653 GEB DAD | Garland E. Burrell, Jr. |
| CA | Quincy Community Services District v. Atlantic Richfield Co., et al. | 12/17/03 | E.D. Cal. CIV S-03-2582 WBS DAD | Hon. William B. Shubb |
| CA | Silver, et al. v. Alon USA Energy, Inc., et al. | 12/03/03 | S.D. Cal. 03 CV 2408 WQH (RBB) | William Q. Hayes |
| CT | American Distilling & Mfg. Co., Inc. v. Amerada Hess Corp., et al. | 11/10/03 | D. Conn. 3:03-CV-1926 | Hon. Stefan R. Underhill |
| CT | Canton Bd. of Education v. Amerada Hess, et al. | 11/10/03 | D. Conn. 3:03-CV-1921 | Hon. Stefan R. Underhill |
| CT | Childhood Memories v. Amerada Hess, et al. | 11/10/03 | D. Conn. 3:03-CV-1924 | Hon. Alvin W. Thompson |
| CT | Columbia Bd. of Education  v. Amerada Hess, et al. | 11/10/03 | D. Conn. 3:03-CV-1923 | Hon. Stefan R. Underhill |
| CT | Our Lady of Rosary Chapel v. Amerada Hess Corp., et al. | 11/10/03 | D. Conn. 3:03-CV-1925 | Hon. Stefan R. Underhill |
| CT | Town of East Hampton v. Amerada Hess Corp., et al. | 11/10/03 | D. Conn. 3:03-CV-1927 | Hon. Stefan R. Underhill |
| CT | United Water Connecticut, Inc. v. Amerada Hess Corp., et al. | 11/10/03 | D. Conn. | Hon. Stefan R. Underhill |

Exhibit 6
Page 2 of 5
Exhibit 1 – Page 13

| State | Short Case Name | Date Removed | Court/Index No. | Assigned Judge |
|---|---|---|---|---|
| | | | 3:03-CV-2017 | |
| FL | Escambia County Utilities Auth. v. Adcock Petroleum, Inc., et al. | 11/25/03 | N.D. Fla. (Pensacola) 3:03-CV-539 | Hon. L.A. Collier Hon. M. Davis, U.S.M.J. |
| IA | City of Galva, Ida Grove & Sioux City v. Amerada Hess Corp., et al. | 11/24/03 | S.D. Iowa 4:03-CV-90663 | Hon. Robert W. Pratt |
| IL | City of Crystal Lake v. Amerada Hess Corp. | 12/12/03 | N.D. Ill. (Eastern Div.) 03-CV-8973 | Hon. George W. Lindberg |
| IN | City of Mishawaka v. Amerada Hess Corporation, et al. | 12/12/03 | N.D. Ind. (South Bend) 3:03-CV-904 | Hon. Robert Miller, Jr. |
| IN | City of Rockport v. Amerada Hess Corp., et al. | 11/21/03 | S.D. Ind. (Evansville) 3:03-CV-201 | Hon. Richard L. Young Hon. William G. Hussmann, Jr., U.S.M.J. |
| IN | North Newton School Corporation v. Amerada Hess Corporation, et al. | 12/12/03 | N.D. Ind. (Lafayette) 4:03-CV-013 | Hon. Allen Sharp |
| IN | City of South Bend v. Amerada Hess Corporation, et al. | 12/12/03 | N.D. Ind. (South Bend) 3:03-CV-905 | Hon. Allen Sharp |
| KS | Chisholm Creek Utility Auth. v. Alon USA Energy, Inc., et al. | 12/15/03 | D. Kan. 03-CV-1457 | Hon. Wesley E. Brown |
| KS | City of Bel Aire v. Alon USA Energy, Inc., et al. | 12/15/03 | D. Kan. 03-CV-1458 | Hon. Wesley E. Brown |
| KS | City of Dodge City v. Alon USA Energy, Inc., et al. | 12/15/03 | D. Kan. 03-CV-1456 | Hon. Monti L. Belot |
| KS | City of Park City v. Alon USA Energy, Inc. | 12/15/03 | D. Kan. 03-CV-1455 | Hon. Thomas J. Marten |
| MA | Brimfield Housing Auth. v. Amerada Hess Corp., et al. | 11/26/03 | D. Mass. 03-CV-12399 | Hon. Richard G. Stearns |
| NH | City of Dover v. Amerada Hess Corporation, et al. | Not yet removed | | |

Exhibit 6
Page 3 of 5

Exhibit 1 – Page 14

| State | Short Case Name | Date Removed | Court/Index No. | Assigned Judge |
|---|---|---|---|---|
| NH | City of Portsmouth v. Amerada Hess Corporation, et al. | Not yet removed | | |
| NH | State of New Hampshire v. Amerada Hess Corp., et al. | 09/30/03 | D.R.I. 03-CV-529 | Hon. Ronald R. Lagueux |
| NJ | NJ American Water Co., Inc. v. Amerada Hess Corp., et al. | 11/24/03 | D.N.J. 03-CV-5562 | Hon. William G. Bassler |
| NY | Carle Place Water District v. AGIP Inc., et al. | 12/18/03 | S.D.N.Y. 03-cv-10053 | Hon. Shira A. Scheindlin |
| NY | County of Nassau v. Amerada Hess Corp., et al. | 12/02/03 | S.D.N.Y. 03-CV-9543 | Hon. Shira A. Scheindlin |
| NY | Long Island Water Corp. v. Amerada Hess, et al. | 12/04/03 | E.D.N.Y. 03-CV-6125 | Hon. Arthur D. Spatt Hon. Michael L. Orenstein, U.S.M.J. |
| NY | Town of East Hampton v. AGIP Inc., et al. | 12/18/03 | S.D.N.Y. 03-cv-10056 | Hon. Shira A. Scheindlin |
| NY | Town of Southampton v. AGIP Inc, et al. | 12/18/03 | S.D.N.Y. 03-cv-10054 | Hon. Shira A. Scheindlin |
| NY | Village of Mineola; Water Dept. of Village of Mineola v. AGIP Inc., et al. | 12/18/03 | S.D.N.Y. 03-cv-10051 | Hon. Shira A. Scheindlin |
| NY | Water Authority of Great Neck North v. Amerada Hess Corp., et al. | 10/28/03 | E.D.N.Y. 03-CV-6077 | Hon. Arthur D. Spatt Hon. Michael L. Orenstein, U.S.M.J. |
| NY | Water Authority of Western Nassau County v. Amerada Hess, et al. | 10/01/03 | S.D.N.Y. 03-CV-9544 | Hon. Shira A. Scheindlin |
| NY | Westbury Water District v. AGIP Inc., et al. | 12/18/03 | S.D.N.Y. 03-cv-10057 | Hon. Shira A. Scheindlin |
| NY | West Hempstead Water District v. AGIP Inc., et al. | 12/18/03 | S.D.N.Y. 03-cv-10052 | Hon. Shira A. Scheindlin |
| NY | Village of Hempstead v. AGIP Inc., et al. | 12/18/03 | S.D.N.Y. 03-cv-10055 | Hon. Shira A. Scheindlin |
| PA | Pennsylvania Suburban Water Co. v. Sunoco, Inc. | Not yet removed | | |

Exhibit 6
Page 4 of 5

Exhibit 1 – Page 15

| State | Short Case Name | Date Removed | Court/Docket No. | Assigned Judge |
|---|---|---|---|---|
| VA | Buchanan County School Board v. Amerada Hess Corporation | Not yet removed | | |
| VA | Greensville Co. Water & Sewer Authority v. Amerada Hess Corporation | Not yet removed | | |
| VA | Patrick County Sch. Board v. Amerada Hess Corp., et al. | Not yet removed | | |
| VT | Town of Hartland, County of Windsor, Vermont Water System v. Amerada Hess Corp., et al. | 12/11/03 | D. Vt. 2:03-CV-337 | Hon. William K. Sessions, III |

Exhibit 6
Page 5 of 5

Exhibit 1 – Page 16