JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 1358

AUG 2 9 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1358*

*BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION*

*IN RE METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION*

*Isaiah Machin, et al.  v.  Taylor Investments, LLC, et al.,* N.D. California, C.A. No.  4:06-3243

**REPLY IN SUPPORT OF MOTION/BRIEF TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-23)**

PLEADING NO. 239

K:\Medmal\9408\Mtn Vacate CTO-Reply.pld.wpd

IMAGED AUG 3 0 2006

**OFFICIAL FILE COPY**

RECEIVED CLERK'S OFFICE 2006 AUG 28 P 12: 45

# I.
# LEGAL ARGUMENT

### A. THIS ACTION MUST NOT BE TRANSFERRED TO MDL 1358 BECAUSE IT INVOLVES DIFFERENT FACTUAL AND LEGAL ISSUES.

A slight modification to an old axiom will rebut defendants' arguments supporting the transfer of this action to MDL 1358: **three wrongs don't make a right**. Aside from the two lawsuits cited by defendants,[1] this action is *completely different* from the other *78 (or more) complex cases* pending in MDL 1358. Consequently, this simple lawsuit must not be tossed into the mix with 78 (or more) complex cases that do not share the "common factual core" demanded by In Re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires Products Liability Litig., 2000 WL 33416573, at*2 (hereinafter "Bridgestone"). Indeed, the intelligent move would be to remand the two similar cases, *Shannon* and *Quinn,* back to this court for separate consolidation/coordination outside of MDL 1358.

Judicial economy is the central policy underlying MDL consolidation/coordination. Civil actions pending in different districts and involving one or more common questions of fact, may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers are made by the Judicial Panel on Multi-district Litigation ("JPML"). 28 USC § 1407(a).

The purpose is to effect judicial economy and to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district courts. Weigel, The Judicial Panel on Multidistrict Litigation (1978) 78 FRD 575. In short, the goals are to minimize litigation costs, maximize judicial economy, and generally make things easier and cheaper for the court and

---

[1] *James Quinn, et al. v. Shell Oil, Inc., et al.*, C.A. No. 3:04 CV 5780 ("*Quinn*") and *Douglas Shannon v. Taylor Investments, et al.*, C.A. No. 3:04 CV 5189 ("*Shannon*").

litigants.

These interests are not served by transferring this action to MDL 1358 because it is very different from the other cases pending there.

First, the policies underlying MDL consolidation/coordination would be frustrated because there is only a tangential identity of factual and legal issues. This matter does not allege design defects in MTBE fuels, so it does not really share a "common factual core" with the vast majority of the MDL 1358 cases. *See* Bridgestone, *supra*, at*2. Accordingly, plaintiffs must be allowed to avoid the time and expense of litigating "design defect" claims and other complex legal issues in MDL 1358. Second, since this action is brought by a handful of plaintiffs suing in their individual capacities and involves relatively simple factual and legal issues, plaintiffs should not be forced to endure crippling costs and delays from the complex discovery and pretrial proceedings in the existing MDL 1358 cases involving large water districts. It would be manifestly unjust to embroil these plaintiffs in discovery and pretrial proceedings arising between large, sophisticated litigants in complex environmental tort cases, which will undoubtedly be onerously complicated, protracted and expensive.

1. **This Action Involves Simpler Legal Issues Because It Does Not Really Share a "Common Factual Core" With the Vast Majority of MDL 1358 Cases.**

This action involves simpler legal issues because it does not really share a "common factual core" with the vast majority of MDL 1358 cases. *See* Bridgestone, *supra*, at*2. Plaintiffs' "failure to warn" and negligence claims are *not* the functional equivalent of a "design defect" cause of action as defendants have repeatedly insisted during this litigation. Essentially, plaintiffs are suing defendants for (1) omitting warnings about a hazardous material they placed into the

stream of commerce and (2) negligently failing to safely distribute, store and/or dispose of same. The design of the fuel is completely irrelevant to these issues. Indeed, plaintiffs would have asserted the same causes of action if defendants had commercially distributed a dangerous substance that occurs naturally without any alteration or design, e.g., Clostridium Botulinum (the bacterium responsible for botulism), raw lead, or some hazardous raw material.

Consequently, "defective design" is not implicated by the following "failure to warn" and negligence allegations because the conduct would be tortious even if natural hazardous materials were involved: (1) marketing a hazardous material despite knowledge of its dangerous character (Machin Complaint, ¶¶ 36, 60, 67, 69); (2) breaching a duty to refrain from engaging in conduct that would injure plaintiffs (Machin Complaint, ¶41); (3) marketing a hazardous material despite knowledge of the high probability of contamination from MTBE fuels (Machin Complaint, ¶43); (4) allowing MTBE fuels to permeate the well water, soil, and air (Machin Complaint, ¶42); and (5) failing to prevent contamination of well water by MTBE fuels (Machin Complaint, ¶43). Clearly, these allegations have nothing to do with design defects. The determinative issue is whether or not the material was dangerous. Plaintiffs do not care how it got that way.

Therefore, since this action has absolutely nothing to do with design defect, it would be unjust to make plaintiffs waste time and money litigating "design defect" issues that will undoubtedly be hotly contested in the MDL 1358 cases, e.g., "consumer expectations" and "cost-benefit analyses." Obviously, judicial economy will not be served by consolidation/coordination because the factual dissimilarity of this case will force the transferee court to make special accommodations, e.g., consider special arguments that only apply to this action, grant special discovery orders and other pretrial relief, etc. Accordingly, this case must not be transferred.

### 2. This Action Does Not Require the Magnitude of Discovery Required by MDL 1358.

This action does not require the magnitude of discovery required by MDL 1358, so plaintiffs should not be forced to bear the concomitant costs and delays. The vast majority of MDL 1358 cases undoubtedly involve complicated causation issues, such as, whether or not subterranean aquifers conducted MTBE fuels to exposure sites located many miles away. Discovery of such matters can easily take millions of dollars and decades to resolve. And, let's be honest, that is the real reason defendants want to transfer this action to MDL 1358. Defendants want to make it too expensive and time consuming for plaintiffs to pursue their claims. Any doubts regarding the debilitating expense of complex environmental litigation are quickly dispelled by Jonathan Harr's book entitled A Civil Action which details how Jan Schlichtmann's flourishing Boston law firm was bankrupted by the crippling expense of expert aquifer analysis.

Furthermore, since this action has absolutely nothing to do with design defect, plaintiffs should not be forced to waste time and money on discovery concerning "design defect" issues that will undoubtedly be hotly contested in most of the MDL 1358 cases, e.g., "consumer expectations" and "cost-benefit analyses."

Costly and time consuming discovery is not justified here. Plaintiffs only have to prove that MTBE fuels contaminated a mobile home park located a short distance from the leaking tanks and have no need to conduct extensive discovery regarding design defects. Therefore, it is completely unfair for them to bear the costs and delays from the comprehensive discovery required to litigate the other MDL 1358 cases.

**B.     *FORUM NON CONVENIENS* ANALYSIS MILITATES AGAINST TRANSFER OF THIS ACTION TO MDL 1358.**

Decisional law construing the *forum non conveniens* doctrine and venue rules codified in 28 U.S.C. § 1404 ("§1404") militate against transfer of this action. Generally, §1404 analysis requires consideration of three factors: (1) convenience of parties; (2) convenience of witnesses; and (3) interest of justice. See, e.g., Lopez Perez v. Hufstedler (D DC 1980) 505 F.Supp. 39, 41; E. & J. Gallo Winery v. F. & P. S.p.A. (ED CA 1994) 899 F.Supp. 465, 466. These factors are addressed to the inherent discretion of the court and are interpreted broadly to allow the court to consider the particular facts of each case. Id.

Convenience of witnesses is often the most important factor. A.J. Industries, Inc. v. United States Dist. Ct. (9th Cir. 1974) 503 F2d 384, 389; Palace Exploration Co. v. Petroleum Develop. Co. (10th Cir. 2003) 316 F3d 1110, 1121; In re Volkswagen AG (5th Cir. 2004) 371 F3d 201, 204. The court must also consider **(1)** access to proof (Van Dusen v. Barrack,(1964) 376 US 612, 643; In re Horseshoe Entertainment (5th Cir. 2002) 305 F3d 354, 358; Kim v. Kim (ED PA 2004) 324 F.Supp.2d 628, 643) and **(2)** the relative financial means of the parties. (Dwyer v. General Motors Corp. (SD NY 1994) 853 F.Supp. 690, 693).

Deference to the plaintiff's choice of forum is also accorded substantial weight. Securities Investor Protection Corp. v. Vigman (9th Cir. 1985) 764 F2d 1309, 1317; Lewis v. ACB Business Services, Inc. (6th Cir. 1998) 135 F3d 389, 413; In re National Presto Industries, Inc. (7th Cir. 2003) 347 F3d 662, 665.

Based on the foregoing, it would be patently unfair to force plaintiffs with meager

financial resources to litigate this action in New York – approximately 3,000 miles away from the situs of the relevant facts, evidence and witnesses.

## II.
## CONCLUSION

This Court must not transfer this action to MDL 1358 because it would seriously prejudice plaintiffs. The MDL is ***not*** designed to drown small litigants with simple claims in complex and protracted environmental litigation that is likely to span decades just because tangential aspects of the cases share a slight similarity. This action involves a struggle between a handful of injured plaintiffs and corporate Goliaths. Transfer to MDL 1358 will consume so much time and money that plaintiffs' hopes of obtaining justice will effectively die. Indeed, this is precisely the reason defendants want the transfer so badly. However, our legal system is founded on the premise that the interest of justice must always eclipse considerations of judicial economy. What is the point of having courts if justice is denied? In this country, the interests of justice must ultimately triumph.

Here, justice requires this Court to vacate the Conditional Transfer Order (CTO-23). Three wrongs don't make a right. Aside from *Shannon* and *Quinn*, this action is completely different from the other 78 (or more) complex cases pending in MDL 1358. Consequently, this simple lawsuit must not be tossed into the mix with 78 (or more) complex cases that do not share the "common factual core" demanded by See Bridgestone, *supra,* at*2. Arguably, the intelligent

/ / /

/ / /

/ / /

move would be to remand *Shannon* and *Quinn* back to this court for separate consolidation and coordination outside of MDL 1358. However, at the very least, the order transferring this case must be vacated.

Dated: August 25, 2006                        BRAYTON❖PURCELL LLP

                                              By: /s/ Clayton W. Kent
                                              Clayton W. Kent, Esq. (SBN 123164)
                                              Attorneys for Plaintiffs

                                              BRAYTON❖PURCELL LLP
                                              ATTORNEYS AT LAW
                                              222 Rush Landing Road
                                              Novato, California 94945
                                              (415) 898-1555
                                              (415) 898-1247 (fax)
                                              ckent@braytonlaw.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 9 2006

FILED
CLERK'S OFFICE

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| *In Re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation* | Docket No.: 1358 |
| | This Document related to: |
| | *Isaiah Machin, et al., v. Taylor Investments, LLC, et al., N.D. California, C.A. No. 4:06-3243* |
| | **PROOF OF SERVICE BY MAIL** |

# PROOF OF SERVICE

I, SHAWNA MAHONEY, declare:

I am employed in the County of Marin, State of California. I am over the age of 18 years and not a party to the within cause. My business address is 222 Rush Landing Road, Novato, CA. 94945. On August 25, 2006, I served the following document(s) by the method indicated below:

**REPLY IN SUPPORT OF MOTION/BRIEF TO VACATE CONDITIONAL TRANSFER ORDER (CTO-23)**

**PROOF OF SERVICE BY MAIL**

[ XX ]   (By Mail) By causing each such envelope to be served by depositing same, with postage thereon fully prepaid, with the United States Postal Service in the ordinary course of business at Novato, California. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.

[ ]   (By Facsimile Transmission) By causing each such document to be served by facsimile transmission to the fax number(s) set forth below.

[___]   (By Personal Service) By causing each such envelope to be delivered by personal service to the offices of each addressee below.

[ ]   (Overnight Delivery) I caused each such envelope to be delivered by overnight delivery by consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 25, 2006, California.

SHAWNA MAHONEY
BRAYTON❖PURCELL LLP

K:\Medmal\9408\POS-MDL.wpd

2

PROOF OF SERVICE BY MAIL;
Docket No. 1358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 9 2006

FILED
CLERK'S OFFICE

## SERVICE LIST

| | |
|---|---|
| Michael T. Zarro, Esq.<br>Morgan, Lewis & Bockius, LLP<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071 | Attorneys for<br>Union Oil Company of California, Union Oil Development Corporation, Unocal Corporation, Unocal Supply Company, Unocal Foundation, Unocal Intl. Supply & Trading Co., Unocal Land & Development Company, Unocal Limited and Unocal Pipeline Company |
| John W. Elliott, Esq.<br>Elliott & Elliott<br>225 W. Santa Clara St., Suite 950<br>San Jose, CA 95113 | Attorneys for<br>Taylor Investments, LLC and Irvin S. Taylor |
| Hojoon Hwang, Esq.<br>Blanca Young, Esq.<br>Munger, Tolles, & Olson, LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105-2907 | Attorneys for<br>Shell Oil Company, Shell Oil Company Foundation and Shell Oil Products Company, LLC |
| Carl B. Shapiro, Esq.<br>Shapiro & Shapiro<br>404 San Anselmo Avenue<br>San Anselmo, CA 94960 | Attorneys for<br>Ahamad Avash, Ali Salkhi and A& Agas |
| Lawrence A. Cox, Esq.<br>Stephanie B. Weirick, Esq.<br>Arnold & Proter, LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017 | Attorneys for<br>BP Corporation North America, Inc., BP America Inc., BP America Production Company, and BP Amoco Chemical Company |

PROOF OF SERVICE BY MAIL
Docket No. 1358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**AUG 29 2006**

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| *In Re Methyl Tertiary Butyl Ether* ("*MTBE*") *Products Liability Litigation* | Docket No.: 1358 |
| | This Document related to: |
| | *Isaiah Machin, et al., v. Taylor Investments, LLC, et al.,* N.D. California, C.A. No. 4:06-3243 |
| | **PROOF OF SERVICE BY MAIL** |

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

**PROOF OF SERVICE**

JUDICIAL PANEL ON
MDL
AUG 29 2006
FILED
CLERK'S OFFICE

I, SHAWNA MAHONEY, declare:

I am employed in the County of Marin, State of California. I am over the age of 18 years and not a party to the within cause. My business address is 222 Rush Landing Road, Novato, CA. 94945. On August 29, 2006, I served the following document(s) by the method indicated below:

**REPLY IN SUPPORT OF MOTION/BRIEF TO VACATE CONDITIONAL TRANSFER ORDER (CTO-23)**

**PROOF OF SERVICE BY MAIL**

[ XX ]  (By Mail) By causing each such envelope to be served by depositing same, with postage thereon fully prepaid, with the United States Postal Service in the ordinary course of business at Novato, California. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.

[ ]  (By Facsimile Transmission) By causing each such document to be served by facsimile transmission to the fax number(s) set forth below.

[ ]  (By Personal Service) By causing each such envelope to be delivered by personal service to the offices of each addressee below.

[ ]  (Overnight Delivery) I caused each such envelope to be delivered by overnight delivery by consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 29, 2006, California.

_SHAWNA MAHONEY_
SHAWNA MAHONEY
BRAYTON❖PURCELL LLP

## SERVICE LIST

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 29 2006

FILED
CLERK'S OFFICE

Robin Greenwald, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane, 40th Floor
New York, NY 10038

Peter J. Sacripanti, Esq.
McDermott, Will & Emery
50 Rockefeller Plaza
New York, NY 10020