MDL 1358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 1 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | MDL Docket No. 1358 |

| | |
|---|---|
| CRESCENTA VALLEY WATER DISTRICT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> EXXON MOBIL CORP., et al., ) <br> ) <br> Defendants. ) <br> ) | United States District Court, <br> Central District of California, <br> C.A. No. 2:07-2630 <br> (Judge Dean D. Pregerson) |

PLEADING NO. 244

NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER
PURSUANT TO RULE 7.4(C) OF THE RULES OF PROCEDURE OF THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Pursuant to Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, plaintiff Crescenta Valley Water District ("Crescenta") hereby submits its Notice of Opposition to the Conditional Transfer Order filed on May 24, 2007.

Defendants' Notice of Removal relies on four separate grounds for removal. Three of the grounds for removal jurisdiction on which defendants rely are no longer valid: 1) federal question

IMAGED JUN 1 1 2007    OFFICIAL FILE COPY

jurisdiction, 28 U.S.C. § 1441(a), based on alleged federal preemption under 28 U.S.C. § 1331, 2) federal officer removal jurisdiction, 28 U.S.C. § 1442(a)(1), based on the Clean Air Act, and 3) bankruptcy removal jurisdiction, 28 U.S.C. § 1334(b), based on a 1988 bankruptcy filing of one defendants' predecessor in interest.

On May 24, 2007, the Court of Appeals for the Second Circuit, in *People v. State of California* (2nd Cir. 2007) - - Fed.3d - -, 2007 WL 1500338, held that the oil company defendants (the same ones seeking removal here) are not "federal officers" within the meaning of 28 U.S.C. § 1442(a)(1). *Id.* at *11-18. (Copy attached as Ex. 1.) The Second Circuit also held that these same defendants are not entitled to bankruptcy removal jurisdiction (at least in cases prosecuted by public entities) because the MTBE actions fall within the "police or regulatory power" exception to removal under § 28 U.S.C. 1452. *Id.* at *18-20. MTBE actions by water districts fall under the "police and regulatory power" exceptions because the actions relate primarily to matters of public health and welfare by seeking funds to clean up and remediate MTBE contamination in public drinking water supplies.

The Second Circuit also agreed with the District Court for the Southern District of New York that the MDL 1358 plaintiffs' claims, similar to those asserted by Crescenta, are not preempted by the Clean Air Act. (*Id.* at 21-22; *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 457 F.Supp.2d 324, 403-411 (S.D.N.Y.2006); and *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 341 F.Supp.2d 386, 413-14 (S.D.N.Y.2004). Federal officer, bankruptcy, and federal question removal jurisdiction for MTBE groundwater contamination cases therefore have been effectively eliminated as a result of these recent opinions.

Defendants' Notice of Removal also cites the Energy Policy Act of 2005 which provides permissive, but not mandatory, removal for actions relating to actual or threatened contamination of drinking water supplies by MTBE filed after August 8, 2005. 42 U.S.C.A. § 7545, Pub.L. 109-58, Title XV, § 1053. While all defendants initially consented to removal, it is likely that some defendants may now object to removal. (Ex. 2, June 5, 2007, letter from P. Sacripanti to Hon. Shira A. Scheindlin.) The Energy Policy Act of 2005 does not specify whether one defendant may remove unilaterally or whether the consent of all defendants is required for removal. Federal courts, however, have generally required unanimity of consent where removal is sought in a case involving multiple defendants. *Russell Corp. v. American Home Assur. Co.* 264 F.3d 1040, 1050 (C.A.11 2001) In light of the apparent disagreement amongst defendants regarding the removal jurisdiction, Crescenta should not be transferred to MDL 1358, but rather should be remanded to state court.

Respectfully submitted,

Dated: June 7, 2006

_____
TRACEY L. O'REILLY, State Bar No. 206230
Attorneys for plaintiff Crescenta Valley Water District
MILLER, AXLINE & SAWYER
A Professional Corporation
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825
Telephone: (916) 488-6688
Facsimile: (916) 488-4288

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2007

FILED
CLERK'S OFFICE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached **NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 7.4(C) OF THE RULES OF PROCEDURE OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** was served on the following counsel of record via United States Mail, postage pre-paid, on this 7th day of June, 2007:

| | |
|---|---|
| Thomas S. Bunn III<br>Lagerlof, Senecal, Gosney & Kruse<br>301 North Lake Avenue<br>10th Floor<br>Pasadena, California 91101 | Attorneys for plaintiff<br>Crescenta Valley Water District |
| Patrick E. Cafferty, Jr.<br>Munger, Tolles & Olson<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, California 90071-1560 | Attorneys for defendant<br>Shell Oil Company, Equilon<br>Enterprises, and Texaco Refining<br>& Marketing |
| Jeffrey J. Parker, Esq.<br>Whitney Jones Roy, Esq.<br>Sheppard, Mullin, Richter & Hampton<br>333 South Hope Street, 48th Floor<br>Los Angeles, California 90071-1448 | Attorneys for defendants<br>ExxonMobil Corporation and<br>Exxon Oil Corporation |
| Jon D. Anderson<br>Latham & Watkins<br>650 Town Center Drive, Suite 2000<br>Costa Mesa, California 92626-1918 | Attorneys for defendants<br>ConocoPhillips Company and<br>Tosco Corporation |
| Robert Meadows<br>Charles Correll<br>King & Spaulding<br>1100 Louisiana Street, Suite 4000<br>Houston, Texas 77002-5213 | Attorneys for defendants<br>Unocal Corporation, Union Oil<br>Company of California, Chevron<br>U.S.A., Inc., and ChevronTexaco<br>Corporation |
| J. Clifford Gunther, III<br>Bracewell & Giuliani<br>Pennzoil South Tower<br>711 Louisiana Street, Suite 2900<br>Houston, Texas 77002 | Attorney for defendants<br>Ultramar, Inc., Valero Refining<br>Company-California, and Valero<br>Marketing & Supply Company |

| | |
|---|---|
| Matthew T. Heartney, Esq.<br>Stephanie B. Weirick, Esq.<br>James Jacob Finsten, Esq.<br>Arnold & Porter<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, California  90017-5844 | Attorneys for defendants<br>Atlantic Richfield Company and<br>BP Products North America |
| Alan J. Hoffman, Esq.<br>Jeffrey S. Moller, Esq.<br>Blank Rome<br>One Logan Square<br>Eighteenth and Cherry Street<br>Philadelphia, Pennsylvania  19103-6998 | Attorneys for defendant<br>Lyondell Chemical Company<br>AKA Arco Chemical Company |
| Robin L. Greenwald, Esq.<br>Weitz & Luxenberg, PC.<br>180 Maiden Lane, 17th Floor<br>New York, NY  10038<br>(Also served via e-mail to: rgreenwald@weitzlux.com) | Plaintiffs' Liaison Counsel for<br>MDL 1358 |
| Peter J. Sacripanti, Esq.<br>McDermott, Will & Emery<br>50 Rockefeller Plaza<br>New York, NY  10020<br>(Also served via e-mail to: psacripanti@mwe.com) | Defendants' Liaison Counsel for<br>MDL 1358 |

Dated: June 7, 2007

_____
CHRISTINA HISE