MDL 1358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 14 2007

FILED
CLERK'S OFFICE

PLEADING NO. 265

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION § § § § This Document Relates To: § § Ryan, et al. v. 7-Eleven, Inc., et al. § Cause No. 07-02770 (D. Md.) § | MDL Docket No. 1358 |

### ENSR CORPORATION'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 30 (CTO-30)

ENSR Corporation ("ENSR"), a defendant in *Ryan, et al. v. 7-Eleven, et al.*, Cause No. 07-01179, presently pending in the United States District Court for the District of Maryland, by and through its counsel, Foley & Lardner, LLP, respectfully moves the Judicial Panel on Multidistrict Litigation (the "Panel") to vacate Conditional Transfer Order No. 30 ("CTO-30") entered on November 8, 2007.[1] In support of its Motion, ENSR states as follows:

### INTRODUCTION

On November 8, 2007, the Panel conditionally transferred two Maryland cases – *Harrison, et al. v. 7-Eleven, Inc., et al.*, Cause No. 07-01179 (D. Md.)[2] and *Ryan, et al. v. 7-*

---

[1] ENSR's brief in support of this Motion is consolidated herein. The required Schedule of Involved Actions is attached hereto as Exhibit A.

[2] ENSR is not a named defendant in *Harrison*. However, the *Harrison* plaintiffs recently filed a motion seeking leave to amend the complaint to add ENSR as a defendant. As of the date of this filing, the Maryland District Court, which has stayed the *Harrison* case pending resolution of defendants' Motions to CTO-30, has not issued a ruling on the *Harrisons'* motion to amend.

*Eleven, Inc., et al.*, Cause No. 07-2770 (D. Md.) – into MDL-1358. MDL-1358 was created by order of the Panel on October 10, 2000. The litigation is meant to provide a forum for the resolution of claims relating to the defective design, manufacture, distribution and marketing by refiners, manufacturers and other "upstream handlers" of gasoline and the gasoline additive, MTBE. The *Ryan* case does not involve "one or more ... [common] questions of fact" with any of the 150-plus cases currently consolidated into MDL-1358. Nor will the transfer of the *Ryan* case further the "just and efficient conduct" of MDL-1358 (or, for that matter, *Ryan* itself) or the "convenience of the parties and witnesses." 28 U.S.C. § 1407 (a). The Panel accordingly should vacate CTO-30 and return the *Ryan* case to the Maryland District Court where it rightfully belongs.

## BACKGROUND FACTS

1.  Defendant 7-Eleven is an owner and operator of convenience stores, many of which sell gasoline. 7-Eleven operates one such convenience store/gasoline station located at 7627 Woodbine Road in Woodbine, Maryland (the "Woodbine Store"). The Ryans own residential property near the Woodbine Store.

2.  On August 28, 2007, the Ryans filed suit in the Circuit Court for Baltimore County, Maryland against 7-Eleven, ENSR Corporation (an environmental consulting firm), Frall Developers (the owners of the real property on which the Woodbine Store is located), Rollinmead Realty, Inc. and Chris Erichsen (realtors that represented the Ryans in connection with the purchase of their Woodbine, Maryland residence), and Re/Max Greater Metro and

---

Because ENSR is not yet a party to the *Harrison* case, its Motion to Vacate relates, and is directed exclusively, to the *Ryan* case.

Edgar C. Whittington (realtors that represented the sellers).[3]  On October 11, 2007, the *Ryan* defendants timely removed the case to the United States District Court for the District of Maryland.

3.  The Ryans allege causes of action for: (i) negligence, strict liability for an abnormally dangerous activity, private nuisance and trespass against 7-Eleven and Frall Developers arising out of the release of gasoline from an underground storage tank at the Woodbine Store and the subsequent contamination of the plaintiffs' well water with gasoline; (ii) negligence, private nuisance and trespass against ENSR relating to ENSR's efforts to remediate the well water contamination; and (iii) negligence, intentional misrepresentation and negligent misrepresentation against the Real Estate Defendants for their alleged failure to investigate and/or disclose information about the contamination at the time of Ryans' purchase of the Woodbine residence.

4.  On October 25, 2007, the Ryans filed a Notice of Related Tag-Along Action in re MDL-1358 and a Motion to Stay the Maryland District Court case.  The Panel entered CTO-30 on November 8, 2007 and ordered Notices of Opposition to be filed by November 26, 2007.  All *Ryan* defendants timely filed Notices of Opposition.

## ARGUMENT

5.  The *Ryan* case does not belong in MDL-1358 for a host of reasons.  First, MDL-1358 is products liability litigation relating to the defective design, manufacture, distribution and marketing by refiners, manufacturers and other "upstream handlers" of gasoline and the gasoline additive, MTBE.  *Ryan* is not a products liability case.  *Ryan* arises out of a leaking underground

---

[3] Defendants Rollinmead Realty, Inc., Chris Erichsen, Re/Max Greater Metro and Edgar C. Whittington are hereinafter collectively referred to as the "Real Estate Defendants."

storage tank at one Maryland gasoline station owned and operated by 7-Eleven, a "downstream handler" of gasoline. No refiners, manufacturers or other "upstream handlers" of gasoline and/or MTBE are named as defendants in *Ryan*. There are no products liability claims against any of the named *Ryan* defendants. (A copy of the *Ryan* Complaint is attached to 7-Eleven's Motion to Vacate as Exhibit C).

6. Second, the *Ryan* case is not a true MTBE case. While the Ryans allege harms arising out of exposure to MTBE, they also allege harms arising out exposure to other chemical constituents of gasoline such as benzene. There are no allegations that the harms allegedly suffered by the *Ryans* as a result of their alleged exposure to MTBE are any more acute or profound than the harms they allegedly suffered as a result of alleged exposure to any of the other chemical constituents of gasoline of which they complain.

7. Third, the *Ryan* case involves case-specific claims and defendant-specific conduct that has no bearing on, or relevance to, the claims and conduct at the heart of the products liability cases pending in MDL-1358. The transfer of the *Ryan* case into MDL-1358 accordingly will not promote a just and efficient resolution of those cases and will only inconvenience the parties and witnesses in the *Ryan* case.

8. Each of the foregoing arguments is fully briefed in 7-Eleven's Motion to Vacate. ENSR joins and adopts the arguments set forth in 7-Eleven's Motion as if fully set forth herein.

9. ENSR is an environmental consulting firm hired by 7-Eleven to assist in remediating the effects of the gasoline spill at the Woodbine Store. ENSR is in the *Ryan* litigation solely by virtue of this fact. ENSR's review of the docket of cases currently consolidated into MDL-1358 reveals no defendants that are similarly situated to ENSR.

4

10. The determination of whether ENSR – an environmental consultant that does not refine, distribute or handle gasoline or MTBE – acted negligently in the remediation of contamination emanating from one gasoline station in Maryland has no bearing on, and is wholly irrelevant to, the resolution of the defective design, conspiracy and other issues at the core of the MDL-1358 products liability cases. Simply put, *Ryan* involves resolution of inherently individual questions of fact and law – particularly with respect to ENSR's potential liability – that are not found in the other products liability cases previously transferred by the Panel to MDL-1358.

11. As a result, transfer of the *Ryan* case into MDL-1358 will not serve to eliminate duplicitous discovery and motion practice – which is one of the hallmarks of multidistrict litigation. Rather, *Ryan* will necessitate particularized discovery and motion practice focused on localized factual and legal issues having nothing to do with the issues at the heart of the MDL-1358 cases. For example, *Ryan* necessarily will involve document requests, interrogatories, depositions of fact and expert witnesses and motion practice relating to: (i) whether an environmental consultant owes any duties to plaintiffs similarly situated to the Ryans; (ii) whether ENSR's remediation efforts meet the relevant standard of care for environmental consultants in the same or similar circumstances as ENSR; and (iii) whether ENSR may be held liable for trespass and private nuisance arising out of contamination which it had no part in creating and which allegedly emanated from real property which it never owned. None of these issues appears to be present in any of the products liability cases in MDL-1358. Likewise, none of the witnesses who will testify in *Ryan* will have information relevant to the resolution of any of the other cases in MDL-1358. While extensive discovery of dozens of refiners, manufacturers and other "upstream handlers" of gasoline and MTBE has already been conducted, none of that

discovery will be needed to defend against the Ryans' claims, particularly their claims against ENSR.

12. Finally, most, if not all, of the likely witnesses in *Ryan* are located in Maryland and not New York, the expense required to keep abreast of all of the filings and rulings in the many consolidated MDL cases will be significant and consolidation of the *Ryan* case into MDL-1358 – litigation that has been ongoing for over seven years and which involves more than 150 consolidated cases – will not serve what undoubtedly is the shared desire of the parties to resolve the *Ryan* case as swiftly as possible. All of these facts militate against consolidation of the *Ryan* case into MDL-1358.

WHEREFORE, for each of the foregoing reasons as well as each of the reasons set forth in 7-Eleven's Motion to Vacate CTO-30, ENSR Corporation respectfully requests that the Panel grant its Motion to Vacate Conditional Transfer Order No. 30 and award such other relief as the Panel deems just and appropriate.

Dated: December 11, 2007

Respectfully submitted,

_____
Joseph D. Edmondson, Jr.
FOLEY & LARDNER LLP
3000 K Street NW
Suite 500
Washington, D.C. 20009-1125
202.672.5300

Michael S. Baig
FOLEY & LARDNER LLP
321 North Clark St.
Suite 2800
Chicago, Illinois 60610-4764
312.832.4500

*Attorneys for ENSR Corporation*

Case MDL No. 1358   Document 265   Filed 12/14/07   Page 7 of 11

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 14 2007

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing documents has been served upon the following counsel of record via certified mail, return receipt requested, on December 11, 2007.

Mary V. Koch
Law Offices of Peter G. Angelos
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, Maryland 21201
e-mail: mvk@lawpga.com

*Attorneys for Plaintiffs*

Richard L. Miller
Monshower, Miller & Magrogan, LLP
10451 Twin Rivers Road, Suite 230
Columbia, Maryland 21044
e-mail: rmiller@monmilmag.com

*Attorneys for RE/MAX Greater Metro and Edgar C. Whittington*

Michael D. Lorensen
Bowles Rice McDavid Graff & Love
101 South Queen Street
P.O. Drawer 1419
Martinsburg, West Virginia 25402
e-mail: mlorensen@bowlesrice.com

*Attorneys for Frall Developers, Inc.*

Matthew A. Ranck
Eccleston and Wolf PC
2001 S Street NW Suite 310
Washington, DC 20009-1125
e-mail: ranck@ewdc.com

*Attorneys for Rollinmead Realty, Inc. and Chris Erichsen*

Robin Greenwald
Weitz & Luxenberg
180 Maiden Lane, 40th Floor
New York, New York 10038

*MDL 1358 Liaison Counsel for Plaintiffs*

Peter John Sacripanti
McDermott Will & Emery LLP
340 Madison Avenue, 14th Floor
New York, New York 10173

*MDL Liaison Counsel for Defendants*

_____
Joseph D. Edmondson, Jr.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 14 2007

FILED
CLERK'S OFFICE

EXHIBIT A

SCHEDULE OF INVOLVED ACTIONS

*Thomas E. Ryan, Jr., Paula C. Ryan, and Thomas E. Ryan, III. v. 7-Eleven, Inc., ENSR Corporation, Frall Developers, Inc., RE/MAX Greater Metro, Edgar C. Whittington, Rollinmead Realty, Inc., and Chris Erichsen*

United States District Court for the District of Maryland, Baltimore Division
Civil Action No. 1:07-CV-02770
Hon. J. Frederick Motz

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 14 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION § § § § | |
| This Document Relates To: § § | MDL Docket No. 1358 |
| *Ryan, et al. v. 7-Eleven, Inc., et al.* § Cause No. 07-02770 (D. Md.) § | |

### ENSR CORPORATION'S AMENDED CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing documents has been served upon the following counsel of record via certified mail, return receipt requested, on December 11, 2007.

Mary V. Koch
Law Offices of Peter G. Angelos
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, Maryland 21201
e-mail: mvk@lawpga.com

*Attorneys for Plaintiffs*

Richard L. Miller
Monshower, Miller & Magrogan, LLP
10451 Twin Rivers Road, Suite 230
Columbia, Maryland 21044
e-mail: rmiller@monmilmag.com

*Attorneys for RE/MAX Greater Metro and Edgar C. Whittington*



2007 DEC 14 A 11:57
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
RECEIVED
CLERK'S OFFICE

CH12_809472.1

Michael D. Lorensen
Bowles Rice McDavid Graff & Love
101 South Queen Street
P.O. Drawer 1419
Martinsburg, West Virginia 25402
e-mail: mlorensen@bowlesrice.com

*Attorneys for Frall Developers, Inc.*

Matthew A. Ranck
Eccleston and Wolf PC
2001 S Street NW Suite 310
Washington, DC 20009-1125
e-mail: ranck@ewdc.com

*Attorneys for Rollinmead Realty, Inc. and Chris Erichsen*

Robin Greenwald
Weitz & Luxenberg
180 Maiden Lane, 40th Floor
New York, New York 10038

*MDL 1358 Liaison Counsel for Plaintiffs*

Peter John Sacripanti
McDermott Will & Emery LLP
340 Madison Avenue, 14th Floor
New York, New York 10173

*MDL Liaison Counsel for Defendants*

The undersigned certifies that a true and correct copy of the foregoing documents has been served upon the following counsel of record via certified mail, return receipt requested, on December 13, 2007.

Michael A. Walsh
Strasburger & Price LLP
901 Main Street, Suite 4400
P.O. Box 50100
Dallas, TX 75202-3794

Joseph D. Edmondson, Jr.