MDL 1358

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re MTBE PRODUCTS LIABILITY LITIGATION | § § § § § | |
| This document relates to: | § | |
| *Harrison et al. v. 7-Eleven et al.*, Cause No. 07-01179 (D. Md.) | § § § | **MDL-1358** |
| and | § § | |
| *Ryan et al. v. 7-Eleven et al.*, Cause No. 07-02270 (D. Md.) | § § § | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 30

### I.    Background

Having removed this case from state court pursuant to the MTBE removal

provision of the Energy Policy Act of 2005,[1] Defendants now seek to avoid transfer of

these actions to the court that has been assigned by this Panel to conduct pre-trial

proceedings in virtually all MTBE cases that have found their way into the federal court

system.  In their attempts to do so, Defendants have strained to distinguish these cases

from their own self-serving characterization of what constitutes the "typical" case

_____

[1]Pub. L. No. 109-58, 119 Stat. 594 (2005).  According to that provision:

> SEC. 1503. CLAIMS FILED AFTER ENACTMENT.

> Claims and legal actions filed after the date of enactment of this Act related to allegations involving actual or threatened contamination of methyl tertiary butyl ether (MTBE) may be removed to the appropriate United States district court.

*Id.* at 1076.  *See* Notice of Removal, Exhibit 'A' attached; Joinders in Removal, Exhibit 'B' attached.

PLEADING NO. 268

IMAGED DEC 2 8 2007        OFFICIAL FILE COPY

currently pending before the MDL.  However, as the following discussion will demonstrate, this case involves numerous questions of fact in common with others currently pending before the MDL, and thus transfer to that court is warranted.

## II.     These Cases Meet the Test for Transfer Under 28 U.S.C. § 1407

The test for whether transfer of a tag-along action to an MDL court is appropriate is a simple one:  the action must be one or more questions of fact in common with other cases before the MDL, and transfer must serve "convenience of parties and witnesses and … promote the just and efficient conduct of such actions."  28 U.S.C. § 1407.  Despite Defendant 7-Eleven's contentions to the contrary, there is no requirement that common questions of fact "predominate" over uncommon questions.  (*See* Mot. of 7-Eleven at 15).

One does not have to look far to find a case currently pending before the MDL that has numerous questions of fact in common with those involved in the present case. For example, in the case of *Quick v. Shell Oil Co.*, Plaintiffs sued several pipeline operators, an environmental contractor, a manufacturer, and two individuals as a result of the release of MTBE-containing gasoline from a pipeline.  *In re MTBE Products Litigation*, 241 F.R.D. 435, 437-38 (2007).  As in the present cases, the MTBE-containing gasoline in *Quick* contaminated the private water wells of homeowners who derived their water supplies from fractured bedrock aquifers.  Clearly, there will be common questions of fact among these and other MDL cases including: (1) the solubility and transmissibility characteristics of MTBE through fractured bedrock aquifers; (2) the degree to which MTBE poses a risk to the health and safety of affected individuals; (3) the proper methods of investigation, detection and measurement of MTBE; (4) appropriate methods of remediation and restoration of MTBE-contaminated aquifers; and

numerous similar questions. While juries in the individual cases will ultimately be required to resolve them, the conduct of coordinated discovery and pre-trial proceedings in the MDL court will "promote the just and efficient conduct of such actions."

Defendants can also not complain that transfer to the MDL court will disserve the "convenience of parties and witnesses." In the first instance, witnesses would not likely have to travel to the MDL court, which in any case would be a short train ride from Maryland to New York. Moreover, as to the "convenience of the parties," Defendant 7-Eleven is *already a defendant* in at least some of the cases pending before the MDL, *see In re MTBE Products Liability Litigation*, 2006 WL 1997471, at *3 n.27 (S.D.N.Y. July 18, 2006), and has counsel admitted there. In fact, 7-Eleven's counsel who signed that defendant's Motion to Vacate *are the same counsel who are defending 7-Eleven as its counsel-of-record in cases before the MDL. See* Defendant 7-Eleven Inc.'s Joinder in Plaintiffs' Mot. to Quash Subpoena, *in In re MTBE Products Liability Litigation*, MDL-1358 (Exhibit 'C' attached, at 5).

In their effort to try to distinguish the instant cases from those currently pending before the MDL, Defendants have strained to highlight those facts that are different from those of many of the cases that are being litigated before the MDL. They have further strained to characterize this case as something other than a product-liability case, in an attempt to remove it from the rubric of "MTBE Products Liability Litigation." However, as will be addressed below, these attempts ultimately fail.

**III.    Defendant' Attempts to Distinguish these Cases from
Those Currently Before the MDL Court are Unavailing**

As stated, Defendants have strained to find distinguishing characteristics of the

present cases that make them unique from other cases pending before the MDL.  Two of

the Defendants—7-Eleven and Frall Developers—have misrepresented to the Panel that

"[n]o opinion, order, or conference concerns … environmental consultants."  (7-Eleven's

Mot. at 3; Frall's Joinder at 2).[2]  However, according to the MDL court's opinion on class

certification in *Quick*, "the individual plaintiffs sued the company that tested water

samples in the area in the years after the spill, Parsons Engineering Science, Inc., as well

as two of its employees (the "Parson Defendants").  *Quick*, 241 F.R.D. at 438.  Similarly,

Plaintiffs in the instant cases have sued 7-Eleven's environmental consultant, ENSR

Corporation, as a result of that organization's negligent handling of the response to the

release.  In any case, the presence or absence of an environmental consultant as a

defendant has no relation to the question whether there are common issues of fact among

these and other MDL cases.

Defendants have similarly attempted to argue that the present cases are not

products liability cases, and thus do not belong in the "MTBE Products Liability

Litigation."  According to Defendant 7-Eleven, for example, "MDL 1358 is, and always

had been, predominantly a products liability litigation against 'upstream' defendants such

as MTBE manufacturers and gasoline refiners for harm allegedly caused by MTBE."  (7-

---

[2] Defendant ENSR itself made a similar representation, but was more cautious, stating
that "ENSR's review of the docket of cases currently consolidated into MDL-1358
reveals no defendants that are similarly situated to ENSR."  (ESNR's Mot. at 4).

Eleven's Mot. at 3). "7-Eleven is an owner and operator of convenience stores, many of which sell gasoline ... not a refiner, marketer, or distributor of gasoline." (*Id.* at 4).

In the first instance, the question of whether the instant cases are "products liability" cases is a game of semantics. While Plaintiffs in the instant cases have not asserted *strict* products liability claims against the manufacturer of the defective product—MTBE—they have nevertheless asserted negligence claims, including failure-to-warn claims, against 7-Eleven, the product's distributor. Such claims are among those commonly studied in a products liability curriculum in an academic setting.[3] In the strict sense of the term, Plaintiffs seek "liability" in a case involving a dangerous "product". In any case, if claims against manufacturers were considered to be the touchstone of the cases before the MDL, then how does 7-Eleven, a non-refiner, explain is status as a defendant in other cases there? S*ee In re MTBE Products Liability Litigation*, 2006 WL 1997471, at *3 n.27 (S.D.N.Y. July 18, 2006).

Defendants once again mischaracterize the cases before the MDL when they argue that "it is the alleged properties of MTBE, to the exclusion of the other constituents of gasoline, that form the basis for the MDL plaintiffs' alleged damages." In *Quick*, plaintiffs' complaint refers only to the presence of "gasoline contamination" on their properties, and in their water supplies, as a result of the release. *Quick*, 241 F.R.D. at 438. As revealed by the MDL court, "[t]he gasoline contained a number of additives including MTBE ..., various byproducts, and BTEX (benzene, toluene, ethylbenzene, and zylenes)." *Id.* at 437. Clearly, plaintiffs' complaint in *Quick* hardly centers on the

---

[3] *E.g.*, W. Page Keeton *et al.*, Products Liability and Safety ch. 7, § 1 (1980) ("Retailers, Wholesalers and Distributors").

"alleged properties of MTBE, to the exclusion of the other constituents of gasoline, [as a] basis for ... plaintiffs' alleged damages."

The remainder of Defendants' arguments contained in their motions to vacate the Panel's Conditional Transfer Order simply rehash the above themes, each of which is easily debunked. More importantly, none of the arguments goes to the fundamental question whether there is at least one common fact between these cases and those before the MDL, and whether transfer will promote their just and efficient conduct. Those questions may clearly be answered in the affirmative, and thus transfer is warranted.

## IV. Having Joined in the Removal of these Cases on the Ground that they Involve MTBE, the Real-Estate Defendants Cannot Now Complain

Defendants Rollinmead Realty, Inc.; Chris Erichsen; RE/Max Greater Metro; and Edgar Whittington ("Real Estate Defendants"), having joined in the removal of this case based on the fact that it is one involving MTBE, now seek to distinguish the claims against them as not being of the type that are now being litigated before the MDL. Plaintiffs' claims against these defendants involve, *inter alia*, allegations that as real-estate agents and/or brokers, they negligently failed to warn Plaintiffs of the presence of MTBE and other gasoline constituents in the water supply of the properties they offered for sale to Plaintiffs.

Plaintiffs' claims against the real-estate defendants clearly will have common questions of fact with claims against other defendants within Plaintiffs' case-in-chief, and within other cases before the MDL. These include questions of (1) the extent to which MTBE is harmful to persons and property values; (2) the extent to which individuals similarly situated to these defendants should have known of these hazards; (3) methods of the valuation of property losses resulting from MTBE contamination; (4) the degree to

which the likelihood of MTBE contamination is common knowledge in the real-estate industry; and similar questions.

The fact that "as it pertains to the Real Estate Defendants, discovery will involve distinct issues not affecting the other defendants and vice versa," (Real Estate Defs.' Brf. at 4), does not avail those defendants so as to avoid transfer. The same could be said of virtually every claim against every defendant before the MDL. The controlling question for purposes of transfer is whether at least *one* question of fact within Plaintiffs' case-in-chief is common with those before the MDL, and whether transfer will "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. To that extent, the Real Estate Defendants are in hardly a different situation than the environmental consultant, and employees thereof, who were sued in *Quick*.

Notably, rather than join in the removal of these cases—or in conjunction therewith—if the Real Estate Defendants thought their situation was so dissimilar, they could have moved to sever their claims from the remaining ones, and argue that their claims should be litigated separately and distinctly from Plaintiffs' remaining claims. *See* Maryland Rule 2-213; Fed. R. Civ. P. 21. Because they did not, they should not now be allowed to complain that their case should not be transferred. To rule otherwise would allow the "tail to wag the dog" in this case.

## V.     Conclusion

Having removed Plaintiffs' cases into federal court solely on the grounds that the cases involve MTBE, Defendants now try to minimize the effect of that observation, and argue that the cases are unlike any other MTBE case being litigated before the MDL. Defendants simply cannot have it both ways.

Similarly, Defendants' attempts to argue that their status as non-refiners makes transfer to the MDL inappropriate does not suffice to avoid transfer.  Reference to *Quick* and to other opinions of the MDL court reveal that there are other retail distributors, environmental consultants, and individuals who are litigating as defendants there. Defendant 7-Eleven, in particular, is litigating at least several other cases before that court.  Likewise, all of Defendants' other attempts to distinguish these cases from others pending before the MDL are unavailing.

Respectfully submitted,

Mary V. McNamara-Koch (Bar No. 26591 )
Craig M. Silverman (Bar No. 16898)
Law Offices of Peter G. Angelos, P.C.
100 North Charles Street, 22nd Floor
Baltimore, MD  21201
(410) 649-2000

Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION

DEC 27 2007

MDL No. 1358

FILED
CLERK'S OFFICE

## PANEL SERVICE LIST (CTO-30)

Michael Harrison, et al. v. 7-Eleven, Inc., et al., D. Maryland, C.A. No. 1:07-1179
Thomas E. Ryan, Jr., et al. v. 7-Eleven, Inc., et al., D. Maryland, C.A. No. 1:07-2770

Michael S. Baig
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, IL 60610-4764

Joseph Dowell Edmondson, Jr.
FOLEY & LARDNER LLP
3000 K Street, N.W.
Washington Harbour
Suite 500
Washington, DC 20007-5109

Robin Greenwald
WEITZ & LUXENBERG PC
180 Maiden Lane
40th Floor
New York, NY 10038

Mary V. Koch
LAW OFFICES OF PETER G ANGELOS PC
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201-3804

Michael D. Lorensen
BOWLES RICE MCDAVID GRAFF & LOVE
101 South Queen Street
P.O. Drawer 1419
Martinsburg, WV 25402-1419

Richard L. Miller
MONSHOWER MILLER & MAGROGAN LLP
10451 Twin Rivers Road
Suite 230
Columbia, MD 21044

Matthew A. Ranck
ECCLESTON & WOLF PC
2001 S Street, NW
Suite 310
Washington, DC 20009-1125

Peter J. Sacripanti
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
14th Floor
New York, NY 10173-1922

Michael A. Walsh
STRASBURGER & PRICE LLP
901 Main Street
Suite 4400
P.O. Box 50100
Dallas, TX 75202-3794

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 27 2007

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*NORTHERN DIVISION*

2007 OCT 11   LAND
P 3: 10

THOMAS E. RYAN, JR.
PAULA C. RYAN, his Wife,
    and
THOMAS E. RYAN, III, his Son,

    Plaintiffs,

v.

**JFM 07 CV 2770**

CIVIL ACTION NO: _____
(Removed from the Circuit Court for
Baltimore County, MD, Case No: 03-C-07-
009651 OT)

7-ELEVEN, INC.,
ENSR CORPORATION,
FRALL DEVELOPERS, INC.,
RE/MAX GREATER METRO,
EDGAR C. WHITTINGTON,
ROLLINMEAD REALTY, INC.,
    and
CHRIS ERICHSEN

    Defendants.

### <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Frall Developers, Inc. and 7-Eleven, Inc. hereby remove to this Court the state court action described below:

1.     On August 28, 2007, an action was commenced in the Circuit Court for Baltimore County, Maryland *Thomas E. Ryan, Jr.*, et al. *v. 7-Eleven, Inc.*, et al., Case Number: 03-C-07-009651 OT.

**PLAINTIFF'S
EXHIBIT**

tabbies

*A*

2.      Defendant Frall Developers, Inc. received service of the summons and complaint on September 13, 2007. Defendant 7-Eleven Inc. received service of the summons and complaint on September 14, 2007. Defendant Re/Max was served on September 12, 2007, Defendant Whittington on September 17, 2007, Defendant Rollinmeade on September 20, 2007, and upon information and belief, Defendant Erichsen on October 5, 2007.

3.      This notice is therefore timely filed on October 11, 2007.

4.      A copy of all process, pleadings and orders served upon the Defendants in the state court action are attached hereto as Exhibit A.

5.      This action is a civil action over which this Court has original jurisdiction under the Energy Policy Act of 2005, which permits removal of certain claims related to Methyl Tertiary Butyl Ether (MTBE), *see* Pub. L. No. 109-58, 119 Stat. 594 (codified in scattered sections of 16 U.S.C. and 42 U.S.C.), and is one over which this Court has jurisdiction pursuant to 42 U.S.C. § 7545.

6.      Plaintiffs allege that the Defendants' negligent, reckless, and intentional conduct resulted in dangerous releases of hazardous and toxic substances onto and into Plaintiffs' land and water supply, including MTBE, and that their property has been contaminated with MTBE. (Compl. ¶¶ 35-45).

7.      Thus, this Court has jurisdiction over Plaintiffs' state law claims under 42 U.S.C. § 7545, which states that "[c]laims and legal actions filed after the date of enactment of this Act related to allegations involving actual or threatened contamination of methyl tertiary butyl ether (MTBE) may be removed to the appropriate United States district court."

8.    Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391(b) because the alleged incidents giving rise to the complaint occurred in Woodbine, Carroll County, Maryland, the plaintiffs' property that is the subject of the complaint is situate therein, and the defendants reside and/or conduct business in Maryland.

9.    The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a).

10.    Written notice of the filing of this Notice of Removal has been served on the Plaintiffs.

11.    A copy of this Notice of Removal has been filed with the appropriate clerk of courts for the Circuit Court for Baltimore County, Maryland.    A copy of the Notice of Removal filed in the state court is attached hereto as Exhibit B.

12.    Defendants Re/Max Greater Metro and Edgar Whittington have consented to the removal of this case, as evidenced by the signed consents attached hereto as Exhibits C and D.

WHEREFORE, Defendants 7-Eleven, Inc. and Frall Developers, Inc. by and through counsel, hereby remove this civil action from the Circuit Court of Baltimore County, Maryland, to the United States District Court for the District of Maryland.    Pursuant to the provisions of 28 U.S.C. § 1446(d), the state court must proceed no further with this action.

3

Dated this 11th day of October, 2007.

7-ELEVEN, INC. and FRALL
DEVELOPERS, INC.
Defendants, by Counsel

_____

Michael D. Lorensen, Esq.
(Maryland U.S. District Court No. 14876)
BOWLES RICE MCDAVID GRAFF & LOVE LLP
Post Office Drawer 1419
Martinsburg, WV 25402-1419
Ph. (304) 263-0836
Fax (304) 267-3822
mlorensen@bowlesrice.com

## CERTIFICATE OF SERVICE

I, Michael D. Lorensen, hereby certify that a true and exact copy of the foregoing **NOTICE OF REMOVAL** has been served by United States mail, postage prepaid, on the following counsel:

Mary V. McNamara-Koch, Esq.
Craig M. Silverman, Esq.
Law Offices of Peter G. Angelos, P.C.
100 North Charles Street, 22nd Floor
Baltimore, Maryland 21201

this 11th day of October, 2007.

_____
Michael D. Lorensen

1914509.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*NORTHERN DIVISION*

THOMAS E. RYAN, JR.
PAULA C. RYAN, his Wife,
    and
THOMAS E. RYAN, III, his Son,

      Plaintiffs,

v.

    CIVIL ACTION NO: 1:07-cv-2770
    (Removed from the Circuit Court for
    Baltimore County, MD, Case No: 03-C-07-
    009651 OT)

7-ELEVEN, INC.,
ENSR CORPORATION,
FRALL DEVELOPERS, INC.,
RE/MAX GREATER METRO,
EDGAR C. WHITTINGTON,
ROLLINMEAD REALTY, INC.,
    and
CHRIS ERICHSEN

      Defendants.

## CONSENT TO REMOVAL

      I, Michael S. Baig, counsel for ENSR Corporation, a defendant in the above-captioned matter, do hereby consent to the removal of the within action to the United States District Court for the District of Maryland, Baltimore Division.

Dated this 12th day of October, 2007.



PLAINTIFF'S
EXHIBIT
B

Respectfully submitted,

ENSR CORPORATION
Defendant

By Counsel

Michael S. Baig
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, Illinois 60610
312.832.4500 (Telephone)
312.832.4700 (Facsimile)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*NORTHERN DIVISION*

THOMAS E. RYAN, JR.
PAULA C. RYAN, his Wife,
    and
THOMAS E. RYAN, III, his Son,

      Plaintiffs,

v.

                                         CIVIL ACTION NO: _____
                                         (Removed from the Circuit Court for
                                         Baltimore County, MD, Case No: 03-C-07-
                                         009651 OT)

7-ELEVEN, INC.,
ENSR CORPORATION,
FRALL DEVELOPERS, INC.,
RE/MAX GREATER METRO,
EDGAR C. WHITTINGTON,
ROLLINMEAD REALTY, INC.,
    and
CHRIS ERICHSEN

      Defendants.

                                                                    JFM07CV2770

## <u>CONSENT TO REMOVAL</u>

      I, Richard L. Miller, counsel of record for RE/MAX Greater Metro, a defendant in

the above-captioned matter, do hereby consent to the removal of the within action to the United

States District Court for the District of Maryland, Baltimore Division.

Dated this 11th day of October, 2007.

Respectfully submitted,

RE/MAX GREATER METRO
Defendant

By Counsel

Richard L. Miller, Esq. Bar # 11045   G E M
Monshower, Miller & Magrogan, LLP
10440 Little Patuxent Pkwy.
Suite 230
Columbia, MD 21044-2333
(410) 730-4860

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*NORTHERN DIVISION*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 OCT 11  P 3: 10

BY_____ DEPUTY

THOMAS E. RYAN, JR.
PAULA C. RYAN, his Wife,
    and
THOMAS E. RYAN, III, his Son,

    Plaintiffs,

v.

                    CIVIL ACTION NO: _____
                    (Removed from the Circuit Court for
                    Baltimore County, MD, Case No: 03-C-07-
                    009651 OT)

                                **JFM 07 CV 2770**

7-ELEVEN, INC.,
ENSR CORPORATION,
FRALL DEVELOPERS, INC.,
RE/MAX GREATER METRO,
EDGAR C. WHITTINGTON,
ROLLINMEAD REALTY, INC.,
    and
CHRIS ERICHSEN

    Defendants.

## CONSENT TO REMOVAL

       I, Richard L. Miller, counsel of record for Edgar C. Whittington, a defendant in

the above-captioned matter, do hereby consent to the removal of the within action to the United

States District Court for the District of Maryland, Baltimore Division.

Dated this 11th day of October, 2007.

.10/11/2007 THU 10:33  FAX                                                    005/005

10/11/2007  10:06    3042673822                                    PAGE  05/05

Respectfully submitted,

EDGAR C. WHITTINGTON
Defendant

By Counsel

Richard L. Miller, Esq.  Bar # 11045
Monshower, Miller & Magrogan, LLP
10440 Little Patuxent Pkwy.
Suite 230
Columbia, MD 21044-2333
(410) 730-4860

2

1921237.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

### *Northern Division*

THOMAS E. RYAN, JR., et al.

      Plaintiffs,

v.                                                                  CASE NO.: 1:07-cv-02770

7-ELEVEN, INC., et al.

      Defendants.

## NOTICE OF FILING

      COMES NOW your Defendant, 7-Eleven, Inc., by counsel, and gives notice of the Consent to Removal from Chris Erichsen.

                                  Respectfully submitted,

                                  **7-ELEVEN, INC.**
                                  By Counsel

  /s/ Michael D. Lorensen_____
Michael D. Lorensen
Maryland U.S. District Court No. 14876
Bowles Rice McDavid Graff & Love LLP
Post Office Box 1419
Martinsburg, West Virginia 25402-1419
mlorensen@bowlesrice.com
(304) 264-4224
(304) 267-3822 facsimile

## CERTIFICATE OF SERVICE

I, Michael D. Lorensen, hereby certify that I electronically filed the foregoing **NOTICE OF FILING** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Mary V. McNamara-Koch, Esq.
> Craig M. Silverman, Esq.
> Law Offices of Peter G. Angelos, P.C.
> 100 North Charles Street, 22nd Floor
> Baltimore, Maryland  21201
> E-MAIL: MVK@lawpga.com

this 16th day of October, 2007.

/s/ Michael D. Lorensen
Michael D. Lorensen

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*NORTHERN DIVISION*

THOMAS E. RYAN, JR.
PAULA C. RYAN, his Wife,
    and
THOMAS E. RYAN, III, his Son,

    Plaintiffs,

v.

7-ELEVEN, INC.,
ENSR CORPORATION,
FRALL DEVELOPERS, INC.,
RE/MAX GREATER METRO,
EDGAR C. WHITTINGTON,
ROLLINMEAD REALTY, INC.,
    and
CHRIS ERICHSEN

    Defendants.

CIVIL ACTION NO: 1:07-CV-2770
(Removed from the Circuit Court for
Baltimore County, MD, Case No: 03-C-07-
009651 OT)

## CONSENT TO REMOVAL

I, John R. Garza, counsel for Chris Erichsen, a defendant in the above-captioned matter, do hereby consent to the removal of the within action to the United States District Court for the District of Maryland, Baltimore Division.

Dated this 15th day of October, 2007.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

*Northern Division*

THOMAS E. RYAN, JR., et al.

       Plaintiffs,

v.                               CASE NO.: 1:07-cv-02770

7-ELEVEN, INC., et al.

       Defendants.

## NOTICE OF FILING

       COMES NOW your Defendant, 7-Eleven, Inc., by counsel, and gives notice of the Consent to Removal from Rollinmead Realty, Inc.

                               Respectfully submitted,

                               **7-ELEVEN, INC.**
                               By Counsel

 /s/ Michael D. Lorensen_____
Michael D. Lorensen
Maryland U.S. District Court No. 14876
Bowles Rice McDavid Graff & Love LLP
Post Office Box 1419
Martinsburg, West Virginia 25402-1419
mlorensen@bowlesrice.com
(304) 264-4224
(304) 267-3822 facsimile

## CERTIFICATE OF SERVICE

I, Michael D. Lorensen, hereby certify that I electronically filed the foregoing

**NOTICE OF FILING** with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to the following:

> Mary V. McNamara-Koch, Esq.
> Craig M. Silverman, Esq.
> Law Offices of Peter G. Angelos, P.C.
> 100 North Charles Street, 22nd Floor
> Baltimore, Maryland  21201
> E-MAIL: MVK@lawpga.com

this 16th day of October, 2007.


  /s/ Michael D. Lorensen
Michael D. Lorensen

1931157.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*NORTHERN DIVISION*

THOMAS E. RYAN, JR.
PAULA C. RYAN, his Wife,
    and
THOMAS E. RYAN, III, his Son,

      Plaintiffs,

v.

                                     CIVIL ACTION NO: 1:07-CV-2770
                                     (Removed from the Circuit Court for
                                     Baltimore County, MD, Case No: 03-C-07-
                                     009651 OT)

7-ELEVEN, INC.,
ENSR CORPORATION,
FRALL DEVELOPERS, INC.,
RE/MAX GREATER METRO,
EDGAR C. WHITTINGTON,
ROLLINMEAD REALTY, INC.,
    and
CHRIS ERICHSEN

      Defendants.

## CONSENT TO REMOVAL

        I, John R. Garza, counsel for Rollinmead Realty, Inc., a defendant in the above-captioned matter, do hereby consent to the removal of the within action to the United States District Court for the District of Maryland, Baltimore Division.

Dated this 15th day of October, 2007.

                                   Respectfully submitted,

                                   ROLLINMEAD REALTY, INC.
                                   Defendant

By Counsel

John R. Garza, Esq.
Garza, Reagan & Associates
Garza Building
17 West Jefferson Street
Rockville, Maryland 20850-2409
Tel: (301) 340-8200
Fax: (301) 294-6159

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Methyl Tertiary Butyl Ether
("MTBE") Products Liability Litigation

**This Document Relates To:**

**All Cases**

**Master File No. 1:00-1898**
**MDL No. 1358 (SAS)**
**M21-88**

**DEFENDANT 7-ELEVEN, INC.'S**
**JOINDER IN PLAINTIFFS' MOTION**
**TO QUASH DEFENDANT CITGO**
**PETROLEUM CORPORATION'S**
**SUBPOENA SERVED ON**
**FORMER 7-ELEVEN EMPLOYEE**
**ROBERT REYNOLDS**

7-Eleven, Inc. ("7-Eleven") submits this its joinder and Motion to Quash[1] Defendant CITGO Petroleum Corporation's ("CITGO") Subpoena Served on former 7-Eleven employee Robert Reynolds ("Reynolds") and would respectfully show the following:

## I.

## <u>INTRODUCTION</u>

Robert Reynolds is a former employee of 7-Eleven (f/k/a The Southland Corporation).  7-Eleven objects to CITGO's subpoena because the deposition sought will be duplicative of past depositions taken by CITGO of Mr. Reynolds and is thus unnecessary and unduly burdensome.  Further, CITGO's subpoena is not permitted by the Case Management Orders entered in this litigation because it is directed to Mr. Reynolds as a 7-Eleven fact witness.

---

[1] 7-Eleven believes that this dispute is appropriate for referral to Special Master Warner for decision.

DEFENDANT 7-ELEVEN, INC.'S JOINDER IN PLAINTIFFS' MOTION
TO QUASH DEFENDANT CITGO PETROLEUM CORPORATION'S
SUBPOENA SERVED ON FORMER 7-ELEVEN EMPLOYEE ROBERT REYNOLDS
2261913.1/SP/76088/0453/081607



**PLAINTIFF'S**
**EXHIBIT**
C

## II.

## BACKGROUND

Without providing notice to 7-Eleven, CITGO purportedly served its subpoena on Mr. Reynolds, attached hereto as **Exhibit A**, on July 16, 2007.  On August 2-3, 2007, Mr. Reynolds was presented by Plaintiffs for deposition as an expert witness in the *County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp., et al.* and *United Water New York v. Amerada Hess Corp., et al.* cases.  Late in the final day of that deposition, counsel for 7-Eleven learned that CITGO's subpoena was intended for the deposition of Mr. Reynolds separately as a 7-Eleven fact witness.  According to the subpoena, the deposition was to occur on August 6, 2007, at the offices of CITGO's counsel.  Upon information and belief, by agreement between CITGO and Plaintiffs, the deposition has not occurred pending a ruling by this Court on Plaintiffs' Motion to Quash CITGO's subpoena, which Plaintiffs filed on August 9, 2007.[2]  7-Eleven joins Plaintiffs' motion and seeks the Court's intervention to quash the subpoena for the reasons set forth in Plaintiffs' motion as well as for the reasons set forth below.

## III.

## MOTION TO QUASH

7-Eleven has standing to challenge CITGO's subpoena to Mr. Reynolds because 7-Eleven is Mr. Reynolds's former employer and because the purpose of CITGO's subpoena is to obtain factual information about 7-Eleven.  7-Eleven was never informed by Citgo that it sought to depose its former employee and only learned of CITGO's

---

[2] As Reynolds's deposition has not yet occurred, this Motion to Quash is timely.  *See Winchester Capital Mgmt. v. Manufacturers Hanover Trust Co.*, 144 F.R.D. 170, 175-76 (D. Mass. 1992).

intent to take discovery of 7-Eleven by seeking Mr. Reynolds's deposition as a fact witness when a discussion was overheard by counsel during the final day of the expert witness deposition of Mr. Reynolds.  Clearly this is not the sort of notice contemplated by the extensively negotiated Case Management Orders addressing gap-filling depositions of defendants.

7-Eleven hereby adopts, joins in, and incorporates fully Plaintiffs' Motion to Quash CITGO's Subpoena Served on Robert Reynolds, filed on August 9, 2007.  As set forth in Plaintiffs' motion, CITGO's subpoena will subject Mr. Reynolds to undue burden because it seeks discovery of irrelevant matters and of matters on which CITGO has repeatedly deposed Mr. Reynolds in the past.  Mr. Reynolds already has testified extensively, in response to CITGO's questioning, regarding his former employment with 7-Eleven.  Efforts by CITGO to conduct yet another deposition of Mr. Reynolds on the same topics are intended solely to burden and harass Mr. Reynolds and 7-Eleven.

Beginning in September 1983, at or about the time CITGO was formed, until October 1984, Mr. Reynolds worked for The Southland Corporation (now known as 7-Eleven, Inc.) in connection with its relationship with CITGO.  Mr. Reynolds left Southland in October 1984.  Despite Mr. Reynolds having testified at length regarding the September 1983 - October 1984 time period in prior depositions (testifying that he has not reviewed any documents to prepare to testify, that he has not had an opportunity to prepare for a Southland witness deposition, and that, by his own admission, 7-Eleven representatives would be better witnesses to testify on behalf of Southland/7-Eleven), CITGO intends to conduct this deposition anyway.

The Case Management Orders governing discovery in this multi-district litigation do not permit discovery between defendants in the cases in which 7-Eleven is a defendant.  7-Eleven is a defendant in *Orange County Water District v. Unocal Corp., et al.* and in *The People of the State of California, et al. v. Atlantic Richfield Company, et al.*.  CITGO also is a defendant in both of those cases.  Thus, to the extent CITGO seeks discovery of 7-Eleven in MDL 1358, it should be limited by the discovery restrictions in place for those cases.

Case Management Order No. 4 ("CMO-4") and its progeny do not presently permit discovery in *People* and limit discovery in *Orange County*.  Further, with respect to the MDL cases generally, CMO-4 limits depositions for defendants who presented witnesses for deposition in previous MTBE cases to "gap-filling" and to certain topics discoverable by plaintiffs of defendants and by defendants of plaintiffs.

7-Eleven is a "gap-filling defendant," and gap-filling discovery of MDL defendants is different than non-party discovery and is subject to extensively negotiated limitations.  Even if CITGO were permitted to take discovery of 7-Eleven, its co-defendant, such discovery should be limited to the gap-filling procedures and the topics enumerated in CMO-4.  Not only has Citgo not followed the rules, but CITGO has not extended even the most basic of courtesies to inform a party that it is taking its deposition or on the topics it wishes to depose the witness.  As such, CITGO's subpoena to Mr. Reynolds is impermissible, unnecessarily burdensome, and should be quashed.

WHEREFORE, for the reasons set forth above and in Plaintiffs' Motion to Quash CITGO's Subpoena Served on Robert Reynolds, Defendant 7-Eleven, Inc. respectfully

requests that the Court quash CITGO's subpoena and grant 7-Eleven such other and further relief as the Court deems just and proper.

Respectfully submitted,

MICHAEL A. WALSH
(MW 2534)
COURTNEY L. JONES
(CJ 3714) (pro hac vice)
JADD F. MASSO
(JM 4934) (pro hac vice)
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, Texas 75202-3794
Telephone: 214-651-4300
Facsimile: 214-651-4330

ATTORNEYS FOR DEFENDANT
7-ELEVEN, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been served upon all counsel of record via LexisNexis File & Serve on this ___ day of August, 2007.

JADD F. MASSO

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ILLINOIS

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products
Liability Litigation

This Document Relates To: All Cases

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    MDL No. 1358
Docket No. M21-88
Master File C.A. No. 1:00-1898 (SAS)
SOUTHERN DISTRICT OF NEW YORK

TO:    **Robert Reynolds**
Downstream Alternatives, Inc.
1657 Commerce Drive
South Bend, IN 46628

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Eimer Stahl Klevorn & Solberg LLP<br>224 South Michigan Avenue, Suite 1100<br>Chicago, Illinois 60604<br>(312) 660-7600 | Note: The deposition will be recorded by sound, sound-and-visual, and/or stenographic means. | DATE AND TIME<br>**August 6, 2007 at 9:00 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | TIME AND DATE |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Lisa S. Meyer*   (Attorney for Defendant CITGO Petroleum Corporation) | DATE<br>July 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lisa S. Meyer
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois  60604
(312) 660-7600

1 If action is pending in district other than district of issuance, state district under case number.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED ON (PRINT NAME)** — MANNER OF SERVICE

**SERVED BY (PRINT NAME)** — TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule,

such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.