MDL 1358

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 3 2009

FILED
CLERK'S OFFICE

---------------------------------------------------------------- x
IN RE:                                              :   MDL Docket No. 1358
                                                    :
                                                    :   This Document Relates to
METHYL BUTYL TERTIARY ETHER ("MTBE")                :   *Spiroff v. Exxon Mobil Corp., et*
PRODUCTS LIABILITY LITIGATION                       :   *al.*, Case No. 06-CV-2865
                                                    :   (KAM)(RML)(E.D.N.Y.)
                                                    :
                                                    :   **ORAL ARGUMENT**
                                                    :   **REQUESTED**
                                                    :
                                                    :
                                                    :
---------------------------------------------------------------- x

PLEADING NO. 281

### BP PRODUCTS NORTH AMERICA INC.'S MOTION
### TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-33)

1. BP Products North America Inc. ("BP") is a defendant in the action *Spiroff et al. v. Exxon Mobil Corporation et al.*, Case No. 1:06-CV-2865 ("*Spiroff*"), which is identified as a "Tag-Along" action in Conditional Transfer Order 33 ("CTO-33"), issued by the Judicial Panel on Multidistrict Litigation (the "Panel") on January 29, 2009. CTO-33 conditionally transfers the *Spiroff* matter to the Methyl Tertiary Butyl Ether Products Liability Litigation, Multidistrict Litigation No. 1358 (the "MTBE MDL"), pending in the Southern District of New York.

2. BP hereby moves the Panel to vacate CTO-33 as it applies to the *Spiroff* action on the grounds that such action does not meet the required criteria for transfer and consolidation set forth in 28 U.S.C. § 1407.

3. Specifically, Plaintiffs have failed to establish a sufficient commonality of facts between the *Spiroff* action and the MTBE MDL because, unlike the 150 cases pending in the MTBE MDL, the *Spiroff* action does not set forth any allegations or causes of action concerning MTBE or contamination of drinking water.

**OFFICIAL FILE COPY**          IMAGED MAR 3 2009

4.      Moreover, Plaintiffs have failed to establish that transfer would promote the just and efficient conduct of the action. Plaintiffs' counsel is already counsel in the MTBE MDL. Accordingly, Plaintiffs' counsel has access to any MTBE-related discovery it needs and is in a position to coordinate to ensure duplicative MTBE discovery is avoided. Second, it would be highly inefficient to take the *Spiroff* action away from Magistrate Judge Levy, who possesses a unique familiarity with the facts alleged in the *Spiroff* action and the parallel cases pending in the EDNY.

5.      Lastly, transfer is inappropriate because Plaintiffs delayed in notifying the Panel of the *Spiroff* action and therefore have failed to meet their obligations under the Rules of Multidistrict Litigation.

6.      This Motion is based on BP's supporting Memorandum of Law attached hereto, Exxon Mobil Corporation's Motion to Vacate Conditional Transfer Order (CTO-33), including its accompanying Memorandum of Law and the Declarations of John J. Calandra and James A. Pardo, as well as the files, pleadings, and documents on file with the Panel, and upon such further documentary and oral evidence as may be presented in the hearing on this matter.

WHEREFORE, BP respectfully requests that the Panel:

A. Vacate Conditional Transfer Order 33 as it applies to BP;

B. Schedule oral argument on this Motion; and

C. Grant such other relief deemed just and appropriate.

Dated: March 2, 2009
New York, New York

Respectfully Submitted,

KELLEY DRYE & WARREN LLP

By: _____
Jonathan K. Cooperman (JC 1804)
J. Jamari Buxton (JB 6446)
Veronica D. Gray (VG 5439)
101 Park Avenue
New York, New York 10178
*Attorneys for Defendant BP Products North America Inc.*

cc: Attached Panel Service List

RECEIVED CLERK'S OFFICE 2009 MAR -2 P 4: 14 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 3 2009

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

Veronica D. Gray, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury, that on the 2nd day of March, 2009, I caused the accompanying *BP Products North America Inc.'s Motion to Vacate the Conditional Transfer Order (CTO-33)* to be served upon all of the parties to this action, as named in the attached Panel Service List, via electronic mail and overnight mail.

*[signature]*

RECEIVED
CLERK'S OFFICE
2009 MAR -2 P 4: 15
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION

MDL No. 1358

## PANEL SERVICE LIST (CTO-33)

Deborah V. Spiroff, et al. v. Exxon Mobil Corp., et al., E.D. New York, C.A. No. 1:06-2865 (Judge Kiyo Matsumoto)

Marc Jay Bern
NAPOLI BERN RIPKA & ASSOCIATES LLP
350 5th Avenue
Suite 7413
New York, NY 10118

John J. Calandra
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10017

Robin Greenwald
WEITZ & LUXENBERG PC
180 Maiden Lane
40th Floor
New York, NY 10038

Brian A. McGill
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC 20005-3096

Margaret M. Murphy
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
150 East 42nd Street
New York, NY 10017-5639

Mathew Paul Ross
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
150 East 42nd Street
New York, NY 10017-5639

Peter J. Sacripanti
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
14th Floor
New York, NY 10173-1922

John F. Tully
FULBRIGHT & JAWORSKI LLP
666 Fifth Avenue
New York, NY 10103

RECEIVED CLERK'S OFFICE 2009 MAR -2 P 4:15 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 3 2009

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

```
------------------------------------------------------------ x
                                                             :   MDL Docket No. 1358
IN RE:                                                       :
                                                             :   This Document Relates to
METHYL BUTYL TERTIARY ETHER ("MTBE")                         :   Spiroff v. Exxon Mobil Corp., et
PRODUCTS LIABILITY LITIGATION                                :   al., Case No. 06-CV-2865
                                                             :   (KAM)(RML)(E.D.N.Y.)
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x
```

## BP PRODUCTS NORTH AMERICA INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-33)

BP Products North America Inc. ("BP"), a defendant in the putative class action *Spiroff v. Exxon Mobil Corp., et al.*, Case No. 06-CV-2865 (E.D.N.Y.) ("*Spiroff*"), respectfully submits this memorandum of law in support of its Motion to Vacate the Conditional Transfer Order ("CTO-33"), which conditionally transfers *Spiroff* to the MTBE Multidistrict Litigation No. 1358 pending in the Southern District of New York (the "MDL").

Exxon Mobil Corporation ("ExxonMobil") has also moved to vacate CTO-33. To avoid burdening the Panel with multiple memoranda, BP incorporates by reference the arguments raised in ExxonMobil's Motion, its accompanying Memorandum of Law, and the Declarations of John J. Calandra ("Calandra Decl.") and James A. Pardo.

As set forth more fully in ExxonMobil's Memorandum of Law, Plaintiffs cannot satisfy their burden under 28 U.S.C. § 1407(a) of showing: (1) the action raises common questions of fact with a MDL; (2) consolidation would best serve the convenience of the parties and witnesses; and (3) consolidation would promote the just and efficient conduct of the litigation.

First, the *Spiroff* action does not share common issues of fact with the MDL. The Order establishing the MDL makes clear that those actions involve two primary issues that are not present in *Spiriff*: (1) whether defendants misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users; and (2) whether plaintiffs' drinking water supplies have been contaminated with MTBE. *See In re MTBE Prods. Liab. Litig.*, 2000 U.S. Dist. LEXIS 14901, 2-3 (J.P.M.L. 2000). Here, the *Spiroff* complaint never mentions MTBE, let alone alleges a conspiracy amongst the *Spiroff* defendants to market MTBE despite knowing it risks. Nor do the *Spiroff* plaintiffs claim that their drinking water sources in Greenpoint, Brooklyn have been contaminated by MTBE. Plaintiffs' own expert concedes that Greenpoint residents are not being exposed to contamination through drinking water, as potable water in Greenpoint is provided from the New York City reservoir system. (*See* Calandra Decl., Ex. 5 at ¶ 141).

The spills upon which the *Spiroff* action is based took place many years ago, long before MTBE was ever used as a gasoline additive. According to plaintiffs' expert, the bulk of the claimed 17 to 30 million gallons of subsurface contamination at issue in *Spiroff* is attributable to historical releases at the former Mobil refinery, which ceased operations in 1965. (*See* Calandra Decl., Ex. 6 at p. 5). Plaintiffs' expert further states that the primary spills occurred during or prior to 1948, decades before MTBE was ever used in the petroleum industry. (*Id.*).

Plaintiffs' expert identifies some more recent spills reported to the New York State Department of Environmental Conservation (the "NYSDEC") that occurred at retail storage terminals located on portions of the former Mobil refinery. Thus, Plaintiffs' expert cites to 124,616 gallons of spills that occurred at a BP/Amoco terminal between 1986 and 1999. (*See id.* at pp. 5-8). However, plaintiffs' expert concedes that approximately 104,000 gallons of these spills were contained in safety systems. For example, referencing a January 15, 1996 spill of

100,000 gallons, plaintiffs' expert observes that the "NYSDEC noted that the product was contained and no sewer or ground water was affected." (*Id.* at 7). When viewed in light of the historical spills allegedly totaling 17 million gallons or more, the newer spills potentially containing MTBE are minute.

Second, plaintiffs' counsel, Napoli Bern Ripka, is intimately involved in the MDL. Indeed, that firm is responsible for approximately 20 cases in the MDL and, on information and belief, has assumed a leadership role amongst plaintiffs' counsel. Having been associated with the MDL for years, plaintiffs' counsel already has access to any discovery it needs to prosecute MTBE-related claims in *Spiroff*. As such, no efficiencies would be gained by joining *Spiroff* with the other MDL actions. This is especially the case considering the *Spiroff* action largely involves historical spills before MTBE was ever used in gasoline. Further, considerable discovery has already taken place in the MDL and many of the MDL actions have settled. Considering how far along the other MDL actions are, adding *Spiroff* to the mix might have the practical effect of impeding their progress.

Third, Magistrate Judge Levy has supervised all pre-trial discovery in *Spiroff* since it was removed to federal court in 2006. Accordingly, Judge Levy has a unique familiarity with the facts and procedural posture of the case. Stripping Judge Levy of the *Spiroff* action would be highly inefficient, particularly when much discovery has already taken place and the parties will soon brief the issue of class certification.

Finally, the presence of trace amounts of MTBE amongst the larger Greenpoint contamination has been a matter of public record since at least 2004. (*See* Calandra Decl, Ex. 6 at p. 8). Plaintiffs' claim that they only recently learned about these MTBE hits from their experts is belied by their own expert reports, which suggest that plaintiffs advised the experts of this fact, not the other way around. (*See id.*, Ex. 4 at ¶ 3; Ex. 5 at ¶ 111). In any event, plaintiffs

either knew or should have known about the presence of MTBE years ago. As demonstrated by the case law cited in ExxonMobil's memorandum, plaintiffs' failure to notify the Panel of a potential tag-along action until now, in violation of MDL Rule 7.5(e), is yet another ground upon which to deny plaintiffs' application.

Dated: March 2, 2009

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: _____
Jonathan K. Cooperman (JC 1804)
J. Jamari Buxton (JB 6446)
Veronica D. Gray (VG 5439)
101 Park Avenue
New York, New York  10178
*Attorneys for Defendant*
*BP Products North America Inc.*

cc: Attached Panel Service List

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2009 MAR -2  P 4: 15
RECEIVED CLERK'S OFFICE

## CERTIFICATE OF SERVICE

Veronica D. Gray, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury, that on the 2nd day of March, 2009, I caused the accompanying *BP Products North America Inc.'s Memorandum of Law in Support of its Motion to Vacate the Conditional Transfer Order* to be served upon all of the parties to this action, as named in the attached Panel Service List, by electronic mail and overnight mail.

*V. Gray*

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION                                    MDL No. 1358

## PANEL SERVICE LIST (CTO-33)

Deborah V. Spiroff, et al. v. Exxon Mobil Corp., et al., E.D. New York, C.A. No. 1:06-2865 (Judge Kiyo Matsumoto)

Marc Jay Bern
NAPOLI BERN RIPKA & ASSOCIATES LLP
350 5th Avenue
Suite 7413
New York, NY 10118

Mathew Paul Ross
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
150 East 42nd Street
New York, NY 10017-5639

John J. Calandra
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10017

Peter J. Sacripanti
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
14th Floor
New York, NY 10173-1922

Robin Greenwald
WEITZ & LUXENBERG PC
180 Maiden Lane
40th Floor
New York, NY 10038

John F. Tully
FULBRIGHT & JAWORSKI LLP
666 Fifth Avenue
New York, NY 10103

Brian A. McGill
MCDERMOTT WILL& EMERY LLP
600 13th Street, N.W.
Washington, DC 20005-3096

Margaret M. Murphy
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
150 East 42nd Street
New York, NY 10017-5639