UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 26, 2010

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION<br><br>This Documents Relates to:<br><br>*Village of Bethalto v. Ashland, Inc., et al.*, United States District Court for the Southern District of Illinois (Case No. 3:10-CV-396)<br><br>*Town of Kouts v. Ashland, Inc., et al.* United States District Court for the Northern District of Indiana (Case No. 2 10 CV 186) | MDL NO. 1358 (SAS) |

## DEFENDANTS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 36

The defendants listed in Attachment A respectfully move the Judicial Panel on Multidistrict Litigation (the "Panel") to vacate Conditional Transfer Order No. 36 (the "CTO") issued by the Clerk of the Panel on July 1, 2010. The CTO applies to the *Village of Bethalto v. Ashland, Inc., et al.* ("*Bethalto*") action, which was removed to the United States District Court for the Southern District of Illinois on May 27, 2010, and to the *Town of Kouts v. Ashland, Inc., et al.* ("*Kouts*") action, which was filed in the United States District Court for the Northern District of Indiana on May 5, 2010. The CTO would transfer *Bethalto* and *Kouts* to *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, MDL No. 1358, which the Panel

1

first created in October 2000 and which remains pending (but is winding down) before the Hon. Shira A. Scheindlin, U.S. District Court, Southern District of New York. Defendants filed Notices of Opposition to Transfer of *Bethalto* and *Kouts* on June 2 and June 3, 2010, respectively. Defendants filed a Notice of Opposition to the CTO on July 9, 2010. This Motion is supported by the Memorandum of Law below.

## MEMORANDUM OF LAW

I.   **Summary of Argument**

1.   "Multidistrict litigation is not static . . . . Over the course of time, the relative merits of transferring additional cases can change as the transferee court completes its primary tasks." *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig. (MDL No. 1373)*, 659 F.Supp.2d 1371, 1372 (J.P.M.L. 2009); *see also In re Cessna 208 Series Aircraft Prods. Liab. Litig. (MDL No. 1721)*, 655 F. Supp. 2d 1379, 1380 (J.P.M.L. 2009) (vacating CTO and noting that MDL judge had "assiduously pursued the basic objectives of multidistrict litigation, and the record demonstrates that those objectives have almost entirely been met.").

2.   This certainly is true in MDL 1358, where over the course of almost a decade Judge Scheindlin has completed virtually every one of the "basic objectives" and "primary tasks" that can be expected of an MDL proceeding. Judge Scheindlin has issued scores of written opinions amounting to thousands of pages on a wide variety of issues in this litigation.[1] Years of common discovery – literally hundreds of depositions, written discovery requests and responses, and several million pages of document productions – have been completed and the results

---

[1] As Judge Scheindlin noted in a 2007 decision, during a three-year period of the MDL, the Court "issued thirty-six substantive opinions and orders, comprising more than one thousand pages of text; has issued thirty Case Management Orders; and has held over thirty-five status conferences. . . ." *In MTBE Prods. Liab. Lit.*, 510 F. Supp. 2d 299, 301-02 (S.D.N.Y. 2007). Over the nearly 10 years since MDL 1358 was created, the transferee court has issued about 90 written decisions.

2

collected in various databases and repositories. One case has been taken through trial to verdict and now awaits appeal. The vast majority of the other cases were settled months or years ago, while in still more cases, almost all defendants have reached settlement in principle with the plaintiffs. The very few cases that remain pending – approximately 20 – are moving through case-specific discovery and towards remand to their respective forums for trial.

3. In short: "the work of the transferee court has reached an advanced stage" in MDL 1358. *In re Bridgestone/Firestone*, 659 F.Supp.2d at 1372. Indeed, the work of the transferee court arguably has reached its final stages. There remains little, if any, "common" discovery to be taken by the parties and few, if any, "basic objectives" or "primary tasks" for the transferee court to complete. Just as in *Bridgestone/Firestone*, "inclusion of [this action] is no longer necessary to achieve the just and efficient conduct of the litigation." *Id.* (citing 28 U.S.C. § 1407(a)); *see also Cessna*, 655 F. Supp. at 1381 (finding transfer "would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation."). Accordingly, *Bethalto* and *Kouts* should not be transferred to the MDL court and the CTO should be vacated.

## II. **Background**

4. The Panel may transfer for consolidated pretrial proceedings any civil action involving (i) one or more questions of fact that, (ii) for the convenience of parties and witnesses, will (iii) promote the just and efficient conduct of the action. 28 U.S.C. §1407(a) (2010). The resulting multidistrict litigations ("MDLs") allow district courts and parties to operate more efficiently by streamlining the pretrial process, thus avoiding burdensome issues such as duplicative discovery. *See In re Int'l House of Pancakes Franchise Litig.*, 374 F.Supp. 1406, 1407 (J.P.M.L. 1974). In addition to consolidating multiple actions into one MDL, the Panel

also may transfer to existing MDLs late-coming "tag-along" actions that "involv[e] common questions of fact with actions previously transferred under Section 1407." J.P.M.L. R. 1.1.

     5.     Transfer of a "tag-along" action is not automatic, however, as "neither the convenience of witnesses and parties nor the just and efficient conduct of actions are served, *ipso facto*, by transfer just because there are common questions of fact in the civil actions involved." *In re Motion Pictures Licensing Antitrust Litig.*, 479 F. Supp. 581, 591 (J.P.M.L. 1979) (citing with approval the concurrence in *In re "East of the Rockies" Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254 (J.P.M.L. 1969)). Rather, the decision whether to transfer a "tag-along" action requires a case-by-case analysis to determine that transfer will not frustrate the goals of Section 1407. And as the Panel has noted recently, where an existing MDL is far enough along that most of the transferee court's "basic objectives" or "primary tasks" have been completed, "tag-along" actions can be conducted as efficiently in their original courts as in the transferee court – and transfer of the "tag-along" action will be denied. *In re Bridgestone/Firestone*, 659 F. Supp. 2d at 1372; *In re Cessna*, 655 F. Supp. 2d at 1381.

### III.   Argument

     6.     The Panel should vacate the CTO because the *Bethalto* and *Kouts* actions fail to meet the statutory criteria for transfer. Transferring a "tag-along" action invokes the same powers used in creating an MDL, so the same standards apply: if the "tag-along" action has common issues of fact with actions in the MDL, "the question becomes whether or not the inclusion of the ... ["tag-along" action] would serve the convenience of the parties and their witnesses and would promote the just and efficient conduct of [the] *entire* litigation." See *In re Multidistrict Commodity Credit Corp. Litig. Involving Grain Shipments*, 319 F.Supp. 533, 535 (J.P.M.L. 1970) (emphasis added). "When a transferee judge has accomplished essentially all of the primary objectives of centralization under 28 U.S.C. § 1407 and the advantages of

transferring a particular tag-along no longer clearly outweigh the disadvantages, then [the] Panel promotes the interests of efficiency and justice by *ending* the automatic transfer of such cases." *In Re Cessna*, 655 F. Supp. 2d at 1381 (emphasis added). Because the potential advantages of the transfer proposed here do not outweigh the disadvantages and because transfer would not promote efficient conduct of the entire litigation, the Panel should vacate the CTO.

A.   **Pretrial Proceedings in MDL 1358 Are at an Advanced Stage.**

7.   As the Panel has pointed out, "[o]ver the course of time, the relative merits of transferring additional cases can change as the transferee court completes its primary tasks . . . . After a certain point ... the benefits of transfer should not be assumed to continue." *In re Bridgestone/Firestone,* 659 F. Supp. 2d at 1372. The Panel consistently has declined to transfer newly-filed "tag-along" actions if a transfer would hinder or delay the already advanced pretrial proceedings in the MDL. *See, e.g., In re Bridgestone/Firestone*, 659 F. Supp. 2d at 1372 (denying transfer because "the work of the transferee court has reached an advanced stage. All common discovery was completed in the transferee district"); *In re Cessna 208 Series Aircraft,* 655 F. Supp. 2d at 1380 (denying transfer based on finding that "All common discovery is completed and the judge has issued many substantive rulings that will help shape the litigation of individual cases which remains."); *In re AH Robins Co. "Dalkon Shield,"* 570 F. Supp. 1480, 1482 (J.P.M.L 1983) (denying transfer because "common discovery proceedings are near an end ... [the transferee judge] perceives his role under Section 1407 to be completed, and that transfer of actions under Section 1407 is no longer advisable"); *In re Air Crash Disaster Near Upperville, Va.*, 430 F. Supp. 1295, 1297 (J.P.M.L. 1977) (denying transfer because "all pretrial proceedings concerning the common issue of liability have been concluded in the transferee district"); *In re Seeburg-Commonwealth United Merger*, 333 F. Supp. 911, 912 (J.P.M.L. 1971)

(denying transfer in part because "plaintiffs seem to have completed their discovery efforts and are proceeding expeditiously toward trial.").

8.  Here, the work of the MDL 1358 transferee court has reached an advanced stage. All common discovery is complete – or very nearly complete[2] – and there is no added benefit to be gained by transferring *Bethalto* or *Kouts* to the MDL. All of the defendants named in the *Bethalto* and *Kouts* actions are also defendants in MDL 1358. These defendants have provided extensive discovery on issues generally relevant to all MTBE cases for approximately twelve years, including discovery taken in two pre-MDL 1358 actions in California – *South Tahoe Public Utility District v. Atlantic Richfield Co., et al.*, and *Communities for a Better Environment v. Unocal Corp. et al.* – all of which was made available to the parties in the present MDL.[3] Indeed, the vast majority of discovery remaining to be taken in MDL 1358 relates to facts specific to the individual cases, not general issues common to MTBE product liability actions nationwide.

9.  Plaintiffs in MDL 1358 and the prior MTBE litigations have conducted extensive and exhaustive discovery of defendants and nonparties covering all common liability issues. In just the four cases initially selected by the MDL court as "focus cases" – *County of Suffolk and*

---

[2] Among the very limited common "discovery" yet to be completed are trial depositions that the Exxon Mobil Defendants intend to take of certain current and former Exxon Mobil employees.

[3] MDL 1358 was initially created by the Panel in October 2000, at which time a number of cases involving private water well owners asserting MTBE products liability claims on behalf of putative state-wide classes were transferred to the Southern District of New York before Judge Scheindlin. Those parties – including some of these same defendants and some of the same plaintiffs' counsel – engaged in significant discovery and motion practice, leading up to Judge Scheindlin's July 2002 denial of plaintiffs' motion for class certification. Pursuant to Case Management Order 6 in the present MDL 1358, discovery taken of defendants in the three "Prior MTBE Litigations" – *South Tahoe Public Utility District v. Atlantic Richfield Co., et al.*, *Communities for a Better Environment v. Unocal Corp. et al.*, and the first MDL 1358 – is treated as if taken in the present MDL, and any further discovery to be taken of parties that were defendants in the prior actions is limited to "gap filling" on issues not covered by discovery in the prior cases.

*Suffolk County Water Authority v. Amerada Hess Corp., et al.*; *United Water New York v. Amerada Hess Corp, et al.*; *City of New York v. Amerada Hess Corp., et al.*; and *Orange County Water District v. Unocal Corp., et al.* – defendants have responded to more than 550 requests for production of documents, about 700 interrogatories, and more than 125 requests for admissions, not counting voluminous additional requests in cases not designated as "focus cases." In all of the cases to date, defendants have produced millions of pages of documents and electronic communications (the exact number is impossible to ascertain). In addition, plaintiffs' counsel have deposed more than 250 fact witnesses, Rule 30(b)(6) corporate representatives and nonparty witnesses, with some witnesses having been deposed multiple times.

10. The discovery provided by defendants has comprehensively covered the central issues that are common to MTBE cases generally – and which serve as the groundwork for creating this MDL in the first place – including:

- Defendants' alleged knowledge of the characteristics of MTBE in groundwater;

- Defendants' alleged knowledge of the taste and odor characteristics of MTBE;

- Defendants' alleged knowledge of the health effects of MTBE;

- Defendants' alleged knowledge of the relative costs and benefits of MTBE as a gasoline blending component;

- Defendants' decisions to use MTBE as an octane enhancer to replace lead in gasoline;

- Defendants' decisions to use MTBE as an oxygenate to comply with the federal Clean Air Act Amendments and California mandates in the 1990s;

- Defendants' consideration and analysis of other permitted oxygenates in gasoline, notably ethanol;

- Defendants' use of ethanol and other oxygenates in gasoline;

- Defendants' business practices and programs concerning handling and storage of gasoline and MTBE and efforts to prevent releases of gasoline;

- Defendants' alleged knowledge of gasoline releases and incidents of MTBE contamination of groundwater;

- Defendants' production, supply and distribution of gasoline containing MTBE;

- Defendants' communications and "warnings" to gasoline distributors and dealers, water providers, government representatives and members of the public regarding gasoline releases and MTBE;

- Defendants' participation in industry groups pertaining to MTBE;

- Defendants' lobbying efforts and communications with government entities regarding MTBE, oxygenated gasoline and legislation and regulations pertaining to underground storage tanks; and

- Defendants' corporate structures.

11. In addition, both sides have completed extensive discovery of expert topics common to all MTBE product liability actions. Counsel for plaintiffs and defendants, respectively, have generally retained the same experts on non-case-specific issues in all MTBE product liability cases. These experts have provided reports and given numerous depositions on a wide range of common liability topics, including the toxicology of MTBE, environmental characteristics of MTBE, taste and odor characteristics of MTBE, and causes and prevalence of releases of gasoline containing MTBE.

12. The only discovery not yet completed in MDL 1358 relates to individualized issues that are specific to the relatively few cases that remain in the MDL. For example, the parties are engaged in fact and expert discovery related to the specific gasoline releases and impacts alleged in the remaining cases. Discovery is also being taken with regard to defendants' supply and distribution of gasoline to the specific geographic locations at issue in these cases. Expert discovery is being conducted with regard to the particular plaintiffs' damages and causation of their alleged injuries. Because such discovery in the cases remaining in the MDL is of little or no relevance to *Bethalto* and *Kouts*, no efficiency would be gained by transfer of these cases to the MDL.

B.  **Just and Efficient Alternatives to Transfer Exist.**

13.     Not only does the Panel avoid transfer when an MDL's pretrial proceedings have advanced significantly, but the Panel has found, in numerous situations, little reason for such transfer when efficient and just alternatives to transfer exist. Specifically, the Panel has proposed that (i) the parties could make discovery already completed in the transferee district available to the "tag-along" parties, (ii) the parties could stipulate that future discovery relevant to both the MDL and the "tag-along" action would be made available to all parties; (iii) the parties could file deposition notices in all actions so as to make the deposition applicable in all actions; (iv) the parties could seek orders from the relevant courts that the parties must coordinate pretrial efforts; and (v) the parties and courts could all cooperate and coordinate to avoid conflicting pretrial rulings. *In re Petroleum Prods. Antitrust Litig.*, 476 F. Supp. 455, 458 (J.P.M.L. 1979) (finding that transfer would "bestow[] upon the parties in [the "tag-along" action] concomitant benefits that could more easily be garnered by suitable alternatives to Section 1407 transfer," albeit when the plaintiffs in the "tag-along" action sought greater discovery than the transferee judge's pretrial program allowed); *see also In re Women's Clothing Antitrust Litig.*, 455 F. Supp. 1388, 1390 (J.P.M.L. 1978) (recommending alternatives and declining to establish an MDL because "the advanced stage of pretrial proceedings in [the] actions" weighed against transfer even though the actions involved commons questions of fact). In short, "transfer for coordinated or consolidated pretrial proceedings is not mandated by a finding that common questions of fact permeate the actions," *In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969), and alternatives to transfer can readily address issues of judicial efficiency, especially where pretrial proceedings have approached conclusion and remand.

14.     Here, no efficiency would be gained by transferring *Bethalto* and *Kouts* to MDL 1358. Counsel for both plaintiffs, Weitz & Luxenberg, P.C. and Baron & Budd, P.C., together

have represented the majority of the plaintiffs in MDL 1358 and already have access to all of the discovery taken in the MDL and prior MTBE litigations.[4] At the outset of the MDL, Judge Scheindlin ordered all parties to preserve documents potentially relevant to the litigation and to create repositories for maintaining produced documents, as well as documents that may be discoverable. MDL 1358 Case Management Order No. 2.

15. In *Bethalto* and *Kouts*, the parties could take advantage of the extensive discovery already taken in the MDL by agreeing to treat all discovery taken in the MDL and prior actions as if it were taken in *Bethalto* and *Kouts*, and to limit any new discovery to "gap filling" issues, as they have been doing in the MDL cases and other cases all along. Such an approach has worked well in the present MDL and is also being used in the State of New Hampshire's MTBE case, which was in MDL 1358 before it was remanded back to New Hampshire state court.[5]

16. To the extent that future discovery in the MDL may be relevant to *Bethalto* and *Kouts* – or vice versa – counsel for the plaintiffs will have access to that discovery, and the parties could agree that the discovery will be taken for purposes of both the MDL and the *Bethalto* and *Kouts* actions.

### C.     Transfer Is Improper Because Most MDL 1358 Actions Already Have Been Resolved.

17. The Panel creates MDLs for efficient pretrial proceedings, and transferring new "tag-along" actions has a regressive effect when a transferee court has, as is the case here, efficiently dispatched a large number of its cases. In *Bridgestone/Firestone*, the Panel originally

---

[4] In fact, Weitz & Luxenberg is plaintiffs' liaison counsel in the MDL. Baron & Budd also was counsel for the plaintiff in the *Communities for a Better Environment* case in California.

[5] In addition to the *State of New Hampshire*, several other MTBE product liability cases are pending in state courts against one or more of the MDL defendants. Thus, whether *Bethalto* and *Kouts* are transferred to MDL 1358 or not, all "related" cases will not be consolidated in one court for pretrial proceedings.

"transferred over 820 cases to the Southern District of Indiana for centralization within the MDL No. 1373." *In re Bridgestone/Firestone*, 659 F. Supp. 2d at 1372. The Panel praised the transferee judge because, by the time the disputed "tag-along" actions came before the Panel, "[a]s a consequence of [the transferee judge's] productive efforts, only twelve cases remain[ed] in the transferee district." *Id.*. Given the substantial resolution of the MDL docket, the Panel concluded that "inclusion of these two actions in MDL No. 1373 [was] no longer necessary to achieve the just and efficient conduct of the litigation." *Id.*

18. The Panel made a similar determination in *In re Air Crash Disaster Near Upperville, Va.* There, the Panel highlighted the fact that "all actions before [the transferee judge] have either been tried or settled." *In re Air Crash Disaster Near Upperville, Va.*, 430 F. Supp. at 1297. After weighing this fact with other factors, the Panel determined that "none of the criteria for Section 1407 transfer set forth in the Panel's earlier decision in this litigation still applie[d]." *Id.* at 1298.

19. Like the transferee court in *Bridgestone/Firestone*, the transferee court here has overseen resolution of the vast majority of cases that once comprised MDL 1358. A total of 183 cases have been transferred to the present MDL 1358. Approximately 116 were remanded to state court, voluntarily terminated, or were the subject of comprehensive settlement agreements long ago. Another 46 cases have been voluntarily dismissed or settled and await only final signatures on the necessary paperwork.[6] One case has been tried to a partial judgment against

---

[6] In 38 cases, settlements in principle have been reached among *all* the parties, and these cases will soon be dismissed. An additional 8 open cases have reached settlements in principle with most defendants and the remaining few defendants have been notified of the plaintiffs' intent to dismiss the cases against them.

the sole remaining defendant.[7] What is left are approximately 20 cases that are moving quickly through discovery and towards remand for trial in their respective forums.[8]

20. MDL 1358 is not just at an "advanced stage," it is at its final stage. As in *Cessna*, given the status of the MDL, "the advantages of transferring [the] tag along action no longer clearly outweigh the disadvantages." *In re Cessna*, 655 F. Supp. 2d at 1381. That is precisely the case here. Because the transfer of *Bethalto* and *Kouts* into MDL 1358 "is [not] necessary to achieve the just and efficient conduct of the litigation" – either the individual cases, or the dwindling MDL proceeding – the CTO should be vacated.

### IV. Conclusion

21. Although parties generally profit from consolidated and coordinated litigation, transfer of the "tag-along" actions in this instance profits none of the parties involved and actually falls far short of the criteria authorizing transfer. Given the advanced stage of proceedings in the MDL, the just and efficient alternatives available to the parties in the *Bethalto* and *Kouts* actions, and the number of cases within the MDL that have already settled or been otherwise resolved, the Panel should vacate Conditional Transfer Order No. 36.

---

[7] The *City of New York v. Amerada Hess et al.* case was never formally remanded by the Panel, but has already been tried in the Southern District of New York to a partial judgment against the one remaining defendant.

[8] Eight of the remaining 20 cases have already been settled by all but one or two defendants.

Dated: July 23, 2010

Respectfully submitted,

McDermott Will & Emery LLP

_____
Peter John Sacripanti
340 Madison Avenue
New York, NY 10017
(212) 547-5400
(212) 547-5444 (facsimile)

*Counsel for Defendants Exxon Mobil Corporation, ExxonMobil Chemical Company, ExxonMobil Oil Corporation and Mobil Corporation and on behalf of all Defendants listed in Attachment A*

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 26, 2010

FILED
CLERK'S OFFICE

**ATTACHMENT A**

Ashland, Inc.
BP Amoco Chemical Company
BP Products North America Inc.
Chevron Corporation
Chevron U.S.A., Inc.
CITGO Petroleum Corporation
CITGO Refining and Chemicals Company, L.P.
ConocoPhillips Company
Crown Central LLC
El Paso Merchant Energy-Petroleum Company
Equilon Enterprises, LLC
Exxon Mobil Corporation
ExxonMobil Chemical Company
ExxonMobil Oil Corporation
Flint Hills Resources, L.P.
Gulf Oil Limited Partnership
Marathon Petroleum Company, LLC
Marathon Oil Company
Mobil Corporation
Motiva Enterprises, LLC
PDV Midwest Refining, L.L.C.
The Premcor Refining Group Inc.
Shell Oil Company
Shell Oil Products Company, LLC
Shell Petroleum, Inc.
Shell Trading (US) Company
Sunoco, Inc.
Sunoco, Inc. (R&M)
Texaco, Inc.
TMR Company
Total Petrochemicals USA, Inc.
Valero Energy Corporation
Valero Refining and Marketing Company
Valero Marketing and Supply Company

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jul 26, 2010**

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) MDL 1358 |
| This Documents Relates To: | ) ) ) |
| *Village of Bethalto v. Ashland, Inc., et al.*, United States District Court for the Southern District of Illinois (Case No. 3:10-CV-396) | ) ) ) ) |
| *Town of Kouts v. Ashland, Inc., et al.* United States District Court for the Northern District of Indiana (Case No. 2 10 CV 186) | ) ) ) ) ) |

**CERTIFICATE OF SERVICE**

Lauren Handel, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 23rd day of July, 2010, I caused to be served by first class mail and electronic mail upon counsel listed on the attached Panel Service List (except Peter Sacripanti of my firm) a true and correct copy of the following documents:

- Defendants Motion to Vacate Conditional Transfer Order 36

- Ashland Inc.'s Statement Pursuant to Rule 5.3(a)

- Corporate Disclosure Statement for Defendants Atlantic Richfield Company, ARCO Products Company, BP Amoco Chemical Company and BP Products North America Inc.

- Rule 5.3 Corporate Disclosure Statements of Defendants CITGO Petroleum Corporation, CITGO Refining and Chemicals Company L.P., and PDV Midwest Refining, L.L.C.

- ConocoPhillips Company's Disclosure Statement Pursuant to Rule 5.3(a)

- Crown Central LLC's Statement Pursuant to Rule 5.3(a)

- El Paso Merchant Energy-Petroleum Company's JPML Rule 5.3 Corporate Disclosure Statement

- Exxon Mobil Corporation's Statement Pursuant to Rule 5.3(a)

- ExxonMobil Chemical Company's Statement Pursuant to Rule 5.3(a)

- ExxonMobil Oil Corporation's Statement Pursuant to Rule 5.3(a)

- Flint Hills Resources LP's Statement Pursuant to Rule 5.3(a)

- Corporate Disclosure Statement Pursuant to Rule 5.3 of Gulf Oil Limited Partnership

- Marathon Oil Company's and Marathon Petroleum Company LLC's Statement Pursuant to Rule 5.3(a)

- Mobil Corporation's Statement Pursuant to Rule 5.3(a)

- Corporate Disclosure Statement of Motiva Enterprises LLC

- Corporate Disclosure Statement of Shell Oil Products Company, Shell Oil Products Company, LLC, Shell Petroleum, Inc., Texaco Refining and Marketing Inc., Texaco Refining and Marketing (East) Inc., and TMR Company

- Defendants Valero Energy Corporation, Valero Refining and Marketing Company, Valero Marketing and Supply Company, The Premcor Refining Group Inc., Valero Refining Company-Oklahoma's Disclosure Statement Pursuant to Rule 5.3 of the JPML

Lauren Handel

Case MDL No. 1358   Document 295   Filed 07/26/10   Page 17 of 17

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jul 26, 2010

FILED
CLERK'S OFFICE

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION

MDL No. 1358

## PANEL SERVICE LIST (CTO-36)

Village of Bethalto v. Ashland, Inc., et al., S.D. Illinois, C.A. No. 3:10-396
    (Judge G. Patrick Murphy)
Town of Kouts v. Ashland, Inc., et al., N.D. Indiana, C.A. No. 2:10-186
    (Judge Theresa L. Springmann)

William W. Barrett
WILLIAMS BARRETT & WILKOWSKI LLP
600 N. Emerson Avenue
Greenwood, IN 46143
**wbarrett@wbwlawyers.com**

Robin L. Greenwald
WEITZ & LUXENBERG PC
700 Broadway
New York, NY 10003
**rgreenwald@weitzlux.com**

Peter J. Sacripanti
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
14th Floor
New York, NY 10173-1922
**psacripanti@mwe.com**

Bart C. Sullivan
FOX GALVIN LLC
One South Memorial Drive
12th Floor
St. Louis, MO 63102
**bsullivan@foxgalvin.com**

Scott Summy
BARON & BUDD PC
The Centrum Building, Suite 1100
3102 Oak Lawn Avenue
Dallas, TX 75219-3605
**ssummy@baronbudd.com**

Andrew J. Yoder
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
**drew.yoder@bakerbotts.com**