UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

**Aug 17, 2010**

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) |
| This Document Relates To: | ) ) |
| *Village of Bethalto, a Municipal Corporation v. Ashland, Inc.,* United States District Court for the Southern District of Illinois (Case No. 3:10-cv-00396-GPM-DGW) | ) ) ) ) ) ) |
| *Town of Kouts v. Ashland, Inc.,* United States District Court for the Northern District of Indiana (Case No. 2 10-cv-00186) | ) ) ) ) |

**MDL 1358**

<u>**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**</u>
<u>**MOTION OF OPPOSITION TO TRANFER**</u>

Plaintiffs in *Village of Bethalto v. Ashland, Inc., et al.* ("*Village of Bethalto*") and *Town of Kouts v. Ashalnd ("Town of Kouts")* respectfully request this Panel to finalize the transfer of the instant action to MDL 1358 and to deny "Defendants' Motion to Vacate Conditional Transfer Order 36, dated July 23, 2010 (Def. Motion"). Pursuant to 28 U.S.C. §1407(a), "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." A transfer such as the one at issue here should be made if the Judicial Panel on Multidistrict Litigation (the "Panel") determines transfer would be "for the convenience of parties and witnesses" and would

"promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a) (2010). As explained below, the federal courts system has already established MDL 1358 to hear all cases involving Methyl Tertiary Butyl Ether ("MTBE") products liability litigation -- the same issues as in *Village of Bethalto* and *Town of Kouts* – MDL 1358. Transfer certainly would serve the convenience of all the parties to the Village of Bethalto litigation because the same defendants are already litigating many other MTBE cases in MDL 1358, the Court conducts regularly scheduled status conferences in MDL 1358 to ensure the cases continue to proceed expeditiously, and the Judge assigned to MDL 1358 is intimately familiar with the issues presented in these cases. Transfer would also assist in avoiding inconsistent discovery rulings and determinations. Indeed, it would impede, rather than promote, justice if this action were not transferred to MDL 1358.

## ARGUMENT

I.    *Village of Bethalto* Has Factual and Legal Issues Similar to those
      in the numerous cases still pending in MDL 1358

*Village of Bethalto* is one of many cases alleging contamination of public drinking water supplies with the gasoline additive MTBE. Hundreds of law suits concerning MTBE groundwater contamination have been forwarded to MDL 1358 in the past six years. The Honorable Shira A. Scheindlin has presided over these cases, and she has the knowledge and experience necessary to address the discovery and motion phases of the instant case as she has all of the other cases in MDL 1358. *See In re Managed Care Litigation*, 246 F. Supp.2d 1363, 1365-66 (J.P.M.L. 2003) (noting the importance of placing a tag-along action in front of a single judge who has "presided over [the MDL]

for nearly three years" and is "familiar with the parties, issues, and nuances" involved in the litigation); *see also In re Fourth Class Postage Regulations*, 298 F. Supp. 1326, 1328 (J.P.M.L. 1969) (importance of placing all like actions in front of a single judge who is "familiar with [the] litigation").  Transferring *Village of Bethalto* to MDL 1358, as has been the case for all other filed MTBE cases, allows for a coordinated and consolidated proceeding of the action – the underlying purpose of establishing an MDL.  *In re Air Crash off Long Island, N.Y. on July 17, 1996*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997) ("The purpose of 28 U.S.C. §1407(a) is to promote the just and efficient conduct of multidistrict actions, in part by eliminating the potential for conflicting contemporaneous rulings by coordinate district and appellate courts.") (internal quotations omitted).

The instant case parallels a similar transfer made in *The United States of America v. Missouri-Kansas-Texas Railroad Company,* 304 F. Supp. 457 (J.P.M.L. 1969).  There, the defendant railroad company moved to vacate the transfer motion to the MDL court in Kansas because defendants contended the amount of the claim was too small compared to the expense of consolidated proceedings.  The panel found that, even if transfer would not reduce defendant's defense costs, it must "weigh the interests of all parties and must consider multiple litigations as a whole." *Id*. at 458.  Because the case being transferred involved questions common to the other actions in the MDL, the panel found that transfer was appropriate. *Id.*

Here, *Village of Bethalto* involves questions common to all the other actions in MDL 1358 – contamination of groundwater with MTBE.  The issues a court will have to consider in *Village of Bethalto* and the approximate twenty other proposed tag-along actions will be substantially similar to the issues already undertaken by Judge Scheindlin

in the approximate 50 actions currently pending in MDL 1358. For example, defendants in *Village of Bethalto* will likely move the court for summary judgment on issues relating to primary jurisdiction, justiciability and statute of limitations. Judge Scheindlin is familiar with these legal issues as these motions have been made by the same defendants as are named in *Village of Bethalto* in the focus and several other cases in MDL 1358. Judge Scheindlin also already possesses a significant knowledge of the factual issues common to these cases, such as the transfer and transportation systems needed for petroleum products, the history behind the amendment to the amendments to the Clean Water Act and the alternative oxygenates addatives available at the time and has made a significant number of rulings on the appropriate scope and extent of discovery necessary to these cases. *See* Def. Motion at 2-3, 7-8 (providing some sense of the scope of the decisions already entered in MDL 1358 and the significant breadth of discovery issues common to these cases).

Further, defendants themselves seek the benefit of coordinated discovery when it suits them. Just recently, defendant Exxon Mobil served *de bene esse* deposition notices for several of its retiring employees as well as plaintiffs' witnesses from prior MTBE cases, and it sought the MDL court's intervention to make those de bene esse depositions apply to all cases pending in MDL 1358. The coordination and consolidation of discovery through the MDL will promote efficiency and benefit all parties.

As defendants acknowledge in their memorandum of law, all of the defendants named in *Village of Bethalto* are defendants in MDL 1358. Def. Motion at 6. This fact further militates in favor of transfer. Indeed, transfer has been found appropriate even where a defendant is not yet a defendant in any of the MDL cases. *See In re Glenn W.*

*Turner Enterprises Litigation*, 383 F. Supp. 844, 845 (J.P.M.L. 1974) (Panel rejected defendant's motion to vacate transfer order, even though the objecting defendant was *not* a defendant in any other actions in the MDL and argued it would have little or nothing in common with discovery supervised by the transferee court, because it is within a transferee judge's discretion to coordinate discovery on common issues of fact, regardless of whether there are no common defendants). Here, the presence of common defendants further supports transfer, as it shows the existence of common issues of fact allows the parties to benefit from discovery which has already taken place and avoids duplicative future discovery. *See In re Frost Patent*, 316 F. Supp. 977, 980 (J.P.M.L. 1970).[1]

II.     Transfer of *Village of Bethalto* to MDL 1358 would Serve the
        Convenience of the Federal Judiciary, the Parties and
        Witnesses and would Promote the Just and
        Efficient Conduct of Pre-Trial Litigation in this Action.

Defendants' other basis for opposing transfer is that many of the cases in the MDL have settled and common discovery is complete. Defendants sell short the role of a transferee judge. First, it is precisely because existing MDL actions and potential tag-along actions are in various stages of discovery that a single transferee judge sits in the best position to exercise discretion to "control both the extent of coordinated or consolidated pretrial proceedings and the degree of any party's participation in those proceedings" to streamline the remainder of discovery and pre-trial motions. 15 Fed. Prac. & Proc. Juris. § 3863 (3d ed.); *see also In re Falstaff Brewing Corp. Antitrust*

---

[1]     Indeed, although defendants note that, at a minimum, the analysis of this motion involves a consideration of the advantages of transfer versus the disadvantages, *see* Def. Motion at 12, at no point in their motion do the defendants identify any of the "disadvantages" to the transfer of these cases to Judge Scheindlin. *See generally* Def. Motion (completely devoid of any alleged disadvantage or prejudice). As the defendants have failed to offer any counterweight to support their motion, it should fail as a matter of law.

*Litigation*, 434 F. Supp. 1225, 1230 (J.P.M.L. 1977) (denying defendant's motion to vacate conditional transfer order in part because "any discovery unique to a particular action may be scheduled by the transferee judge to proceed concurrently with common discovery"). Second, a single transferee judge is "in the best position to view the various actions and he or she always can recommend remand whenever that is deemed to be appropriate." 15 Fed. Prac. & Proc. Juris. § 3863 (3d ed.); *see also In re Frost Patent*, 316 F. Supp. at 979 (denying defendants' motion to vacate conditional transfer order in part because the transferee judge has discretion to separate actions in the MDL and set them for trial as soon as they are ready). Third, numerous active cases remain in MDL 1358, including one of the four original focus cases designated by the MDL Judge for establishing guidelines for all the pending cases, and consolidation of this case with those cases in the MDL will insure an efficient and effective discovery process and avoid conflicting decisions.

Moreover, defendants' past actions belie their argument. While a settlement did resolve many of the MTBE cases pending in MDL 1358 in the fall of 2008, since that time the same defendants and other plaintiffs have conducted a high volume of discovery in the remaining MDL cases. That ongoing discovery frequently is relevant to MTBE cases generally. In addition, since the fall 2008 settlement, there have been a number of newly filed MTBE cases, and in accordance with representations made in court at the MDL conferences, additional cases will be filed in the near future. The continued

presence of a full MDL 1358 docket, coupled with the filing of recent and future cases,[2] indicates that Judge Scheindlin's work on these cases is far from concluded.[3]

The continued presence of questions common to the MTBE cases supports the transfer of these actions.  In *In re National Airlines, Inc. v. Maternity Leave Practices and Flight Attendant Weight Program Litigation*, 399 F. Supp 1405 (J.P.M.L. 1975), four actions were pending in two different districts, involving plaintiffs who brought action against *National* for violating Title VII of the Civil Rights Act of 1964. Plaintiffs and the Air Line Pilots Association ("ALPA") opposed the motion, and ALPA specifically argued that transfer was inappropriate because discovery was complete and inclusion of the action in the MDL would delay the trial.  The panel rejected ALPA's argument and granted defendants' motion to transfer because "the actions involve common questions of fact and that transfer of Gardner to Southern District of Florida under Section 1407 will

---

[2]        For example, *Redwood Center Ltd. Partnership v. Chevorn Corp.* and *Village of Roanoke v. Ashland, Inc.* were transferred to MDL 1358 on April 13, 2009 and July 23, 2009, respectively.

[3]        Defendants cite *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig. (MDL No. 1373)*, 659 F.Supp.2d 1371 (J.P.M.L. 2009) ("*In re Bridgestone/Firestone, Inc.*") for the proposition that when the work of an MDL is nearly complete, there is little benefit gained from transferring tag-along actions to that MDL judge.  *See* Def. Motion at 5, ¶ 7.  However, at the time of the requested transfer in *In re Bridgestone/Firestone, Inc.*, only 12 of the more than 820 cases transferred into the MDL remained.  *See In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig. (MDL No. 1373)*, 659 F.Supp.2d at 1372. Moreover, the Panel in that action was presented with the transfer of just two tag-along actions. The Panel commented that "[t]he point of diminishing benefit in tag-along transfers is never absolutely clear," but nevertheless held that the inclusion of the two actions in the MDL was no longer necessary.  *Id.*

That case is inapposite to the instant case, in that there are twenty potential tag-along actions in addition to *Village of Bethalto* and *Town of Kouts v. Ashland, Inc., et al.*. in MDL 1358, and there are still over 50 cases pending in MDL 1358.  This is significant, as a Panel will often consider the number of potential tag-along actions in deciding whether transfer and consolidation is warranted.  *See In re Bluetooth Headset Products Liability Litigation*, 475 F.Supp.2d 1403 (J.P.M.L. 2007) (transferring actions for consolidation in part due to the existence of twelve potential tag-along actions); *In re InPhonic, Inc., Wireless Phone Rebate Litigation*, 460 F.Supp.2d 1380 (J.P.M.L. 2006) (transferring actions for consolidation in part due to the existence of ten potential tag-along actions).

best serve the convenience of the parties and the witnesses and promote the just and efficient conduct of the litigation." *Id.* at 1406.

Finally, defendants cannot credibly argue they would be "inconvenienced" by transfer to MDL 1358.   These companies are presently involved in dozens of cases pending in that MDL, attend the monthly MDL conferences in MDL 1358 and otherwise actively litigate other MTBE cases there.   Further, none of the defendants opposing transfer resides in Illinois or Indiana and none has made any showing that transfer of *Village of Bethalto* or *Town of Kout*s will inconvenience or otherwise prejudice any defendant.   *See generally* Def. Motion.   The majority of defendant oil companies would suffer no greater inconvenienced, since many of their headquarters are based in Texas or New York, not Illinois or Indiana.   The transfer of these cases, however, will foster coordination and consolidation and promote an efficient discovery process.

**Conclusion**

Defendants' arguments against transfer of the instant cases to MDL 1358 are without factual or legal support.  Accordingly, *Village of Bethalto* and *Town of Kout*s should be transferred to MDL 1358, where the Honorable Shira Scheindlin currently presides over more than 50 MTBE cases in MDL 1358.

Dated: August 16, 2010

       Respectfully submitted,

       WEITZ & LUXENBERG, P.C.

       Robin L. Greenwald, Esq. (RG- 9205)
       700 Broadway
       New York, NY 10003
       Tel.:  (212) 558-5500
       Fax:  (212) 558-5506
       Email: RGreenwald@weitzlux.com

       *Counsel for Plaintiff Village of Bethalto*
       *Counsel for Plaintiff Town of Kouts*

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Aug 17, 2010**

FILED
CLERK'S OFFICE

| | |
|---|---|
| **IN RE: METHYL TERTIARY BUTYL**<br>**ETHER ("MTBE")**<br>**PRODUCTS LIABILITY LITIGATION** | )<br>)<br>)<br>)<br>) |
| This Document Relates To: | )<br>) |
| *Village of Bethalto, a Municipal*<br>*Corporation v. Ashland, Inc.,*<br>United States District Court for the<br>Southern District of Illinois<br>(Case No. 3:10-cv-00396-GPM-DGW) | )<br>)<br>)<br>)<br>)<br>) |
| *Town of Kouts v. Ashland, Inc.,*<br>United States District Court for the<br>Northern District of Indiana<br>(Case No. 2 10-cv-00186) | )<br>)<br>)<br>) |

**MDL 1358**

## CERTIFICATE OF SERVICE

Lyudmyla Vayner, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 16th day of August, 2010, caused to be served a true and correct copy of *the Plaintiffs' Opposition Defendants' Motion of Opposition to Transfer* by first class mail and electronic mail upon the following counsel for Defendants Exxon Mobil Corporation, Exxon Mobil Chemical Company, ExxonMobil Oil Corporation and Mobil Corporation and on behalf of all Defendants listed in Attachment A:

William W. Barrett
WILLIAMS BARRETT & WILKOWSKI LLP
600 N. Emerson Avenue
Greenwood, IN 46143
**wbarrett@wbwlawyers.com**

Peter J. Sacripanti
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
14th Floor
New York, NY 10173-1922
**psacripanti@mwe.com**

Bart C. Sullivan
FOX GALVIN LLC
One South Memorial Drive
12th Floor
St. Louis, MO 63102
**bsullivan@foxgalvin.com**

Scott Summy
BARON & BUDD PC
The Centrum Building, Suite 1100
3102 Oak Lawn Avenue
Dallas, TX 75219-3605
**ssummy@baronbudd.com**

Andrew J. Yoder
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
**drew.yoder@bakerbotts.com**


Executed on August 16, 2010                    _____
                                                          Lyudmyla Vayner

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**ATTACHMENT A**

**Aug 17, 2010**

FILED
CLERK'S OFFICE

Ashland, Inc.
BP Amoco Chemical Company
BP Products North America Inc.
Chevron Corporation
Chevron U.S.A., Inc.
CITGO Petrolium Corporation
CITGO Refining and Chemicals Company, L.P.
ConocoPhillips Company
Crown Central LLC
El Paso Merchant Energy-Petroleum Company
Equilon Enterprises, LLC
Exxon Mobil Corporation
ExxonMobil Chemical Company
ExxonMobil Oil Corporation
Flint Hills Resources, L.P.
Gulf Oil Limited Partnership
Marathon Petroleum Company, LLC
Marathon Oil Company
Mobil Corporation
Motiva Enterprises, LLC
PDF Midwest Refining, L.L.C.
The Premcor Refining Group Inc.
Shell Oil Company
Shell Oil Products Company, LLC
Shell Petroleum, Inc.
Shell Trading (US) Company
Sunoco, Inc.
Sunoco, Inc. (R&M)
Texaco, Inc.
TMR Company
Total Petrochemicals USA, Inc.
Valero Energy Corporation
Valero Refining and Marketing Company
Valero Marketing and Supply Company