Case MDL No. 1358   Document 303   Filed 08/24/10   Page 1 of 12

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 24, 2010

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION )<br>)<br>)<br>)<br>)<br>)<br>)<br>This Documents Relates To: )<br>)<br>*Town of Kouts v. Ashland, Inc., et al.* )<br>United States District Court for the Northern )<br>District of Indiana (Case No. 2 10 CV 186) )<br>)<br>*Village of Bethalto, a Municipal Corporation v.* )<br>*Ashland, Inc.,* )<br>United States District Court for the Southern )<br>District of Illinois )<br>(Case No. 3:10-cv-00396-GPM-DGW) ) | MDL NO. 1358 |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO VACATE CONDITIONAL TRANSFER ORDER 36**

The defendants listed in Attachment A have moved the Judicial Panel on Multidistrict Litigation (the "Panel") to vacate Conditional Transfer Order No. 36 (the "CTO") issued by the Clerk of the Panel on July 1, 2010. The CTO applies to the *Town of Kouts v. Ashland, Inc., et al.* ("*Kouts*"), which was filed in the United States District Court for the Northern District of Indiana on May 5, 2010 and the *Village of Bethalto, a Municipal Corporation v. Ashland, Inc.* ("*Bethalto*"), which was removed to the United States District Court for the Southern District of Illinois on May 27, 2010. The CTO would transfer *Kouts* and *Bethalto* to *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, MDL No. 1358, which the Panel first created in October 2000 and which remains pending (but is winding down) before the Hon. Shira A. Scheindlin, U.S. District Court, Southern District of New York. Defendants filed Notices of Opposition to Transfer of *Bethalto* and *Kouts* on June 2 and July 6, 2010 as well as a Motion to

Vacate Conditional Transfer Order 36 ("Defendants' Motion") on June 23, 2010. On August 16, 2010, Plaintiffs filed their Opposition to Defendants' Motion of Opposition to Transfer ("Plaintiffs' Opposition"). The moving Defendants offer this Memorandum of Law in response to Plaintiffs' Opposition.

## MEMORANDUM OF LAW

### I. Summary of Argument

1. "Over the course of time, the relative merits of transferring additional cases can change as the transferee court completes its primary tasks . . . . After a certain point . . . the benefits of transfer should not be assumed to continue." *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig. (MDL No, 1373)*, 659 F.Supp.2d 1371, 1372 (J.P.M.L. 2009). MDL 1358 embodies that condition; after almost a decade of litigation, the transferor court has completed virtually all of the "primary tasks" common to the individual cases. The parties have little general discovery to conduct. Most of the remaining cases involve only a few defendants (who have been told these cases will soon be dismissed), and discovery in the other matters focuses principally on case-specific issues. In short, MDL 1358 has served its purpose, and the time has come to let the few new matters – including *Bethalto* and *Kouts* – remain in their appropriate federal courts.

2. Plaintiffs' Opposition simply distorts the true status of MDL 1358, specifically (1) the nature of discovery that has occurred since 2008, (2) the number of potential tag-along actions, and (3) the number of cases still pending in MDL 1358. Plaintiffs also wholly ignore several of the arguments made in Defendants' Motion, including Defendants' point that, given this MDL's advanced status, just and efficient alternatives are not only available but preferable to transfer.

3. Case-specific discovery comprises nearly the entire discovery remaining in the cases still pending in MDL 1358, and transferring new cases at this late stage would be counterproductive. Plaintiffs contend that MDL 1358's tasks are far from complete because, since 2008, the "defendants and other plaintiffs have conducted a high volume of discovery in the remaining MDL cases." Plaintiffs' Opposition at 6. Plaintiffs' point, however, argues against transfer. The "high volume of discovery" taken since 2008 was the general, non-case-specific discovery for which MDL proceedings are so appropriate. Predominantly case-specific discovery remains, which is more appropriately the province of the transferor courts.

4. Likewise, Plaintiffs' arguments about the number of cases that remain pending and the number of potential tag-along actions that may be (but have not yet been) filed also underscore why the Panel should vacate the CTO. While the Panel may consider the number of potential tag-along actions when deciding the issue of transfer, the facts belie Plaintiffs' contention that about twenty other potential tag actions exist. Only three cases (not twenty) currently qualify as potential tag-along actions. Moreover, only about 20 cases (not 50) are still pending in MDL 1358. Under Plaintiffs' own reading of the Panel's practices, these three tag-along actions, coupled with how few cases remain in MDL 1358, warrant neither transfer nor consolidation.

5. Finally, the bulk of Plaintiffs' Opposition focuses on matters that Defendants do not contest – *e.g.* that *Kouts* and *Bethalto* contain issues common to other cases in the MDL – and wholly ignores Defendants' argument that, despite common issues, just and efficient alternatives to transfer not only exist, but far better serve the parties' needs.

6. Accordingly, the Panel should not transfer *Kouts* and *Bethalto* and should vacate CTO 36.

II.  **Argument**

**Amount of Discovery Remaining**

7.  Plaintiffs inaccurately describe the scope and amount of common discovery remaining in MDL 1358 so as to create the illusion that "Judge Scheindlin's work on these cases is far from concluded." Plaintiffs' Opposition at 7. Plaintiffs claim that since 2008, the "defendants and other plaintiffs have conducted a high volume of discovery in the remaining MDL cases." Plaintiffs' Opposition at 6. But the point is not how much discovery has taken place, but rather how much non-case-specific discovery still needs to occur. The answer is practically none – over the past ten years, Defendants and plaintiffs have completed nearly all common discovery in MDL 1358. The only recent activity relating to specific sites where MTBE contamination is alleged relates almost exclusively to the effort in the two statewide cases (New Jersey and Puerto Rico) to gather information to determine which sites among many should be deemed focus sites for trial. *Bethalto* and *Kouts* are "one-off" cases more similar to the *Village of Roanoke*[1] action. The Panel transferred *Roanoke* to MDL 1358 over a year ago and Plaintiffs have not taken any "common" discovery at all, and for good reason – they don't need to.

8.  Plaintiffs cite only one instance of uncompleted common discovery: Defendant Exxon Mobil's service of "*de bene esse* deposition notices for several of its retiring employees as well as plaintiffs' witness from prior MTBE cases . . . ." Plaintiffs' Opposition at 4. Plaintiffs ignore, however, the fact that Defendants' Motion had already notified the panel of these depositions, but for a very different purpose: "Among the *very limited* common "discovery" yet to be completed are trial depositions that the Exxon Mobil Defendants intend to take of certain

---

[1] *Village of Roanoke v. Ashland, Inc., et al.*, No. 1:09-CV-06554 (SAS).

current and former Exxon Mobil employees." Defendants' Motion at n. 2 (emphasis added). Although Plaintiffs claim a great deal of common discovery remains, Plaintiffs sole example of this incomplete common discovery is also the example Defendants previously cited for how little common discovery actually remains.

### Number of Cases Pending and Number of Tag-Along Actions

9.  Plaintiffs mischaracterize the cases still pending in MDL 1358 and misstate the number of potential tag-along actions. Both sides cite *Bridgestone/Firestone* as an example of when transfer is inappropriate; as Plaintiffs point out, in *Bridgestone/Firestone* "only 12 of the more than 820 cases transferred into the MDL remained. . . . Moreover, the Panel in that action was presented with the transfer of just two tag-along actions." Plaintiffs' Opposition at n.3 (citing *Bridgestone/Firestone*, 659 F.Supp.2d at 1372).   Plaintiffs erroneously claim that *Bridgestone/Firestone* "is inapposite to the instant case because there are twenty potential tag-along actions in addition to [*Kouts* and *Bethalto*] . . . and there are still over 50 cases pending in MDL 1358." Plaintiffs' Opposition at n.3. Plaintiffs use flawed math to draw faulty conclusions. Only three – not 20 – cases currently qualify as potential tag-along actions for MDL 1358. Approximately 20 – not 50 – actions remain pending in MDL 1358.[2] Since Defendants filed their opening Motion, an additional two cases have been fully settled. Seven of the remaining 20 active cases have already been settled by all but one or two defendants, and none of those defendants is a party in *Bethalto* or *Kouts*. The Panel in *Bridgestone/Firestone* declined to transfer two tag-along actions to an advanced MDL with relatively few cases

---

[2] While more than 50 cases technically remain designated as "open" on the Southern District of New York's docket, as Plaintiffs' counsel well knows, most of those cases have been fully resolved by settlement, and all that remains to be done is for Plaintiffs to finalize some of the dismissals and for the clerk to officially close the matters on the docket.

remaining. MDL 1358 has but three tag-along actions, and only 20 cases remain of the 183 cases that the Panel has transferred over the years. As in *Bridgestone/Firestone*, transfer at this stage would defeat the goals of multidistrict litigation.

10. Although Plaintiffs claim 20 tag-along actions exist, Defendants currently know of only three such cases, and when Plaintiffs filed their Opposition, only two cases (*Kouts* and *Bethalto*) met the Panel's criteria for tag-along actions.[3] Plaintiffs' counsel may *intend* to file other cases, but counting these speculative forthcoming actions only highlights the lack of substance behind Plaintiffs' contentions.

11. Almost all of the cases Plaintiffs reference as "potential tag-along actions" fail to meet the Panel's standards. To qualify as a tag-along action, a controversy must be (1) a civil action, (2) pending in a federal district court, that (3) involves questions of fact common to actions previously transferred under Section 1407. J.P.M.L. R. 1.1. Plaintiffs' Opposition refers to "representations made in court at the MDL conferences" that "additional cases will be filed in the near future." Plaintiffs' Opposition at 6. By Plaintiffs' own words, these cases are not and cannot qualify as tag-along actions, regardless of how common the questions of fact are. Plaintiffs have yet to file these matters, and an unfiled case is not a civil action and cannot be pending in a district court. These unfiled cases meet only the third prong of the Panel's standard. Likewise, Plaintiffs' reference to the "number of newly filed MTBE cases," does not mean that these MTBE cases are potential tag-along actions. Unless such cases have been brought in or

---

[3] Defendants recognize that *Coraopolis Water and Sewer Author. v. Ashland, Inc., et al.* ("*Coraopolis*"), which was removed to the United States District Court for the Eastern District of Pennsylvania on August 19, 2010, currently qualifies as a "tag-along" action, but this case had not yet been removed when Plaintiffs filed their Opposition and therefore did not qualify as a "tag-along" action for any purpose, least of all to support Plaintiffs' assertion that 20 tag-along cases exist.

removed to a federal court, they fail to meet the second prong of the requirements that the action be "pending in a district court." J.P.M.L. R. 1.1. Plaintiffs cannot include unfiled or state court controversies in their tally of tag-along actions. Three, not 20, tag-along actions exist.

12. Even the precedent Plaintiffs cite fails to support their claim that unfiled or state court actions should qualify as potential tag-along actions. In those cases the Panel only considered pending federal court actions as potential tag-along actions; they categorically did not consider unfiled cases or state court actions. *In re Bluetooth Headset Prods. Liab. Litig.*, 475 F.Supp.2d 1403, n. 1 (J.P.M.L. 2007) ("The Panel has been notified of twelve potentially related actions pending in multiple federal districts. . . . [T]hese actions will be treated as potential tag-along actions."); *In re Inphonic, Inc., Wireless Phone Rebate Litig.*, 460 F.Supp.2d 1380, n.1 (J.P.M.L. 2006) ("The Panel has been notified of . . . five actions in the District of Arizona, three actions in the District of District of Columbia, and an action each in the Central District of California and the Southern District of Mississippi. These actions . . . will be treated as potential tag-along actions."). The Panel has not previously, and should not now, consider unfiled or state court actions as potential tag-along actions. Since only *Kouts*, *Bethalto*, and perhaps *Coraopolis* qualify as potential tag-along action, the circumstances strongly echo *Bridgestone/Firestone* where, as Plaintiffs point out, the Panel denied transfer because "the Panel in that action was presented with the transfer of just two tag-along actions." Plaintiffs' Opposition at n.3.

13. In addition to the similar number of tag-along actions, the MDLs in both the current matter and *Bridgestone/Firestone* were nearly wound up when the issue of transfer arose, and the Panel should rule as it did in *Bridgestone/Firestone* that transferring new actions to an MDL is inappropriate where almost all cases in the MDL are either settled, remanded, or conducting case-specific discovery. Of the original 183 cases in MDL 1358, approximately 20

7

cases remain active. The remainder have been remanded to state court, voluntarily terminated, or settled. As in *Bridgestone/Firestone*, the MDL has achieved a great deal of resolution on pre-trial matters. With that resolution, the purposes of the MDL begin to diminish, and transferring new cases begins to work a regressive effect.

### Just and Efficient Alternatives

14. Plaintiffs' Opposition fails to address Defendants' position that transfer is not only inappropriate but unnecessary where just and efficient alternatives to transfer exist, and this failure indicates Plaintiffs' tacit assent on the issue. Within the entire context of MDL 1358, where most of the previously transferred cases are rapidly approaching remand and where a tiny number of tag-along actions exist, these just and efficient alternatives suit the needs of *all* litigants far better than transfer. Rather than directly address the injustice or inefficiency of Defendants' proposed alternatives, Plaintiffs instead spend a majority of their Opposition trying to establish that there are common issues among the MTBE cases, a point that Defendants do not contest. *Kouts* and *Bethalto* certainly contain common issues of fact. Commonality of issues, however, is but one of three criteria for transfer. Before ordering transfer, the Panel must determine that transfer is for the convenience of *all* parties and witnesses and will promote just and efficient conduct of the action. 28 U.S.C. §1407(a) (2010). Where, as here, the MDL has nearly achieved its purpose, litigants gain little from transfer, especially when alternative courses achieve the very purposes for which the Panel created the MDL – just and efficient conduct of the action. Plaintiffs offer no argument, no case law, and no reason why the Panel should not avail itself of just and efficient alternatives rather than transfer halfway across the country two cases that will now focus only on local, case-specific matters.

### III. Conclusion

15. MDL 1358 has passed the point where transfer of new actions achieves the goals of just and efficient conduct of the actions. The Panel should vacate Conditional Transfer Order No. 36.

Dated: August 23, 2010

|  | Respectfully submitted,<br><br>McDermott Will & Emery LLP<br><br>_____<br>Peter John Sacripanti<br>James A. Pardo<br>Stephen J. Riccardulli<br>Lauren E. Handel<br>340 Madison Avenue<br>New York, NY 10017<br>(212) 547-5400<br>(212) 547-5444 (facsimile)<br><br>*Counsel for Defendants Exxon Mobil Corporation, ExxonMobil Chemical Company, ExxonMobil Oil Corporation and Mobil Corporation and on behalf of all Defendants listed in Attachment A* |

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 24, 2010

FILED
CLERK'S OFFICE

## ATTACHMENT A

Ashland Inc.
BP Amoco Chemical Company
BP Products North America Inc.
Chevron Corporation
Chevron U.S.A., Inc.
CITGO Petroleum Corporation
CITGO Refining and Chemicals Company, L.P.
ConocoPhillips Company
El Paso Merchant Energy-Petroleum Company
Equilon Enterprises, LLC
Exxon Mobil Corporation
ExxonMobil Chemical Company
ExxonMobil Oil Corporation
Flint Hills Resources, L.P.
Gulf Oil Limited Partnership
Marathon Petroleum Company LLC
Marathon Oil Company
Mobil Corporation
Motiva Enterprises, LLC
PDV Midwest Refining, L.L.C.
The Premcor Refining Group Inc.
Shell Oil Company
Shell Oil Products Company, LLC
Shell Petroleum, Inc.
Shell Trading (US) Company
Sunoco, Inc.
Sunoco, Inc. (R&M)
Texaco, Inc.
TMR Company
Total Petrochemicals USA, Inc.
Valero Energy Corporation
Valero Refining and Marketing Company
Valero Marketing and Supply Company
Valero Refining – Texas, L.P. (incorrectly named by Plaintiff as "Valero Refining Company
    Texas, L.P. (individually and as successor in interest to Valero Refining Company Texas
    and Valero Refining Company)")

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 24, 2010

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION <br><br> This Documents Relates To: <br><br> *Village of Bethalto v. Ashland, Inc., et al.*, United States District Court for the Southern District of Illinois (Case No. 3:10-CV-396) <br><br> *Town of Kouts v. Ashland, Inc., et al.* United States District Court for the Northern District of Indiana (Case No. 2 10 CV 186) | MDL 1358 |

### CERTIFICATE OF SERVICE

Lauren Handel, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 23rd day of August, 2010, I caused to be served by first class mail and electronic mail upon counsel listed on the attached Panel Service List (except Peter Sacripanti of my firm) a true and correct copy of the following documents:

- Defendants Reply Memorandum in Further Support of Their Motion to Vacate Conditional Transfer Order 36

*/s/ Lauren Handel*
Lauren Handel

Case MDL No. 1358 Document 303 Filed 08/24/10 Page 12 of 12

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 24, 2010

FILED
CLERK'S OFFICE

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION

MDL No. 1358

## PANEL SERVICE LIST (CTO-36)

Village of Bethalto v. Ashland, Inc., et al., S.D. Illinois, C.A. No. 3:10-396
 (Judge G. Patrick Murphy)
Town of Kouts v. Ashland, Inc., et al., N.D. Indiana, C.A. No. 2:10-186
 (Judge Theresa L. Springmann)

William W. Barrett
WILLIAMS BARRETT & WILKOWSKI LLP
600 N. Emerson Avenue
Greenwood, IN 46143
**wbarrett@wbwlawyers.com**

Robin L. Greenwald
WEITZ & LUXENBERG PC
700 Broadway
New York, NY 10003
**rgreenwald@weitzlux.com**

Peter J. Sacripanti
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
14th Floor
New York, NY 10173-1922
**psacripanti@mwe.com**

Bart C. Sullivan
FOX GALVIN LLC
One South Memorial Drive
12th Floor
St. Louis, MO 63102
**bsullivan@foxgalvin.com**

Scott Summy
BARON & BUDD PC
The Centrum Building, Suite 1100
3102 Oak Lawn Avenue
Dallas, TX 75219-3605
**ssummy@baronbudd.com**

Andrew J. Yoder
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
**drew.yoder@bakerbotts.com**