**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION § § § § | |
| This Document Relates To: § § | MDL No. 1358 |
| *Mayor and Council of Berlin, et al. v. 7-Eleven, Inc., et al.* Cause No. 1:11-cv-01037 (D. Md.) § § § § | |

### DEFENDANT 7-ELEVEN, INC.'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 41 AND BRIEF IN SUPPORT[1]

7-Eleven, Inc. ("7-Eleven"), a defendant in *Mayor and Council of Berlin, et al. v. 7-Eleven, Inc., et al.*, Cause No. 1:11-cv-01037 in the United States District Court for the District of Maryland ("*Berlin*"), hereby moves the United States Judicial Panel on Multidistrict Litigation ("Panel") to vacate Conditional Transfer Order No. 41 ("CTO-41") entered on April 26, 2011, for the reasons set forth below. The schedule required by Rule 6.1(b)(ii) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("Rules") is attached hereto as Exhibit A. Pursuant to Rule 6.1(b)(iv), a copy of the *Berlin* complaint is attached hereto as Exhibit B, and a copy of the current *Berlin* docket sheet is attached hereto as Exhibit C.

### I.

### BACKGROUND

1. *Berlin* was filed on or about February 28, 2011, in the Circuit Court for Baltimore City. One or more defendants were first served with *Berlin* on March 21, 2011.

---

[1] 7-Eleven's brief in support of its motion is consolidated herein.

2. Defendants Chevron U.S.A., Inc., Equilon Enterprises LLC, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, Texaco Inc., and TMR Company ("Removal Defendants") removed the case to the United States District Court for the District of Maryland on April 20, 2011. Removal Defendants based removal of *Berlin* on Section 1503 of the Energy Policy Act of 2005, which requires consent of all defendants for removal to be proper. *Alban v. Exxon Mobil Corp.*, No. MJG-06-3098, 2006 WL 6161862, 2006 U.S. Dist. LEXIS 98103, at *8 (D. Md. Dec. 27, 2006).

3. Not all defendants joined in or consented to the removal of *Berlin* to federal court. 7-Eleven did not join in or consent to the removal.

4. On April 26, 2011, the Panel entered CTO-41 in MDL 1358, conditionally transferring *Berlin* to the United States District Court for the Southern District of New York ("MDL Court") for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

5. On April 27, 2011, 7-Eleven timely filed its Motion to Remand with the Maryland district court, on the grounds that the removal is defective due to lack of unanimous consent by the defendants. The district court was informed of the pendency of MDL 1358, that 7-Eleven would file an objection to CTO-41, and that 7-Eleven would request that the Panel not rule on transfer pending the district court's decision on remand.

6. Texaco, Inc., one of the Removal Defendants, filed a Supplemental Notice of Removal on May 2, 2011, after the expiration of the 30-day removal period. In its

Supplemental Notice of Removal, Texaco purports to assert additional grounds for removal based on federal bankruptcy law, 28 U.S.C. §§ 1334 and 1452(a).

7. On May 3, 2011, 7-Eleven timely filed a Notice of Opposition to CTO-41. On May 4, 2011, the Clerk of the Panel issued a briefing schedule on the issue of transfer of *Berlin* to the MDL Court.

8. On May 4, 2011, the Maryland district court issued a memorandum to counsel, setting forth a briefing schedule on the issue of whether removal of *Berlin* is appropriate. A copy of the May 4th memorandum from the Maryland district court is attached hereto as Exhibit D.

9. The Maryland district court's schedule regarding 7-Eleven's motion to remand sets a deadline of July 11, 2011, for completion of all briefing on this matter.

10. According to the Panel's website, the Panel's next hearing session is July 28, 2011. *See* http://www.jpml.uscourts.gov/Hearing_Info/hearing_info.html. Therefore, the Panel will address CTO-41 while the Maryland district court has the remand motion *sub judice*.

## II.

## ARGUMENT AND AUTHORITIES

7-Eleven believes that *Berlin* was improperly removed to federal court and should not be transferred to MDL 1358.[2]  7-Eleven also recognizes that routinely, where a

---

[2] 7-Eleven understands that MDL 1358 is a products liability litigation, that *Berlin*, like the other cases that have been transferred to MDL 1358, primarily involves MTBE-related product liability claims against the refining industry, and that the non-products liability site-specific "spill" claims being asserted against certain retailers, including 7-Eleven, are not the basis on which MDL 1358 was established. However, if the *Berlin* plaintiffs were pursuing their claims against 7-Eleven in a case separate from their products liability claims against the upstream defendants, then 7-Eleven would be

motion to remand is pending in the federal district court, the Panel may transfer the case to an MDL and let that MDL court decide the remand issue.  However, under the circumstances that exist here, as set forth below, 7-Eleven respectfully requests that the Panel allow the Maryland district court to rule on the remand issue.

    A.    <u>The Remand Matters at Issue Are Not Specific to MDL 1358.</u>

7-Eleven's next briefing pursuant to the Court's schedule is not due until June 10, 2011.  At this point, 7-Eleven anticipates making only procedural arguments regarding the removal:  that consent of all defendants is required under the Energy Policy Act, and that Texaco, Inc.'s bankruptcy argument can not be used to support removal because it was asserted after the removal deadline.[3]

These arguments regarding removal do not relate to the commonalities of the cases consolidated in MDL 1358.  Instead, they relate to basic federal court procedure and the recent Fourth Circuit interpretation of removal deadlines.  The MDL Court has not previously decided the issues that will be resolved in 7-Eleven's motion to remand.  Therefore, judicial convenience and economy will not be served by having the MDL Court rule on 7-Eleven's motion.  Instead, the Maryland district court is the proper place for the resolution of these issues.

    B.    <u>The Remand Issue Will Be Fully Briefed in Front of the District Court Prior to the Panel's Hearing Regarding CTO-41.</u>

---

making the same argument it made in connection with CTO-30, where the Panel agreed that those cases should not be transferred to MDL 1358.

[3] In *Barbour v. Int'l Union,* 2011 U.S. App. LEXIS 1695, the Fourth Circuit clarified its McKinney Intermediate Rule regarding timeliness of removal under 28 U.S.C. § 1446(b).  That rule is at issue in 7-Eleven's motion to remand and has not been adopted by all other Circuits, including the Second Circuit.

As the Panel has noted, federal district courts retain jurisdiction during the pendency of a conditional transfer to decide remand orders.  *See* Panel Rule 2.1(d) ("The pendency of a … conditional transfer order … before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."); *In re Consol. Fen-Phen Cases*, No. 03 CV 3081 (JG), 2003 U.S. Dist. LEXIS 20231 at *6 (E.D.N.Y. Nov. 12, 2003).

The question of whether *Berlin* was properly removed to federal court is currently pending before the District of Maryland.  The Maryland district court, aware of both CTO-41 and MDL 1358, has indicated its intent to rule on the remand issue by issuing its scheduling order in this regard and notifying the Panel of such schedule.  *See* Exhibit D.  There has been no request by the parties to modify the Maryland district court's schedule, and the parties already are in the process of complying with that court's deadlines.

Pursuant to the Court's schedule, the briefing on this matter will be concluded by July 11, 2011.  According to the Panel's website, the Panel's next hearing session is July 28, 2011.  *See* http://www.jpml.uscourts.gov/Hearing_Info/hearing_info.html.  While not certain, it is likely that the Maryland district court will rule on the remand issue before the Panel's July session.  Judicial economy and efficiency would be better served by allowing the Maryland district court to complete the evaluation of the remand issue.  If at its July session, the Panel transferred *Berlin* to MDL 1358 because the Maryland district court had not yet ruled on remand, then the work of the Maryland district court would

have been for naught. The remand issue will be decided more quickly if the Panel allows it to be resolved in front of the Maryland district court.

The Panel immediately will be notified once the Maryland district court rules on the remand issue. If the District of Maryland ultimately remands *Berlin* back to state court, then the Panel should vacate CTO-41. If the removal to federal court is ultimately upheld, then 7-Eleven reasonably expects that the Panel will transfer *Berlin* to MDL 1358. Therefore, it would be more efficient for the Panel to allow the Maryland district court to complete its evaluation of the remand issue and then for the Panel to address CTO-41 at its next scheduled hearing session.

C. Allowing the Maryland District Court to Complete Its Review of the Remand Issue Will Not Delay Progress in *Berlin*.

Awaiting the Maryland district court's determination regarding remand will not delay progress in or possible resolution of the case. The *Berlin* parties have entered into a standstill and tolling agreement such that no discovery or motion practice, other than that related to jurisdictional challenges, will occur while the parties attempt to settle the case. This standstill and tolling agreement expires on August 2, 2011. Therefore, even if the Panel were to immediately transfer *Berlin* to the MDL, no activity would be occurring in the case until, at the earliest, the expiration of the agreement.

D. 7-Eleven Will Suffer Prejudice if the Panel Transfers *Berlin* to MDL 1358.

No party will be prejudiced if the Panel allows the Maryland district court to rule on 7-Eleven's motion to remand. However, 7-Eleven may be forced to forego significant contractual rights by virtue of *Berlin* being transferred to MDL 1358. One of 7-Eleven's

insurance policies that could be at issue in *Berlin*[4] has an exclusion for cases that are pending, or ever were, in MDL 1358. Interestingly, this exclusion is regarding cases pending in MDL 1358, not MTBE cases or claims in general. Therefore, if the remand issue is decided by the Maryland district court, and remand is granted, then 7-Eleven will retain its bargained-for benefit of insurance coverage regarding *Berlin*. However, if *Berlin* is transferred to MDL 1358, then 7-Eleven runs a significant risk of being denied such coverage, even if the MDL Court later remands the case. As a result, many millions of dollars of coverage are at issue. Therefore, 7-Eleven asks the Panel to allow the Maryland district court to decide the remand issue, which will have a great monetary impact on 7-Eleven and, potentially, at least one plaintiff in this case.

## II.

## CONCLUSION

7-Eleven respectfully requests that the Panel permit the Maryland district court to rule on the pending motion to remand and, depending upon such ruling, either vacate CTO-41 or issue such other and further relief as the Panel deems just and proper.

Respectfully submitted,

/s/
**MICHAEL A. WALSH**
Texas State Bar No. 00790146
New York State Bar No. 2032191
michael.walsh@strasburger.com

---

[4] When the *Berlin* plaintiffs filed the first iteration of this case, 7-Eleven filed a motion seeking the disclosure of which 7-Eleven stores were involved in the plaintiffs' claims. In their response, the plaintiffs identified one 7-Eleven store but did not state whether other 7-Eleven stores also were at issue. Therefore, it is unclear at this time which of 7-Eleven's insurance policies may be involved in *Berlin*.

                              **COURTNEY JONES KIEFFER**
Texas State Bar No. 24007457
courtney.jones.kieffer@strasburger.com
**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 4400
Dallas, Texas 75202-3794
Telephone: 214-651-4300
Facsimile: 214-651-4330

**ATTORNEYS FOR DEFENDANT
7-ELEVEN, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been served upon the following counsel of record via ECF on registered electronic filing participants <u>or</u> by regular mail on non-registered electronic filing participants, on May 18, 2011.

_____/s/_____
**MICHAEL A. WALSH**

John McNeill Broaddus
116 Avon Rd.
Haverford, PA 19041
*Counsel for Plaintiffs Mayor and Council of Berlin, City of Aberdeen, The Town of Chestertown, City of Salisbury, Commissioners of Sharptown, The City of Taneytown, and County Commissioners of Worcester County*

P. Scott Summy
Carla M. Burke
Baron & Budd, PC
3102 Oak Lawn Ave., Ste. 1100
*Counsel for Plaintiffs Mayor and Council of Berlin, City of Aberdeen, The Town of Chestertown, City of Salisbury, Commissioners of Sharptown, The City of Taneytown, and County Commissioners of Worcester County*

Robert J. Gordon
Robin Greenwald
Weitz & Luxenberg, PC
700 Broadway
New York, NY 10003

*Counsel for Plaintiffs Mayor and Council of Berlin, City of Aberdeen, The Town of Chestertown, City of Salisbury, Commissioners of Sharptown, The City of Taneytown, and County Commissioners of Worcester County*

Charles D. MacLeod
Jefferson L. Blomquist
Funk & Bolton, PA
315 High St., Ste. 202
Chestertown, MD 21620
*Counsel for Plaintiffs Mayor and Council of Berlin, City of Aberdeen, The Town of Chestertown, City of Salisbury, Commissioners of Sharptown, The City of Taneytown, and County Commissioners of Worcester County*

Steven L. Leifer
Baker Botts L.L.P.
The Warner Building
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
*Counsel for Defendants Ashland, Inc., Hess Corporation, and Marathon Oil Company*

David A. Super
Baker Botts L.L.P.
The Warner Building
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
*Counsel for Defendant Marathon Petroleum Company, LLC*

J. Andrew Langan, P.C.
Andrew R. Running
Wendy L. Bloom
Christopher J. Esbrook
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
*Counsel for Defendants Atlantic Richfield Company, BP Amoco Chemical Company, and BP Products North America, Inc.*

Michele E. Gutrick
Kirkland & Ellis LLP
655 Fifteenth St., NW
Washington, DC 20005
*Counsel for Defendants Atlantic Richfield Company, BP Amoco Chemical Company, and BP Products North America, Inc.*

Peter C. Condron

Wallace King Domike Reiskin
2900 K Street NW
Harbourside, Ste. 500
Washington, D.C. 20007
*Counsel for Defendants Chevron Corporation, Chevron USA, Inc., Equilon Enterprises, LLC, Motiva Enterprises, LLC, Shell Oil Company, Shell Oil Products Company, LLC, Shell Petroleum, Inc., Shell Trading (US) Co., Texaco, Inc., and TMR Company*

Richard E. Wallace, Jr.
Wallace King Domike Reiskin
2900 K Street NW
Harbourside, Ste. 500
Washington, D.C. 20007
*Counsel for Defendants Chevron Corporation, Chevron USA, Inc., and Texaco, Inc.*

Pamela R. Hanebutt
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Ave., Ste. 1100
Chicago, IL 60604
*Counsel for Defendants CITGO Petroleum Corporation, CITGO Refining and Chemicals Company, LP, and PDV Midwest Refining, LLC*

David Samuel Panzer
Greenberg Traurig LLP
2101 L St. NW, Ste. 1000
Washington, D.C. 20037
*Counsel for Defendants Coastal Eagle Point Oil Company, Coastal Oil New England, and El Paso Merchant Energy-Petroleum*

Elizabeth A. Greenfield
Latham & Watkins LLP
One Newark Center, 16th Floor
Newark, NJ 07102
*Counsel for Defendant ConocoPhillips Company*

Ben M. Krowicki
Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178
*Counsel for Defendant Crown Central, LLC*

Lauren Erica Handel
Peter John Sacripanti
McDermott Will & Emery LLP

340 Madison Ave.
New York, NY 10017
*Counsel for Defendants Exxon Mobil Corporation, Exxon Mobil Oil Corporation, and Mobil Corporation*

Harry S. Johnson
Whiteford Taylor and Preston LLP
Seven St. Paul St., Ste. 1400
Baltimore, MD 21202-1626
*Counsel for Defendant Flint Hills Resources, LP*

Warren N. Weaver
Whiteford Taylor and Preston LLP
Seven St. Paul St., Ste. 1400
Baltimore, MD 21202-1626
*Counsel for Defendant Flint Hills Resources, LP*

Matthew G. Parisi
Bleakley Platt & Schmidt, LLP
One North Lexington Ave.
White Plains, New York 10602
*Counsel for Defendant Getty Petroleum Marketing, Inc.*

Chad W. Higgins
Goodwin Proctor LLP
Exchange Place
53 State Street
Boston, MA 02109
*Counsel for Defendant Gulf Oil Limited Partnership*

Daniel M. Krainin
Beveridge & Diamond, P.C.
477 Madison Avenue, 15th Floor
New York, NY 10022
*Counsel for Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)*

M. Coy Connelly
Bracewell & Giuliani LLP
711 Louisiana Street, Ste. 2300
Houston, TX 77002
*Counsel for Defendants Valero Energy Corporation, Valero Marketing and Supply Company, Valero Refining and Marketing Company, Valero Refining Company-New Jersey, Valero Refining Company-Delaware, The Premcor Refining Group, Inc., and Total Petrochemicals USA, Inc.*