# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

May 4, 2011

MEMORANDUM TO COUNSEL

    Re:    *Mayor and Council of Berlin, et al. v. 7-Eleven, Inc., et al.*
             Civil Action No. ELH-11-1037

Dear Counsel:

      As you know, plaintiffs' Complaint (ECF 2) was initially filed in the Circuit Court for Baltimore City, Maryland, under case number 24-C-11-001207. The case was removed to this Court pursuant to a Notice of Removal (ECF 1) filed April 20, 2011, by defendants Chevron Corporation, Chevron U.S.A Inc., Equilon Enterprises LLC, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, Texaco Inc., and TMR Company (collectively, "Shell-Texaco Defendants").[1] According to the Notice of Removal, removal is proper under § 1503 of the Energy Policy Act of 2005, Pub. L. 109-58, 119 Stat. 594, a specialized removal statute which allows for the removal to federal court of any lawsuit "related to allegations involving actual or threatened contamination of methyl tertiary butyl ether (MTBE)."

      Most, but not all, of the 42 defendants have filed written consents to removal. Three defendants have not filed consents to removal: 7-Eleven, Inc.; Placid Refining Company, LLC; and Shell Petroleum, Inc.

      Review of the unofficial docket for the Maryland state court proceeding, available through the Maryland Judiciary's "Case Search" website,[2] reflects a "NOTICE OF DISMISSAL AS TO REFINING, LLC ONLY." It is unclear whether this docket entry refers to Placid Refining Company, LLC, or another defendant. In accordance with Local Rule 103.5.a, by May 20, 2011, the Shell-Texaco Defendants are directed to file a copy of the notice of dismissal, and any other papers filed in the Maryland state court proceeding, which have not yet been filed in this case.

      As to Shell Petroleum, Inc., based on its name, it appears that this defendant has an identity of interest with the Shell-Texaco Defendants. Indeed, one of the same counsel that represents the the Shell-Texaco Defendants has entered his appearance on behalf of Shell Petroleum, Inc. Moreover, Paragraph 5 of the Notice of Removal asserts that Shell Petroleum,

---

    [1] The Shell-Texaco Defendants are all represented by the same counsel.

    [2] http://casesearch.courts.state.md.us/



EXHIBIT D

Inc. consents to removal. Nevertheless, Shell Petroleum, Inc. is not a signatory to the Notice of Removal and has not filed a written consent to removal. Therefore, by May 13, 2011, Shell Petroleum, Inc. is directed to notify the Court whether it consents to removal.

In any event, defendant 7-Eleven, Inc. opposes removal and has filed a Motion to Remand (ECF 18). It asserts that its lack of consent is fatal to the Shell-Texaco Defendants' attempt to remove the case from the Maryland state court.[3]

Thereafter, defendant Texaco, Inc. filed a Supplemental Removal Notice (ECF 31), asserting (a) that the unanimity rule that ordinarily governs removal does not apply in the context of § 1503; and (b) that removal of this case is also proper under 28 U.S.C. §§ 1334(b) and 1452(a), which grant jurisdiction over and authorize removal to federal court of "civil proceedings arising under title 11 [of the U.S. Code, pertaining to bankruptcy], or arising in or related to cases under title 11." Texaco contends that this case is "related to" a case under 11 U.S.C., because Texaco obtained a discharge in bankruptcy under Chapter 11 of the Bankruptcy Code in 1988, and, according to Texaco, plaintiffs' claims in this litigation "seek recovery, in whole or in part, for alleged claims and liabilities arising before" its discharge in bankruptcy, and are therefore barred by the discharge. Texaco also asserts: "Consent of other defendants is not required for removal pursuant to the federal bankruptcy removal statute."

The Court shall establish a briefing schedule in this case, so as to efficiently resolve whether removal of the case is appropriate. Accordingly, the following schedule will govern:

| | |
|---|---|
| **May 13, 2011** | Deadline for any party to file a further supplemental notice of removal or motion to remand.[4] |
| **May 20, 2011** | Shell-Texaco Defendants shall file a joint memorandum in support of removal, addressing all grounds for removal on the basis of both the original Notice of Removal and the Supplemental Removal Notice. |
| **May 27, 2011** | Each party that supports removal shall file either (a) a statement that it adopts Shell-Texaco Defendants' position; or (b) its own memorandum, which should avoid needless duplication of argument by incorporating by reference the Shell-Texaco Defendants' arguments as appropriate, setting forth such supplemental argument and authorities as counsel deem appropriate, and addressing any arguments with which it disagrees. |

---

[3] The responses to 7-Eleven's motion are not yet due, and none has been filed.

[4] This deadline is set without prejudice to any party's argument that, despite compliance with the deadline of May 13, 2011, a supplemental notice of removal or motion to remand is nonetheless time-barred or otherwise improper.

| | |
|---|---|
| **June 10, 2011** | 7-Eleven shall file a memorandum in support of remand and in opposition to removal, addressing all grounds for remand and responding, as appropriate, to Shell-Texaco Defendants' arguments for removal, as well as those of any other party. |
| **June 17, 2011** | Each party that supports remand shall file either (a) a statement that it adopts 7-Eleven's position; or (b) its own memorandum, which should avoid needless duplication of argument by incorporating by reference 7-Eleven's arguments as appropriate, setting forth such supplemental argument and authorities as counsel deem appropriate, and addressing any arguments with which it disagrees. |
| **July 1, 2011** | Shell-Texaco Defendants may file a reply brief addressing the arguments made in favor of remand by 7-Eleven and any other party. |
| **July 11, 2011** | Any other party favoring removal may file a reply brief; however, the parties are again directed to avoid unnecessary duplication of argument. |

Any party that wishes to object to or request modification of this schedule must do so no later than May 11, 2011.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge

cc: The United States Judicial Panel on Multidistrict Litigation,
Jeffery N. Lüthi, Clerk of the Panel (*via email*)