## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) |
|  | ) MDL NO. 1358 |
| This Documents Relates to: | ) ) |
| *Mayor and Council of Berlin et al. v. 7-Eleven, Inc. et al.*, United States District Court for the District of Maryland (Case No. 1:11-CV-01037) | ) ) ) ) |

## RESPONSE OF CERTAIN DEFENDANTS TO 7-ELEVEN'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 41

The Defendants listed on the appended Schedule A respectfully submit this response to 7-Eleven Inc.'s Motion to Vacate Conditional Transfer Order ("CTO") 41, pursuant to which *Mayor and Council of Berlin et al. v. 7-Eleven, Inc. et al.* ("*Berlin*") would be transferred to MDL 1358, *In re Methyl Tertiary Butyl Ether Products Liability Litigation.* These Defendants themselves recently moved to vacate the Panel's CTO 36 (with regard to the Village of Bethalto and Town of Kouts cases) on the grounds that MDL 1358 has reached an advanced stage and efficiency is no longer promoted by continuing to add new cases to it. Although Defendants respectfully disagree with the Panel's order declining to vacate CTO 36, there is no principled reason why the reasoning of that October 7, 2010 order (Doc. 309) should not apply to the transfer of Berlin and CTO 41. The *Berlin* action involves issues of fact common to all of the other actions in MDL 1358 and, as explained below, transfer will promote the just and efficient conduct of the action. *See* 28 U.S.C. § 1407(a). Given the Panel's prior rulings, the interests of consistency and judicial economy are principally served by allowing the transferee court to rule on 7-Eleven's motion to remand *Berlin*, which raises issues similar to those already decided by the MDL court on multiple occasions.

**A. Transfer Meets the Criteria of the MDL Statute and Rules and the Panel's October 2000 Order Establishing MDL 1358.**

The only issues for the Panel to decide with respect to 7-Eleven's Motion to Vacate CTO 41 are: (1) whether the *Berlin* case involves "one or more common questions of fact" to other actions in MDL 1358 and (2) whether transfer of *Berlin* to the MDL will serve "the convenience of the parties and witnesses and will promote the just and efficient conduct" of the action.  28 U.S.C. § 1407(a).  7-Eleven does not dispute that the *Berlin* action meets these criteria for transfer.  To the contrary, 7-Eleven acknowledges that "*Berlin*, like the other cases that have been transferred to MDL 1358, primarily involves MTBE-related product liability claims" (Mot. at 3, n. 2) and says that it "reasonably expects" *Berlin* to be transferred to MDL 1358 if its removal to federal court is upheld (Mot. at 6).  This is not surprising, because the *Berlin* complaint (*see* Exh. A at ¶¶ 78-143) contains exactly the same factual allegations that initially caused the Panel to create MDL 1358 – *i.e.,* "common questions of fact concerning (i) whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users, the federal government or the public, and (ii) whether plaintiffs sustained drinking water contamination as a result of MTBE contamination."  *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2000 U.S. Dist. LEXIS 14901, *2 (J.P.M.L. Oct. 10, 2000) (transfer order initially creating MDL 1358).  With regard to the convenience of the parties and the just and efficient conduct of the action, the *Berlin* action is no different than any of the more than 180 cases that have been transferred to MDL 1358.

Because, under 28 U.S.C. § 1407, the pertinent issue is whether the case involves "common questions of fact" to the actions in MDL 1358, 7-Eleven's argument that challenges to removal "do not relate to the commonalities of the cases consolidated in MDL 1358" is both irrelevant and wrong.  (Mot. at 4.)  A relevant concern, however, is whether "the just and efficient conduct of the action" would be served by allowing the MDL 1358 transferee court to

- 2 -

continue to decide the removal issues.  28 U.S.C. § 1407(a).  As the Panel has previously

determined, "there is no need to delay transfer in order to accommodate any interest of the

transferor court in resolving a pending remand motion."  *In re Prudential Ins. Co. of Am. Sales

Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001).  In fact, in this very MDL, Judge

Scheindlin has decided multiple remand motions, including motions involving the two bases for

removal here – Section 1503 of the Energy Policy Act of 2005, and Texaco's invocation of its

right to remove under the federal bankruptcy removal statute.  *In re MTBE Prods. Liab. Litig.*,

2006 U.S. Dist. LEXIS 20575 (S.D.N.Y. 2006); *In re MTBE Prods. Liab. Litig.*, 399 F. Supp. 2d

356 (S.D.N.Y. 2005); *In re MTBE Prods. Liab. Litig.*, 361 F. Supp. 2d 137 (S.D.N.Y. 2004); *In

re MTBE Prods. Liab. Litig.*, 341 F. Supp. 2d 386, 413-14 (S.D.N.Y. 2004).  The Panel has

routinely transferred cases to MDLs while motions for remand were pending in the transferor

courts.  *See e.g., In re Ivy*, 901 F.2d 7, 8 (2d Cir. 1990); *Rovner v. Vonage Holdings Corp.*, 2007

U.S. Dist. LEXIS 8656, 2-3 (D.N.J. Feb. 5, 2007); *In re Vioxx Mktg., Sales Practices & Prod.

Liab. Litig.*, 416 F. Supp. 2d 1354, 1355 (J.P.M.L. 2006); *Kendall v. Metro. Life Ins. Co. (In re

New Eng. Mut. Life Ins. Co. Sales Practices Litig.*), 324 F. Supp. 2d 288, 291-92 (D. Mass. 2004)

(citing *In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*, 229 F. Supp.

2d 1377, 1378 (J.P.M.L. 2002); *In re W. States Wholesale Natural Gas Antitrust Litig.*, 290 F.

Supp. 2d 1376, 1378 (J.P.M.L. 2003);  *In re Farmers Ins. Exch. Claims Reps.' Overtime Pay

Litig.*, 196 F. Supp. 2d 1373, 1375 (J.P.M.L. 2002); *Uresti v. Prudential Ins. Co. of Am. (In re

Prudential Ins. Co. of Am. Sales Practices Litig.*), 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001);

*In re Air Crash Disaster at Florida Everglades*, 368 F. Supp. 812, 813 (J.P.M.L. 1973)).  The

Panel has found it beneficial for MDL transferee courts to resolve remand motions because of

the "advantage of streamlining treatment of the remand issue."  *In re W. States Wholesale

Natural Gas Antitrust Litig.*, 290 F. Supp. 2d 1376, 1378 (J.P.M.L. 2003).

Where, as here, a remand petition raises difficult factual and legal issues likely to be repeated across cases, judicial economy and interests of consistency are best served by allowing the MDL transferee judge to rule on the removal issues.[1] *See Meinhart v. Halliburton Energy Servs.*, 2011 U.S. Dist. LEXIS 36430 (S.D. Tex. Apr. 4, 2011); *Esquivel v. BP Co. N. Am.*, 2010 U.S. Dist. LEXIS 110015 (S.D. Tex. Oct. 14, 2010); *Bd. of Trs. of the Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002); *Falgoust v. Microsoft Corp.*, 2000-1 Trade Cases (CCH) ¶ 72,885 (E.D. La. 2000). In *Berlin*, 7-Eleven has challenged both grounds that the removing Defendants have asserted provide independent support for the removal of the *Berlin* action to federal court without 7-Eleven's consent: Section 1503 of the Energy Policy Act and the bankruptcy removal statute, 28 U.S.C. § 1452, due to the bankruptcy of Defendant Texaco.[2] Because Section 1503 of the Energy Policy Act is a special removal statute that applies only to MTBE cases, there is perhaps no removal issue better suited to be decided by Judge Scheindlin, whom the Panel recently determined "remains in the best position to manage all related MTBE actions." Transfer Order of Oct. 7, 2010 at 2 (Doc. 309). With regard to bankruptcy removal, Judge Scheindlin has already decided the complex issues relating to bankruptcy removal, including whether claims virtually identical to those asserted by the *Berlin* plaintiffs implicate pre-petition conduct that was discharged by Texaco's bankruptcy, whether bankruptcy removal was proper, whether the District Court has core bankruptcy jurisdiction over

---

[1] The removing Defendants acknowledge that the District of Maryland retains jurisdiction to rule on 7-Eleven's Motion to Remand *Berlin* until transfer of the action to MDL 1358 is complete. However, in their opposition to 7-Eleven's remand motion, the removing Defendants have asked Judge Hollander to refrain from deciding that motion in deference to Judge Scheindlin. (*See* Exh. B at 22-24).

[2] The Panel need not consider the merits of 7-Eleven's motion to remand as it does not have authority to decide whether the case was properly removed to federal court. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (28 U.S.C. § 1407 "does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."). However, as background, the removing Defendants' opposition to 7-Eleven's remand motion is attached as Exhibit B.

the claims, and whether, given the allegations of Plaintiffs' complaints, it is appropriate for the District Court to exercise supplemental jurisdiction over state-law claims against the other defendants. *In re MTBE Prods. Liab. Litig.*, 341 F. Supp. 2d 386, 411-16 (S.D.N.Y. 2004). Given Judge Scheindlin's familiarity with the facts and law relevant to 7-Eleven's motion for remand, as well as her numerous decisions on similar issues, the interests of judicial economy and consistency would be served best by transferring the *Berlin* action and allowing the transferee court to decide the propriety of removal.

### B. The Briefing Schedule on Remand in the District of Maryland Should Not Affect the Panel's Transfer Decision.

7-Eleven urges the Panel not to transfer the *Berlin* matter because Judge Hollander has set a schedule for briefing remand in the District of Maryland. That argument should not deter transfer. First, Judge Hollander is aware of the MDL 1358 proceedings, and Defendants have urged her to defer the removal issue to Judge Scheindlin, who has already resolved multiple similar remand issues, just as numerous other federal district judges from around the country have done in the past.[3] Second, even if briefing is completed in the District of Maryland prior to the Panel acting on final transfer of this action to MDL 1358, the Panel's rules provide for the motion papers to be transmitted to the MDL 1358 court for decision upon transfer. JPML Rule 9.1(a). Thus, any effort expended by the parties briefing the remand issue would not be wasted. The motion would simply be decided on the same papers by a different judge who has previously addressed similar issues. Third, as noted above, judicial economy and the desire to avoid inconsistent decisions strongly favors transfer of this action to Judge Scheindlin. And finally, the standstill agreement in place in the *Berlin* matter that is referenced in 7-Eleven's papers favors

---

[3] 7-Eleven's statement that "[w]hile not certain, it is likely that the Maryland district court will rule on the remand issue before the Panel's July session" is nothing but speculation and seems highly unlikely given that Defendants have informed Judge Hollander of the pendency of CTO-41 and the fact that courts around the country have refrained from deciding remand issues in deference to the MDL 1358 court.

transfer to MDL 1358.  Progress of the *Berlin* action would in no way be impeded by transfer because the standstill will remain in place until after the Panel meets in late July.  There is no need for the motion to be decided prior to the expiration of the standstill.

### C.  7-Eleven's "Prejudice" Argument Is Irrelevant.

Finally, 7-Eleven's "prejudice" argument has no bearing on the propriety of transfer here. That unsupported argument, which amounts to little more than a plea to the Panel not to transfer this action to MDL 1358 because 7-Eleven says that it entered into an inexplicable arrangement with an insurer which eliminates coverage under a policy in the event this action is transferred to MDL 1358, should carry no weight at all.  The only issues the Panel needs to consider are (1) whether the *Berlin* case involves "one or more common questions of fact" to other actions in MDL 1358 and (2) whether transfer of *Berlin* to the MDL will serve "the convenience of the parties and witnesses and will promote the just and efficient conduct" of the action.  28 U.S.C. § 1407(a).  Allowing a party like 7-Eleven to impede transfer of an action that plainly meets the criteria for MDL transfer so that it can effectively cherry-pick a particular forum to meet its insurance needs is inimical to the judicial economy and uniformity of decision-making that the MDL process is designed to promote.

### Conclusion

There is no cause for the Panel to vacate CTO 41.  Transfer of the *Berlin* action to MDL 1358 meets the criteria of 28 U.S.C. § 1407 and the Panel's prior rulings, and nothing about the pending motion for remand changes that.  Moreover, allowing the transferee court to rule on the remand motion will best serve the interests of economy and consistency.

Dated: New York, New York
      June 8, 2011

McDERMOTT, WILL & EMERY LLP


By:  /s/ Peter John Sacripanti_____
    Peter John Sacripanti
    340 Madison Avenue
    New York, New York 10173
    Tel: (212) 547-5400
    Fax: (212) 547-5444
    psacripanti@mwe.com

*Attorneys for Defendants Exxon Mobil*
*Corporation, ExxonMobil Oil Corporation, and*
*Mobil Corporation and on behalf of all*
*Defendants listed in Schedule A*

## SCHEDULE A

Ashland, Inc.
Atlantic Richfield Company
BP Amoco Chemical Company
BP Products North America Inc.
Chevron Corporation
Chevron U.S.A., Inc.
CITGO Petroleum Corporation
CITGO Refining and Chemicals Company, L.P.
Coastal Eagle Point Oil Company
Coastal Oil New England
ConocoPhillips Company
Crown Central LLC
El Paso Merchant Energy-Petroleum Company
Equilon Enterprises, LLC
Exxon Mobil Corporation
ExxonMobil Oil Corporation
Flint Hills Resources, L.P.
Getty Petroleum Marketing Inc.
Gulf Oil Limited Partnership
Hess Corporation
Marathon Oil Company
Marathon Petroleum Company, LLC
Mobil Corporation
Motiva Enterprises, LLC
PDV Midwest Refining, L.L.C.
The Premcor Refining Group Inc.
Shell Oil Company
Shell Oil Products Company, LLC
Shell Petroleum, Inc.
Shell Trading (US) Company
Sunoco, Inc.
Sunoco, Inc. (R&M)
Texaco, Inc.
TMR Company
Total Petrochemicals USA, Inc.
Valero Energy Corporation
Valero Marketing and Supply Company
Valero Refining and Marketing Company
Valero Refining Company – New Jersey
Valero Refining Company – Delaware, LLC

## CERTIFICATE OF SERVICE

I certify that on June 8, 2011, a true and correct copy of the within Response of Certain Defendants to 7-Eleven's Motion to Vacate Conditional Transfer Order No. 41 was electronically served on all counsel of record via the Court's CM/ECF filing system and/or Lexis Nexis File & Serve.

Lisa A. Gerson