## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>This document pertains to:<br><br>*City of Manning, An Iowa Municipality v. Ashland Inc., et al.,* No. 3:13-cv-03033-MWB (N.D. Iowa)<br><br>*City of Portageville, A Missouri Municipality v. Ashland Inc., et al.,* No. 1:13-cv-00091-SNLJ (E.D. Mo.)<br><br>*Town of Hinesburg v. Atlantic Richfield Company, et al.,* No. 2:13-cv-198 (D. Vt.)<br><br>*Town of Brewster, et al. v. Atlantic Richfield Company, et al.,* No. 1:13-cv-11695-RWZ (D. Mass.) | MDL No. 1358 (SAS) |

## DEFENDANTS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 42

Defendants[1] respectfully move the Judicial Panel on Multidistrict Litigation (the "Panel") to vacate Conditional Transfer Order Number 42 (July 22, 2013) (the "CTO"). The multidistrict litigation ("MDL") to which this CTO would transfer the newly filed actions at issue is winding down. The number of cases pending in that MDL has dwindled over the years and only a handful of cases — which are in advanced stages and focused on case-specific issues — remain. The transferee court has largely completed its work on this MDL, and transferring any new cases at this point would not promote the "just and efficient conduct" of those actions. 28 U.S.C. § 1407(a).

---

[1] Attachment A lists the Defendants joining this motion.

## BACKGROUND

The Panel first created MDL 1358, which is pending before the Hon. Shira Scheindlin in the Southern District of New York, in 2000 to coordinate and consolidate product liability cases involving the presence of the gasoline additive methyl tertiary butyl ether ("MTBE") in drinking water and groundwater.  Defendants in these actions are companies that allegedly manufactured or supplied MTBE or gasoline with MTBE. Over the past 13 years, there have been almost 200 total actions involving MTBE transferred to MDL 1358.[2]  Today, only five active cases remain pending in that litigation.  Four of those five active cases have completed discovery, and the remaining active case is scheduled to complete fact discovery within the next two months.

In June and July 2013, Plaintiffs filed four new cases in federal district court regarding the alleged presence of MTBE in water on behalf of water providers in a handful of municipalities.  (Docs. 378 and 379, Attachments A and B)  In July 2013, Plaintiffs filed two Notices of Potential Tag-Along Action with the Panel, requesting that the Panel consolidate and transfer these cases to MDL 1358.  (Docs. 378 and 379)

## ARGUMENT

The Panel may transfer for consolidated pretrial proceedings civil actions involving one or more common questions of fact where such proceedings "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).  The Panel may also transfer "tag-along" actions that share common questions of fact with actions previously transferred to an existing

---

[2] The Panel's MDL Statistics Report and counsel's records indicate that 183 total cases have been transferred to MDL 1358, while CTO 42 states that 166 cases have been transferred. *Compare* http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-10-2013.pdf with CTO 42.

MDL. J.P.M.L. Rules 1.1(h), 7.1. The transfer of tag-along actions is not automatic, and is not mandated simply because there are common questions of fact between the potential tag-along cases and the MDL. *See In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969) ("transfer for coordinated or consolidated pretrial proceedings is not mandated by a finding that common questions of fact permeate the actions"). Rather, transfer is determined on a case-by-case basis to evaluate whether it will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions. *See In re Motion Pictures Licensing Antitrust Litig.*, 479 F. Supp. 581, 591 (J.P.M.L. 1979). Multidistrict litigation is also not static. The relative merits of transferring additional cases to an MDL can change over time, and the benefits of transfer cannot be assumed to continue. *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009); *see also In re MTBE Prods. Liab. Litig.*, MDL 1358, Transfer Order (Oct. 7, 2010) (transferring MTBE cases to the MDL but recognizing that whether continued inclusion is appropriate is based on a review of the status of the MDL proceedings, and that those proceedings are not static). Here, the merits do not favor transferring the newly filed MTBE cases to MDL 1358.

## I. THE MDL 1358 DOCKET IS DWINDLING.

After 13 years, MDL 1358 is reaching its end, and the transferee court has overseen resolution of the vast majority of the cases that once comprised that docket. Almost all of the cases that have been transferred to MDL 1358 were remanded to state court, voluntarily terminated, or settled long ago. One case was tried against a non-settling defendant and appealed, with the decision on appeal recently issued. Only five cases remain active in MDL 1358, and they are in advanced stages. *See* Part II below.

The MDL is winding down, and it does not further the efficient conduct of either the four new cases or those already pending in the MDL to transfer additional cases into it at this stage. *See In re Bridgestone/Firestone*, 659 F. Supp. 2d at 1372 (transfer of two new actions in the MDL was "no longer necessary to achieve the just and efficient conduct" where all but 12 cases had been substantially resolved in the transferee court); *In re Air Crash Disaster Near Upperville, Virginia on Dec. 1, 1974*, 430 F. Supp. 1295, 1297 (J.P.M.L. 1977) (denying transfer where "all actions before Judge Bryan already have either been tried or settled, and only certain third-party complaints . . . are still pending in the Eastern District of Virginia").

## II. PRETRIAL PROCEEDINGS IN MDL 1358 ARE IN ADVANCED STAGES AND CASE-SPECIFIC.

"When a transferee judge has accomplished essentially all of the primary objectives of centralization under 28 U.S.C. § 1407 and the advantages of transferring a particular tag-along no longer clearly outweigh the disadvantages, then this Panel promotes the interests of efficiency and justice by ending the automatic transfer of such cases." *In re: Cessna 208 Series Aircraft Prods. Liab. Litig.*, 655 F. Supp. 2d 1379, 1380-81 (J.P.M.L. 2009) (denying transfer where proceedings as to common issues were complete, and "review of the record indicates that we have reached such a point in the life of this MDL" where transfer is not appropriate). Denying transfer is appropriate where, as here, the cases remaining in the MDL are mature, common discovery is completed, and the focus is on case-specific issues. *See, e.g., In re Bridgestone/Firestone*, 659 F. Supp. 2d at 1372 (denying transfer because "the work of the transferee court has reached an advanced stage" and "[a]ll common discovery was completed"); *In re AH Robins Co., Inc. "Dalkon Shield" Prods. Liab. Litig.,* 570 F. Supp.

4

1480, 1482 (J.P.M.L. 1983) (denying transfer because "common discovery proceedings are near an end"); *In re Air Crash Disaster Near Upperville, Va.*, 430 F. Supp. at 1297 (denying transfer because "all pretrial proceedings concerning the common issue of liability have been concluded in the transferee district"); *In re Seeburg-Commonwealth United Merger*, 333 F. Supp. 911, 912 (J.P.M.L. 1971) (denying transfer in part because "plaintiffs seem to have completed their discovery efforts and are proceeding expeditiously toward trial").

Discovery is closed in four of the five active cases in MDL 1358.[3]  Those cases are:

- *State of New Jersey Dep't of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*, No. 08-CIV-00312:  Fact and expert discovery is closed.  The parties are preparing dispositive motions.
- *Orange County Water District v. Unocal Corp., et al.*, No. 04-CIV-4968: Partial summary judgment motions were granted.  The court has not yet set a schedule for any remaining briefing or remand.
- *City of Fresno v. Chevron U.S.A., Inc., et al.*, No. 04-CIV-4973: Summary judgment motions have been filed and fully briefed.  After decisions are issued, the case will be ready for remand to the Northern District of California for trial.
- *City of Merced Redevelopment Agency v Exxon Mobil Corp., et al.*, 1:08-CV-06306:  Summary judgment was recently granted.  The case is ready for remand to the Eastern District of California for trial on state law claim.

There is only one active case remaining where discovery is open.  That case is:

- *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07-CIV-10470:  Fact discovery, which has been ongoing for approximately five years, is set to close in two months and expert discovery will be completed in April 2014.

The only discovery yet to be completed relates to individualized issues specific to that case.  For example, the parties are engaged in fact and expert discovery related to the

---

[3] There are also nine cases that are still pending in MDL 1358 in which the plaintiffs have settled with and voluntarily dismissed the claims against the majority of the defendants in December 2011.  Those cases are largely inactive.

specific gasoline releases alleged in the remaining case where discovery is open. Discovery is also being taken with regard to Defendants' supply and distribution of gasoline to the specific geographic locations at issue in that case. Expert discovery is being conducted about the particular Plaintiffs' damages and causation of their alleged injuries. Because such discovery is of little or no relevance to the newly filed cases, no efficiency would be gained by transfer of these cases to the MDL.

Put simply, the transferee court's work is done on common issues. For over a decade, the defendants in the MDL — which include all of the defendants named in the four potential tag-along cases — have provided extensive discovery on issues generally relevant to all MTBE cases, including:

- Defendants' alleged knowledge of MTBE's characteristics in groundwater;
- Defendants' alleged knowledge of MTBE's taste and odor characteristics;
- Defendants' alleged knowledge of MTBE's health effects;
- Defendants' alleged knowledge of MTBE's relative costs and benefits as a gasoline blending component;
- Defendants' decisions to use MTBE as an octane enhancer to replace lead in gasoline;
- Defendants' decisions to use MTBE as an oxygenate to comply with the federal Clean Air Act Amendments in the 1990s;
- Defendants' consideration and analysis of other oxygenates in gasoline, notably ethanol;
- Defendants' use of ethanol and other oxygenates in gasoline;
- Defendants' business practices and programs concerning handling and storage of gasoline and MTBE and efforts to prevent releases of gasoline;
- Defendants' alleged knowledge of gasoline releases and incidents of MTBE impacts to groundwater:
- Defendants' production, supply, and distribution of gasoline containing MTBE;

- Defendants' communications and "warnings" to gasoline distributors and dealers, water providers, government representatives and members of the public regarding gasoline releases and MTBE;

- Defendants' participation in industry groups pertaining to MTBE;

- Defendants' lobbying efforts and communications with government entities regarding MTBE, oxygenated gasoline and legislation and regulations pertaining to underground storage tanks; and

- Defendants' corporate structures.

Defendants have responded to hundreds of written discovery requests, and produced millions of pages of documents. In addition, plaintiffs' counsel have deposed hundreds of fact witnesses, Rule 30(b)(6) corporate representatives and nonparty witnesses, with some witnesses having been deposed multiple times. It is also important to note that MTBE has not been used in gasoline in the United States since 2006, thus generally obviating the need to update prior common fact discovery.

The parties to the potential tag-along cases can take advantage of the extensive discovery already taken in the MDL by agreeing to limit any new discovery to "gap filling" issues, as they have done in the MDL and other cases all along. *See In re Bridgestone/Firestone, Inc.*, 659 F. Supp. 2d at 1373 (denying transfer and noting that parties can avail themselves of documents and depositions accumulated during the MDL); *In re: Cessna 208 Series*, 655 F. Supp. 2d at 1380-81 (same). Indeed, counsel for the new plaintiffs — Weitz & Luxenberg and Baron & Budd — have extensive experience representing plaintiffs in the MDL and already have access to all of the discovery taken in the MDL and prior MTBE litigations. Issues of judicial efficiency concerning the four potential tag-along cases can also be addressed by seeking orders coordinating pretrial efforts where appropriate. *See In re Petroleum Prods. Antitrust Litig.*, 476 F. Supp. 455, 458 (J.P.M.L. 1979) (benefits to parties in the tag-along action

7

could be more easily garnered by suitable alternatives to transfer, including agreement that discovery conducted in the MDL could be made applicable in the new case, stipulation that further MDL discovery is applicable to new case, filing notices of depositions in all actions, and seeking court orders to direct parties to coordinate pretrial activities where appropriate); *In re Women's Clothing Antitrust Litig.*, 455 F. Supp. 1388, 1390 (J.P.M.L. 1978) (recommending alternatives to transfer and declining to establish an MDL).

With respect to legal issues, there have been many evidentiary and other rulings over the years in the MDL, as well as appellate guidance from the Second Circuit Court of Appeals. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, Nos. 10-4135-cv, 10-4329-cv, 2013 WL 3863890 (2d Cir. July 26, 2013) (*petition for rehearing and rehearing en banc filed* Aug. 9, 2013). *See also In re Bridgestone/Firestone*, 659 F. Supp. 2d at 1373 (judges presiding over subsequent actions can find useful guidance in MDL court's rulings). Transfer to the MDL at this advanced stage of the MDL docket will not improve judicial efficiency.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Panel vacate Conditional Transfer Order No. 42.

Dated:  August 13, 2013

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

Peter John Sacripanti
James A. Pardo
Stephen J. Riccardulli
340 Madison Avenue
New York, New York 10173
(212) 547-5400
(212) 547-5444 (facsimile)

*Counsel for Defendants Exxon Mobil
Corporation, ExxonMobil Oil Corporation,
and Mobil Corporation and on behalf of all
Defendants listed in Attachment A*

## ATTACHMENT A

Ashland Inc.
Atlantic Richfield Company
BP Amoco Chemical Company
BP-Husky Refining, LLC
BP Products North America Inc.
Chevron U.S.A. Inc.
CITGO Petroleum Corporation
CITGO Refining and Chemicals Company L.P.
ConocoPhilips Company
Equilon Enterprises LLC
Exxon Mobil Corporation
ExxonMobil Oil Corporation
Four Star Oil & Gas Company
Hess Corporation
Marathon Oil Company
Marathon Petroleum Company LP
Mobil Corporation
Motiva Enterprises LLC
PDV Midwest Refining, LLC
Shell Oil Company
Shell Oil Products Company LLC
Shell Petroleum, Inc.
Shell Trading (US) Company
Sun Company, Inc.
Sunoco, Inc. (f/k/a Sun Company, Inc.)
Sunoco, Inc. (R&M)
Texaco, Inc.
TMR Company
Total Petrochemicals & Refining USA, Inc.

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | MDL No. 1358 (SAS) |
| This document pertains to: | |
| *City of Manning, An Iowa Municipality v. Ashland Inc., et al.,* No. 3:13-cv-03033-MWB (N.D. Iowa) | |
| *City of Portageville, A Missouri Municipality v. Ashland Inc., et al.,* No. 1:13-cv-00091-SNLJ (E.D. Mo.) | |
| *Town of Hinesburg v. Atlantic Richfield Company, et al.,* No. 2:13-cv-198 (D. Vt.) | |
| *Town of Brewster, et al. v. Atlantic Richfield Company, et al.,* No. 1:13-cv-11695-RWZ (D. Mass.) | |

## CERTIFICATE OF SERVICE

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 13th day of August, 2013, I caused to be served by first class mail and electronic mail upon the following counsel for Plaintiffs, and on all counsel of record in MDL 1358 by Lexis Nexis File & Serve, a true and correct copy of the within Defendants' Motion to Vacate Conditional Transfer Order No. 42.

| | |
|---|---|
| Robert J. Gordon, Esq.<br>Robin Greenwald, Esq.<br>WEITZ & LUXENBERG, P.C.<br>700 Broadway<br>New York, New York 10003<br>RGordon@weitzlux.com<br>RGreenwald@weitzlux.com | Scott Summy, Esq.<br>Celeste Evangelisti, Esq.<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, Texas 75219<br>SSummy@baronbudd.com<br>CEvangelisti@baronbudd.com |
| Brian P. Galligan, Esq.<br>GALLIGAN REID, P.C.<br>300 Walnut Street, Suite 5<br>Des Moines, IA 50309<br>bgalligan@galliganlaw.com | Terry M. McVey, Esq.<br>CROW, REYNOLDS, SHETLEY, MCVEY & SCHERER, LLP<br>308 First Street / P.O. Box 189<br>Kennett, MO 63857<br>terry@crsmslaw.com |

| Richard M. Sandman, Esq. | E.M. Allen, Esq. |
| --- | --- |
| RODMAN, RODMAN & SANDMAN, P.C. | STETLER, ALLEN & KAMPMANN |
| 442 Main Street, Suite 300 | 95 St. Paul Street |
| Malden, MA 02148 | Burlington, VT 05401 |
| rsandman@rrslaw.net | budallenlaw@aol.com |

Lisa A. Gerson