# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

---------------------------------------------------------------------x

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation                          MDL No. 1358 (SAS)

This document pertains to:

*City of Manning v. Ashland, Inc., et al.,*
No. 3:13-cv-03033-MWB (N.D. Iowa)

*City of Portageville v. Ashland, Inc., et al.,*
No. 1:13-cv-00091-SNLJ (E.D. Mo.)

*Town of Hinesburg v. Atlantic Richfield Co.,*
*et al.,* No. 2:13-cv-198 (D. Vt.)

*Town of Brewster, et al. v. Atlantic Richfield*
*Co., et al.,* No. 1:13-cv-11695-RWZ (D. Mass)

---------------------------------------------------------------------x

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 42

Plaintiffs oppose Defendants' motion to vacate Conditional Transfer Order 42 ("CTO 42"), which would transfer the above-listed cases to MDL 1358, before Judge Shira Scheindlin in the Southern District of New York, where these cases have been and continue to be efficiently and effectively managed.

## I.    Introduction

The Panel first created MDL 1358 --- at the request of oil company defendants --- to consolidate products liability actions arising from contamination of public drinking water supplies with methyl tertiary butyl ether ("MTBE"), a gasoline additive. The Panel found that the pending actions involved common questions of fact concerning:

1

> i) whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risk to downstream users, the federal government or the public, and ii) whether plaintiffs sustained drinking water contamination as a result of MTBE contamination.

Transfer Order, October 10, 2000. Since that time, almost 200 cases have been transferred to MDL 1358. The Honorable Shira A. Scheindlin has presided over these cases, dedicating significant time and resources to developing the extensive knowledge and experience specific to these cases. This commitment has proven essential in permitting Judge Scheindlin to address industry-specific issues that arise in the discovery and motion phases in these complex cases involving the marketing and distribution practices of the oil and gas industry.

The United States Court of Appeals for the Second Circuit recently affirmed Judge Scheindlin's rulings on many legal issues, including preemption, ripeness, justiciable injury, and application of negligence, trespass, nuisance, and failure-to-warn to the facts of an MTBE contamination case. *See In re: MTBE Prods. Liab. Litig.*, 2013 U.S.App. LEXIS 15229 (2d. Cir. 2013). The opinion demonstrates the breadth of issues that Judge Scheindlin has addressed in these cases and the depth of analysis required. Transfer puts new cases into the hands of an experienced and efficient court, much to the benefit of the parties and judicial system.

The Panel recently transferred four additional cases: *City of Manning v. Ashland, Inc., et al.*, *City of Portageville v. Ashland, Inc., et al.*, *Town of Hinesburg v. Atlantic Richfield Company, et al.*, and *Town of Brewster, et al. v. Atlantic Richfield Company, et al.* CTO 42. These cases involve the same questions of law and fact as those that the Panel has previously transferred. Transferring these cases, too, will allow for a coordinated proceeding --- the underlying purpose of establishing an MDL --- and encourage efficient resolution of these actions.

2

Defendants now reverse their original position and oppose transfer of the four cases on the grounds that many of the other cases in the MDL have settled and common discovery is largely complete. Although many cases have settled, those settlements did not dispose of all cases. In the remaining cases, discovery continues, some of which relates to common questions. And new cases continue to be filed. In most cases, no party opposed transfer; in a few, however, certain defendants opposed transfer for the same reasons stated here. The Panel has previously overruled those oppositions, and nothing has changed to make Defendants' repeated arguments more persuasive now.

## II.   MDL 1358 is an Efficient Forum for Resolution of Cases

Judge Scheindlin's knowledge and familiarity with the attorneys for all parties provides further support for the consolidation of these cases within MDL 1358. Counsel for the new plaintiffs in these matters, Baron & Budd, P.C. and Weitz & Luxenberg, P.C., resolved many of the early MDL cases in two large settlements. Those two firms jointly represented more than 150 public water providers from 17 states whose cases were consolidated in MDL 1358. In May 2008, after several years of litigation, these law firms helped negotiate a $423 million settlement on behalf of those plaintiffs.

In 2009 and 2010, these firms filed approximately 20 new cases in state and federal courts in eight states. After these were transferred to MDL 1358, these firms negotiated a second settlement soon after transfer without further pre-trial litigation. In most of these cases, there was no discovery at all; the parties exchanged information solely related to settlement.[1]

---

[1]      In addition, the parties settled the claims of several water providers who had not yet filed lawsuits.

The Panel has previously affirmed that the transfer of new cases to MDL 1358 promotes judicial economy. It noted in 2010, after ten years of operation, that consolidation in MDL 1358 "will continue to serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *See* Transfer Order, October 7, 2010. The Panel specifically recognized the efficiency provided by Judge Scheindlin's familiarity with the facts and legal issues that arise in all MTBE cases:

> Since the creation of this MDL, much discovery has been completed and the transferee judge has addressed many complex and novel legal issues. At this time, she remains in the best position to manage all related MTBE actions in order to streamline remaining discovery and pretrial motions.

*Id.* at 2. Nothing has changed since the date of that order that would compel a different outcome.

Defendants do not argue here that litigating these four cases in four separate federal courts --- in Iowa, Missouri, Vermont, and Massachusetts --- inexperienced in the legal and factual issues would improve upon judicial economy and efficiency. Nor do they show that transfer would cause prejudice or inconvenience to any party. After all, the defendants who now challenge transfer have litigated and are still litigating cases in MDL 1358.

### III. Defendants Have Not Opposed Transfer to MDL 1358 in Similar Circumstances.

As stated above, the Panel created MDL 1358 on defendants' motion. Since the settlement in 2008, however, defendants have occasionally opposed transfer --- but only rarely. Since 2009, the Panel has issued several Conditional Transfer Orders transferring cases to MDL 1358. Defendants requested transfer in one case and opposed only two of those CTOs.

- The *City of Pomona,* California filed suit in the Superior Court for the County of Contra Costa. Defendants removed the case to federal court. On March 26, 2009, the Panel issued CTO 34, transferring the action to MDL 1358. No party opposed transfer.

4

- A month later, the *Village of Roanoke*, Illinois filed a new action in the Circuit Court of Woodford County, Illinois. Defendants removed the case to federal court. Four defendants --- Atlantic Richfield Company, BP Amoco Chemical Company, and BP Products North America --- filed a Notice of Related, Tag-Along Action and <u>asked the Panel to consolidate and transfer the new case to MDL 1358</u>. *See* Notice of Related, Tag-Along Action, June 12, 2009, attached as Exhibit A.[2] "Given the substantially similar nature of the allegations involved, the Panel should consolidate and transfer this related case 'for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of the actions' to MDL No. 1358." *Id*. at 2. On July 7, 2009, the Panel issued CTO-35, transferring Village of Roanoke to MDL 1358. <u>No party opposed transfer</u>.

- On April 19, 2010, the *Village of Bethalto*, Illinois[3] filed suit in the Circuit Court of Madison County, Illinois. Defendants removed to the United States District Court for the Southern District of Illinois. On May 5, 2010, the *Town of Kouts* , Indiana filed suit in the Northern District of Indiana. The Panel issued CTO 36, transferring both actions to MDL 1358. Defendants moved to vacate on the same grounds articulated here: that common discovery is complete, most of the cases have settled, and the transferee court has completed nearly all of the objectives of consolidation. *See* Defendants' Motion to Vacate Conditional Transfer Order 36, July 23, 2010, attached as Exhibit B. <u>The Panel denied the motion to vacate</u>, finding that transfer to MDL 1358 "will continue to serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *See* Transfer Order, October 7, 2010, at 2, attached as Exhibit C.

- On July 12, 2010, *Coraopolis Water & Sewer Authority*, Pennsylvania filed suit in the Court of Common Pleas for Philadelphia County. Defendants removed and filed a Notice of Related Action, stating their opposition to transfer. Although they indicated opposition, no defendant filed a motion to vacate, and the Panel issued CTO 38 on October 13, 2010.

- On September 3, 2010, *Bridgewater Water Department*, Massachusetts filed suit in the United States District Court District of Massachusetts. On January 24, 2011, the Panel issued CTO 40 transferring the case to MDL 1358. <u>No party opposed transfer</u>.

- Around the same time, on September 28, 2010, the *City of Kennett*, Missouri filed suit in the United States District Court for the Eastern District of Missouri. The City of Pattonsburg, Missouri filed suit on October 4, 2010 in the United States District Court for the Western District of Missouri. The Panel issued CTO 39,

---

[2]     For economy, plaintiffs have omitted the 100+ pages of exhibits attached to this document. Plaintiff will forward those pages to the Panel upon request.

[3]     The City of Nokomis intervened into the Village of Bethalto matter to expedite its settlement and good-faith approval.

transferring both cases to MDL 1358 on November 10, 2010.  <u>No party opposed transfer</u>.

- On January 17, 2011, *Mayor and Council of Berlin*, Maryland filed suit in the Circuit Court for Baltimore City on behalf of itself and six other municipalities in Maryland: City of Taneytown, City of Aberdeen, Town of Chestertown, City of Salisbury, Commissioners of Sharptown, and County Commissioners of Worcester County.  After the case was removed to federal court, the Panel issued CTO 41 on April 26, 2011, transferring the case to MDL 1358.  <u>One Defendant, 7-Eleven, Inc., moved to vacate CTO 41 --- but only because it had not consented to removal</u>.  7-Eleven subsequently withdrew its opposition.  *See* Order Lifting Stay of Conditional Transfer Order (June 10, 2011).  <u>No other party opposed transfer</u>.

## IV.    The Panel Continues to Transfer Actions that Will Benefit from MDL Consolidation.

None of the cases cited in Defendants' Motion compels the vacation of CTO 42.  Rather, those decisions demonstrate what is lacking in Defendants' request.  Defendants emphasize authority where the Panel denied transfer only after the transferee judge had advised that consolidation was no longer appropriate.  *See In re: Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp.2d 1371 (J.P.M.L. 2009) (Panel insisted on "close consultation" with transferee judges);  *In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, 655 F. Supp.2d 1379 (J.P.M.L. 2009) (deferring to transferee judge's statement that the MDL objectives are met);  *In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.*, 570 F. Supp. 1480, 1481-2 (J.P.M.L. 1983) (Panel adopted recommendation of the transferee judge, who "perceives his role under Section 1407 to be completed, and that transfer of actions under Section 1407 is no longer advisable.").

A comparable ground does not exist here.  Defendants have not suggested, let along demonstrated, that Judge Scheindlin has made similar representations about the state of MDL 1358.  She has not advised the parties that transfer is no longer appropriate.  At a status

conference on July 17, 2013, plaintiffs' counsel informed Judge Scheindlin both that new cases had been filed and that more would be filed shortly, and Judge Scheindlin did not state that her role in MDL 1358 is complete. Only Judge Scheindlin can advise that transfer is no longer advisable, "based upon [her] extensive experience and familiarity with the actions in this litigation." *See In re A.H. Robins Co.*, 570 F.Supp. at 1482. Judge Scheindlin has not done so.

Defendants also point to cases where the Panel declined to transfer particular cases that involved different claims than those at issue in the MDLs. For example, the Panel denied transfer in *In re Seeburg-Commonwealth United Merger* of two additional actions arising out of a "transaction separate and distinct from the later transactions" alleged in the common complaint. 333 F. Supp. 911, 911 (J.P.M.L. 1971). The Panel considered that there may have been some common questions of fact but found that the non-common issues clearly predominated. *Id.*; *see also In re Air Crash Disaster Near Upperville, Virginia on December 1, 1974*, 430 F. Supp. 1295, 1297 (J.P.M.L. 1977) (refusing to transfer two newly-filed cases involving airplane crew member deaths to MDL created to resolve claims arising from a passenger plane crash where all passenger cases were settled, the remaining cases involved entirely different parties, defendant TWA was not contesting liability in crew deaths, the only task for court was determination of damages, and the two cases were already pending in the same district). Such is not the case here, where the four new cases arise out of the same corporate decisions to use MTBE and only involve distribution of gasoline to different geographic areas.

The Panel in *Seeburg* then noted, as a minor point, that the cases to be transferred would not benefit from transfer as discovery seemed to be complete. *Id.* The Panel denied transfer on the same basis --- that discovery <u>in the tag-along actions</u> was substantially complete --- in *In re Women's Clothing Antitrust Litig.*, 455 F. Supp. 1388 (J.P.M.L. 1978). The same is not true of

the new MTBE cases.  No discovery has been conducted in *City of Manning v. Ashland, Inc., et al., City of Portageville v. Ashland, Inc., et al., Town of Hinesburg v. Atlantic Richfield Company, et al.,* and *Town of Brewster, et al. v. Atlantic Richfield Company, et al.*  Those cases will have the benefit of some common discovery, but the transferee's work is not done on the common issues.  On several of the common issues identified in Defendants' Motion (at 6), including "Defendants' production, supply, and distribution of gasoline containing MTBE," discovery has been limited to geographic areas relevant to previous cases that did not include the areas relevant to the new cases.

These tag-along actions will benefit significantly from consolidation before a judge who understands the distribution system for gasoline in the United States.  The Panel has previously recognized the need for dedicated judicial attention in complex cases involving the marketing and distribution practices of the oil and gas industry --- *i.e.*, in cases exactly like those in MDL 1358 and the tag-alongs.  It consolidated actions brought by several States that charged oil company defendants with antitrust violations.  *In re Petroleum Products Antitrust Litig.*, 476 F. Supp. 455 (J.P.M.L. 1979).  In creating that MDL, the Panel had foreseen that the 'fact that the structure and business practices of the oil industry are extremely complex is no secret to anyone and underlies our thoughts (concerning retransfer).  Surely, much judicial attention will be required to process this litigation.'"  *Id.* at 457.

The Panel's predictions "concerning the complexity of the issues raised by the actions in [*In re Petroleum*] as well as [its] prediction concerning the amount of judicial time and effort needed to organize and control pretrial proceedings in this litigation, have clearly been borne out," *id.* at 458, in MDL 1358 as well.  Indeed, the litigation in MDL 1358 has required Judge Scheindlin to dedicate significant judicial resources to the complicated interrelationships of

various oil refiners over time, the sophisticated legal arguments on numerous issues, the oversight of discovery between hundreds of corporate entities and municipal, corporate, or governmental plaintiffs, and the coordination of proceedings in dozens of actions. That investment of judicial time and effort has and will continue to benefit cases by providing a predictable structure for pretrial litigation and eventual settlement.

## V.    Conclusion

As the Panel recognized in 2010, transfer to MDL 1358 "will continue to serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *See* Transfer Order, October 7, 2010.  Judge Scheindlin's investment in the complex legal and factual issues and dedication to the orderly resolution of the litigation ensures that she is in the best position to manage all related MTBE cases.  Judicial economy and continuity in determinations strongly support the consolidation of these four new cases in MDL 1358.

Plaintiffs respectfully request that the Panel deny Defendants' motion to vacate CTO 42.

Dated:    September 3, 2013
          New York, New York

By:    _William A. Walsh_

William A. Walsh, Esq. (WW 3301)
Robert J. Gordon, Esq.
Robin L. Greenwald, Esq.
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY  10003
Telephone:  212-558-5505
Facsimile:  212-344-5461

Scott Summy, Esq.
Cary L. McDougal, Esq.
Carla M. Burke, Esq.
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave., Suite 1100
Dallas, TX  75219
Telephone:  214-521-3605
Facsimile:  214-521-1181

*Attorneys for Plaintiffs*

# *EXHIBIT A*



25635854

Jun 12 2009
4:05PM

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

--------------------------------------------------
                                              :
IN RE:                                        :
                                              :
METHYL-TERTIARY BUTYL ETHER :   **MDL Docket No. 1358**
PRODUCTS LIABILITY                            :
LITIGATION                                    :
                                              :
                                              :
--------------------------------------------------

## NOTICE OF RELATED, TAG-ALONG ACTION

      Pursuant to Rules 7.2(i) and 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendants Atlantic Richfield Company, BP Amoco Chemical Company and BP Products North America Inc. hereby notify the Clerk of the Panel of the following tag-along action and state as follows:

      1.     The following tag-along case is now pending in the United States District Court for the Central District of Illinois, having been removed from Illinois state court on June 8, 2009:

      •    *Village of Roanoke v. Ashland, Inc., et al.*, Case No. 09-1200 (C.D. Ill.) (Complaint attached as Exhibit C)

      2.     This related case is a tag-along action because it involves "common questions of fact with actions previously transferred under Section 1407" to MDL No. 1358. *See* JPML Rule 1.1. The Panel transferred the original actions to MDL No. 1358 because they

involved common questions of fact concerning "whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users, the federal government or the public" and "whether plaintiffs sustained drinking water contamination as a result of MTBE contamination." (*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation* Transfer Order at 1 (Oct. 10, 2000), attached as Exhibit A) (hereinafter "MDL No. 1358"). Since February 6, 2004, the Panel has issued two dozen Conditional Transfer Orders transferring over 140 pending actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. (*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation* Conditional Transfer Orders (CTO-4 through CTO-34), attached as Exhibit B). The related action alleges the same common questions of fact as those transferred under the original Transfer Order and the subsequent Conditional Transfer Orders. Given the substantially similar nature of the allegations involved, the Panel should consolidate and transfer this related case "for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of the actions" to MDL No. 1358. 28 U.S.C. § 1407.

WHEREFORE, Defendants Atlantic Richfield Company, BP Amoco Chemical Company and BP Products North America Inc. notify the Panel of the foregoing related tag-along case.

Dated: June 12, 2009                    Respectfully submitted,

                                        _____
                                        J. Andrew Langan
                                        John J. Amberg
                                        KIRKLAND & ELLIS LLP
                                        300 North LaSalle Street
                                        Chicago, Illinois  60654
                                        312-862-2000
                                        312-862-2200 (Facsimile)

                                        *Attorneys for Defendants Atlantic Richfield Company,*
                                        *BP Amoco Chemical Company and*
                                        *BP Products North America Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2009, a copy of the foregoing was served via LNFS to all counsel of record in MDL 1358, and sent by United States mail, postage prepaid, to:

Mr. John D. Cooney
Mr. Kevin Conway
Cooney & Conway, PC
120 N. LaSalle Street, Suite 3000
Chicago, IL 60602

Mr. Scott Summy
f.1s. Carla Burke
Baron & Budd, P.E.
3102 Oak Lawn Avenue, Suite
1100 Dallas, TX 75219-4281


Mr. Robert J. Gordon
Ms. Robin Greenwald
Weitz & Luxenberg
180 Maiden Lane, 171st Floor
New York, NY 10038.4925

John Q. Amberg

4

# EXHIBIT B

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL NO. 1358 (SAS) |
| This Documents Relates to: | ) ) |  |
| *Village of Bethalto v. Ashland, Inc., et al.,* United States District Court for the Southern District of Illinois (Case No. 3:10-CV-396) | ) ) ) ) |  |
| *Town of Kouts v. Ashland, Inc., et al.* United States District Court for the Northern District of Indiana (Case No. 2 10 CV 186) | ) ) ) ) |  |

**DEFENDANTS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 36**

The defendants listed in Attachment A respectfully move the Judicial Panel on Multidistrict Litigation (the "Panel") to vacate Conditional Transfer Order No. 36 (the "CTO") issued by the Clerk of the Panel on July 1, 2010. The CTO applies to the *Village of Bethalto v. Ashland, Inc., et al.* ("*Bethalto*") action, which was removed to the United States District Court for the Southern District of Illinois on May 27, 2010, and to the *Town of Kouts v. Ashland, Inc., et al.* ("*Kouts*") action, which was filed in the United States District Court for the Northern District of Indiana on May 5, 2010. The CTO would transfer *Bethalto* and *Kouts* to *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, MDL No. 1358, which the Panel

1

first created in October 2000 and which remains pending (but is winding down) before the Hon. Shira A. Scheindlin, U.S. District Court, Southern District of New York.  Defendants filed Notices of Opposition to Transfer of *Bethalto* and *Kouts* on June 2 and June 3, 2010, respectively.  Defendants filed a Notice of Opposition to the CTO on July 9, 2010.  This Motion is supported by the Memorandum of Law below.

## MEMORANDUM OF LAW

### I.    Summary of Argument

1.    "Multidistrict litigation is not static . . . . Over the course of time, the relative merits of transferring additional cases can change as the transferee court completes its primary tasks."  *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig. (MDL No. 1373)*, 659 F.Supp.2d 1371, 1372 (J.P.M.L. 2009); *see also In re Cessna 208 Series Aircraft Prods. Liab. Litig. (MDL No. 1721)*, 655 F. Supp. 2d 1379, 1380 (J.P.M.L. 2009) (vacating CTO and noting that MDL judge had "assiduously pursued the basic objectives of multidistrict litigation, and the record demonstrates that those objectives have almost entirely been met.").

2.    This certainly is true in MDL 1358, where over the course of almost a decade Judge Scheindlin has completed virtually every one of the "basic objectives" and "primary tasks" that can be expected of an MDL proceeding.  Judge Scheindlin has issued scores of written opinions amounting to thousands of pages on a wide variety of issues in this litigation.[1]  Years of common discovery – literally hundreds of depositions, written discovery requests and responses, and several million pages of document productions – have been completed and the results

---

[1] As Judge Scheindlin noted in a 2007 decision, during a three-year period of the MDL, the Court "issued thirty-six substantive opinions and orders, comprising more than one thousand pages of text; has issued thirty Case Management Orders; and has held over thirty-five status conferences. . . ."  *In MTBE Prods. Liab. Lit.*, 510 F. Supp. 2d 299, 301-02 (S.D.N.Y. 2007).  Over the nearly 10 years since MDL 1358 was created, the transferee court has issued about 90 written decisions.

collected in various databases and repositories.  One case has been taken through trial to verdict and now awaits appeal.  The vast majority of the other cases were settled months or years ago, while in still more cases, almost all defendants have reached settlement in principle with the plaintiffs.  The very few cases that remain pending – approximately 20 – are moving through case-specific discovery and towards remand to their respective forums for trial.

3.  In short:  "the work of the transferee court has reached an advanced stage" in MDL 1358.  *In re Bridgestone/Firestone*, 659 F.Supp.2d at 1372.  Indeed, the work of the transferee court arguably has reached its final stages.  There remains little, if any, "common" discovery to be taken by the parties and few, if any, "basic objectives" or "primary tasks" for the transferee court to complete.  Just as in *Bridgestone/Firestone*, "inclusion of [this action] is no longer necessary to achieve the just and efficient conduct of the litigation." *Id.* (citing 28 U.S.C. § 1407(a)); *see also Cessna*, 655 F. Supp. at 1381 (finding transfer "would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.").  Accordingly, *Bethalto* and *Kouts* should not be transferred to the MDL court and the CTO should be vacated.

## II.  **Background**

4.  The Panel may transfer for consolidated pretrial proceedings any civil action involving (i) one or more questions of fact that, (ii) for the convenience of parties and witnesses, will (iii) promote the just and efficient conduct of the action. 28 U.S.C. §1407(a) (2010).  The resulting multidistrict litigations ("MDLs") allow district courts and parties to operate more efficiently by streamlining the pretrial process, thus avoiding burdensome issues such as duplicative discovery. *See In re Int'l House of Pancakes Franchise Litig.*, 374 F.Supp. 1406, 1407 (J.P.M.L. 1974).  In addition to consolidating multiple actions into one MDL, the Panel

also may transfer to existing MDLs late-coming "tag-along" actions that "involv[e] common questions of fact with actions previously transferred under Section 1407." J.P.M.L. R. 1.1.

5.     Transfer of a "tag-along" action is not automatic, however, as "neither the convenience of witnesses and parties nor the just and efficient conduct of actions are served, *ipso facto,* by transfer just because there are common questions of fact in the civil actions involved." *In re Motion Pictures Licensing Antitrust Litig.*, 479 F. Supp. 581, 591 (J.P.M.L. 1979) (citing with approval the concurrence in *In re "East of the Rockies" Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254 (J.P.M.L. 1969)).  Rather, the decision whether to transfer a "tag-along" action requires a case-by-case analysis to determine that transfer will not frustrate the goals of Section 1407.  And as the Panel has noted recently, where an existing MDL is far enough along that most of the transferee court's "basic objectives" or "primary tasks" have been completed, "tag-along" actions can be conducted as efficiently in their original courts as in the transferee court – and transfer of the "tag-along" action will be denied.  *In re Bridgestone/Firestone*, 659 F. Supp. 2d at 1372; *In re Cessna*, 655 F. Supp. 2d at 1381.

## III.   **Argument**

6.     The Panel should vacate the CTO because the *Bethalto* and *Kouts* actions fail to meet the statutory criteria for transfer.  Transferring a "tag-along" action invokes the same powers used in creating an MDL, so the same standards apply:  if the "tag-along" action has common issues of fact with actions in the MDL, "the question becomes whether or not the inclusion of the ... ["tag-along" action] would serve the convenience of the parties and their witnesses and would promote the just and efficient conduct of [the] *entire* litigation." *See In re Multidistrict Commodity Credit Corp. Litig. Involving Grain Shipments*, 319 F.Supp. 533, 535 (J.P.M.L. 1970) (emphasis added).  "When a transferee judge has accomplished essentially all of the primary objectives of centralization under 28 U.S.C. § 1407 and the advantages of

4

transferring a particular tag-along no longer clearly outweigh the disadvantages, then [the] Panel promotes the interests of efficiency and justice by *ending* the automatic transfer of such cases." *In Re Cessna*, 655 F. Supp. 2d at 1381 (emphasis added).  Because the potential advantages of the transfer proposed here do not outweigh the disadvantages and because transfer would not promote efficient conduct of the entire litigation, the Panel should vacate the CTO.

### A.   Pretrial Proceedings in MDL 1358 Are at an Advanced Stage.

7.   As the Panel has pointed out, "[o]ver the course of time, the relative merits of transferring additional cases can change as the transferee court completes its primary tasks . . . . After a certain point ... the benefits of transfer should not be assumed to continue." *In re Bridgestone/Firestone,* 659 F. Supp. 2d at 1372.  The Panel consistently has declined to transfer newly-filed "tag-along" actions if a transfer would hinder or delay the already advanced pretrial proceedings in the MDL. *See, e.g., In re Bridgestone/Firestone*, 659 F. Supp. 2d at 1372 (denying transfer because "the work of the transferee court has reached an advanced stage.  All common discovery was completed in the transferee district"); *In re Cessna 208 Series Aircraft*, 655 F. Supp. 2d at 1380 (denying transfer based on finding that "All common discovery is completed and the judge has issued many substantive rulings that will help shape the litigation of individual cases which remains."); *In re AH Robins Co. "Dalkon Shield,"* 570 F. Supp. 1480, 1482 (J.P.M.L 1983) (denying transfer because "common discovery proceedings are near an end ... [the transferee judge] perceives his role under Section 1407 to be completed, and that transfer of actions under Section 1407 is no longer advisable"); *In re Air Crash Disaster Near Upperville, Va.*, 430 F. Supp. 1295, 1297 (J.P.M.L. 1977) (denying transfer because "all pretrial proceedings concerning the common issue of liability have been concluded in the transferee district"); *In re Seeburg-Commonwealth United Merger*, 333 F. Supp. 911, 912 (J.P.M.L. 1971)

(denying transfer in part because "plaintiffs seem to have completed their discovery efforts and are proceeding expeditiously toward trial.").

      8.    Here, the work of the MDL 1358 transferee court has reached an advanced stage. All common discovery is complete – or very nearly complete[2] – and there is no added benefit to be gained by transferring *Bethalto* or *Kouts* to the MDL. All of the defendants named in the *Bethalto* and *Kouts* actions are also defendants in MDL 1358. These defendants have provided extensive discovery on issues generally relevant to all MTBE cases for approximately twelve years, including discovery taken in two pre-MDL 1358 actions in California – *South Tahoe Public Utility District v. Atlantic Richfield Co., et al.*, and *Communities for a Better Environment v. Unocal Corp. et al.* – all of which was made available to the parties in the present MDL.[3] Indeed, the vast majority of discovery remaining to be taken in MDL 1358 relates to facts specific to the individual cases, not general issues common to MTBE product liability actions nationwide.

      9.    Plaintiffs in MDL 1358 and the prior MTBE litigations have conducted extensive and exhaustive discovery of defendants and nonparties covering all common liability issues. In just the four cases initially selected by the MDL court as "focus cases" – *County of Suffolk and*

---

[2] Among the very limited common "discovery" yet to be completed are trial depositions that the Exxon Mobil Defendants intend to take of certain current and former Exxon Mobil employees.

[3] MDL 1358 was initially created by the Panel in October 2000, at which time a number of cases involving private water well owners asserting MTBE products liability claims on behalf of putative state-wide classes were transferred to the Southern District of New York before Judge Scheindlin. Those parties – including some of these same defendants and some of the same plaintiffs' counsel – engaged in significant discovery and motion practice, leading up to Judge Scheindlin's July 2002 denial of plaintiffs' motion for class certification. Pursuant to Case Management Order 6 in the present MDL 1358, discovery taken of defendants in the three "Prior MTBE Litigations" – *South Tahoe Public Utility District v. Atlantic Richfield Co., et al.*, *Communities for a Better Environment v. Unocal Corp. et al.*, and the first MDL 1358 – is treated as if taken in the present MDL, and any further discovery to be taken of parties that were defendants in the prior actions is limited to "gap filling" on issues not covered by discovery in the prior cases.

*Suffolk County Water Authority v. Amerada Hess Corp., et al.*; *United Water New York v. Amerada Hess Corp, et al.*; *City of New York v. Amerada Hess Corp., et al.*; and *Orange County Water District v. Unocal Corp., et al.* – defendants have responded to more than 550 requests for production of documents, about 700 interrogatories, and more than 125 requests for admissions, not counting voluminous additional requests in cases not designated as "focus cases." In all of the cases to date, defendants have produced millions of pages of documents and electronic communications (the exact number is impossible to ascertain). In addition, plaintiffs' counsel have deposed more than 250 fact witnesses, Rule 30(b)(6) corporate representatives and nonparty witnesses, with some witnesses having been deposed multiple times.

10.     The discovery provided by defendants has comprehensively covered the central issues that are common to MTBE cases generally – and which serve as the groundwork for creating this MDL in the first place – including:

- Defendants' alleged knowledge of the characteristics of MTBE in groundwater;

- Defendants' alleged knowledge of the taste and odor characteristics of MTBE;

- Defendants' alleged knowledge of the health effects of MTBE;

- Defendants' alleged knowledge of the relative costs and benefits of MTBE as a gasoline blending component;

- Defendants' decisions to use MTBE as an octane enhancer to replace lead in gasoline;

- Defendants' decisions to use MTBE as an oxygenate to comply with the federal Clean Air Act Amendments and California mandates in the 1990s;

- Defendants' consideration and analysis of other permitted oxygenates in gasoline, notably ethanol;

- Defendants' use of ethanol and other oxygenates in gasoline;

- Defendants' business practices and programs concerning handling and storage of gasoline and MTBE and efforts to prevent releases of gasoline;

- Defendants' alleged knowledge of gasoline releases and incidents of MTBE contamination of groundwater;

- Defendants' production, supply and distribution of gasoline containing MTBE;

- Defendants' communications and "warnings" to gasoline distributors and dealers, water providers, government representatives and members of the public regarding gasoline releases and MTBE;

- Defendants' participation in industry groups pertaining to MTBE;

- Defendants' lobbying efforts and communications with government entities regarding MTBE, oxygenated gasoline and legislation and regulations pertaining to underground storage tanks; and

- Defendants' corporate structures.

11.     In addition, both sides have completed extensive discovery of expert topics common to all MTBE product liability actions.    Counsel for plaintiffs and defendants, respectively, have generally retained the same experts on non-case-specific issues in all MTBE product liability cases.  These experts have provided reports and given numerous depositions on a wide range of common liability topics, including the toxicology of MTBE, environmental characteristics of MTBE, taste and odor characteristics of MTBE, and causes and prevalence of releases of gasoline containing MTBE.

12.     The only discovery not yet completed in MDL 1358 relates to individualized issues that are specific to the relatively few cases that remain in the MDL.  For example, the parties are engaged in fact and expert discovery related to the specific gasoline releases and impacts alleged in the remaining cases.  Discovery is also being taken with regard to defendants' supply and distribution of gasoline to the specific geographic locations at issue in these cases. Expert discovery is being conducted with regard to the particular plaintiffs' damages and causation of their alleged injuries.  Because such discovery in the cases remaining in the MDL is of little or no relevance to *Bethalto* and *Kouts*, no efficiency would be gained by transfer of these cases to the MDL.

**B.**    <u>Just and Efficient Alternatives to Transfer Exist.</u>

13.    Not only does the Panel avoid transfer when an MDL's pretrial proceedings have advanced significantly, but the Panel has found, in numerous situations, little reason for such transfer when efficient and just alternatives to transfer exist. Specifically, the Panel has proposed that (i) the parties could make discovery already completed in the transferee district available to the "tag-along" parties, (ii) the parties could stipulate that future discovery relevant to both the MDL and the "tag-along" action would be made available to all parties; (iii) the parties could file deposition notices in all actions so as to make the deposition applicable in all actions; (iv) the parties could seek orders from the relevant courts that the parties must coordinate pretrial efforts; and (v) the parties and courts could all cooperate and coordinate to avoid conflicting pretrial rulings. *In re Petroleum Prods. Antitrust Litig.*, 476 F. Supp. 455, 458 (J.P.M.L. 1979) (finding that transfer would "bestow[] upon the parties in [the "tag-along" action] concomitant benefits that could more easily be garnered by suitable alternatives to Section 1407 transfer," albeit when the plaintiffs in the "tag-along" action sought greater discovery than the transferee judge's pretrial program allowed); *see also In re Women's Clothing Antitrust Litig.*, 455 F. Supp. 1388, 1390 (J.P.M.L. 1978) (recommending alternatives and declining to establish an MDL because "the advanced stage of pretrial proceedings in [the] actions" weighed against transfer even though the actions involved commons questions of fact). In short, "transfer for coordinated or consolidated pretrial proceedings is not mandated by a finding that common questions of fact permeate the actions," *In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969), and alternatives to transfer can readily address issues of judicial efficiency, especially where pretrial proceedings have approached conclusion and remand.

14.    Here, no efficiency would be gained by transferring *Bethalto* and *Kouts* to MDL 1358. Counsel for both plaintiffs, Weitz & Luxenberg, P.C. and Baron & Budd, P.C., together

have represented the majority of the plaintiffs in MDL 1358 and already have access to all of the discovery taken in the MDL and prior MTBE litigations.[4]   At the outset of the MDL, Judge Scheindlin ordered all parties to preserve documents potentially relevant to the litigation and to create repositories for maintaining produced documents, as well as documents that may be discoverable.  MDL 1358 Case Management Order No. 2.

15.     In *Bethalto* and *Kouts*, the parties could take advantage of the extensive discovery already taken in the MDL by agreeing to treat all discovery taken in the MDL and prior actions as if it were taken in *Bethalto* and *Kouts*, and to limit any new discovery to "gap filling" issues, as they have been doing in the MDL cases and other cases all along.  Such an approach has worked well in the present MDL and is also being used in the State of New Hampshire's MTBE case, which was in MDL 1358 before it was remanded back to New Hampshire state court.[5]

16.     To the extent that future discovery in the MDL may be relevant to *Bethalto* and *Kouts* – or vice versa – counsel for the plaintiffs will have access to that discovery, and the parties could agree that the discovery will be taken for purposes of both the MDL and the *Bethalto* and *Kouts* actions.

## C.     Transfer Is Improper Because Most MDL 1358 Actions Already Have Been Resolved.

17.     The Panel creates MDLs for efficient pretrial proceedings, and transferring new "tag-along" actions has a regressive effect when a transferee court has, as is the case here, efficiently dispatched a large number of its cases.  In *Bridgestone/Firestone*, the Panel originally

---

[4] In fact, Weitz & Luxenberg is plaintiffs' liaison counsel in the MDL.  Baron & Budd also was counsel for the plaintiff in the *Communities for a Better Environment* case in California.

[5] In addition to the *State of New Hampshire*, several other MTBE product liability cases are pending in state courts against one or more of the MDL defendants.  Thus, whether *Bethalto* and *Kouts* are transferred to MDL 1358 or not, all "related" cases will not be consolidated in one court for pretrial proceedings.

"transferred over 820 cases to the Southern District of Indiana for centralization within the MDL No. 1373." *In re Bridgestone/Firestone*, 659 F. Supp. 2d at 1372. The Panel praised the transferee judge because, by the time the disputed "tag-along" actions came before the Panel, "[a]s a consequence of [the transferee judge's] productive efforts, only twelve cases remain[ed] in the transferee district." *Id.* Given the substantial resolution of the MDL docket, the Panel concluded that "inclusion of these two actions in MDL No. 1373 [was] no longer necessary to achieve the just and efficient conduct of the litigation." *Id.*

18.     The Panel made a similar determination in *In re Air Crash Disaster Near Upperville, Va.* There, the Panel highlighted the fact that "all actions before [the transferee judge] have either been tried or settled." *In re Air Crash Disaster Near Upperville, Va.*, 430 F. Supp. at 1297. After weighing this fact with other factors, the Panel determined that "none of the criteria for Section 1407 transfer set forth in the Panel's earlier decision in this litigation still applie[d]." *Id.* at 1298.

19.     Like the transferee court in *Bridgestone/Firestone*, the transferee court here has overseen resolution of the vast majority of cases that once comprised MDL 1358. A total of 183 cases have been transferred to the present MDL 1358. Approximately 116 were remanded to state court, voluntarily terminated, or were the subject of comprehensive settlement agreements long ago. Another 46 cases have been voluntarily dismissed or settled and await only final signatures on the necessary paperwork.[6] One case has been tried to a partial judgment against

---

[6] In 38 cases, settlements in principle have been reached among *all* the parties, and these cases will soon be dismissed. An additional 8 open cases have reached settlements in principle with most defendants and the remaining few defendants have been notified of the plaintiffs' intent to dismiss the cases against them.

the sole remaining defendant.[7]  What is left are approximately 20 cases that are moving quickly through discovery and towards remand for trial in their respective forums.[8]

20.     MDL 1358 is not just at an "advanced stage," it is at its final stage.  As in *Cessna*, given the status of the MDL, "the advantages of transferring [the] tag along action no longer clearly outweigh the disadvantages." *In re Cessna*, 655 F. Supp. 2d at 1381.  That is precisely the case here.  Because the transfer of *Bethalto* and *Kouts* into MDL 1358 "is [not] necessary to achieve the just and efficient conduct of the litigation" – either the individual cases, or the dwindling MDL proceeding – the CTO should be vacated.

## IV.     Conclusion

21.     Although parties generally profit from consolidated and coordinated litigation, transfer of the "tag-along" actions in this instance profits none of the parties involved and actually falls far short of the criteria authorizing transfer.   Given the advanced stage of proceedings in the MDL, the just and efficient alternatives available to the parties in the *Bethalto* and *Kouts* actions, and the number of cases within the MDL that have already settled or been otherwise resolved, the Panel should vacate Conditional Transfer Order No. 36.

---

[7] The *City of New York v. Amerada Hess et al.* case was never formally remanded by the Panel, but has already been tried in the Southern District of New York to a partial judgment against the one remaining defendant.

[8] Eight of the remaining 20 cases have already been settled by all but one or two defendants.

Dated: July 23, 2010

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

_____

Peter John Sacripanti
340 Madison Avenue
New York, NY 10017
(212) 547-5400
(212) 547-5444 (facsimile)

*Counsel for Defendants Exxon Mobil Corporation,
ExxonMobil Chemical Company, ExxonMobil Oil
Corporation and Mobil Corporation and on behalf of
all Defendants listed in Attachment A*

## ATTACHMENT A

Ashland, Inc.
BP Amoco Chemical Company
BP Products North America Inc.
Chevron Corporation
Chevron U.S.A., Inc.
CITGO Petroleum Corporation
CITGO Refining and Chemicals Company, L.P.
ConocoPhillips Company
Crown Central LLC
El Paso Merchant Energy-Petroleum Company
Equilon Enterprises, LLC
Exxon Mobil Corporation
ExxonMobil Chemical Company
ExxonMobil Oil Corporation
Flint Hills Resources, L.P.
Gulf Oil Limited Partnership
Marathon Petroleum Company, LLC
Marathon Oil Company
Mobil Corporation
Motiva Enterprises, LLC
PDV Midwest Refining, L.L.C.
The Premcor Refining Group Inc.
Shell Oil Company
Shell Oil Products Company, LLC
Shell Petroleum, Inc.
Shell Trading (US) Company
Sunoco, Inc.
Sunoco, Inc. (R&M)
Texaco, Inc.
TMR Company
Total Petrochemicals USA, Inc.
Valero Energy Corporation
Valero Refining and Marketing Company
Valero Marketing and Supply Company

# EXHIBIT C

Case MDL No. 1358   Document 432   Filed 09/03/13   Page 32 of 34
Case 1:00-cv-01898-SAS -DCF   Document 3201   Filed 10/28/10   Page 1 of 2

Case MDL No. 1358   Document 309   Filed 10/07/10   Page 1 of 2

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: METHYL TERTIARY BUTYL ETHER
("MTBE") PRODUCTS LIABILITY LITIGATION

| | | |
|---|---|---|
| Village of Bethalto v. Ashland, Inc., et al., | ) | |
| S.D. Illinois, C.A. No. 3:10-396 | ) | MDL No. 1358 |
| Town of Kouts v. Ashland, Inc., et al., | ) | |
| N.D. Indiana, C.A. No. 2:10-186 | ) | |

TRANSFER ORDER

**Before the entire Panel**[*]: The oil company defendants[1] in these two actions move pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[2] asking the Panel to vacate its order conditionally transferring these actions to the Southern District of New York for inclusion in MDL No. 1358. Defendants argue that MDL proceedings are advanced and inclusion of *Village of Bethalto* and *Town of Kouts* is no longer necessary to achieve the just and efficient conduct of the litigation. Plaintiffs favor inclusion of their respective actions in MDL No. 1358, arguing that MDL proceedings are ongoing and Judge Scheindlin is in the best position to manage these proceedings.

After considering all argument of counsel, we find that *Village of Bethalto* and *Town of Kouts* involve common questions of fact with actions in this litigation previously transferred to the Southern District of New York, and that transfer of the actions to the Southern District of New York for inclusion

---

[*] Judges Heyburn and Furgeson took no part in the disposition of this matter.

[1] Ashland, Inc.; BP Amoco Chemical Co.; BP Products North America, Inc.; Chevron Corp.; Chevron U.S.A., Inc.; CITGO Petroleum Corp.; CITGO Refining & Chemicals Co., L.P.; ConocoPhillips Co.; Crown Central, LLC; El Paso Merchant Energy-Petroleum Co.; Equilon Enterprises, LLC; Exxon Mobil Corp.; Exxon Mobil Chemical Co.; Exxon Mobil Oil Corp.; Flint Hills Resources, L.P.; Gulf Oil Limited Partnership; Marathon Petroleum Co., LLC; Marathon Oil Co.; Mobil Corp.; Motiva Enterprises, LLC; PDV Midwest Refining, LLC; The Premcor Refining Group, Inc.; Shell Oil Co.; Shell Oil Products Co., LLC; Shell Petroleum, Inc.; Shell Trading (US) Co.; Sunoco, Inc.; Sunoco, Inc. (R&M); Texaco, Inc.; TMR Co.; Total Petrochemicals USA, Inc.; Valero Energy Corp.; Valero Refining & Marketing Co.; and Valero Marketing & Supply Co.

[2] Amended Panel Rules became effective on October 4, 2010.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____

Deputy Clerk

Case MDL No. 1358   Document 432   Filed 09/03/13   Page 33 of 34
Case 1:00-cv-01898-SAS -DCF   Document 3201   Filed 10/28/10   Page 2 of 2

Case MDL No. 1358   Document 309   Filed 10/07/10   Page 2 of 2

-2-

in MDL No. 1358 will continue to serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions involving allegations relating to MTBE contamination. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 2000 U.S. Dist. LEXIS 14901 (J.P.M.L. Oct. 10, 2000).

Given the ongoing discovery and other pretrial proceedings in MDL No. 1358, the Panel finds that inclusion of *Village of Bethalto* and *Town of Kouts* in MDL No. 1358 is appropriate. As defendants point out, multidistrict litigation is not static and, over time, the relative merits of transferring additional cases can change as the transferee court completes its primary tasks. *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F.Supp.2d 1371,1372 (J.P.M.L. 2009); *see also In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, 655 F.Supp.2d 1379 (J.P.M.L. 2009). Whether continued inclusion of tag-along actions is appropriate is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases. Because the transferee judge supervises the day-to-day pretrial proceedings, the Panel also inquires from time-to-time whether the transferee judge thinks that continued inclusion of tag-along actions promotes the just and efficient conduct of litigation. Since the creation of this MDL, much discovery has been completed and the transferee judge has addressed many complex and novel legal issues. At this time, she remains in the best position to manage all related MTBE actions in order to streamline remaining discovery and pretrial motions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shira A. Scheindlin for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman*          Kathryn H. Vratil
David R. Hansen                        W. Royal Furgeson, Jr.*
Frank C. Damrell, Jr.                  Barbara S. Jones

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

-----------------------------------------------------------------------x

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation                         MDL No. 1358 (SAS)

This document pertains to:

*City of Manning v. Ashland, Inc., et al.,*
No. 3:13-cv-03033-MWB (N.D. Iowa)

*City of Portageville v. Ashland, Inc., et al.,*
No. 1:13-cv-00091-SNLJ (E.D. Mo.)

*Town of Hinesburg v. Atlantic Richfield Co.,*
*et al.,* No. 2:13-cv-198 (D. Vt.)

*Town of Brewster, et al. v. Atlantic Richfield*
*Co., et al.,* No. 1:13-cv-11695-RWZ (D. Mass)

-----------------------------------------------------------------------x

### CERTIFICATE OF SERVICE

William A. Walsh, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury, that on the 3rd day of September, 2013, I caused to be served by first class mail and electronic mail upon defendants' liaison counsel Peter J. Sacripanti, Esq. at McDermott Will & Emery LLP, 340 Madison Avenue, New York, New York 10173, and on all counsel of record in MDL 1358 by Lexis/Nexis File & Serve, a true and correct copy of the accompanying "Plaintiffs' Opposition to Defendants' Motion to Vacate Conditional Transfer Order No. 42," dated September 3, 2013.

Dated:  Sept. 3, 2013

William A. Walsh