**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>This document pertains to:<br><br>*City of Manning, An Iowa Municipality v. Ashland Inc., et al.,* No. 3:13-cv-03033-MWB (N.D. Iowa)<br><br>*City of Portageville, A Missouri Municipality v. Ashland Inc., et al.,* No. 1:13-cv-00091-SNLJ (E.D. Mo.)<br><br>*Town of Hinesburg v. Atlantic Richfield Company, et al.,* No. 2:13-cv-198 (D. Vt.)<br><br>*Town of Brewster, et al. v. Atlantic Richfield Company, et al.,* No. 1:13-cv-11695-RWZ (D. Mass.) | MDL No. 1358 (SAS) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 42**

The purpose of MDL 1358, into which Conditional Transfer Order 42 ("CTO 42") would transfer four newly filed methyl tertiary butyl ether ("MTBE") product liability cases, was to consolidate pretrial proceedings and address common issues pursuant to 28 U.S.C. § 1407. In their response to defendants'[1] motion to vacate CTO 42, plaintiffs do not dispute that the transferee judge, Hon. Shira Scheindlin, has accomplished those goals with the almost 200 cases that have been part of MDL 1358. Plaintiffs also do not dispute that only a handful of actions, which are now in advanced stages, remain in that MDL. They instead focus on the time and resources Judge Scheindlin has put into this litigation, including her oversight of a trial that has made its

---
[1] Attachment A lists defendants joining this motion.

way through the appellate process since the Judicial Panel on Multidistrict Litigation (the "Panel") last transferred cases into MDL 1358. Judge Scheindlin's work on this litigation and the appellate review of her legal rulings merely demonstrates, however, that the common pre-trial issues and discovery have been thoroughly addressed. MDL 1358 is reaching its end, and there is little benefit to be gained by transfer of the newly filed cases to the MDL.

## ARGUMENT

### I. THE TRANSFEREE COURT'S WORK ON COMMON ISSUES IN MDL 1358 IS DONE.

Although plaintiffs rely on the Panel's 2010 order transferring cases to MDL 1358, they overlook that the Panel explicitly wrote that "multidistrict litigation is not static" and its relative merits can change over time. Transfer Order (Oct. 7, 2010), p. 2 (citations omitted). Circumstances are very different now than they were in 2010 with respect to MDL 1358 and the pending MTBE cases, and certainly nothing like they were 13 years ago when this MDL docket began. Since 2010, the number of cases in the MDL has tapered from approximately 20 to only five active cases, discovery has closed in all but one of those cases, and the parties have received appellate guidance from the Second Circuit Court of Appeals' 2013 opinion. Thus, defendants are not "reversing their position" regarding the transfer of MTBE cases to MDL 1358, as plaintiffs incorrectly assert. *See* Pls.' Opposition to Defs.' Motion to Vacate Conditional Transfer Order No. 42 ("Pls.' Opp."), p. 3. Defendants recognize this Panel's 2010 holding, *see* Transfer Order (Oct. 7, 2010), p. 2, and assert that a current review of the status of MDL 1358 proceedings and the relative merits of transfer now weigh against transfer.

Plaintiffs' own response demonstrates that the transferee court's work on the common issues in MDL 1358 has reached its end. As plaintiffs concede, the transferee court has spent considerable time and resources on the issues in these cases and managing the litigation, which resulted in an opinion from the Second Circuit Court of Appeals that, in plaintiffs' own words, demonstrates the "breadth of issues" addressed and "depth of analysis" completed by the transferee court. Pls.' Opp., p. 2. Contrary to plaintiffs' claim that "nothing has changed" since the Panel's previous orders transferring MTBE product liability actions to MDL 1358, the issuance of this opinion in 2013 makes plain that virtually all common issues have been largely dealt with in the MDL.[2] The transferee court has met the primary objectives of centralization under 28 U.S.C. § 1407, and MDL 1358 has reached the point where the automatic transfer of new MTBE cases no longer promotes the interests of efficiency and justice. *See, e.g., In re: Cessna 208 Series Aircraft Prods. Liab. Litig.*, 655 F. Supp. 2d 1379, 1380-81 (J.P.M.L. 2009) (Panel promotes the interests of efficiency and justice by ending the automatic transfer where the primary objectives of centralization have been met).

Plaintiffs do not and cannot identify any specific common discovery to be accomplished with transfer of the four new cases to MDL 1358. Plaintiffs' contention that the four new cases "arise out of the same corporate decisions to use MTBE and only involve distribution of gasoline to different geographic areas" does not help them. *See* Pls.' Opp., p. 7. First, any decisions to use MTBE (which has not been in use in gasoline in the United States since 2006) have been thoroughly explored in MDL discovery that

---

[2] In 2007, the MDL court wrote that over the past three years, it had issued 36 substantive opinions and orders, comprising more than 1,000 pages of text, had issued 30 Case Management Orders, and held over 35 status conferences. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 510 F. Supp. 2d 299, 301 (S.D.N.Y. 2007).

has already been completed.[3]  *See* Defs.' Motion to Vacate Conditional Transfer Order No. 42, pp. 5-7.  Moreover, the distribution of gasoline in different geographic areas is not a common issue either among the four new cases — which involve different municipalities in four different states, Iowa, Missouri, Vermont and Massachusetts — or to the only remaining case in the MDL in which discovery is still open, which involves gasoline distribution in the Commonwealth of Puerto Rico.[4]  Further, although plaintiffs refer to Judge Scheindlin's understanding of the oil and gas industry, the issues that most required knowledge of the industry and the environment in which defendants operated were general, non-case-specific issues that the transferee court has already addressed.  Finally, the four new cases involve exclusively state law claims from jurisdictions other than New York.  Legal issues in those cases are appropriately decided by federal courts sitting in and versed in the law of those states.  *See In re Asbestos Prod. Liab. Litig.*, 2012 WL 1431223, at *5 (E.D. Pa. Apr. 12, 2012) ("in matters of state law, the transferor court, albeit a federal court, generally is more experienced in the application of the law of the state in which it sits than is the transferee MDL court"); *In re Wireless Tel. 911 Calls Litig.*, 2005 WL 1564978, at *9 (N.D. Ill. June 3, 2005) (no need for MDL transferee court to address questions of state law, which "should await the attention of the transferor courts on remand").

---

[3] Plaintiffs have taken very little common discovery in recent MTBE cases.  Plaintiffs themselves note that in most of approximately 20 cases transferred to MDL 1358 in 2009 and 2010, there was no discovery at all.  *See* Pls.' Opp., p. 3.

[4] Plaintiffs rely on *In re Petroleum Products Antitrust Litigation*, 476 F. Supp. 455 (J.P.M.L. 1979), to suggest that the complexity of the gasoline distribution system requires transfer to the MDL.  In that case, however, the Panel actually denied transfer of a new case into an MDL regarding gasoline distribution and pricing because the new case would have proceeded on a different set of discovery issues or discovery track than the cases already in the MDL.  *See id.* at 458.

## II. PLAINTIFFS CONFUSE THE STANDARD FOR TRANSFER UNDER SECTION 1407.

Plaintiffs' statement that "only" the transferee court can advise that transfer is no longer warranted is misleading. *See* Pls.' Opp., p. 7. 28 U.S.C. § 1407 provides that the Panel may transfer cases for consolidated proceedings upon "*its* determination that transfers for such proceedings will be for the convenience of the parties and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a) (emphasis added). Neither Section 1407 nor the case law plaintiffs cite contain any requirement that the transferee court must advise that transfer is no longer appropriate.

Plaintiffs' suggestion that defendants must establish why litigation in the respective district courts where the cases were filed would be more efficient is similarly misguided. Pls.' Opp., p. 4. The party seeking transfer bears the burden of demonstrating that consolidation would promote the just and efficient conduct of litigation, not the other way around. *See In re Tobacco/Governmental Health Care Costs Litig.*, 76 F. Supp. 2d 5, 7 (D.D.C. 1999) ("In moving to transfer a 'tag-along' action, the moving party has the burden of demonstrating that transfer will further the purposes of Section 1407." (internal quotations omitted)).

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Panel vacate Conditional Transfer Order No. 42.

Dated: September 10, 2013

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

_____

Peter John Sacripanti
James A. Pardo
Stephen J. Riccardulli
340 Madison Avenue
New York, New York 10173
(212) 547-5400
(212) 547-5444 (facsimile)

*Counsel for Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation and on behalf of all Defendants listed in Attachment A*

**ATTACHMENT A**

Ashland Inc.
Atlantic Richfield Company
BP Amoco Chemical Company
BP-Husky Refining, LLC
BP Products North America Inc.
Chevron U.S.A. Inc.
CITGO Petroleum Corporation
CITGO Refining and Chemicals Company L.P.
ConocoPhillips Company
Equilon Enterprises LLC
Exxon Mobil Corporation
ExxonMobil Oil Corporation
Four Star Oil & Gas Company
Hess Corporation
Marathon Oil Company
Marathon Petroleum Company LP
Mobil Corporation
Motiva Enterprises LLC
PDV Midwest Refining, LLC
Shell Oil Company
Shell Oil Products Company LLC
Shell Petroleum, Inc.
Shell Trading (US) Company
Sun Company, Inc.
Sunoco, Inc. (f/k/a Sun Company, Inc.)
Sunoco, Inc. (R&M)
Texaco, Inc.
TMR Company
Total Petrochemicals & Refining USA, Inc.

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>This document pertains to:<br><br>*City of Manning, An Iowa Municipality v. Ashland Inc., et al.,* No. 3:13-cv-03033-MWB (N.D. Iowa)<br><br>*City of Portageville, A Missouri Municipality v. Ashland Inc., et al.,* No. 1:13-cv-00091-SNLJ (E.D. Mo.)<br><br>*Town of Hinesburg v. Atlantic Richfield Company, et al.,* No. 2:13-cv-198 (D. Vt.)<br><br>*Town of Brewster, et al. v. Atlantic Richfield Company, et al.,* No. 1:13-cv-11695-RWZ (D. Mass.) | MDL No. 1358 (SAS) |

**CERTIFICATE OF SERVICE**

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 10th day of September, 2013, I caused to be served by first class mail and electronic mail upon the following counsel for Plaintiffs, and on all counsel of record in MDL 1358 by Lexis Nexis File & Serve, a true and correct copy of the within Defendants' Reply In Support Of Motion To Vacate Conditional Transfer Order No. 42.

| | |
|---|---|
| Robert J. Gordon, Esq.<br>Robin Greenwald, Esq.<br>WEITZ & LUXENBERG, P.C.<br>700 Broadway<br>New York, New York 10003<br>RGordon@weitzlux.com<br>RGreenwald@weitzlux.com | Scott Summy, Esq.<br>Celeste Evangelisti, Esq.<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, Texas 75219<br>SSummy@baronbudd.com<br>CEvangelisti@baronbudd.com |
| Brian P. Galligan, Esq.<br>GALLIGAN REID, P.C.<br>300 Walnut Street, Suite 5<br>Des Moines, IA 50309<br>bgalligan@galliganlaw.com | Terry M. McVey, Esq.<br>CROW, REYNOLDS, SHETLEY, MCVEY & SCHERER, LLP<br>308 First Street / P.O. Box 189<br>Kennett, MO 63857<br>terry@crsmslaw.com |

9

| Richard M. Sandman, Esq.           | E.M. Allen, Esq.              |
| RODMAN, RODMAN & SANDMAN, P.C.     | STETLER, ALLEN & KAMPMANN    |
| 442 Main Street, Suite 300         | 95 St. Paul Street            |
| Malden, MA 02148                   | Burlington, VT 05401          |
| rsandman@rrslaw.net                | budallenlaw@aol.com           |

_____
Lisa A. Gerson