BEFORE THE
UNITED STATED JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re Methyl Tertiary Butyl Ether
("MTBE") Products Liability Litigation

This document pertains to:                              MDL Docket No. 1358

*Short, et al. v. Amerada Hess Corp., et al.,*
No. 1:16-CV-00204 (D.N.H.)

### MEMORANDUM OF LAW IN SUPPORT OF MOTION
### FOR TRANSFER OF ACTION PURSUANT TO 28 U.S.C. § 1407

Defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation (collectively, "ExxonMobil"), on behalf of itself and certain other defendants,[1] respectfully submit this memorandum of law in support of their Motion to transfer the matter entitled *Short, et al. v. Amerada Hess Corp., et al.* ("*Short*") to MDL Docket No. 1358 to ensure that pretrial proceedings in this matter are handled consistently and efficiently along with similar proceedings presently and previously pending in this MDL.

### BACKGROUND

Plaintiffs in the *Short* matter filed their complaint in Cheshire County Superior Court in New Hampshire on April 11, 2016. The plaintiffs are 19 individuals who reside or have resided in or near West Swanzey, New Hampshire. The complaint claims that ExxonMobil and the other defendants supplied gasoline to, owned, or operated a retail service station in West Swanzey, and that releases of gasoline from that station led to contamination of their drinking water with the gasoline component methyl tertiary butyl ether ("MTBE").

---

[1] Defendants Shri Ganesh Corporation c/o Dharnem Patel, Joseph Hart, and Peterborough Oil join this Motion. Defendant Richard Cartier is deceased, and to ExxonMobil's understanding, defendants Faham B. Effendi and Shagufta N. Effendi have not yet been served.

On May 20, 2016, this matter was removed to the federal district court for the District of New Hampshire, and the Panel was notified that *Short* was a potential "tag-along action" because it may involve "common questions of fact with … actions previously transferred to an existing MDL[.]"[2]  JPML Rule 1.1(h); *see also* Oct. 10, 2000 JPML Transfer Order (the actions to be transferred involve common questions of fact, including "whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users … [and] whether plaintiffs sustained drinking water contamination as a result of MTBE contamination"); Compl. ¶¶ 67-69 (alleging that defendants failed to fully disclose knowledge of MTBE, that defendants made misrepresentations in the marketing of MTBE, and that contamination of the waters in West Swanzey, New Hampshire with MTBE was the result of defendants' conduct).

On June 2, 2016, the parties received a Notice to Counsel from the Clerk of the Panel, pursuant to JPML Rule 7.1(b)(i), stating he had determined that the *Short* matter was not appropriate for inclusion in MDL No. 1358.

## ARGUMENT

The Panel may transfer for coordinated pretrial proceedings civil actions that involve one or more common questions of fact when the transfer will be "for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a). Transfer of the *Short* matter to MDL 1358 is appropriate and desirable because it involves questions of fact and law common to the at least 170 other cases that the Panel has transferred during the nearly sixteen years since it created the MDL, including most recently less than one year ago, in July 2015.  Coordination of pretrial proceedings with the other cases currently active

---

[2] *See* Notice of Removal [Dkt. No. 1], *Short, et al. v. Amerada Hess Corp., et al.*, No. 1:16-cv-00204 (D.N.H. May 20, 2016).

in the MDL, two of which are in the early stages of discovery, will benefit the parties and promote just and efficient resolution by reducing duplicative discovery and ensuring consistent handling of the complex issues that inevitably are raised by these matters.

I.    **The *Short* Case Involves Sufficient Common Questions of Fact with Other MDL 1358 Cases to Warrant Transfer**

When the Panel established MDL 1358, it reasoned that centralization was appropriate because the cases all involved common questions that included "whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users … [and] whether plaintiffs sustained drinking water contamination as a result of MTBE contamination." October 10, 2000 JPML Transfer Order (Docket No. 1358, Doc. No. 22). Since that time, the Panel repeatedly and consistently has reaffirmed that reasoning in transferring additional cases to MDL 1358. *See, e.g.*, February 2, 2004 Transfer Order (Doc. No. 74) (transferring 13 cases "for the reasons stated in the order of October 10, 2000); October 18, 2005 Transfer Order (Doc. No. 208) (asserting that the transferred case "shares questions of fact with actions in this litigation previously transferred" and also finding transfer was appropriate "for reasons expressed by the Panel in its original order directing centralization"); October 7, 2010 Transfer Order (Doc. No. 309) (same); October 9, 2013 Transfer Order (Doc. No. 440) (same).[3]   To this end, all other MTBE cases pending in federal court have been placed in MDL 1358.

---

[3] On occasions, ExxonMobil has opposed transfer of various cases to MDL 1358. *See, e.g.*, Notice of Opposition to Transfer of *Young v. ExxonMobil Oil Corp.* (Nov. 14, 2011) (Docket No. 1358, Doc. No. 28); Notice of Opposition to Conditional Transfer Order 36 (July 29, 2010) (Docket. No. 1358, Doc. No. 293); Notice of Opposition to Condition Transfer Order No. 41 (July 29, 2013) (Docket No. 1358, Doc. No. 384). On each of those occasions, the Panel nonetheless determined that consolidation of the cases was appropriate. *See, e.g.*, Transfer Order CTO-1 (Jan. 24, 2001) (Docket No. 1358, Doc. No. 47); Transfer Order CTO-36 (Oct. 7, 2010) (Docket No. 1358, Doc. No. 309); Order (June 10, 2011) (Docket No. 1358, Doc. No. 377). More recently, the Panel has transferred *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, No. 2:14-cv-04327-HB (E.D. Pa.) and *City of Beaux Bridge, La. v. Alon Refining Krotz Springs, Inc., et al.*, No. 6:15-cv-09159 (W.D. La.) without opposition. *See*

The core allegations in the *Short* matter are substantially similar to many of those in other MTBE lawsuits that have been transferred to MDL 1358. For example, the *Short* complaint includes a litany of MTBE characteristics about which it claims the defendants knew or should have known (*e.g.*, ¶¶ 31-33, 36-48, 66); allegations that the defendants acted both separately and jointly to conceal or misrepresent MTBE's nature (*e.g.*, ¶¶ 34, 59); claims that defendants used and promoted MTBE without issuing warnings despite knowledge of its alleged threats (*e.g.*, ¶¶ 66-74); and allegations that this conduct has led to contamination of the plaintiffs' water supplies (*e.g.*, ¶¶ 78, 83-86).

Further, other focused allegations present in the *Short* matter, including claims arising from releases of gasoline at a single location are also consistent with prior transfers. The cases that have been transferred to MDL 1358 all have involved different geographic areas and magnitudes – ranging from statewide matters, such as *Commonwealth of Puerto Rico v. Shell Oil Company, et al.*, No. 13-01678 (Finalized Conditional Transfer Order, January 23, 2014, Doc. No. 444), to matters (like this one) involving a single release site and a limited numbers of parties, such as *Quick v. Shell Oil Co. et al.*, No. 05-cv-7269 (16 plaintiffs, six defendants, August 11, 2005 Transfer Order, Doc. No. 196) (Panel found that the action was appropriate for transfer where it shared questions of fact with other cases previously transferred to the MDL, including allegations that the defendants "knew about and misrepresented the nature of MTBE resulting in drinking water contamination").

Even where individual discovery is needed due to some dissimilarities in cases, consolidation in a MDL can still be appropriate. *See, e.g.*, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L.

---

Finalized Conditional Transfer Order No. 44 (July 30, 2014) (Docket No. 1358, Doc. No. 451); Finalized Conditional Transfer Order No. 45 (July 28, 2015) (Docket No. 1358, Doc. No. 459).

#46856221_v1

2010), in which the Panel approved centralization of cases that constituted a combination of putative class actions seeking recovery for economic losses, cases involving smaller numbers of plaintiffs seeking damages for wrongful death or personal injury, and some that included claims under the Oil Pollution Act.  731 F. Supp. 2d at 1354.  The cause (or causes) of the spill at issue, the role of the defendants, and even the personal injury and death actions overlapped factually making inclusion appropriate despite requiring "some amount of individual discovery." *Id.* at 1354-55.  *See also, e.g.*, *In re Classicstar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1346 (J.P.M.L. 2007) (transfer of actions to a multidistrict litigation does not require a complete identity, or even a majority, of common factual or legal issues, and transfer is appropriate where all actions raised common factual questions regarding the promotion and operation of a lease program despite the existence of some facts unique to each plaintiff); *In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp. 2d 1379 (J.P.M.L. 2009) (approving transfer of cases involving allegations that zinc levels in denture creams caused a variety of injuries to differently-situated plaintiffs).  As it did in those matters and in prior MTBE actions, the Panel should find here that transfer to the existing MDL is warranted and appropriate.

**II.   Transfer Will Aid Just and Efficient Resolution By Avoiding Duplicative Activity and Ensuring Consistent Rulings on Complex Issues**

During the sixteen-year course of MDL 1358, voluminous discovery has been conducted on the factual issues that are common to virtually all of the cases in the MDL and the *Short* case, including the defendants' knowledge of MTBE's characteristics and behavior, their history of MTBE usage, and the complex system used to transport gasoline from refineries to distribution terminals to individual retail stations.  ExxonMobil and CITGO, the major oil company defendants in the *Short* matter, have responded to literally hundreds of interrogatories concerning these common factual issues, produced tens of thousands of pages of potentially relevant

5

documents, and presented numerous witnesses for deposition testimony. Moreover, the two other current MDL 1358 cases that are in the early stages of discovery – *Commonwealth of Pennsylvania* and *Puerto Rico v. Shell Oil Company, et al.*– will explore these same issues, as will the *Short* plaintiffs. Transferring the *Short* matter at this time would ensure coordination of that discovery, where appropriate, and also would allow the parties to benefit from the experience developed addressing this type of discovery in prior cases, and rulings made on complex issues that can arise from the same. This Panel has recently noted the advantages of centralization in such circumstances. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, ___ F. Supp. 3d ___, 2015 WL 8541734 (MDL No. 2666, December 11, 2015) (consolidation is appropriate where substantial pretrial proceedings, including expert discovery, remain in existing cases despite the fact that two cases had been pending substantially longer than the other actions in the MDL)); *see also, e.g.*, *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001) (even if *most* of the common discovery has already been done, a single transferee judge can "structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other cases."); *In re Dow Chem. Co. Sarabond Prods. Liab. Litig.*, 650 F. Supp. 187, 189 (J.P.M.L. 1986) (transferee judge can achieve efficiencies by making appropriate discovery that has already been conducted applicable to later-filed matters).

Judicial resources will also be more efficiently utilized by transfer of this matter to MDL 1358. With Judge Scheindlin's retirement, ExxonMobil recognizes that the newly assigned Judge will likely need to invest time in learning the factual complexities and legal history that has been developed over the history of this MDL in order to address the range of pretrial issues

that tend to arise in these cases and will arise in the pending MTBE 1358 cases. The New Hampshire federal district court judge who will oversee the *Short* matter if not transferred to MDL 1358, likewise, has no experience in MTBE cases and will face the same learning curve as the MDL judge in the same period of time. Coordination at this time will relieve the New Hampshire federal judge from the burden of managing pretrial proceedings that the MDL 1358 judge will already be managing due to other pending cases.

In sum, the common allegations and efficiencies to be gained make transfer of this matter to MDL 1358 appropriate and consistent with prior precedent both in MDL 1358 and other situations considered by the Panel.

WHEREFORE, Defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation respectfully request the Judicial Panel on Multidistrict Litigation to grant its motion and to transfer the matter *Short, et al. v. Amerada Hess Corp., et al.,* No. 1:16-CV-00204 (D.N.H.) from the federal district court of the District of New Hampshire to MDL 1358.

Dated: June 15, 2016                               Respectfully submitted,

                                                   EXXON MOBIL CORPORATION and
                                                   EXXONMOBIL OIL CORPORATION

                                                   By their attorney,


                                                   */s/ Deborah E. Barnard*
                                                   Deborah E. Barnard
                                                   HOLLAND & KNIGHT LLP
                                                   10 St. James Avenue
                                                   Boston, MA 02116
                                                   Tel: (617) 854-2700
                                                   Fax: (617) 854-6850
                                                   *deborah.barnard@hklaw.com*

#46856221_v1