# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 1358

## ORDER DENYING TRANSFER

**Before the Panel:**[*]  Defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation (together, ExxonMobil) move under 28 U.S.C. 1407(c) for transfer of the action listed on Schedule A (*Short*) to the Southern District of New York for inclusion in MDL No. 1358.  ExxonMobil represents that three co-defendants join in the motion.[1]  Plaintiffs did not file a response.

After considering the argument of counsel, we deny the motion for transfer.  MDL No. 1358 was centralized by the Panel 16 years ago in October 2000.  The principal common discovery and a bellwether trial were completed by late 2010, and the vast majority of actions have been resolved through settlement, dispositive motions, or remand to their transferor courts.  Thus, the litigation is at a very advanced stage.  In addition, only five actions remain in active litigation, and they have focused largely on site-specific issues.  In these circumstances, movant's contention that *Short* shares common factual issues with the few actions still pending in the MDL does not persuade us that transfer will promote the just and efficient conduct of the litigation.

The relative merits of transferring additional cases can change as the transferee court completes its primary tasks. *See In re: Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371,1372 (J.P.M.L. 2009).  Whether continued inclusion of tag-along actions is appropriate, therefore, is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases.  While movants are correct that, years ago, we determined that transfer of potential tag-along actions was warranted "to streamline discovery and motions practice in . . . new actions with the discovery and motions practice that have been completed [in the MDL],"[2] our current review of the record leads us to conclude that transfer of new actions is no longer warranted.  Site-specific issues now predominate in the few actions remaining in this 16-year old MDL, and likely will predominate in the *Short* action, which concerns a single site in New Hampshire.

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] Shri Ganesh Corporation; Joseph Hart; and Petersborough Oil Company.

[2] *See* Transfer Order (*City of Manning, et al.*), Doc. No. 440, at 2 (J.P.M.L. Oct. 9, 2013).

-2-

We encourage the parties to voluntarily coordinate any overlapping discovery or pretrial motions raised by *Short*.  Indeed, ExxonMobil has represented in filings opposing transfer of other actions that such informal coordination of related actions is practicable.[3]

IT IS THEREFORE ORDERED that the motion for transfer of the action listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION


_____
                    Sarah S. Vance
                    Chair

Marjorie O. Rendell          Charles A. Breyer
Lewis A. Kaplan              R. David Proctor
Catherine D. Perry

---

[3]  *See* Defs.' Mot. to Vacate CTO, Doc. No. 422, at 7-8 (J.P.M.L. Aug. 13, 2013).

**IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 1358

## SCHEDULE A

District of New Hampshire

SHORT, ET AL. v. AMERADA HESS CORPORATION, ET AL., C.A. NO. 1:16-00204