BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION<br><br>This Documents Relates To:<br><br>*State of Rhode Island v. Alon Refining, et al.*, United States District Court for the District of Rhode Island (Case No. CA16-495) | MDL 1358 |

## NOTICE OF POTENTIAL TAG-ALONG ACTION

Pursuant to Rule 7.1(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, counsel for Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation and Mobil Corporation, and on behalf of the Defendants listed at Attachment A, (collectively, "Joining Defendants") hereby notify the Clerk of the Panel of the following "tag-along action," as defined in JPML Rule 1.1, and state as follows:

1. The following action is now pending in the United States District Court for the District of Rhode Island: *State of Rhode Island v. Alon Refining Krotz Springs, et al.*, Case No. CA16-495. (Complaint at Attachment B.)

2. This case is a potential "tag-along action" because it involves "common questions of fact with ... actions previously transferred to an existing MDL[.]" JPML Rule 1.1(h); *see also* Oct. 10, 2000 JPML Original Transfer Order (the actions to be transferred involve common questions of fact including, "whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risk to downstream users ... [and] whether plaintiffs sustained drinking water contamination as a result of MTBE contamination."); *Compl.* ¶¶ 24, 28, 29 (alleging that defendants failed to fully disclose knowledge of MTBE, that

defendants made misrepresentations in the marketing of MTBE, and that contamination of the waters of the Commonwealth with MTBE was the result of defendants' conduct).

3. Joining Defendants are aware of the Panel's October 3, 2016 Order Denying Transfer (Doc. 489) in *Short v. Amerada Hess Corp.*, C.A. No. 1:16-00204 (D.N.H.). The instant matter differs significantly from *Short* – which was brought by a few private individuals for, *inter alia*, alleged personal injuries and diminution in the value of their properties – but pleads claims that are almost identical to the three state sovereign actions (*New Jersey, Puerto Rico, Pennsylvania*) that now dominate the MDL 1358 proceedings. Those existing MDL actions are in various stages of litigation, with, for example, non-site-specific discovery having just begun in Pennsylvania. In addition, several important legal issues common to all of the sovereign cases have yet to be resolved by the MDL Court (e.g., litigation structure after focus site trials; plaintiffs' standing to assert claims for private well testing and remediation), and given the size of these sovereign cases, the very significant efficiencies which led to the creation of this MDL – and which have been recognized throughout its existence – continue with full force and effect and, in fact, may be more important going forward. Because the instant matter will rely on much of the case management decisions made, and discovery already taken, in the MDL, consolidation will promote judicial efficiency and consistency in the instant case and in all of the pending MDL cases. Consolidation also will allow the parties to avoid duplication of effort, both in discovery and in motions practice, and maximize the efficiencies already engendered by the MDL.[1]

---

[1] Defendants acknowledge having previously sought (unsuccessfully) to vacate a Conditional Transfer Order in the *City of Manning, et al.*, action. But *Manning* was like the *Short* case insofar as it involved a single, relatively small plaintiff with only a few allegedly impacted public supply wells. The instant case is entirely different as it is brought by a state sovereign, seeking relief on behalf of both itself and its citizens, and presumably involving far more allegedly impacted sites, properties and resources. In this respect, the instant action is far more like the *New Jersey, Puerto Rico* and *Pennsylvania* sovereign actions the JPML already has consolidated for pretrial proceedings.

4.  WHEREFORE, undersigned counsel respectfully notify the Panel of the foregoing potential tag-along case.

Dated: New York, New York
October 14, 2016

By: _____
James A. Pardo
Lisa A. Gerson
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173
Tel: (212) 547-5400
Fax: (212) 547-5444
lgerson@mwe.com

*Attorneys for Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation*

*And*

*On behalf of the Defendants Identified on Attachment A*

## ATTACHMENT A

Alon Refining Krotz Springs
Ashland Inc.
Atlantic Richfield Company
BP Products North America
Chevron U.S.A. Inc.
Coastal Eagle Point Oil Company
ConocoPhillips Company
El Paso Merchant Energy Petroleum Corporation
Equilon Enterprises LLC
Hess Corporation
Marathon Oil Company
Marathon Petroleum Company LP
Motiva Enterprises LLC
Shell Oil Company
Shell Oil Products Company LLC
Shell Petroleum, Inc.
Shell Trading (US) Company
Sunoco, Inc.
Total Petrochemical & Refining USA, Inc.
TRMI-H LLC