BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION<br><br>This Documents Relates To:<br><br>*State of Rhode Island v. Alon Refining, et al.*, United States District Court for the District of Rhode Island (Case No. CA16-495) | MDL No. 1358 |

## MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS' MOTION FOR TRANSFER OF ACTION PURSUANT TO 28 U.S.C. § 1407

The Defendants listed on Exhibit A ("Defendants") respectfully submit this memorandum of law in support of their Motion to transfer the above-captioned matter to MDL 1358 so that pretrial proceedings can be consistently and efficiently coordinated with the four state sovereign actions presently pending in that MDL.

## BACKGROUND

Plaintiff's complaint was filed in the United States District Court for the District of Rhode Island on September 6, 2016. In most material respects, the causes of action and factual allegations asserted by Plaintiff are nearly identical to those at issue in the *New Jersey*, *Commonwealth of Puerto Rico (I and II)* and *Commonwealth of Pennsylvania* actions, all of which are pending presently in MDL 1358. Plaintiff contends that Defendants manufactured, distributed and/or sold a "defective product" (gasoline containing MTBE), about which they failed to provide adequate warnings, and that as a result, MTBE has impacted drinking water resources.

On October 14, 2016, certain Defendants notified the Panel that *Rhode Island* was a potential "tag-along action" because it involves "common questions of fact with … actions previously transferred to an existing MDL[.]" JPML Rule 1.1(h); *see also* Oct. 10, 2000 JPML Transfer Order (the actions to be transferred involve common questions of fact, including "whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users … [and] whether plaintiffs sustained drinking water contamination as a result of MTBE contamination"). On October 17, 2016, the Clerk of the Panel gave notice to counsel that he had determined *Rhode Island* was not appropriate for inclusion in MDL 1358. Defendants now respectfully move the full Panel for transfer and consolidation.

## SUMMARY OF ARGUMENT

The Panel is, of course, familiar with the applicable standard: civil cases may be transferred and consolidated into an MDL for coordinated pretrial proceedings if the cases involve one or more common questions of fact and, in the Panel's judgment, transfer will "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). It is beyond dispute that *Rhode Island* shares many common questions of fact – as well as myriad legal issues – with the *New Jersey*, *Puerto Rico* and *Pennsylvania* actions.

As for whether transfer and consolidation will "promote the just and efficient conduct of such actions," Defendants acknowledge the Panel's recent decision not to transfer *Short v. Amerada Hess Corp.* ("*Short*"), and the reasons given for that decision. Defendants are mindful of the Panel's holding in *Short*, but petition for transfer here because *Rhode Island*, and the other pending matters in MDL 1358, unlike *Short*, are all statewide cases. As such, continued coordination of the handling of issues that arise in statewide cases, including some that have not yet been resolved, will "promote the just and efficient conduct" of all the statewide cases. The

benefits of coordination of these pending statewide matters is enhanced because all of these matters have significant pre-trial work still underway due either to the time in which they were filed or because the case has been staged.

## ARGUMENT

I. **The *Rhode Island* Claims Are Substantially the Same as Claims in the Other State Sovereign Cases That Remain Pending in MDL 1358.**

*Rhode Island* is substantially the same, in terms of its legal claims and factual allegations, as the *New Jersey*, *Puerto Rico* and *Pennsylvania* actions. The causes of action asserted in *Rhode Island* are substantially similar to those brought by the other state sovereign plaintiffs. As in other cases currently and previously in the MDL, the *Rhode Island* complaint includes causes of action for trespass, nuisance, federal and state environmental law violations, and products liability. Likewise, the fundamental facts alleged are the same: *i.e.*, Defendants conspired to manufacture and/or market a defective product (gasoline with MTBE); Defendants failed to warn about that product's risks to groundwater; and the product was released to the environment, impacting groundwater (including drinking water resources).

Like the complaints in pending MDL 1358 cases, the *Rhode Island* complaint includes a litany of MTBE characteristics about which it claims the defendants knew or should have known (*e.g.*, ¶¶ 30-48); claims that defendants used and promoted MTBE without issuing warnings despite purported knowledge of its alleged threats (*e.g.*, ¶¶ 22-29); assertions that defendants engaged in a conspiracy to protect the use of MTBE (*e.g.*, ¶¶ 119-154); and allegations that this conduct has led to contamination of the plaintiffs' water supplies (*e.g.*, ¶¶ 163-175). Put another way, the facts pled in *Rhode Island* are exactly the kind of allegations that led the Panel to create MDL 1358 in the first place: "whether defendants knew about and misrepresented the nature of MTBE and conspired to market MTBE without disclosing its risks to downstream users ... [and]

3

whether plaintiffs sustained drinking water contamination as a result of MTBE contamination." October 10, 2000 JPML Transfer Order (Dkt. 1358, No. 22).

For these reasons, notwithstanding transfer denial in *Short,* the Panel repeatedly and consistently has transferred "MTBE cases" to MDL 1358. *See, e.g.,* February 2, 2004 Transfer Order (Doc. No. 74) (transferring 13 cases "for the reasons stated in the order of October 10, 2000"); October 18, 2005 Transfer Order (Doc. No. 208) (asserting that the transferred case "shares questions of fact with actions in this litigation previously transferred" and also finding transfer was appropriate "for reasons expressed by the Panel in its original order directing centralization"); October 7, 2010 Transfer Order (Doc. No. 309) (same); October 9, 2013 Transfer Order (Doc. No. 440) (same).

As with the other cases consolidated in MDL 1358, the *Rhode Island* action will involve different sites than those in the other statewide cases. Nonetheless, a need for individualized discovery due to some dissimilarity among MDL cases does not render consolidation inappropriate. For example, in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, the Panel approved centralization of cases that were a combination of putative class actions seeking recovery for economic losses, cases involving smaller numbers of plaintiffs seeking damages for wrongful death or personal injury, and cases asserting claims under the Oil Pollution Act. 731 F. Supp. 2d 1352, 1354-55 (J.P.M.L. 2010). The cause (or causes) of the spill at issue, the role of the defendants, and even the personal injury and death actions overlapped factually, making inclusion appropriate despite requiring "some amount of individual discovery." *Id.* at 1354-55; *see also In re Classicstar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1346 (J.P.M.L. 2007) (transfer of actions to a multidistrict litigation does not require a complete identity, or even a majority, of common factual or legal issues, and transfer is appropriate where

all actions raised common factual questions regarding the promotion and operation of a lease program despite the existence of some facts unique to each plaintiff); *In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp. 2d 1379 (J.P.M.L. 2009) (approving transfer of cases involving allegations that zinc levels in denture creams caused a variety of injuries to differently-situated plaintiffs). As it did in those matters and in prior MTBE actions, the Panel should find here that transfer to the existing MDL is warranted and appropriate.

## II. Consolidation Will "Promote the Just and Efficient Conduct" of *Rhode Island* and the Other Statewide Cases in MDL 1358.

### A. *Rhode Island* is fundamentally different from *Short*.

Defendants have no intent to reargue *Short*. *Rhode Island* is so vastly different that the reasons given for denying transfer in *Short* either should not apply or should not outweigh the very good reasons for transfer and consolidation here.[1]

In its Order Denying Transfer, the Panel explained that "[w]hether continued inclusion of tag-along actions is appropriate, therefore, is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases." October 3, 2016 Order Denying Transfer (Doc. No. 489). In *Short*, which involved a few private individuals suing a handful of defendants for alleged personal injuries and property damages arising from "a single site in New Hampshire," the relative merits of consolidation – while compelling in certain defendants' view – did not outweigh the other factors that the Panel concluded counseled for denying transfer. With just a few private litigants, a few defendants, and personal injury claims, *Short* bore only a superficial resemblance to the public water

---

[1] Defendants were of the view in 2010 that the MDL had "served its purpose." *Defendants' Reply Memorandum in Further Support of Their Motion to Vacate Conditional Transfer Order 36*, August 24, 2010. However, while Defendants opposed transfer of certain cases over six years ago, three new sovereign cases have been filed since and a number of other states have issued requests for proposals seeking outside counsel to investigate the possibility of bringing MTBE claims.

5

provider and state sovereign cases that have comprised MDL 1358 for the past decade, and that continue to predominate today.

*Rhode Island*, on the other hand, is much more analogous to the *New Jersey*, *Puerto Rico (I & II)* and *Pennsylvania* actions. In *Rhode Island*, Plaintiff is a sovereign government alleging statewide injuries (including natural resource damages and *parens patriae* claims on behalf of more than a million residents) allegedly arising from hundreds, perhaps thousands, of MTBE release sites, against a large segment of the gasoline refining industry. These are the precise claims put at issue by the sovereign plaintiffs in *New Jersey, Puerto Rico* and *Pennsylvania*. Simply put: the relative merits for transferring *Rhode Island* are exactly what they were when the Panel consolidated *Pennsylvania* just 26 months ago (and *Puerto Rico* and *New Jersey* before that).

**B.  Significant Pre-trial Activity Is Ongoing in the Pending Sovereign Cases, and Will Benefit from Coordination.**

The continued merits of consolidation are not outweighed by the "site-specific issues" that will predominate in *Short* (a single-site case) – in fact, the Panel acknowledges, and Defendants agree, that site-specific issues predominate in the four other sovereign cases.[2] But that has always been true for any matter transferred to MDL 1358. These site-specific <u>issues</u> are what make all of the sovereign cases alike and *Rhode Island* appropriate for consolidation. Conducting the discovery necessary to evaluate the claims and defenses at hundreds or thousands of alleged release and impact sites requires substantial discovery and, frequently, the need for court intervention to ensure that this discovery is progressing smoothly, efficiently and in coordination with efforts being undertaken in each of the other cases. A single judge is best

---

[2] *See Short* Order Denying Transfer at 1 ("Site-specific issues now predominate in the few actions remaining in this 16-year old MDL.")

6

positioned to ensure that these discovery efforts are, in fact, coordinated and, where appropriate, consistent with each other across multiple actions.

Site-specific discovery in MDL 1358 is not so far along as to counsel against consolidation of *Rhode Island*. Specifically, site-specific discovery will be undertaken in the second phases of the *New Jersey* and *Puerto Rico* matters, which are just beginning. *Pennsylvania* is in the preliminary stages, with a motion to dismiss still pending and discovery just underway. The parties have learned a lot about how this discovery is best taken, and the MDL 1358 court has ensured that discovery is coordinated and consistent for the cases presently pending in MDL 1358. Continued coordination and enforcement are critical. The MDL 1358 court remains best-positioned to ensure that its many case management orders and directives are adhered to by all parties consistently across all sovereign actions. Even if the Panel views the pending MDL 1358 cases to be significantly further along than *Rhode Island*, "[t]he Supreme Court has made clear that cases may be coordinated, and thus serve the purposes of the statute, even if all other cases have already been disposed of, so long as there is some 'common core' that makes it more just or efficient that the cases continue to be handled in one court or before one judge." *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.,* 498 F. Supp. 2d 25, 37 (D.D.C. 2007) (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 34 (1998)); *see also In re Wilson*, 451 F.3d 161, 170 (3d Cir. 2006) ("[A] proceeding that relates only to a single individual's case or claim can nonetheless be coordinated, as coordination can be found even if common issues are present only in relation to cases that have already been terminated."); *In re Patenaude,* 210 F.3d 135, 144 (3d Cir. 2000) ("To be coordinated, it is not necessary that common issues are being contemporaneously addressed.").

This Panel, too, has recently noted the advantages of centralization in circumstances similar to those in MDL 1358. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, ___ F. Supp. 3d ___, 2015 WL 8541734 (MDL No. 2666, December 11, 2015) (consolidation is appropriate where substantial pretrial proceedings, including expert discovery, remain in existing cases despite the fact that two cases had been pending substantially longer than the other actions in an MDL); *see also, e.g., In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001) (even if most of the common discovery has already been done, a single transferee judge can "structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other cases."); *In re Dow Chem. Co. Sarabond Prods. Liab. Litig.*, 650 F. Supp. 187, 189 (J.P.M.L. 1986) (transferee judge can achieve efficiencies by making appropriate discovery that has already been conducted applicable to later-filed matters).

Experience is the other key going forward, and this factor also counsels for consolidation. Although Judge Broderick was assigned to this MDL recently, and does not yet have the same level of experience as Judge Scheindlin had by the end of her 16-year tenure, he likely is further along than the Rhode Island federal judge currently assigned to this case, who has not had occasion to address any issues. Defendants submit that overseeing and directing a sovereign MTBE case, like *Rhode Island*, from the beginning will allow Judge Broderick to better understand the context of the work that preceded him and will allow him to see first-hand, from the beginning, what is required to move the sovereign actions along most efficiently. This will serve to benefit all of the remaining "statewide" cases, perhaps even leading to coordinated modifications across some or all cases to gain greater efficiencies. In this respect, consolidation

of *Rhode Island* into MDL 1358 will have invaluable benefits for all of the statewide sovereign actions.

## CONCLUSION

*Rhode Island* shares the very same factual and legal issues that led this Panel to consolidate the *New Jersey*, *Puerto Rico* and *Pennsylvania* actions into MDL 1358. The only real question is whether transfer and consolidation will "promote the just and efficient conduct of such actions." Defendants respectfully submit that the answer to this question is a resounding "yes." Judge Broderick is best positioned to continue, and if necessary expand on, the efficiencies that already have been recognized in this MDL. Indeed, Judge Broderick's oversight of an entirely new statewide action will inure to the benefit of all of the state sovereign cases that remain pending as part of MDL 1358.

Accordingly, Defendants respectfully move the Panel to grant this motion and transfer the *Rhode Island* case from the District of Rhode Island to MDL 1358.

Dated: New York, New York
November 21, 2016

By: /s/ James A. Pardo
James A. Pardo
Lisa A. Gerson
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173
Tel: (212) 547-5400
Fax: (212) 547-5444

*Attorneys for Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation*

*And*

*On behalf of the Defendants Identified on Attachment A*

9